Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL MOUSSARON, and VIKAAS KRITHIVAS, <br><br> Defendants. | **PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY** <br><br> **EXPEDITED REVIEW REQUESTED** <br><br> Civil No. 4:26-cv-00015-DN <br><br> Senior District Judge David Nuffer |

**INTRODUCTION AND REQUEST FOR RELIEF**

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff SkyWest Airlines, Inc. ("SkyWest") files this Ex Parte Motion for Expedited Discovery ("Motion") and seeks expedited discovery from Defendants Daniel Moussaron and Vikaas Krithivas (together, "Defendants") prior to the Rule 26(f) conference to determine where its data resides, how it has been used or transmitted, who has received it, and what platforms, devices, or collaborators are involved. Specifically, SkyWest requests that the Court order Defendants to answer five interrogatories

and respond to six requests for production, as reflected in **Exhibit A**, within 10 days. Additionally, consistent with its TRO request, SkyWest requests that within ten days of service, Defendants be required to identify and make available for inspection, forensic imaging, and examination any devices reasonably likely to contain SkyWest's confidential information. Ex. A, RFP 6.

As alleged in the Complaint and supported by the Declaration of Justin Esplin and SkyWest's Confidentiality and Nondisclosure Agreements ("NDAs"), Defendants Daniel Moussaron and Vikaas Krithivas coordinated a scripted extraction of thousands of pilots' personnel records—including personal cell phone numbers and home addresses—from SkyWest's internal, login-protected portal, SkyWest Online ("SWOL"), then used that data to send mass communications to SkyWest pilots from unknown numbers. SkyWest does not yet know the full scope of Defendants' possession, use, or dissemination of the dataset. Accordingly, SkyWest requests expedited discovery to identify what information Defendants possess, where it resides, and how it has been used.

## BACKGROUND

SkyWest is a regional airline that employs over five thousand pilots and operates throughout the United States. Compl. ¶ 9. SkyWest maintains a secure, internal, login-protected employee intranet portal known as SWOL that employees use to review and make changes to benefits and personal information, view company news and alerts, and access other employment-related information. *Id.* ¶ 12. SWOL includes a Company Directory that stores each employee's record, including names, employee numbers, job titles, team, supervisor, base location, employee type, hire date, and personal cell phone numbers and home addresses. *Id.* ¶

2

13. Access to SWOL requires an employee ID and password as well as multifactor authentication, and tiered, role-based permissions prevent front-line pilots from viewing restricted fields such as personal cell phone numbers and home addresses. *Id.* ¶¶ 13–14. Access to SWOL is provided for limited business-related purposes, and front-line pilots are not authorized to compile, export, scrape, or mass-download directory data or to access restricted fields beyond their role-based permissions. *Id.* ¶ 15.

Defendants are former SkyWest pilots. *Id.* ¶¶ 2–3. As a condition of employment, Defendants executed Confidentiality and Nondisclosure Agreements acknowledging SkyWest's business records and employee data are confidential, agreeing not to use confidential information for their own purposes or disclose it to others, and committing to return or destroy confidential information upon request. *Id.* ¶¶ 16–20.

In August 2025, Defendants began impermissibly scraping confidential pilot contact data from SWOL. *Id.* ¶ 21. On August 29, SkyWest's logs show Moussaron used his credentials and MFA to bypass role-based restrictions and access pilot home addresses and personal phone numbers from IPs matching his locations, pulling two pilots and continuing that evening in Winnipeg. *Id.* ¶¶ 22–25. He proceeded the next day to extract records for 18 pilots in strict seniority order; on September 1, during an MSP layover, he resumed scraping. *Id.* ¶¶ 26–27.

On September 3, 2025, from an AT&T IP in Chicago, Krithivas began pulling data, and Defendants alternated access, handing off to resume exactly where the other left off through the day. *Id.* ¶¶ 29–30. Over seven hours, Krithivas downloaded personnel records for 4,970 pilots, including home addresses and personal phone numbers. *Id.* ¶ 31. Afterward, between October 18 and December 8, Moussaron ran additional sessions, mostly from his Minnesota home IP, to

capture newly hired pilots. *Id.* ¶ 32. Throughout these sessions, on information and belief, Defendants used developer tools or computer programs to access restricted fields beyond their permissions and employed scripts or automated tools to scrape the directory at scale. *Id.* ¶ 33.

The pilot employee information accessed and downloaded by Defendants—including personal cell phone numbers and home addresses—was confidential information under their NDAs, and SkyWest did not authorize Defendants to access, compile, export, or disclose this information for any purpose outside legitimate SkyWest business operations. *Id.* ¶ 35. On information and belief, Defendants have sold, transmitted, shared, and disseminated SkyWest's confidential information to third parties, and continue to disseminate and put that information at risk. *Id.* ¶ 36. Shortly after their last download session on December 8, 2025, SkyWest pilots were mass messaged on their personal cell phones from non-SkyWest numbers and platforms regarding matters unrelated to legitimate SkyWest business. *Id.*

In January 2026, a SkyWest pilot reported receiving an unsolicited call to his personal phone from who claimed he was working with "smart people who had found a backdoor to the company directory" to obtain pilot contact numbers. *Id.* ¶ 37. On information and belief, SkyWest believes the caller was one of the Defendants using confidential information impermissibly obtained from SWOL or an unknown third-party working in concert with Defendants. *Id.* Absent injunctive relief, SkyWest believes Defendants plan to continue to use, exploit, sell, and disseminate SkyWest's confidential information, and Defendants' actions caused and continue to cause harm to SkyWest, including loss of control over confidential information, harm to employee privacy and trust, security risks associated with the unauthorized circulation of pilot contact and location information, disruption to business operations, and

diversion of substantial resources to investigate, contain, and remediate the incident. *Id.* ¶¶ 38–39.

SkyWest filed its ex parte application for a temporary restraining order concurrently with this action, seeking immediate relief to stop Defendants from using or sharing SkyWest's confidential employee data, to bar them from contacting SkyWest employees using that data, to preserve evidence from destruction or concealment, and to require a neutral forensic examiner to image devices and identify where SkyWest-derived datasets reside so they can be preserved pending a preliminary-injunction hearing. SkyWest now seeks expedited discovery directly related to that TRO and the preliminary-injunction request—to determine what data was taken, where it resides, who has received it, and how it has been used—so the Court can tailor effective injunctive relief to preserve the status quo and prevent further harm.

## **ARGUMENT**

Good cause exists for expedited discovery because SkyWest's narrowly tailored requests are necessary for SkyWest to determine what information Defendants have in their possession, how that information is being used, and whether that information is being shared with third parties. Good cause likewise exists because SkyWest has a pending motion for a temporary restraining order and preliminary injunction, and expedited discovery is necessary to prepare for a preliminary injunction hearing.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, although discovery ordinarily proceeds only after a Rule 26(f) conference, "the traditional

sequence of discovery may . . . be altered by the court in the exercise of its broad discretion." *1524948 Alberta Ltd. v. John Doe 1–50*, 2010 U.S. Dist. LEXIS 100482, at *2 (D. Utah Sept. 22, 2010).

Courts may authorize expedited discovery upon a showing of good cause. *Ion Solar, Ltd. Liab. Co. v. Bailey*, 2023 U.S. Dist. LEXIS 142010, at *2 (D. Utah Aug. 11, 2023); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Good cause exists "where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition." *Hafoka v. HealthEquity, Inc.*, 2025 WL 934456, at *5 (D. Utah, 2025) (quoting *Qwest*, 213 F.R.D. at 419). "Expedited discovery may also be proper where physical evidence may be consumed or destroyed with the passage of time." *Id.* at *5–6 (citing *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002)). Other factors commonly considered include: (1) whether a preliminary injunction is pending; (2) breadth of the discovery requests; (3) the purposes for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Red Cat Holdings, Inc. v. Matus*, 2025 WL 2530731, at *3 (D. Utah 2025) (citation omitted). Here, each factor supports granting expedited discovery.

A.  **SkyWest's Motion for Temporary Restraining Order and Preliminary Injunction Is Pending.**

SkyWest has moved for a temporary restraining order and preliminary injunction to halt Defendants' ongoing misuse and sharing of SkyWest's confidential information and to enforce Defendants' contractual obligations to SkyWest. The motion has been filed concurrently with this Motion and is currently pending. Preparing for the hearing on that motion requires prompt access

to facts about Defendants' current access and use of that information. It also requires discovery relating to Defendants' sharing of SkyWest's information with third parties, which SkyWest has strong reason to believe has already happened. *See* Compl. ¶¶ 36–37. This factor weighs in SkyWest's favor.

B.   **SkyWest's Discovery Requests Are Narrowly Tailored.**

Courts will deny expedited discovery where the requests are not "narrowly tailored to seek information necessary to support the application for preliminary relief" but instead sweep too broadly or target issues unrelated to the injunction. *See Jensen v. Utah Cnty.*, 2025 WL 42150, at *3 (D. Utah, 2025) (denying expedited discovery where defendants sought years of past criminal conduct and disclosure of all religious adherents, which went far beyond the injunction issues); *Red Cat Holdings*, 2025 WL 2530731, at *3–4 (rejecting expedited discovery requests that used omnibus terms like "any and all communications" and sought information about speculative harms rather than issues tied to the pending injunction). By contrast, courts routinely grant narrowly cabined requests that directly bear on the scope of misuse, the injunctive relief sought, the identity of custodians and recipients, and the need for preservation. *See Ion Solar, LLC v. Bailey*, 2023 U.S. Dist. LEXIS 142010, at *2–3 (D. Utah Aug. 11, 2023) (granting targeted expedited discovery tied to a preliminary injunction); *Potato Ventures LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 25-2312-DDC-RES, 2025 U.S. Dist. LEXIS 268584, at *3 (D. Kan. June 20, 2025) (granting discovery necessary "to give practical effect" to requested TRO); *Sirio v. Stancil*, Civil Action No. 1:25-cv-02790-RMR-SBP, 2026 U.S. Dist. LEXIS 13159, at *8 (D. Colo. Jan. 23, 2026) (granting expedited discovery where "Defendant's purpose in requesting discovery is to gather information regarding foundation" of allegations relating to preliminary injunction

motion); *Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, 2025 U.S. Dist. LEXIS 10690, at *3 (D. Utah Jan. 21, 2025) (granting request for expedited discovery to uncover information that would "help preserve the status quo" and "give effect" to requested injunctive relief).

SkyWest's requests are modest and targeted. *See* Ex. A, Proposed Discovery Requests. SkyWest seeks to serve five interrogatories and six requests for production limited to the timeframe of August 29, 2025 (when Defendants first started accessing and pulling data from the directory) to the present. The requests address only what information was taken and where it resides, and who has received it and how it has been used. The requests avoid omnibus "any and all" demands and topics unrelated to SkyWest's efforts to preserve the status quo. Because the requests are narrowly tied to the core injunction issues, this factor weighs in SkyWest's favor.

**C.    SkyWest Has a Legitimate Purpose for Requesting Expedited Discovery.**

SkyWest has good cause and a legitimate purpose for seeking expedited discovery. A preliminary injunction motion is pending, and the requested discovery is necessary to prepare for that hearing by determining what information was taken, where it currently resides, who has received it, and how it has been used to contact SkyWest pilots. Courts have recognized that these are proper purposes for expedited discovery. *See, e.g.*, *Am. Equip. Sys., LLC v. Chester*, 2023 U.S. Dist. LEXIS 212936, at *9–10 (D. Utah Nov. 28, 2023) (in case involving the ongoing use and disclosure of confidential information, movant's justification for expedited discovery—"to make a proper evidentiary showing at any forthcoming [preliminary injunction] hearing"—was proper); *Sara Lee Corp. v. Sycamore Fam. Bakery, Inc.*, No. 2:09-cv-00523, 2009 U.S. Dist. LEXIS 52648, 2009 WL 1765294, at *2 (D. Utah June 22, 2009) ("Cases requesting injunctive relief necessarily move quickly. . . . The court views [the p]laintiff's approach in requesting expedited discovery and

briefing of the motion to be reasonable and an effort to promote judicial economy."); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (holding that "good cause standard may be may be satisfied where a party seeks a preliminary injunction or where the moving party has asserted claims of infringement and unfair competition.").

Expedited discovery is also warranted here to prevent the loss of time-sensitive electronic evidence. *See Qwest*, 213 F.R.D. at 419 ("Expedited discovery may also be appropriate in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation."); *Arista Records LLC v. Does*, 2007 U.S. Dist. LEXIS 25191, at *4 (D. Colo. Apr. 4, 2007) (permitting expedited discovery where user activity logs were at risk of being purged by internet service providers). Messaging platforms and third-party vendors (which Defendants likely used to contact SkyWest pilots) typically retain campaign logs and transmission records for limited periods, and Defendants' demonstrated technical sophistication and ongoing misconduct create a heightened risk of spoliation. This factor likewise weighs in favor of SkyWest.

**D.      Defendants Would Not Be Burdened by Responding to Limited Discovery.**

The burden on Defendants is minimal here. The written requests are limited to information necessary and relevant to issues raised by SkyWest's request for injunctive relief. Additionally, "[t]he burden on Defendants is not substantial given that the documents and information sought would need to be produced during the normal course of litigation." *Grayeyes v. Cox*, 2018 U.S. Dist. LEXIS 187276, at *4–5 (D. Utah July 3, 2018); *Am. Equip. Sys.*, 2023 U.S. Dist. LEXIS 212936, at *12 (holding that ten-day deadline to respond to discovery requests was not unduly prejudicial). Any incremental burden on Defendants is further outweighed by SkyWest's

legitimate need to obtain and preserve evidence relevant to the ongoing misuse and sharing of its confidential information.

**E.        SkyWest Moved for Expedited Discovery Promptly**.

Finally, courts consider whether the moving party promptly sought expedited discovery. When the motion is filed on the same day as the complaint, courts find this factor to be neutral. *See Red Cat Holdings, Inc. v. Matus*, 2025 U.S. Dist. LEXIS 171572, at *11 (D. Utah Sept. 2, 2025); *Am. Equip. Sys.*, 2023 U.S. Dist. LEXIS 212936, at *6. Because SkyWest has promptly moved for expedited discovery alongside the filing of its complaint and motion for injunctive relief, this factor does not weigh against SkyWest's request.

## CONCLUSION

For these reasons, good cause exists and every pertinent factor favors granting SkyWest's motion. SkyWest's requests are narrowly tailored, minimally burdensome, and necessary to identify what was taken, where it resides, who has it, and how it has been used, and to preserve time-sensitive evidence for the preliminary-injunction hearing. The Court should therefore grant expedited discovery and order Defendants to respond to the limited interrogatories, produce the targeted documents requested, and to identify and make available for inspection and imaging any devices reasonably likely to contain SkyWest's Confidential Information, as described in **Exhibit A**, within ten days. This relief will preserve the status quo, prevent spoliation, and enable the Court to adjudicate SkyWest's request for preliminary injunctive relief on a complete and reliable record.

Dated this 2nd day of February, 2026

        HOLLAND & HART LLP

        */s/ Gregory M. Saylin*
        Gregory M. Saylin
        Zachary T. Burford
        Tyler S. Erickson

        *Attorneys for Plaintiff SkyWest Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY** to be served via email to the following:

Jonathan Thorn
*Jonathan@utahjobjustice.com*
*Attorney for Defendant Daniel Moussaron*

Paul Ryan
*pryan@ctmlegalgroup.com*
*Attorney for Defendant Vikaas Krithivas*


*/s/ Gregory M. Saylin*

36891164_v2