# EXHIBIT A

Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>    Defendants. | **PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS TO DEFENDANTS DANIEL MOUSSARON AND VIKAAS KRITHIVAS**<br><br>Civil No. 4:26-cv-00015-DN<br><br>Senior District Judge David Nuffer |

In accordance with Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff requests that Defendants respond to the following discovery requests, in writing and under oath, within 10 days of service pursuant to the Court's Order. The responses shall include all information available to Defendants or to any persons acting on their behalf.

### DEFINITIONS

For purposes of these discovery requests, the following terms have the meanings set forth below, unless otherwise provided:

1. "Plaintiff," and "SkyWest," shall refer to SkyWest Airlines, Inc., and any entity or person acting or purporting to act on its behalf, including, without limitation, all agents, representatives, attorneys, subsidiaries, affiliates, or other persons.

2. "Defendants," "You," and "Your" shall refer to Defendants Daniel Moussaron and Vikaas Krithivas, individually and collectively, and any entity or person acting or purporting to act on their behalf, including, without limitation, Adamo Systems, Inc. and Dorrus, Inc., and all present and former officers, directors, employees, agents, representatives, attorneys, family members, business associates, or other persons.

3. "Document" shall be interpreted under the broadest possible reading of Rules 33 and 34 of the Federal Rules of Civil Procedure, and shall include all written, recorded, or graphic material, however produced or reproduced. "Document(s)" include, but are not limited to, all originals, copies, facsimiles, or drafts of any and all of the following: correspondence; records; notes; diaries; summaries; abstracts; schedules; contracts or agreements; orders or acknowledgments; reports; forecasts or appraisals; advertising or advertising compilations; memoranda of telephone or in-person conversations or conferences by, or with, any person; any other memoranda; letters, emails, or other forms of electronic communications or transmissions (including texts, instant messages, instant messaging history, audio files, video files, social media posts, and messaging app communications); facsimiles; telegrams, telexes, or cables prepared, drafted, received, or sent; recordings, whether audio, video, stenographic, or by other means, regardless of medium, and any transcripts thereof; specifications or technical data; drawings, imprints, diagrams, illustrations, sketches, schematics, or technical drawings; photographs, pictures, or film; computer programs or data; source code; scripts; configuration

files; log files; metadata; or other graphic, symbolic, recorded, or written material of any nature whatsoever.

  a. A document includes any attachments, exhibits, appendices, or any other additional matter, in whatever form, which were intended to accompany the document when the document was originally prepared.

  b. A document also includes all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared.

 4. "Identify," "identity," and "identification," when used to refer to a Document, File, or Dataset, mean to state with sufficient particularity the following:

  a. the subject of the document, dataset, or file;

  b. the title of the document or the file name;

  c. the type of document (e.g., letter, memorandum, email, text message, script, log file, etc.) or the format of the document, dataset or file;

  d. the date of the document, dataset, or file, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

  e. the identity of the person or persons who wrote, contributed to, prepared, and/or originated such document, dataset, or file;

  f. the identity of the person or persons to whom the document, dataset, or file was directed, or who received the document or copies of the document or any portion thereof;

    g.  the present or last known location and custodian of the document, dataset, or file; and

    h.  the means by which You accessed the information contained in the document, dataset, or file;

    i.  the Bates number or other identifying number assigned to the document, dataset, or file.

  5.  "Identify," "identity," and "identification," when used with respect to a person, require that you provide the following information with respect to the person: a. The person's full name and any aliases or usernames; b. The person's occupation and employer; c. The person's present or last known residential and business addresses; d. The person's present or last known email addresses and telephone numbers; e. The person's job title or function and position at the time relevant to the identification; and f. The person's relationship to Defendants or to the subject matter of this litigation.

  6.  "Communication" and "communications" shall include any documents and any exchange or transfer of information between two or more persons or between one or more persons and a file, computer system, or device, whether written, oral, electronic, or in any other form, including without limitation communications via meeting, email, text message, instant message, social media platform, messaging application, correspondence, conversation, conference, telephone conversation, video conference, or any other means.

  7.  "Identify," "identity," and "identification," when used with respect to a communication require you to state the parties to the communication, the date or approximate date of the communication, the substance of the communication, and the manner in which the

communication occurred (e.g., in person, by telephone, email, text message, messaging app, etc.), and identify all documents containing or relating to the communication.

8. "Automated Extraction" means any script, bot, program, software tool, or automated process used to systematically retrieve, download, copy, or extract data from SkyWest Online, any SkyWest system, database, or network, or any other computer system or database.

9. "Coordination Platforms" means any communication method, application, system, service, or technology used to coordinate, plan, discuss, or facilitate data extraction activities between Defendants or with any other person, including without limitation messaging apps, voice calls, video calls, email, text messages, real-time communication tools, collaboration platforms, file sharing services, or any other means of communication.

10. "Messaging Infrastructure" means any platform, service, vendor, system, account, or technology used to send text messages, SMS messages, or other communications to SkyWest pilots or employees, including without limitation A2P providers, messaging APIs, bulk messaging services, short codes, toll-free numbers, long codes, messaging platforms (such as Twilio, Sinch, MessageBird, or similar services), and all related accounts, credentials, and configurations.

11. "SkyWest Systems" means any computer system, network, database, application, website, or electronic resource owned, operated, controlled, or used by SkyWest, including without limitation SkyWest Online (SWOL), employee directories, pilot databases, communication systems, and any other electronic systems or platforms.

12. "SkyWest Confidential Information" means any information defined as Confidential and Privileged Information under Defendants' Confidentiality and Non-Disclosure

Agreements with SkyWest, including without limitation information relating to SkyWest pilot employee data, such as names, employee identification numbers, seniority numbers, contact information (including phone numbers, email addresses, and physical addresses), employment status, aircraft qualifications, base assignments, and any other personal or professional information. This definition includes any compilation, list, dataset, or collection of information relating to SkyWest pilots or SkyWest Confidential Information obtained from SkyWest Systems.

13. "Relevant Period" means August 29, 2025 through the present date.

14. "Device" means any electronic device capable of storing, processing, transmitting, or accessing data, including without limitation computers (desktop, laptop, tablet), mobile phones, smartphones, servers, storage devices, USB drives, external hard drives, cloud storage accounts, and any other electronic storage media.

15. "Account" means any user account, login credentials, profile, or access mechanism for any system, platform, service, or application, including without limitation email accounts, cloud storage accounts, messaging service accounts, and any credentials used to access SkyWest systems or third-party services.

16. "Third Party" means any person, entity, company, organization, or service provider other than SkyWest and Defendants, including without limitation messaging service providers, airlines, recruitment companies, and any other individuals or entities.

17. "Relates to," "related to," "relating to," and "in relation to" are used in their broadest sense and mean to discuss, involve, reflect, deal with, consist of, refer to, represent,

constitute, emanate from, be directed at, or in any way pertaining, in whole or in part, to the subject.

18. "And" and "or," as used herein, shall be construed both conjunctively and disjunctively, and each shall include the other as necessary to call for the broadest possible response.

19. "Person" includes any natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, or public entity

20. "File" means any electronic file, document, database, spreadsheet, text file, CSV file, JSON file, XML file, or other electronic data structure containing information, regardless of format or extension.

21. "Dataset" means any collection, compilation, database, list, spreadsheet, or organized grouping of data or information, whether stored electronically or in hard copy, including without limitation extracts, exports, or subsets of larger databases.

22. "Location" means any physical place, electronic storage medium, system, platform, service, or repository where information is or has been stored, maintained, processed, transmitted, or accessed, including without limitation specific file paths, URLs, cloud storage accounts, databases, servers, devices, applications, and messaging platforms.

23. "Custodian" means any person, entity, or organization that has possession, custody, control, or access to information, documents, or data, including without limitation current and former employees, contractors, service providers, and any other individuals or entities with administrative or user access

24. "Communicated" means any sharing, transfer, provision, or granting of access to information through any means, including without limitation: (a) verbal or written communications; (b) electronic transmission via email, text message, messaging applications, file sharing, or other digital platforms; (c) physical delivery of documents or storage media; (d) granting access to accounts, systems, or databases containing the information; (e) posting or uploading to websites, platforms, or services accessible to others; (f) incorporation into marketing materials, contact lists, or recruitment campaigns; and (g) any other method by which information is shared with or becomes available to another person or entity.

25. The singular of any term shall include the plural of that term, and the plural shall include the singular.

## INSTRUCTIONS

1. <u>Interrogatories</u>: Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Pursuant to the Court's Order, you must respond to the interrogatories within 10 days of service.

2. <u>Documents Requested</u>. The requests set out herein call for all documents in Defendants' actual or constructive possession, control or care, including without limitation those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of Defendants. If Defendants subsequently become aware of any document called for by the requests herein, Defendants are requested to provide a copy of that document to Plaintiff or to identify if it is expected to be in Plaintiff's possession. Pursuant to the Court's Order, you must respond to these requests within 10 days of service.

3. This is a continuing request to the fullest extent provided for by Rule 26(e) of the Federal Rules of Civil Procedure. In the event that you acquire information responsive to any request or any portion thereof between the date of your initial response and the trial of this action, you are requested to promptly supplement your response providing all such information.

4. You are required to identify and produce all requested information that is in your possession, custody, or control, including without limitation information in the possession of your present and former attorneys, investigators, employees, representatives, or other persons acting on your behalf, and not merely documents or things known of your personal knowledge.

5. If you decline to provide responses on the grounds of attorney-client privilege, work product doctrine, or any other privilege, then you should: (a) state the nature of the privilege relied upon and the facts giving rise to the alleged privilege; (b) describe the extent to which the privilege is being asserted; (c) identify the allegedly protected or privileged document by its type, date, author, recipient(s), and general subject matter; and (d) if the production of a document is withheld on the grounds of the work product doctrine, identify the proceeding for which the document was, or has been, prepared.

6. <u>Forensic Evaluation of Devices Under Rule 34 and RFP No. 6</u>: Within ten (10) days of service, Defendants shall:

- Provide a Device inventory identifying each Device reasonably likely to contain SkyWest Confidential Information (make/model, serial number or device ID, OS version, storage capacity, current custodian/user, present Location).

- Make such Devices available for forensic imaging at a mutually agreed Location.

- Provide necessary credentials and authentication information and disable any device encryption, auto-deletion, or remote-wipe features to permit imaging and preservation.

- Identify all associated Accounts (including cloud storage, email, and Messaging Infrastructure accounts) reasonably likely to contain SkyWest Confidential Information and cooperate in targeted collection where a physical Device cannot be imaged.

- Suspend any auto-deleting or retention settings that could delete relevant data, logs, or artifacts during the inspection period.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each File, Dataset, or Document containing SkyWest Confidential Information obtained during the Relevant Period, and for each state whether you currently possess it.

**INTERROGATORY NO. 2:** Identify all Locations where any information identified in response to Interrogatory No. 1 is or has been stored, maintained, processed, or transmitted, including all Devices and Accounts, and for each Location state the specific file path, URL, or identifier, whether any copies currently remain, the Custodian(s) responsible for that Location, all other persons with access to that Location, and the last date any such information was accessed, modified, or transmitted from that Location.

**INTERROGATORY NO. 3:** Identify all persons and entities to whom any information identified in response to Interrogatory No. 1 has been communicated, and for each such communication state the date, the manner of disclosure, what was shared, the purpose of the communication and/or use, and any instructions or restrictions communicated.

**INTERROGATORY NO. 4:** For each use you made of any SkyWest Confidential Information identified in response to Interrogatory No. 1 during the Relevant Period, describe the use and state: the purpose; the date(s) or date range; the type of activity (e.g., text or call campaign, email, upload to a platform, sharing with a third party, or internal

analysis/compilation); the platform or service and any account identifier(s) used (including any sending phone numbers, short codes, toll-free numbers, long codes, alphanumeric sender IDs, or email addresses); and the specific SkyWest Confidential Information that was used.

**INTERROGATORY NO. 5**: Identify any Automated Extraction tools, scripts, bots, developer tools, or programs You used to access, retrieve, download, or copy SkyWest Confidential Information, including the name, version, date(s) of use, and a description of how each was used.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce complete native copies of all Files, Datasets, or Documents identified in response to Interrogatory No. 1, with metadata, headers and field names preserved.

**REQUEST FOR PRODUCTION NO. 2:** Produce Documents sufficient to show all locations and custodians described in response to Interrogatory No. 2, including Device identifiers and Account identifiers, file paths or URLs, and last-modified dates for any storage location where any such information resides or resided.

**REQUEST FOR PRODUCTION NO. 3:** Documents relating to or reflecting all uses and sharing described in response to Interrogatories No. 3 and No. 4, including Communications transmitting SkyWest Confidential Information, discussions relating to SkyWest Confidential Information, file-sharing access records, and logs or exports from any Messaging Infrastructure or Coordination Platform showing sender identifiers, dates and times of transmissions, and recipient phone numbers.

**REQUEST FOR PRODUCTION NO. 4:** Communications sent to SkyWest pilots during the Relevant Period using SkyWest Confidential Information.

**REQUEST FOR PRODUCTION NO. 5:** Communications between Defendants during the Relevant Period regarding: (a) obtaining SkyWest Confidential Information; (b) plans to recruit or solicit SkyWest pilots; or (c) use of messaging services to contact SkyWest pilots.

**REQUEST FOR PRODUCTION NO. 6**: Pursuant to Federal Rule 34(a)(1)–(2), identify and make available for inspection, forensic imaging, and examination any Device reasonably likely to contain SkyWest Confidential Information, including without limitation computers (desktops, laptops, tablets), mobile phones/smartphones, servers, and external storage media (USB drives, external hard drives), used during the Relevant Period. The inspection shall be conducted by an independent forensic examiner hired by SkyWest and is limited to creating forensic images and locating, preserving, and reporting on SkyWest Confidential Information and related artifacts (including datasets, log files, scripts/source code, configuration files, and transmission records) within the Relevant Period.

36862201_v3