Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>  Defendants. | **PLAINTIFF'S EX PARTE REQUEST FOR IMMEDIATE SETTING OF HEARING AND BRIEFING SCHEDULE ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND FOR INTERIM EX PARTE RELIEF; AND ATTORNEY CERTIFICATION UNDER RULE 65(B)(1)(B)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest") respectfully submits this ex parte request,[1] in response to the Court's February 2, 2026 Notice, for an immediate setting on its Motion for

---

[1] Although Defendant Moussaron has appeared via counsel and accepted service, Defendant Krithivas has still not appeared in this matter.

Temporary Restraining Order and Preliminary Injunction (Dkt. No. 5). Additionally, SkyWest requests narrowly tailored interim ex parte relief under Fed. R. Civ. P. 65(b) to preserve the status quo and prevent spoliation pending a noticed hearing.

SkyWest recognizes and respects the Court's directive regarding proof of service and contact information. As detailed below and in the attached declarations, SkyWest has undertaken diligent, expedited efforts to effect personal service on Defendants and has provided actual notice of the filings to defense counsel and directly to Defendants. While Defendant Moussaron has now appeared and accepted service (Dkt. No. 18), SkyWest has been unable to serve Defendant Krithivas despite multiple attempts and actual notice. SkyWest therefore asks the Court to set an immediate hearing and authorize notice by email and phone using the contact information provided, and to issue interim preservation relief ex parte pending such a hearing. In support of these requests, SkyWest respectfully shows the following.

A.  **Status of Service and Counsel Appearance**

   1.  **Defendant Moussaron**.

On February 4, 2026, attorney Jonathan Thorne filed his Notice of Appearance for Defendant Daniel Moussaron (Dkt. 16) and provided notice of intent to oppose SkyWest's Application for Temporary Restraining Order and Preliminary Injunction. This morning, on February 5, 2026, after request from SkyWest's counsel, Mr. Thorne agreed via email to accept service on behalf of Mr. Moussaron. *See* Ex. A-1, Email. SkyWest filed the Acknowledgment of Service this morning. *See* Dkt. 18. Accordingly, service has been completed as to Mr. Moussaron.

## 2. Defendant Krithivas.

SkyWest has engaged expedited process servers who made multiple diligent attempts at Mr. Krithivas's residence. A Certificate of Non-Service reflecting attempts on February 3, February 4, and February 5, 2026 is attached as Exhibit B.

In parallel, SkyWest has provided actual notice of the lawsuit and requested relief to Mr. Krithivas through his attorney Paul Ryan. Mr. Ryan has confirmed in writing that he is not authorized to accept service as he is not representing Mr. Krithivas for purposes of this litigation, but stated the Mr. Krithivas is seeking representation in Utah to appear on his behalf. *See* Ex. A-2, Emails. Accordingly, through his counsel, Mr. Krithivas has actual notice of the filings and requested emergency relief. SkyWest respectfully requests that the Court authorize notice of the hearing setting and any interim order by email and text to Mr. Krithivas using contact information on file, as well as to Mr. Ryan, while personal service efforts continue.

**B.   Request for Immediate Hearing and Expedited Briefing Schedule.**

SkyWest requests that the Court set an immediate hearing on SkyWest's Application for TRO and Motion for Preliminary Injunction (Dkt. No. 5), on a compressed schedule more expedited than the February 12 timing suggested by Mr. Thorne in his Notice of Appearance (Dkt. 16). A faster schedule is necessary because the harm here is ongoing, difficult to remediate with money damages, and capable of compounding each day. Defendants coordinated the extraction of thousands of pilots' personal cell phone numbers and home addresses and, on information and belief, used and/or disseminated that data to send mass, unauthorized communications. Continued possession and potential dissemination threaten employee privacy and safety, erode trust and goodwill, disrupt operations, and create a significant risk of further

use that cannot be undone. In addition, each day of delay increases the likelihood that evidence degrades or disappears and that the dataset spreads to additional, unknown recipients.

SkyWest proposes that oppositions be filed within three calendar days of the Court's scheduling order, that SkyWest's reply be filed within two calendar days thereafter, and that the Court hold the hearing at its earliest availability immediately following the reply. SkyWest further requests that the Court authorize notice of the hearing by email and mail to Defendant Krithivas and his attorney Ryan using the following contact information:

- Defendant Vikaas Krithivas: 2630 N. Albany Ave., #1, Chicago, IL 60647; email: vikaas.krithivas@gmail.com.

- Attorney Paul Ryan (previously identified for Mr. Krithivas): pryan@ctmlegalgroup.com; phone: 312-818-6700; office address: CTM Legal Group, 77 W. Washington St., Suite 2120, Chicago, IL 60602.

### C. Request for Immediate Interim Preservation Relief

In addition, to protect employee privacy, maintain the status quo, and preserve evidence pending the noticed hearing, SkyWest requests entry of a short interim temporary restraining order under Rule 65(b) that mirrors the first two requests in SkyWest's TRO motion (Dkt. No. 5). First, consistent with TRO Request 1, Defendants request an order enjoining those acting in concert with them, from using, disclosing, transmitting, selling, or otherwise exploiting any SkyWest Confidential Information—as defined in Dkt. No. 5—including any compiled list or derivative containing employee directory data obtained from SkyWest systems, and from contacting or soliciting any SkyWest employee using SkyWest Confidential Information or any derivative thereof. Second, consistent with TRO Request 2, the order should require preservation

of evidence by prohibiting Defendants from destroying, altering, wiping, encrypting, or concealing any materials related to their access, collection, storage, use, or dissemination of SkyWest Confidential Information, and should require suspension of any auto-delete or remote-wipe settings on relevant devices and accounts to prevent spoliation.

This interim order would not restrain lawful communications that do not rely on SkyWest-derived confidential data, and it would remain in effect only until the Court conducts a noticed hearing on the TRO/PI. *See Paparazzi, LLC v. Sorenson*, 2022 U.S. Dist. LEXIS 84881, at *8 (D. Utah May 10, 2022) (granting temporary restraining order in case involving the risk of misuse of confidential information). This request is narrowly tailored to protect the status quo without prejudicing Defendants' ability to be heard on the merits. Further, there is no legitimate reason for Defendants to oppose an order that prevents them from continuing to misuse and share SkyWest data or from destroying evidence. *Id.* at *9 (holding that "Defendants face no significant potential harms, especially considering the short duration of the relief granted here.").

Defendant Moussaron, through his counsel, has indicated he will argue that the Norris-LaGuardia Act deprives the Court of jurisdiction to issue an injunction because Mr. Moussaron was "attempting to organize a labor union." *See* Dkt. 16. This argument is misplaced. This case does not "involve or grow out of" a labor dispute within the meaning of that statute. *See Tomkins Indus. v. Sheet Metal Workers' Int'l Ass'n, Local No. 2*, 903 F. Supp. 1438, 1441 (D. Kan. 1995) ("The critical element in determining whether the provisions of the Norris-LaGuardia Act apply is whether 'the employer–employee relationship [is] the matrix of the controversy.'" (quoting *Jacksonville Bulk Terminals v. Int'l Longshoreman's Ass'n*, 457 U.S. 702, 712–13 (1982))). The matrix of this controversy is the unauthorized access to SkyWest's protected computer systems

and mass extraction and misuse of non-public confidential employee data in violation of the Computer Fraud and Abuse Act, the Utah Computer Abuse and Data Recovery Act, fiduciary duties, and contractual NDAs. SkyWest does not seek to restrain any conduct enumerated in 29 U.S.C. § 104, such as strikes, picketing, peaceful assembly, joining labor organizations, or similar activities. The relief SkyWest seeks is directed solely at preventing the misuse and dissemination of unlawfully obtained confidential datasets and preserving evidence, which the Norris-LaGuardia Act does not prohibit. *Tomkins*, 903 F. Supp. at 1442 (concluding that the Norris-LaGuardia Act did not apply because: (1) the requested injunction did "not seek to enjoin one of the acts enumerated in § 104"; and (2) "the disagreement over the removal of the Union labels is not a labor dispute as defined in the Act"). The Act simply does not apply here.

SkyWest notes that the Attorney Certification required by Rule 65(b)(1)(B),[2] describing the efforts made to provide notice and explaining why immediate ex parte relief is warranted, is attached to this request as Exhibit A. That certification recites the efforts SkyWest has made to provide actual notice to Defendants, the unsuccessful personal service efforts on Defendant Krithivas, and the reasons why immediate relief is necessary to prevent irreparable harm and spoliation before a hearing with formal appearances can be held.

For these reasons, SkyWest respectfully asks the Court to set an immediate hearing at the Court's earliest availability on SkyWest's Motion for Temporary Restraining Order and

---

[2] Federal Rule 65(b) provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Preliminary Injunction (Dkt. No. 5); to adopt an expedited briefing schedule under which oppositions are due within three calendar days of the scheduling order, the reply is due two calendar days thereafter, and with a hearing to follow thereafter; to authorize notice of the hearing by email and text to Defendant Krithivas, while SkyWest continues personal service efforts on Mr. Krithivas; and to enter a short interim preservation order as described above, effective immediately and remaining in place until the noticed hearing.

Dated this 5th day of February, 2026.

                                        HOLLAND & HART LLP

                                        */s/ Gregory M. Saylin*
                                        Gregory M. Saylin
                                        Zachary T. Burford
                                        Tyler S. Erickson

                                        *Attorneys for Plaintiff SkyWest Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S EX PARTE REQUEST FOR IMMEDIATE SETTING OF HEARING AND BRIEFING SCHEDULE ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND FOR INTERIM EX PARTE RELIEF; AND ATTORNEY CERTIFICATION UNDER RULE 65(B)(1)(B)** to be served via email to the following:

>Paul Ryan
>*pryan@ctmlegalgroup.com*
>*Attorney for Defendant Vikaas Krithivas*

>>>*/s/ Gregory M. Saylin*

36971245_v2