THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR IMMEDIATE SETTING OF HEARING AND BRIEFING SCHEDULE**<br><br>Case No. 4:26-cv-00015-DN-PK<br><br>District Judge David Nuffer |

Plaintiff seeks the immediate setting of a hearing and a briefing schedule on its TRO Motion,[1] as well as interim *ex parte* relief to preserve the status quo and prevent spoliation of evidence pending a hearing ("Motion").[2]

Plaintiff was previously given notice that it must provide proof of service of its Complaint[3] and TRO Motion on all Defendants before a hearing on the TRO Motion would be set.[4] Counsel for Defendant Daniel Moussaron has entered their appearance and accepted service on Mr. Moussaron's behalf.[5] Plaintiff asserts that it has unsuccessfully attempted service on

---

[1] Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO Motion"), docket no. 5, filed Feb. 2, 2026.

[2] Plaintiff's Ex Parte Request for Immediate Setting of Hearing and Briefing Schedule on Application for Temporary Restraining Order and Preliminary Injunction, and for Interim Ex Parte Relief; and Attorney Certification under Rule 65(B)(1)(B) ("Motion"), docket no. 19, filed Feb. 5, 2026.

[3] Docket no. 1, filed Jan. 30, 2026.

[4] Notice from the Court, docket no. 9, filed Feb. 2, 2026.

[5] Notice of Appearance and Intent to Submit Opposition to Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction, docket no. 16, filed Feb. 4, 2026; Notice of Appearance, docket no. 17, filed Feb. 5, 2026; Acceptance of Service of Summons and Complaint, docket no. 18, filed Feb. 5, 2026.

Defendant Vikaas Krithivas on three occasions, but has provided actual notice of the lawsuit and requested relief to Mr. Krithivas's attorney, Paul Ryan.[6] Plaintiff requests that while it continues to attempt to serve Mr. Krithivas, it be permitted to provide notice of any hearing setting and interim order to Mr. Krithivas by email, text, and mail using the contact information on file with Plaintiff, as well as through Mr. Ryan.[7]

Based on the materials and information in the record, and good cause appearing, it is appropriate at this time to set a scheduling conference and preliminary briefing schedule on Plaintiff's TRO Motion and its Motion for Expedited Discovery.[8] It is also appropriate to order the preservation of evidence. However, Mr. Moussaron has raised jurisdictional questions regarding the authority to issue the temporary restraining order and preliminary injunction Plaintiff seeks,[9] which have not been fully briefed. Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion[10] is GRANTED in part and DENIED in part as follows:

1. A Scheduling Conference on Plaintiff's TRO Motion and its Motion for Expedited Discovery is set for Monday February 9, 2026, at 9:00 a.m., via Zoom.gov. Instructions for attending the Scheduling Conference via Zoom.gov will be sent to counsel by a separate email.

---

[6] Motion at 3.

[7] *Id*.

[8] Plaintiff's Ex Parte Motion for Expedited Discovery, docket no. 8, filed Feb. 2, 2026.

[9] Notice of Appearance and Intent to Submit Opposition to Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction at 2; Motion at 5-6.

[10] Docket no. 19, filed Feb. 5, 2026.

2. Prior to the Scheduling Conference on Monday February 9, 2026, the parties must meet and confer in a good faith attempt to reach a stipulated resolution to the issues raised in Plaintiff's TRO Motion and its Motion for Expedited Discovery.

3. By no later than Sunday February 8, 2026, at 2:00 p.m., the parties must file a memorandum addressing jurisdiction for the issuance of Plaintiff's requested temporary restraining order and preliminary injunction. The parties' memoranda must address the applicability of the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, to this case and, specifically, whether this case and the requested temporary restraining order and preliminary injunction are subject to the jurisdictional bar of 29 U.S.C. § 104 for "any restraining order or temporary or permanent injunction in any case involving or growing out of a labor dispute[.]"

4. By no later than Tuesday February 10, 2026, at 4:00 p.m., Defendants must file responses to Plaintiff's TRO Motion and Plaintiff's Motion for Expedited Discovery.

5. The parties should reserve Wednesday February 11, 2026, at 1:00 p.m., for a first hearing on Plaintiff's TRO Motion and Plaintiff's Motion for Expedited Discovery via Zoom.gov.

6. All parties shall preserve evidence relevant to this litigation. Defendants are prohibited from destroying, altering, wiping, encrypting, or concealing any materials related to their access, collection, storage, use, or dissemination of SkyWest Confidential Information, and must suspend any auto-delete or remote-wipe setting on relevant devices and accounts to prevent spoliation.

7. Plaintiff shall forthwith provide notice of this Memorandum Decision and Order and of the instructions for attending the February 9, 2026, Scheduling Conference via Zoom.gov to Mr. Krithivas by email, text, and mail to Mr. Krithivas and Mr. Ryan using the contact

information on file with Plaintiff. Upon providing notice to Mr. Krithivas, Plaintiff must file proof of such notice.

Signed February 6, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge