# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>  Defendants. | **[PROPOSED] INTERIM STIPULATED ORDER REGARDING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT NO. 5) AND MOTION FOR EXPEDITED DISCOVERY (DKT. NO. 8) AND SETTING BRIEFING/HEARING ON FORENSIC INSPECTION ISSUE**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO Motion") (Dkt. No. 5) and Ex Parte Motion for Expedited Discovery ("Discovery Motion") (Dkt. No. 8) are before the Court. In addition, Plaintiff SkyWest and Defendant Moussaron have filed briefs addressing whether the Court has jurisdiction to enter a TRO in this matter. In lieu of the Court determining whether a TRO may issue, the parties have submitted the following Stipulation Regarding Interim Relief ("Stipulation"), Limited Expedited Discovery, and Briefing/Hearing on Forensic Inspection Issue. Based on the parties' Stipulation, and for good cause appearing, and without prejudice to any party's claims, defenses, or jurisdictional arguments (including those raised under the Norris–LaGuardia Act), IT IS HEREBY ORDERED:

1.  On a stipulated interim basis pending a noticed preliminary injunction hearing, the parties agree and Court Orders as follows:

    a.    Defendants agree temporarily not to use, disclose, transmit, sell, or otherwise exploit any data that the they obtained from SkyWest Online (SWOL) directory or other SkyWest systems.

    b.    The preservation directives in the Court's February 6, 2026 Memorandum Decision and Order (Dkt. No. 21 at 3–4, ¶ 6) remain in full force and effect as to all parties. Additionally, the parties have agreed not to destroy, alter, wipe, encrypt, or conceal any evidence related to the Defendants' access, collection, scraping, storage, use, or dissemination of information obtained through SWOL directory, and must suspend any auto-delete or remote-wipe settings on relevant devices and accounts.

    c.    This interim relief shall remain in effect until the Court conducts a noticed preliminary injunction hearing or until further order of the Court.

    d.    Nothing in this Order restrains lawful communications that do not rely on SWOL directory information.

2. With regard to Plaintiff's Motion for Expedited Discovery (Dkt. No. 8):

    a.    Defendants shall respond within 12 calendar days from entry of this Order to Plaintiff's five interrogatories and five requests for production appended to Dkt. No. 8 as Exhibit A (Dkt. No. 8-1), specifically Interrogatories Nos. 1–5 and RFPs Nos. 1–5.

    b.    Plaintiff SkyWest shall respond within 12 calendar days of service to a similar number and scope of expedited interrogatories and requests for production served by Defendants, limited to matters relevant to Plaintiff's Motion for TRO and Defendants' defenses.

    c.    Request for Production No. 6 (forensic imaging/targeted collection) in Dkt. No. 8-1, and the related relief requested in Dkt. No. 5 at 3–4, ¶ 3, will be briefed and set for hearing as set forth below.

3. The issue concerning SkyWest's request for forensic inspection of Defendants' devices (see Dkt. No. 5 at 3–4, ¶ 3; Doc. 8-1, RFP No. 6) will be addressed on the following schedule as established in the Court's February 6, 2026 Memorandum Opinion (Dkt. No. 21):

    a.    Defendants may file an opposition brief to Plaintiff's request, on or before Tuesday, February 10, 2026, at 4:00 pm.

    b.    Plaintiff may file a reply (not to exceed five pages) by Wednesday, February 11, 2026, at 9:00 am MST; and

      c.      A hearing will be held on Wednesday, February 11, 2026, at 1:00 pm MST (via Zoom.gov or as otherwise directed) on SkyWest's request for forensic examination.

4.      Given the stipulated, limited nature of this interim relief, the Court exercises its discretion under Rule 65(c) to waive security at this time.

This Interim Order is entered on a stipulated basis, without adjudication of the merits and without prejudice to any party's claims, defenses, or jurisdictional arguments.

DATED this _____ day of February, 2026.

BY THE COURT:

_____
David Nuffer
U.S. District Judge

Approved as to form:

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson
*Attorneys for Plaintiff*

SCHOLNICK THORNE HOLLAND

*/s/ Jonathan K. Thorne (signed with permission)*
Jonathan K. Thorne
Lauren I. Scholnick
*Attorneys for Defendant Daniel Moussaron*

LAW OFFICES OF TIMOTHY D. DUCAR, PLC

*/s/ Timothy D. Ducar (signed with permission)*
Timothy D. Ducar
*Attorneys for Defendant Vikaas Krithivas*

37004559_v3