Timothy D. Ducar (13423)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br>Plaintiff, <br><br>-vs- <br><br>DANIEL MOUSSARON, AND VIKAAS KRITHIVAS, <br><br>Defendants. | **DEFENDANT VIKAAS KRITHIVAS' OPPOSITION BRIEF TO PLAINTIFF'S REQUEST FOR ORDER TO CREATE FORENSIC COPY OF PERSONAL COMPUTER (RFP NO. 6)** <br><br>Civil No.  4:26-cv-00015-DN <br><br>**Senior District Judge David Nuffer** <br>**Magistrate Judge Paul Kohler** |

Defendant Vikaas Krithivas ("Krithivas"), by and through undersigned counsel, objects to and opposes Plaintiff's request for an expedited order to create a forensic image of Krithivas' personal computer.  Krithivas opposes the request as disproportionate, unnecessary, and violating the principle of privileged communications related to union formation.

## BACKGROUND

Plaintiff, SkyWest Airlines, Inc. ("SkyWest"), is a regional airline, owned by SkyWest, Inc. that reported pre-tax income of $566 million in 2025.  *See* SkyWest, Inc. Announcement dated January 29, 2026, attached as Exhibit A-1; *see also* Compl. ¶ 9. SkyWest has made a range of allegations, including violations of both federal and state

-1-

statutes that can impose severe criminal penalties.  *See e.g.* Compl. ¶¶ 5, 56-69, 76-81.

SkyWest has fired Daniel Mousaron ("Moussaron") in response to the text message sent to SkyWest pilots.  Defendant Moussaron's Motion to Dismiss for Lack of Jurisdiction, Doc 25, p. 10.

On September 3, 2025, Krithivas assisted another SkyWest pilot, Moussaron, in collecting contact information of other SkyWest pilots for the purpose of asking whether they would be interested in forming a union.  Declaration of Vikaas Krithivas ("Declaration of Krithivas") ¶¶1-3, 8.  Information collected was provided to the browser on Krithivas' personal computer based on his normal access as a SkyWest pilot.  *Id.* ¶9.  No pilot contact information was stored on Krithivas' computer.  *Id.* ¶4.

The parties have previously stipulated to maintain the status quo per the Court's Interim Stipulated Order dated February 9, 2026.  Doc. 29.

The current expedited schedule is based solely upon SkyWest's unsubstantiated allegations, asserting that SkyWest has clearly established that the pilot contact information (phone number and address) represents SkyWest's confidential information, which is far from clear, and that use or possession of that information would cause irreparable harm to SkyWest.

## LEGAL STANDARD

SkyWest bears the burden on showing good cause why imaging of Krithivas' computer, which contains intimate and sensitive personal information, is justified and required at this stage and on an expedited basis in light of the other items already

stipulated to maintain the status quo. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

As stated by SkyWest,

> Other factors commonly considered include: (1) whether a preliminary injunction is pending; (2) breadth of the discovery requests; (3) the purposes for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Red Cat Holdings, Inc. v. Matus*, 2025 WL 2530731, at *3 (D. Utah 2025) (citation omitted).

Plaintiff's Ex Parte Motion for Expedited Discovery, page 6.

Fed. R. Civ. P. 26(b) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The rule limits discovery if it can be obtained from a more convenient, less burdensome, or less expensive source, or if it is invasive and not proportional to the needs of the case. Fed. R. Civ. P. 26(b); *See also Santana v. MKA2 Enters., Inc.,* Case No. 18-2094-DDC-TJJ at *2 (D. Kan. Jan 08, 2019). The Court in *Santana* denied a request to digitally image a cell phone due to the extreme privacy nature of digital devices, finding that cell phones "likely contains a tremendous volume of information, including possibly text messages, email messages, phone longs, and photographs that are not at all relevant to the claims or defenses" in the case. *Id.* at *3. The court also found that the information "could be more easily and less invasively obtained by asking the Plaintiff about the [sought after information] during his deposition" or through "less invasive means." *Id.* The court further explained that computer inspections were "unusual", except for in cases where the party has a history of "providing incomplete and inconsistent responses" to

discovery requests, or have previously failed to search computers. Id. at *4. Indeed, the Tenth Circuit has noted that mere skepticism that an opposing party has not produced all relevant information is "not sufficient to warrant drastic electronic discovery measure[s]" such as computer imaging. *McCurdy Grp. v. Am. Biomedical Grp., Inc.*, 9 F. App'x 822, 831 (10th Cir. 2001); *see also Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12cv2472-AJB(KSC), 2013 U.S. Dist. LEXIS 131367, at *6-7 (S.D. Cal. Sep. 13, 2013) (absent "specific, concrete evidence of concealment or destruction of evidence," courts are generally cautious about granting a request for a forensic examination of an adversary's computer.") Additionally, the 6th Circuit Court of Appeals has noted:

> Civil litigation should not be approached as if information systems were crime scenes that justify forensic investigation at every opportunity to identify and preserve every detail. . . . [M]aking forensic image backups of computers is only the first step of an expensive, complex, and difficult process of data analysis that can divert litigation into side issues and satellite disputes involving the interpretation of potentially ambiguous forensic evidence… Thus, even if acceptable as a means to preserve electronic evidence, compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures. Cf. Fed. R. Civ. P. 34(a) Advisory Committee Note (2006) ("Courts should guard against undue intrusiveness resulting from inspecting or testing [electronic information] systems.").

*John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (granting mandamus after finding that district court's order requiring mirror imaging of computers for preservation purposes was clearly erroneous.)

/ / /

/ / /

/ / /

# ARGUMENT

## A. SkyWest's Request is Disproportionate Based on the Record.

Although Krithivas has not yet been required to provide a responsive pleading to SkyWest's Complaint, two significant allegations have not been sufficiently pled to support the overbroad discovery request to image Krithivas's computer. The US Supreme Court analyzed the term "confidential" in *Food Mktg. Inst. v. Argus Leader Media*. 139 S. Ct. 2356, 2363 (2019)("it is hard to see how information could be deemed confidential if its owner shares it freely.") In this case of the pilot contact data, it was available to all pilots at SkyWest. Declaration of Jutin Esplin, Doc. 5-1, ¶8. Although SkyWest attempts to qualify the purpose of this access, it does so by defining the information as SkyWest's Confidential information, as defined by the alleged Confidentiality and Nondisclosure Agreements ("NDA"). *Id.* ¶29. Nowhere in the NDA does it mention phone or address information. Doc 1-1. In addition, the NDA provided by SkyWest includes ambiguous and inconsistent terms using capitalized language for alternately "Confidential and Privileged Information," Confidential Information," and "PRIVILEGED CONFIDENTIAL INFORMATION." *Id.* These inconsistencies provided by the drafter of the alleged agreement should be interpreted in favor of Krithivas, therefore demonstrating that SkyWest's assertion that the information is covered under the NDA is not sufficiently established.

SkyWest has also alleged that Krithivas violated both the Federal Computer Fraud and Abuse (CFAA) Statute and Utah's Computer Abuse and Data Recovery Act (UCADRA), in that he accessed SWOL without authorization or in excess of

authorization. Compl. ¶¶58-60, 65-67. The US Supreme Court, in *Van Buren v. United States* found that a defendant did not "exceed authorized access," as defined in the Computer Fraud and Abuse Act (CFAA), when he accessed a database he was granted access to, but then obtained information for an improper purpose. 141 S.Ct. 1648, 1662 (2021). This describes a similar scenario to the allegations in this case.

The invasive nature of requesting a copy of the entirety of Krithivas' personal computer containing sensitive personal information such as social security number, when he has provided a sworn statement that no SkyWest pilot contact information is on his computer, is disproportionate. By also taking into account the relative weakness of the allegations against Krithivas demonstrates the disproportionality of SkyWest's request.

**B. Factors Identified by SkyWest No Longer Support Its Argument.**

SkyWest's Motion for a TRO and preliminary injunction are currently stayed, not pending. The purpose of imaging Krithivas' personal computer when he has provided an uncontroverted sworn statement that his computer does not contain any SkyWest pilot contact information is no longer justified. SkyWest has taken the position that costs of imaging by a third party should be shared and this places an expensive burden on Krithivas. As previously stated, this discovery request is being made before Krithivas is even required to submit a responsive pleading to the Complaint, and therefore is entirely premature and is not demonstrated as needed in light of the status quo stipulations.

/ / /

/ / /

### C. SkyWest Has Not Demonstrated that Traditional Discovery Will Be Ineffective.

Although SkyWest's Motion mentions its demand letter dated January 26, 2026, it does not sufficiently establish that traditional discovery will meet its needs. It has not, and cannot, demonstrate that Defendants have refused to participate in good faith, as demonstrated by the existing Stipulated Order. The sole remaining disputed item, specifically, the imaging Krithivas' computer, is not justified at this time. Krithivas has complied with every order from this Court. SkyWest has not provided a sufficient basis for allowing the extraordinary discovery requested.

### D. Communications in Formation of Union Should be Protected as Privileged.

Krithivas recognizes that union activities in the airline industry are governed by the Railway Labor Act. 45 U.S.C. 151, Et Seq. However, Krithivas also asserts that the guidance and principals described in the National Labor Relations Act (NLRA) section 8(b)(1)(A) is indicative of the interests to be protected by recognizing the privileged nature of union forming activities, and the communications of and the protection of employees involved with these activities. Therefore, to the degree that Krithivas' computer contains either attorney-client privileged information and union formation related information and communications, it should be afforded greater protection.

### CONCLUSION

Krithivas respectfully requests that SkyWest's Motion be denied. If the Court is inclined to order the imaging of Krithivas' computer, he requests that SkyWest be

ordered to pay for the service, and that a protective order would issue to ensure the image is protected by an independent third party.

DATED this 10th day of February, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By /s/ Timothy D. Ducar
    Timothy D. Ducar
    9280 E. Raintree Drive, Suite 104
    Scottsdale, AZ  85260
    Attorneys for Defendant Vikaas Krithivas

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of February, 2026, I electronically transmitted the attached Notice of Appearance to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Attorney for Plaintiff SkyWest Airlines, Inc.

Jonathan Thorn, Jonathan@utahobjustice.com
Lauren I. Scholnick, Lauren@utahobjustice.com
Attorney for Defendant Daniel Moussaron

By:  T. Ducar