THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>　　　　Defendants. | ORDER REGARDING THE PRESERVATION OF EVIDENCE AND FORENSIC IMAGING<br><br>Case No. 4:26-cv-00015-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Upon consideration of the parties' submissions, the record, the parties' arguments, and having held a hearing on February 11, 2026,[1] and orally ruled, for good cause shown, the following written findings, conclusions, and Order for the purpose of preserving relevant electronic evidence pending further proceedings is entered.

IT IS HEREBY ORDERED:

1.　　Under Fed. R. Civ. P. 16, 26(d), and 34, courts have broad discretion to alter discovery timing and allow targeted forensic imaging where electronic evidence is central and at risk of loss.[2]

---

[1] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 38, filed Feb. 11, 2026.

[2] *See* Ainstein AI, Inc. v. ADAC Plastics, Inc., No. 23-2166-DDC-TJJ, 2023 WL 3568661, *5-6 (D. Kan. May 19, 2023) (finding good cause for expedited imaging to preserve evidence of alleged misappropriation, emphasizing risk that unallocated space and deleted artifacts can be quickly overwritten); Robinson v. City of Ark. City, No. 10-1431-JAR-GLR, 2012 WL 603576, *17 (D. Kan. Feb. 24, 2012) (courts should guard against undue intrusiveness, but targeted imaging and neutral vendor protocols are appropriate).

   a. Courts have granted similar expedited forensic evidence preservation in cases involving allegations of misappropriation and unfair competition cases.[3] While courts caution against overbroad or intrusive measures,[4] *Ainstein* explains that where electronic evidence is central to the claims, targeted forensic imaging by a neutral third party with strict non-access protocols is "neither routine nor extraordinary," and is appropriate to preserve artifacts necessary to adjudicate the issues.[5]

2. Good cause exists for forensic imaging of the personal computers (Defendant Daniel Moussaron's Mac computer and Defendant Vikaas Krithivas's desktop computer) used by Defendants between August 29, 2025, to the present, as identified by Defendants in their Declarations.[6]

   a. Defendants admit using valid SkyWest Online ("SWOL") credentials to access SWOL and then automate directory "View" requests to collect pilot contact and identifying information (including, *inter alia*, employee number, name, cell phone, home phone, address lines, city, state, ZIP, hire date).[7]

   b. Defendant Daniel Moussaron states the automation transmitted data to a remote virtual Linux server and was later used to export a password-protected CSV to an

---

[3] *See* Aggreko, LLC v. Koronis, 2013 WL 6835165, *7 (D. Mass. Dec. 19, 2013); ExamWorks, LLC v. Rizkallah, 2025 WL 1721761, *1 (M.D. Fla. Feb. 4, 2025) (ordering immediate device preservation to locate and secure misappropriated information).

[4] *See, e.g.,* McCurdy Grp. v. Am. Biomedical Grp., Inc., 9 Fed. App'x 822, 831 (10th Cir. 2001).

[5] Ainstein, 2023 WL 3568661, at *5*6; Balboa *Threadworks, Inc. v. Stucky*, 2006 WL 763668, *3-4 (D. Kan. Mar. 24, 2006).

[6] Declaration of Vikaas Krithivas ("Krithivas Declaration"), docket no. 33-2, filed Feb. 10, 2026; Declaration of Defendant Daniel Moussaron Regarding Devices ("Moussaron Declaration"), docket no. 34-1, filed Feb. 10, 2026.

[7] *See* Moussaron Declaration ¶¶ 7-20; Krithivas Declaration ¶¶ 1-4, 8-10.

2

SMS platform for a December 9, 2025, pilot poll, and that he created a full database backup (SQL format) on January 27, 2026.[8]

    c.    Defendant Vikaas Krithivas states he ran the bulk extraction while signed into SWOL using his credentials, with data forwarded to a remote server and not stored locally.[9]

    d.    Plaintiff SkyWest Airlines, Inc. ("SkyWest") alleges the data constitutes confidential employee information protected under NDAs and mandatory policies (Code of Conduct SP 150, Social Media SP 161, and Corrective Action SP 73) and seeks injunctive relief and return/sequestration of SkyWest data.[10] Defendants reject this assertion.

    e.    SkyWest's desire to obtain forensic images of Defendants personal computers is to capture and preserve: which SWOL directory files and fields were accessed and when; browser and system artifacts confirming the methods used; whether downloads were modified to generate derivative data; where data resides; whether and when deletions occurred; and the scope and distribution of SkyWest-derived datasets. SkyWest asserts that these artifacts are central to its claims (*e.g.,* confidentiality/NDA and policy violations, misuse/misappropriation, and preliminary injunctive relief to sequester/return SkyWest data), and this information may be relevant to Defendants'

---

[8] Moussaron Declaration ¶¶ 13-14, 24, 26-27, 31, 33-34.

[9] Krithivas Declaration ¶¶ 3-6, 9-10.

[10] *See* Plaintiff's Reply to Request to Image Defendants' Devices at 2-4, docket no. 35, filed Feb. 11, 2026; Sky West Company Policy Manual, docket no. 35-1, filed Feb. 11, 2026.

defenses (*e.g.,* assertions about authorized access, purpose, public/referral sources, and separation of union-related data).[11]

3. The purpose of this Order is only to preserve relevant electronic evidence pending further proceedings. The scope of this Order is tailored to devices, systems, and accounts used to access, automate, stage, store, or transmit data from SWOL employee directory and related artifacts, and includes:

    a. Defendant Vikaas Krithivas's desktop computer identified in his Declaration;[12] and

    b. Defendant Daniel Moussaron's personal MacBook laptop identified in his Declaration.[13]

4. The parties agree to use Premier Legal Technicians, Salt Lake City, Utah, as the neutral expert. The imaging/preservation shall be scheduled promptly and completed as expeditiously as possible, with reasonable accommodations to minimize business/personal disruption. The neutral expert shall use the best efforts to avoid unnecessarily disrupting the normal activities or personal use of the devices while imaging/preserving, recognizing the importance of capturing unallocated and ephemeral artifacts before they are overwritten.[14]

5. The neutral forensic expert shall create forensic images of the devices identified in paragraph 3 of this Order, using industry-standard tools and protocols to ensure preservation of all relevant data, including metadata.

---

[11] *See* Ainstein, 2023 WL 3568661, *6 ("forensic imaging . . . will preserve information necessary to determine which files were accessed and when; where they exist on a hard drive; whether the files were modified to generate new files; and potentially whether deletions have occurred . . . .").

[12] Krithivas Declaration ¶ 10.

[13] Moussaron Declaration ¶ 33.

[14] *See* Ainstein, 2023 WL 3568661, *7; *Balboa Threadworks, Inc.*, 2006 WL 763668, *3.

6. The imaging process shall be conducted at a time and location mutually agreeable to the parties and the expert, and completed as expeditiously as reasonably possible.

7. Defendant Vikaas Krithivas's desktop computer may be imaged either remotely or locally at the parties' agreement. Defendant Vikaas Krithivas is not required to surrender possession of his desktop computer.

8. Defendant Daniel Moussaron's laptop will be imaged locally at his location. Defendant Daniel Moussaron is not required to surrender possession of his laptop computer.

9. The forensic images and preserved data shall be maintained in strict confidence and secured by the neutral expert, including encrypting data and sufficiently securing the physical encrypted data images. No party, attorney, or third party shall access, review, or disclose the preserved data or images absent further order of the court. The neutral expert shall serve solely as a custodian of the evidence pending further proceedings, upon notice and hearing.

10. Any imaging, preservation or destruction conducted pursuant to this Order shall be at SkyWest's sole expense.

11. Defendants are ordered to reasonably cooperate with the neutral expert and SkyWest to facilitate the imaging and preservation process, including providing access to the identified devices, and enter any passwords as necessary to provide access for imaging the device.

12. Good cause exists for, and SkyWest is ordered to, preserve the current and historic state of the SWOL directory, from August 1, 2025 to the present, including any logs or relevant electronic data relating to Defendants' access as described in the pleadings, including Defendants' access privileges, changes to Defendants' access privileges, change logs for SWOL, and electronic communications related to its allegations and response.

13. The neutral expert shall maintain chain-of-custody records for all devices and forensic images preserved pursuant to this Order from collection to destruction.

14. Nothing in this Order authorizes any party to access or review the preserved forensic images or data, including the neutral expert. Access, review, or production of preserved data shall be subject to further court order, after notice and opportunity to be heard.

15. SkyWest's Motion for Expedited Discovery[15] is DENIED to the extent SkyWest seeks discovery requests for imaging and forensic examination of Defendants' devices.

16. This Order shall remain in effect pending further order of the court.

17. This Order is entered solely for the preservation of potentially relevant evidence and does not adjudicate any claims and is entered without prejudice to any party's claims, defenses, or jurisdictional argument.

DATED this 18th day of February, 2026.

BY THE COURT:

David Nuffer
United States District Judge

---

[15] Docket no. 8, filed Feb. 2, 2026.