Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL MOUSSARON, and VIKAAS KRITHIVAS, <br><br> Defendants. | **DEFENDANT KRITHIVAS' ANSWER TO PLAINTIFF SKYWEST'S COMPLAINT** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant Vikaas Krithivas ("Krithivas"), by and through counsel, Scott C. Uthe, admitted pro hac vice, and the law firm Law Offices of Timothy D. Ducar, PLC, responds to SkyWest Airline, Inc. ("SkyWest")'s Complaint ("Compl."), Dkt 1, as follows:

## **GENERAL DENIAL**

Krithivas denies each and every matter and thing alleged in Plaintiff SkyWest's Compl. unless specifically admitted or qualified herein.

## PARTIES

1.    Answering paragraphs 1 and 2 of SkyWest's Compl., these allegations are not directed to this answering party and, upon that basis, Krithivas neither admits nor denies paragraphs 1 and 2.

2.    Answering paragraph 3 of Plaintiff's Compl., Krithivas admits.

3.    Answering paragraph 4 of Plaintiff's Compl., Krithivas denies.

## JURISDICTION AND VENUE

4.    Answering paragraph 5 of Plaintiff's Compl., Krithivas asserts Jurisdiction is a legal conclusion to which no response is required. To the extent a response is required Krithivas denies paragraph 5.  Krithivas affirmatively alleges that SkyWest's own allegations contradict the allegation that any access was unauthorized.

5.    Answering paragraph 6 of Plaintiff's Compl., Krithivas asserts Jurisdiction is a legal conclusion to which no response is required. To the extent a response is required Krithivas admits that the parties are diverse, but Krithivas disputes that SkyWest has suffered recoverable damages exceeding \$75,000 and upon that basis Krithivas denies that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

6.    Answering paragraphs 7and 8 of Plaintiff's Compl., Krithivas asserts Jurisdiction and Venue are legal conclusions to which no response is required. To the extent a response is required Krithivas denies.  Krithivas affirmatively alleges that the content, enforceability and applicability of the NDA are in issue, disputes that any of his

alleged conduct or actions occurred in Utah, and disputes that SkyWest suffered any damages in Utah.

## **FACTUAL ALLEGATIONS**

7.    Answering paragraphs 9 and 10 of SkyWest's Compl., these allegations are not directed to this answering party and, upon that basis, Krithivas neither admits nor denies paragraphs 9 and 10.

8.    Answering paragraph 11 of Plaintiff's Compl., Krithivas admits.

9.    Answering paragraph 12 of Plaintiff's Compl., Krithivas admits that while a SkyWest pilot, he was granted authorized access to SkyWest Online ("SWOL"). Krithivas disputes the terms "secure", "internal" and therefore denies any allegations using those terms.  Upon information and belief, Krithivas admits SWOL allows SkyWest employees to review and make changes to benefits and personal information, view company news and alerts, and access other employment-related information. Krithivas is without sufficient information and knowledge as to the last sentence of the paragraph, and upon that basis denies.

10.    Answering paragraphs 13 - 15 of SkyWest's Compl., this answering party is uncertain as to the truth or falsity of these allegations and, upon that basis, Krithivas denies paragraphs 13 - 15.

11.    Answering paragraphs 16 – 20 of SkyWest's Compl., Krithivas admits that Exhibit A attached to SkyWest's Compl. contains the quoted language, but denies all other allegations contained in paragraphs 16 - 20.

12.    Answering paragraph 21 of Plaintiff's Compl., Krithivas denies.

13.    Answering paragraphs 22-27 of SkyWest's Compl., this answering party is uncertain as to the truth or falsity of these allegations and, upon that basis, Krithivas denies paragraphs 22-27.

14.    Answering paragraph 28 of SkyWest's Compl., Krithivas admits paragraph 28.

15.    Answering paragraph 29 of SkyWest's Compl., Krithivas admits to logging into SWOL using his employee ID, password and MFA on September 3, 2025 from his home in Chicago, Illinois.  Krithivas admits that he had accessed SWOL from his home on other previous occasions.  Krithivas denies the characterization that he was "pulling data from SWOL directory."  He admits to accessing the directory as he was authorized to do.  Krithivas is without sufficient information and knowledge regarding all other allegations in paragraph 29, and upon that basis denies all other allegations in paragraph 29.

16.    Answering paragraph 30 of SkyWest's Compl., Krithivas admits to accessing directory data that he was authorized to access.  Krithivas, upon information and belief, admits that access to directory data was done based on employee number,

which corresponds to seniority.  Krithivas admits to coordinating with Moussaron during the authorized access to directory data on September 3, 2025.  Krithivas is without sufficient information and knowledge regarding all other allegations in paragraph 30, and upon that basis denies all other allegations in paragraph 30.

17.     Answering paragraph 31 of SkyWest's Compl., Krithivas admits to accessing directory data, including employee number, name, address and phone number for approximately 5,000 pilots on September 3, 2025.  The data was forwarded to a remote server, as directed by Moussaron, and was not downloaded or saved to Krithivas' computer.  Krithivas expressly denies that this information represents "personnel records."  Krithivas is without sufficient information and knowledge regarding all other allegations in paragraph 31, and upon that basis denies all other allegations in paragraph 31.

18.     Answering paragraph 32 of SkyWest's Compl., Krithivas denies the assertion that he performed a "mass download" to his computer.  Krithivas is without sufficient information and knowledge regarding all other allegations in paragraph 32, and upon that basis denies all other allegations in paragraph 32.

19.     Answering paragraph 33 of SkyWest's Compl., Krithivas admits to coordinating with Moussaron during the authorized access to directory data on September 3, 2025.  Krithivas denies any access beyond authorized access to directory data. Krithivas denies that he was Moussaron's agent or vice versa.  Krithivas is without

sufficient information and knowledge regarding all other allegations in paragraph 33, and upon that basis denies all other allegations in paragraph 33.

20.    Answering paragraph 34 of SkyWest's Compl., this answering party is without sufficient information and knowledge, and upon that basis Krithivas denies the allegations in paragraph 34.

21.    Answering paragraphs 35-40 of SkyWest's Compl., Krithivas denies the allegations in paragraphs 35-40.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Defendants)

22.    Answering paragraph 41 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-21 as if fully set forth verbatim herein.

23.    Answering paragraph 42 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  This answering party is without sufficient information and knowledge regarding other allegations in paragraph 42, and upon that basis Krithivas denies other allegations in paragraph 42.

24.    Answering paragraph 43 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.

25.     Answering paragraphs 44-45 of SkyWest's Compl., Krithivas denies the allegations in paragraphs 44-45.

26.     Answering paragraph 45 of SkyWest's Compl., Krithivas denies the allegations in paragraph 45.

27.     Answering paragraph 46 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  This answering party is without sufficient information and knowledge regarding other allegations in paragraph 46, and upon that basis Krithivas denies the allegations in paragraph 46.

28.     Answering paragraphs 47-48 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraphs 47-48.

29.     Answering paragraph 49 of SkyWest's Compl., Krithivas denies.

30.     Answering paragraph 50 of SkyWest's Compl., Krithivas is without sufficient information and knowledge, and upon that basis denies.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendants)

31.     Answering paragraph 51 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-30 as if fully set forth verbatim herein.

32.     Answering paragraph 52 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Further, Krithivas denies the NDAs are valid and enforceable.

33.     Answering paragraph 53 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  This answering party is without sufficient information and knowledge regarding other allegations in paragraph 53, and upon that basis Krithivas denies.

34.     Answering paragraph 54 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 54.

35.     Answering paragraph 55 of SkyWest's Compl., Krithivas is without sufficient information and knowledge, and upon that basis denies.

### THIRD CAUSE OF ACTION
**(Computer Fraud and Abuse Act against Defendants)**

36.     Answering paragraph 56 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-35 as if fully set forth verbatim herein.

37.     Answering paragraph 57 of SkyWest's Compl. consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  This answering party is without sufficient information and knowledge regarding other allegations in paragraph 57, and upon that basis Krithivas denies.

38.     Answering paragraph 58 of SkyWest's Compl., Krithivas admits to accessing SWOL on September 3, 2025.  Krithivas denies all other allegations in paragraph 58.

39.     Answering paragraphs 59-62 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraphs 59-62.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### (Utah Computer Abuse and Data Recovery Act (UCADRA) against Defendants)

40.    Answering paragraph 63 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-39 as if fully set forth verbatim herein.

41.    Answering paragraph 64-67 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 64-67.

42.    Answering paragraph 68 of SkyWest's Compl., Krithivas denies.

43.    Answering paragraph 69 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 69.  Pursuant to UCADRA's fee-shifting provision, Krithivas seeks an award of reasonable attorneys' fees and costs as the prevailing party.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duties Against Defendants)

44.    Answering paragraph 70 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-43 as if fully set forth verbatim herein.

45.    Answering paragraph 71 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 71.

46.    Answering paragraph 72 of SkyWest's Compl., Krithivas admits to being a SkyWest employee on September 3, 2025.  Krithivas denies all other allegations in paragraph 72.

47.    Answering paragraphs 73-75 of SkyWest's Compl., Krithivas denies.

## SIXTH CAUSE OF ACTION
### (Conspiracy against Defendants)

48.    Answering paragraph 76 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-47 as if fully set forth verbatim herein.

49.    Answering paragraphs 77-78 of SkyWest's Compl., Krithivas denies.

50.    Answering paragraph 79 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 79.

51.    Answering paragraphs 80-81 of SkyWest's Compl., Krithivas denies.

/ / /

/ / /

## SEVENTH CAUSE OF ACTION
### (Declaratory Judgment against Defendants)

52.    Answering paragraph 82 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-51 as if fully set forth verbatim herein.

53.    Answering paragraph 83 of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 83.

54.    Answering paragraph 84 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 84.

55.    Answering paragraph 85 and subparagraphs a-f of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 85 and subparagraphs a-f.

/ / /

/ / /

## REQUEST FOR INJUNCTIVE RELIEF

56.    Answering paragraph 86 of SkyWest's Compl., Krithivas incorporates by reference his answers to each and every allegation set forth in paragraphs 1-55 as if fully set forth verbatim herein.

57.    Answering paragraphs 87-90 of SkyWest's Compl., consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraphs 87-90.

58.    Answering paragraph 91 and subparagraphs a-e of SkyWest's Compl., consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, Krithivas denies the same and demands strict proof thereof.  Krithivas denies all other allegations in paragraph 91 and subparagraphs a-e.

## FIRST AFFIRMATIVE DEFENSE

SkyWest's Compl. fails to state a cause of action against Krithivas upon which relief can be granted, and therefore, they must be dismissed as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Krithivas hereby invokes any and all affirmative defenses and immunities or defenses available under Federal, Utah and Illinois constitutional, statutory, and common

law.  Including, but not limited to the Illinois Right to Privacy in the Workplace Act (820 ILCS55 et seq.), the Railway Labor Act (45 U.S.C. §§ 151–188), and the National Labor Relations Act (29 U.S.C. §§ 151–169).

## THIRD AFFIRMATIVE DEFENSE

Krithivas hereby invokes any and all affirmative defenses and immunities applicable in the defense of the claims asserted in SkyWest's Compl. as may be relevant, pertinent, and/or justified and established by the facts and circumstances of this action. Such affirmative defenses are contemplated and/or set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure and any and all other matters constituting an avoidance of liability and/or affirmative defense as contemplated by Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, including the following affirmative defenses: accord and satisfaction, advice of counsel, arbitration and award, assumption of risk, contributory negligence, comparative negligence, superseding/intervening cause, discharge in bankruptcy, duress, estoppel, collateral estoppel, equitable estoppel, failure of consideration, failure of consideration, fraud, illegality, injury by fellow servant, doctrine of laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, sophisticated user, waiver, unclean hands, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can

be granted, failure to join an indispensable party, and any and all other matters constituting an avoidance of liability and/or affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action against the Krithivas.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Krithivas are not ripe for judicial review.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

SkyWest's Compl. is barred, in whole or part, because the relief sought exceeds that authorized by law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the Compl. seeks damages in excess of the maximum available under applicable law.

### NINTH AFFIRMATIVE DEFENSE

SkyWest's Complaint fails to state a claim for which attorney's fees and/or costs are recoverable.

### TENTH AFFIRMATIVE DEFENSE

Krithivas has not engaged in any action that violated any rights, statutes, laws, rules, regulations, policies, standards, or duties whatsoever with respect to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Krithivas is not liable for any acts or omissions of the other Defendants or their agents and/or employees.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by its own actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover some or all the remedies sought.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is unconstitutionally vague.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's contractual claims fail for lack of consideration.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Compl. fails because the underlying contract it seeks to enforce is overly broad and unenforceable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Compl. fails, in part, because Krithivas did not knowingly accept any contract.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

Krithivas reserves the right to amend his Answer to SkyWest's Compl. and to assert any additional affirmative defenses that may be deemed necessary through discovery or investigation of the claims made the subject of SkyWest's Compl..

## NINETEENTH AFFIRMATIVE DEFENSE

Krithivas reserves the right to file such cross-claims, counterclaims, third- party complaints, and other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek contribution and/or indemnification and/or offset against a party or other person/entity, as they may prove appropriate.

**WHEREFORE,** having fully responded to SkyWest's Compl., Krithivas hereby request that this Honorable Court enter an Order dismissing SkyWest's Compl. against him, with prejudice, awarding their attorney's fees and costs expended in the defense of SkyWest's Compl., and granting them such other relief deemed just and proper.

**KRITHIVAS REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 2nd day of March, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By /s/ Scott C. Uthe
Timothy D. Ducar
Scott C. Uthe
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
*Attorneys for Defendant Vikaas Krithivas*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of March, 2026, I electronically transmitted a true and correct copy of the foregoing to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, or sent by email to:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Attorney for Plaintiff SkyWest Airlines, Inc.

Jonathan Thorn, Jonathan@utahobjustice.com
Lauren I. Scholnick, Lauren@utahobjustice.com
Jack Holland, jack@laborwest.com
Attorney for Defendant Daniel Moussaron

By:  S.Uthe