Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff and Counterclaim SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **PLAINTIFF'S ANSWER TO DEFENDANT MOUSSARON'S COUNTERCLAIM** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. ("SkyWest"), by and through its undersigned counsel, hereby answers Defendant Moussaron's ("Defendant" or "Moussaron") Counterclaim ("Counterclaim"), Dkt. 47, as follows:

## PARTIES

1.    SkyWest admits that Moussaron is a former SkyWest employee and pilot. SkyWest is without knowledge or information sufficient to form a belief as to Moussaron's

current state of residence and therefore denies the same.

2.    Admitted.

## JURISDICTION AND VENUE

3.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, SkyWest admits that this Court has jurisdiction but reserves all defenses.

4.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, SkyWest admits that this Court has jurisdiction but reserves all defenses.

5.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, SkyWest admits that venue is proper but reserves all defenses.

## GENERAL FACTUAL ALLEGATIONS

6.    Admitted.

7.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaim and, on that basis, denies them.

8.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim and, on that basis, denies them.

9.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim and, on that basis, denies them.

10.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim and, on that basis, denies them.

11. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaim and, on that basis, denies them.

12. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Counterclaim and, on that basis, denies them.

13. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Counterclaim and, on that basis, denies them.

14. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Counterclaim and, on that basis, denies them.

15. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaim and, on that basis, denies them.

16. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim and, on that basis, denies them.

17. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Counterclaim and, on that basis, denies them.

18. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Counterclaim and, on that basis, denies them.

19. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Counterclaim and, on that basis, denies them.

20. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Counterclaim and, on that basis, denies them.

21. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Counterclaim and, on that basis, denies them.

22. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Counterclaim and, on that basis, denies them.

23. SkyWest admits that Mr. Moussaron obtained contact information through SkyWest's employee directory. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Counterclaim and, on that basis, denies them.

24. SkyWest admits that it maintains an employee directory accessible through SWOL. SkyWest admits that the employee directory stores employee information. SkyWest denies any characterization that all data fields were accessible to all employees through the standard user interface.

25. SkyWest admits that Mr. Moussaron had an active SWOL user account and credentials issued to him for the time he was an active employee with SkyWest.

26. SkyWest admits that it maintains an employee directory accessible through SWOL. SkyWest admits that the employee directory stores employee information.

27. Denied.

28. Denied.

29. SkyWest admits that SWOL is a web application. SkyWest denies the remainder of the allegations in this paragraph.

30. Denied.

31. SkyWest denies the characterization that phone numbers and addresses were "provided" to Moussaron through normal processes. The data was returned by the server with

restricted access, which prevented Defendants from viewing and accessing the information. Otherwise, denied.

32.    Denied.

33.    SkyWest admits that on or about January 12, 2026, it implemented additional restrictions to prevent unauthorized access similar to Moussaron's and Krithivas'. Otherwise, denied.

34.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Counterclaim and, on that basis, denies them.

35.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools. SkyWest denies the remaining allegations and characterizations in this paragraph.

36.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools. SkyWest denies the remaining allegations and characterizations in this paragraph.

37.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools.

SkyWest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Counterclaim and, on that basis, denies them.

38.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools. SkyWest denies the remaining allegations and characterizations in this paragraph.

39.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Counterclaim and, on that basis, denies them.

40.    SkyWest admits that Mr. Moussaron accessed SWOL to obtain pilots' contact information and home addresses using browser tools and scripts to access information that he was not authorized to access and that he circumvented intended access controls using these tools. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Counterclaim and, on that basis, denies them.

41.    Denied.

42.    Denied.

43.    Denied.

44.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Counterclaim and, on that basis, denies them.

45.    Denied.

46.    SkyWest admits that Moussaron caused a mass text message to be sent to SkyWest pilots on or about December 9, 2025. SkyWest denies the remaining allegations and characterizations in this paragraph.

47.    SkyWest admits that Moussaron caused a mass text message to be sent to SkyWest pilots on or about December 9, 2025. SkyWest denies the remaining allegations and characterizations in this paragraph.

48.    SkyWest admits that it posted a communication on SWOL following the December 9, 2025 mass text. SkyWest denies any characterization that its communications were intended to "defeat a legitimate union organizing effort." SkyWest denies the remaining allegations.

49.    Denied.

50.    Denied. As alleged in SkyWest's complaint, SkyWest's pilots continued to receive communications.

51.    SkyWest admits that it was made aware of a complaint from a pilot who had received an unsolicited call and that the pilot reported that when he asked the caller how the caller had obtained his private cell phone number, the caller responded that "we have some really smart people who know how to access private info through the back door of the company." Otherwise, denied.

52.    SkyWest admits that on or about January 12, 2026, it implemented additional restrictions to prevent unauthorized access similar to Moussaron's and Krithivas'. Otherwise, denied.

53.     SkyWest admits that it investigated unauthorized access to employee data and determined that Moussaron and Krithivas were responsible. SkyWest denies the remaining allegations and characterizations in this paragraph.

54.     SkyWest admits that it investigated unauthorized access to employee data and determined that Moussaron and Krithivas were responsible. SkyWest denies any remaining allegations or characterizations in this paragraph.

55.     SkyWest admits that it terminated Moussaron's employment on January 26, 2026. SkyWest denies any characterization that the termination was retaliatory or otherwise wrongful. SkyWest denies any remaining allegations in this paragraph.

56.     SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

57.     SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

58.     SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

59.     SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

60.    SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

61.    SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

62.    SkyWest admits that CEO Russell "Chip" Childs posted a message on SWOL on January 26, 2026. The content of the SWOL post speaks for itself. SkyWest denies any characterization inconsistent with the text of the post.

63.    Denied.

64.    Denied.

65.    SkyWest admits the allegations in Paragraph 65 of the Counterclaim.

66.    Denied.

67.    SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Counterclaim and, on that basis, denies them.

68.    SkyWest denies that Mr. Moussaron's termination was retaliatory. SkyWest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Counterclaim and, on that basis, denies them.

**<u>FIRST CAUSE OF ACTION</u>**
**(Violation of the Railway Labor Act)**

69.    To the extent this paragraph incorporates prior allegations, SkyWest incorporates its prior responses.

9

70.    Paragraph 70 of the Counterclaim consists of conclusions of law to which no response is required.

71.    Paragraph 71 of the Counterclaim consists of conclusions of law to which no response is required.

72.    Paragraph 72 of the Counterclaim consists of conclusions of law to which no response is required.

73.    SkyWest admits that it became aware of and that it investigated unauthorized access to employee data. SkyWest admits that Moussaron and Krithivas used confidential and sensitive employee data for non-SkyWest business purposes and shared that information outside of SkyWest. SkyWest denies any implication that its investigation or termination decision was motivated by anti-union animus.

74.    SkyWest admits that it became aware of and that it investigated unauthorized access to employee data. SkyWest admits that Moussaron and Krithivas used confidential and sensitive employee data for non-SkyWest business purposes and shared that information outside of SkyWest. SkyWest denies any implication that its investigation or termination decision was motivated by anti-union animus.

75.    SkyWest admits that it became aware of and that it investigated unauthorized access to employee data. SkyWest admits it determined that Mr. Moussaron and Mr. Krithivas were responsible for this unauthorized access to and dissemination of its employee data. SkyWest denies any implication that its investigation or termination decision was motivated by anti-union animus.

76.    SkyWest admits that it terminated Moussaron because he accessed employee data without authorization and used and shared that data in violation of company policy, his confidentiality agreement, and the law. SkyWest admits it filed a lawsuit against Mr. Moussaron. SkyWest denies any characterization or other allegations that these actions were retaliatory or violated the RLA.

77.    SkyWest admits that it communicated with its employees about the termination and unauthorized access to their employee data. SkyWest denies any characterization or other allegations that these actions were retaliatory or violated the RLA.

78.    Denied.

79.    Denied.

80.    Denied.

## SECOND CAUSE OF ACTION
### (Defamation)

81.    To the extent this paragraph incorporates prior allegations, SkyWest incorporates its prior responses.

82.    SkyWest admits that the CEO posted a message on SWOL on January 26, 2026 and that SkyWest subsequently filed this lawsuit. The content of the SWOL post speaks for itself. SkyWest denies any allegation that the post was false, defamatory, or actionable.

83.    SkyWest admits that the CEO posted a message on SWOL on January 26, 2026 and that SkyWest subsequently filed this lawsuit. The content of the SWOL post speaks for itself. SkyWest denies any allegation that the post was false, defamatory, or actionable.

84.    SkyWest admits that the CEO posted a message on SWOL on January 26, 2026 and that SkyWest subsequently filed this lawsuit. The content of the SWOL post speaks for itself. SkyWest denies any allegation that the post was false, defamatory, or actionable.

85.    SkyWest admits that on or about January 12, 2026, it implemented additional restrictions to prevent unauthorized access similar to Moussaron's and Krithivas'. Otherwise, denied.

86.    SkyWest admits that on or about January 12, 2026, it implemented additional restrictions to prevent unauthorized access similar to Moussaron's and Krithivas'. SkyWest specifically denies the characterization that Mr. Moussaron had access to cell phone and address information based on access levels in 2025. Otherwise, denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

## THIRD CAUSE OF ACTION
### (Interference with an Economic Relation)

95.    To the extent this paragraph incorporates prior allegations, SkyWest incorporates its prior responses.

96.     SkyWest admits that it employed Moussaron from 2022 until January 26, 2026. SkyWest denies any characterization that the termination was wrongful.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

## RESPONSE TO PRAYER FOR RELIEF

SkyWest denies that Moussaron is entitled to any of the relief requested in his Counterclaim and respectfully requests that the Court deny each of his requests in their entirety.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Counterclaim, SkyWest hereby sets forth the separate and additional defenses to the Counterclaim, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Mr. Moussaron is entitled to any relief as requested, or in any amounts, or at all. SkyWest may have additional defenses of which it is not currently fully aware and reserve the right to assert additional defenses after they are ascertained:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted, including, without limitation, with respect to any wages, compensation, other economic benefits, special or general damages, pecuniary or non-pecuniary losses, attorney's fees, costs, punitive damages, liquidated damages, or prejudgment or post-judgment interest.

## SECOND AFFIRMATIVE DEFENSE

### (Railway Labor Act Preemption)

Moussaron's claims are preempted by the Railway Labor Act to the extent that resolving them requires this Court to interpret the parties' collective bargaining agreements.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Any recovery on Moussaron's Counterclaim, and/or each purported claim are barred, in whole or in part, to the extent Moussaron failed to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Moussaron's Counterclaims fail, in whole or in part, because he lacks standing to bring a claim against SkyWest.

## FIFTH AFFIRMATIVE DEFENSE

### (Qualified Common-Interest Privilege)

SkyWest's statement is protected by a qualified common-interest privilege because it was an employer-to-employee communication made in good faith on a matter of common interest.

Moussaron cannot overcome the privilege because he has not and cannot plead knowing falsity or reckless disregard for the truth.

## SIXTH AFFIRMATIVE DEFENSE

### (Substantial Truth)

The factual assertions in the CEO's SWOL post are substantially true. Under the "gist or sting" standard, the core factual assertions—that Moussaron accessed employee contact data beyond normal processes, downloaded it using scripts, and shared it with an outside party—are true.

## SEVENTH AFFIRMATIVE DEFENSE

### (Nonactionable Opinion and Rhetorical Hyperbole)

The evaluative and rhetorical language in the CEO's SWOL post—including terms such as "trampled on these values," "shocked and disgusted," "violation of trust," "theft," and "unlawfully stealing"—constitutes nonactionable opinion and rhetorical hyperbole that cannot form the basis of a defamation claim.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Any recovery sought by Moussaron's Counterclaim, and/or each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Any recovery on Moussaron's Counterclaim, and/or each purported cause of action

alleged therein, should be denied and/or limited, in whole or in part, under the after-acquired evidence doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Retaliatory Business Justification/Privilege)

Moussaron's Counterclaims are barred, in whole or in part, because SkyWest's employment decision was based on legitimate, non-retaliatory business reasons, including Counterclaim Plaintiff's violation of company policies and misuse of company systems, and SkyWest would have taken the same action irrespective of any alleged protected activity. SkyWest was further justified in taking this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Moussaron's Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Contributory Negligence)

Moussaron's Counterclaim is barred, in whole or in part, because his own conduct contributed to his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Judicial Proceeding Privilege)

Moussaron's Counterclaims are barred, in whole or in part, by the litigation privilege, to the extent they are based on statements made in connection with, or in anticipation of, judicial proceedings.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

Moussaron's Counterclaims are barred, in whole or in part, by the legal doctrines of waiver and/or estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statutory Immunity and Preemption – 49 U.S.C. § 44703)

Moussaron's Counterclaims are barred, in whole or in part, to the extent they are based on SkyWest's reporting of Moussaron's separation to the FAA Pilot Records Database. SkyWest's reporting was made in good faith and in compliance with its obligations under 49 U.S.C. § 44703(i). Pursuant to 49 U.S.C. § 44703(j), no action may be maintained against a person who has entered information into the pilot records database, and no state law may impose liability for furnishing records in accordance with the statute. SkyWest is entitled to the limitations on liability and preemption protections afforded under § 44703(j).

## RESERVATION OF RIGHTS

SkyWest has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. SkyWest further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Moussaron bears the burden of proof on any issue.

## PRAYER FOR RELIEF

**WHEREFORE,** SkyWest prays for relief as follows:

17

1.      That Moussaron takes nothing by reason of the Counterclaim.

2.      That no attorneys' fees be awarded to Moussaron.

3.      That the Counterclaim be dismissed in its entirety with prejudice.

4.      That judgment be entered for SkyWest.

5.      That SkyWest shall recover all costs of suit and reasonable attorneys' fees incurred herein.

6.      For such other and further relief as the Court deems just and proper.

Dated this 30th day of March, 2026

HOLLAND & HART LLP

*/s/ Gregory M. Saylin*
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson

*Attorneys for Plaintiff and Counterclaim Defendant*
*SkyWest Airlines, Inc.*

37318144_v1

18