Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br>     Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br>     Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br>     Defendant. | **(PROPOSED) SCHEDULING ORDER** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**<u>DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE</u>**

**1.      PRELIMINARY MATTERS**

| a. | | Fed. R. Civ. P. 26(f)(1) Conference: (date the conference was held) | 3/24/2026 | |
|---|---|---|---|---|
| b. | | Participants:<br>• Plaintiff/Counter-Defendant SkyWest—Zach Burford<br>• Defendant Vikaas Krithivas—Scott Uthe<br>• Defendant/Counter-Plaintiff Daniel Moussaron—Jonathan K. Thorne | | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: (the parties have exchanged initial disclosures or will exchange no later than the date provided) | 04/22/26 | |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>***Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived.*** | Yes ☒ | No ☐ |

**2.      PROTECTIVE ORDER**

| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|---|
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:<br><br>The SPO is necessary to protect Confidential or Attorneys' Eyes Only Information that may be produced by either party, including confidential employee data and other sensitive SkyWest business information.<br><br>The parties explicitly concur that one parties assertion that material is CONFIDENTIAL under the SPO does not indicate that material is Confidential substantively as it relates to any issues in the Litigation. | | |

| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order, proposed by the parties via motion under DUCivR 7-1(a)(4)(D), is adopted by the court. *N/A* The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): The Parties currently do not anticipate proposing any changes to the Court's SPO in effect under DUCivR 26-2. |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: (describe the process) *N/A* |

**3.     DISCOVERY PLAN**

| a. | | Discovery Plan: The parties agree to the following discovery plan. <ul><li>If the parties disagree, clearly indicate the disagreement in the space below:</li></ul> | Yes ☒ | No ☐ |
| b. | | Discovery Subjects: (describe the subject areas in which discovery will be needed) SkyWest's Claims and Defenses: <ol><li>SkyWest's IT logs, server logs, and forensic evidence related to Defendants' access to SWOL, including dates, times, IP addresses, data volumes, and access patterns;</li></ol> | | |

2. Defendants' use of web developer tools, scripts, or automated programs to access or extract data from SWOL;

3. The content, nature, and extent of the employee directory data accessed, compiled, and/or exported by Defendants;

4. Defendants' transmission, sharing, sale, or dissemination of SkyWest's employee data to third parties;

5. The December 9, 2025 mass text message and any other communications using SkyWest employee contact information;

6. The NDAs executed by Defendants, their negotiation, and the circumstances of execution;

7. SkyWest's damages, including costs of forensic investigation, incident response, system remediation, legal and compliance evaluation, and employee communications;

8. SkyWest's policies regarding SWOL access and employee data confidentiality;

9. Moussaron's technical background, skills, and the companies he founded (Adamo Systems, Inc. and Dorrus, Inc.);

10. Krithivas' technical background and skills;

11. Any coordination or communications between Moussaron and Krithivas relating to SWOL access;

12. Third-party discovery concerning Defendants' transmission, sharing, use, sale or dissemination of SkyWest's employee data;

13. Defendants' employment history with SkyWest and/or other employers;

14. Moussaron's alleged damages, including any alleged lost wages, lost future earnings, efforts to obtain employment, and emotional distress; and

15. Other discovery related to the elements of SkyWest's claims or defenses to Mr. Moussaron's counterclaims.

Defendants' Counterclaims and/or Defenses:

1. SkyWest's credentials issued to Defendants to grant access to SWOL;

2. SkyWest's history of opposing union formation activities;

3. SkyWest's creation of SkyWest Airlines Pilot Association (SAPA) and interactions with SAPA with regard to terms and conditions of employment and other union matters;

4. SkyWest's internal definitions of terms capitalized in pleadings, Exhibits and declarations;

5. SkyWest's history of employee privacy complaints;

6. SkyWest's history of any mandatory disclosures related to information security or privacy;

7. SkyWest's use of third parties to access or process employee personal information;

| | | |
|---|---|---|
| | | 8. Justin Esplin's professional and technical qualifications;<br>9. List of all "protected computer" allegedly accessed by Defendants regarding Plaintiff's Third and Fourth Causes of Action.<br>10. Breakdown of costs incurred by SkyWest prior to initiating this litigation;<br>11. Any markings that SkyWest uses to label confidential information;<br>12. SkyWest processes to grant authorization to access personal information, review access and subsequent revocation of such access;<br>13. SkyWest training for pilots related to privacy and information security;<br>14. SkyWest's responses, communication, investigation, etc. to the December text message;<br>15. SkyWest's investigation, communication, etc. into Defendants use of SWOL;<br>16. SkyWest's termination of Moussaron;<br>17. SkyWest's communications regarding Defendants;<br>18. SkyWest's investigations and disciplinary actions against similarly situated employees;<br>19. Defendants damages;<br>20. Other discovery related to the elements of SkyWest's claims or Defendants' defenses, or Moussaron's claims.<br><br>The parties' identification of discovery subjects above is intended to provide the Court with an overview of anticipated areas of discovery and to facilitate scheduling. A party's inclusion of a topic, or its failure to object to a topic included by another party, does not constitute a waiver of any objection to specific discovery requests within that topic area. The parties reserve all rights to raise specific objections to individual discovery requests at the time such requests are served. Similarly, this list is not intended to be exhaustive and the parties may continue to discuss topics of anticipated discovery as litigation proceeds. |
| c. | | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>Prior to the Rule 26(f) conference, the parties have already engaged in expedited written discovery. Following the Rule 26(f) conference, the parties expect to engage in standard fact discovery in accordance with the schedule set forth herein. The parties may seek any additional discovery on an expedited basis as may be necessary in connection with any preliminary injunction hearing. Additionally, the parties plan to conduct fact discovery first and then to proceed with expert discovery following the close of fact discovery<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on |

| | | |
|---|---|---|
| | | any issue and the due dates.<br>*N/A* |
| d. | | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information)<br><br>Production format will be text-searchable PDFs or native files with metadata where appropriate; emails in .pst/.msg and/or PDF with metadata load files; spreadsheets and databases produced in native or export with data dictionaries. Parties will preserve relevant ESI, suspend auto-deletion, and implement litigation holds. The parties will use a proportional approach under Fed. R. Civ. P. 26(b)(1). Any disputes will be raised promptly to the court.<br><br>The parties' ESI preservation obligations are further governed by the Court's February 18, 2026 Order Regarding the Preservation of Evidence and Forensic Imaging (Dkt. 43). Pursuant to this Order, the parties will meet and confer and seek a court order prior to any access or review of the preserved forensic images or data identified in that order. Dkt. 43, ¶ 14. |
| e. | | <u>Privilege or Protection – Trial Preparation Material</u>:<br><br>The parties agree that the Court's Standard Protective Order shall apply. |
| f. | | <u>Generative Artificial Intelligence</u>:<br><br>The parties agree not to upload or expose any Confidential, Protected, or subscriber data to public Generative AI tools (e.g., ChatGPT, Bard, Copilot, Anthropic Claude public endpoints) or any external service lacking contractual confidentiality and data retention controls. If AI tools are used, they must be self-hosted or enterprise versions with written agreements prohibiting training on case data, ensuring encryption, access control, audit logs, and deletion at matter close. Any temporary analytical artifacts created via AI must be stored within counsel's secure environment and destroyed at the conclusion of litigation consistent with the Protective Order and counsel's retention policies. |

4.    **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | | Fact Discovery Limitations—(These limits do not apply to the prior expedited discovery) | |
| | 1. | Maximum number of depositions by Plaintiff: | <u>10</u> |
| | 2. | Maximum number of depositions by Defendants (combined): | <u>10</u> |

| | 3. | Maximum number of hours for each deposition: (unless extended by agreement of parties) | | 7 |
|---|---|---|---|---|
| | 4. | Maximum interrogatories by any party to any party: | | 50 |
| | 5. | Maximum requests for admissions by any party to any party: | | 50 |
| | 6. | Maximum requests for production by any party to any party: | | 50 |
| | | | | |
| b. | | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | | 10/30/26 |
| | 2. | Deadline for fact discovery to close: | | 11/30/26 |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (optional) | | 00/00/00 |
| | 4. | Deadline to file deposition plan (Dkt. 15, ¶ 2): | | 06/17/26 |

## 5.    AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]

| a. | | Deadline to file a motion to amend pleadings— | | |
|---|---|---|---|---|
| | 1. | Plaintiff: | | 05/15/26 |
| | 2. | Defendants: | | 05/15/26 |
| | | | | |
| b. | | Deadline to file a motion to join additional parties— | | |
| | 1. | Plaintiff: | | 05/15/26 |
| | 2. | Defendants: | | 05/15/26 |

## 6.    EXPERT DISCOVERY

| a. | | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|---|
| | 1. | Parties bearing the burden of proof: | | 12/28/26 |
| | 2. | Parties not bearing the burden of proof: | | 01/25/27 |
| | | | | |
| b. | | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | | 02/08/27 |
| | 2. | Parties not bearing the burden of proof: | | 03/08/27 |
| | 3. | Rebuttal reports, if any: | | 04/05/27 |
| | | | | |
| c. | | Deadline for expert discovery to close: | | 05/03/27 |

## 7.    OTHER DEADLINES AND TRIAL-RELATED INFORMATION[2]

| a. | Deadline for filing dispositive or potentially dispositive motions: (including a motion to exclude experts when expert testimony is required to resolve the motion) | | *06/02/27* |
|---|---|---|---|

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] The court will enter the date in Section 7.b.

| | | | 00/00/00 |
|---|---|---|---|
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motions are filed: | | |

**SO ORDERED** this _____ day of April, 2026.

BY THE COURT:

_____

Magistrate Judge Paul Kohler
U.S. District Court of Utah

37526648_v1