Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>　　　Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>　　　Defendant. | **PLAINTIFF'S MOTION FOR A RULE 16 CONFERENCE**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

On February 18, 2026, this Court granted extraordinary relief to Plaintiff SkyWest Airlines, Inc. ("SkyWest") and ordered that Defendants' personal devices be imaged and preserved. *See* February 18, 2026 Order Regarding the Preservation of Evidence and Forensic Imaging (the "Preservation Order") (Dkt. No. 43). The basis for the Preservation Order was that Defendants had accessed SkyWest's internal systems, extracted data, and then shared and/or used that data outside of SkyWest's secured environment. (Compl. ¶¶ 21–40, Dkt. No. 1.) At the

hearing that led to the Preservation Order, SkyWest contended that it needed to know with whom SkyWest data had been shared and how it had been used so that it could take measures to protect it from further distribution or misuse. *See* Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Motion for Preliminary Injunction (the "TRO Motion") (Dkt. No. 5). However, over five months later, SkyWest still has not been able to access the data or get answers to these important questions. Accordingly, SkyWest now respectfully requests that the Court schedule a Rule 16 conference so the parties can obtain direction on these important issues without further delay.

## I.    RELIEF SOUGHT AND GROUNDS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, SkyWest respectfully requests that the Court schedule an expedited case management conference as soon as possible so that the parties can obtain further direction from the Court on the issues raised in the TRO Motion.

## II.    BACKGROUND

The key facts are not in dispute. Defendants accessed an internal, secured system called SkyWest Online ("SWOL") and extracted confidential employee information using a tool called Tampermonkey. *See* Declaration of Justin Esplin in Support of Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Esplin Decl.") ¶¶ 9–24 (Dkt. No. 5-1). Once Defendants obtained the information, they used it for their own purposes and shared it with others outside of SkyWest. *Id.* ¶¶ 23–31. SkyWest filed suit and immediately sought emergency injunctive relief, requesting forensic preservation of Defendants' personal devices and expedited discovery to determine where its confidential data resided, who possessed it, and

how it had been used or disseminated. *See* TRO Motion. Although the Court's Preservation Order successfully preserved the relevant evidence, it expressly provides that the preserved forensic images may not be accessed, reviewed, or produced absent further order of the Court. Preservation Order ¶¶ 9, 14. Given SkyWest's continuing need to determine the status and disposition of its confidential data — including the very concerns that prompted the Court to enter the Preservation Order — it now respectfully requests further direction from the Court through a Rule 16 status conference.

### III.    ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure grants district courts broad authority to manage litigation and facilitate the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1, 16. Consistent with that authority, federal district courts possess inherent authority to manage their dockets and proceedings "so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Tenth Circuit likewise has explained that Rule 16 is "broadly remedial" and is intended to ensure early judicial intervention through active pretrial management. *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984). Given the Preservation Order and that the parties have been unable to move this important process forward as contemplated by the Court, a status conference is appropriate for the Court to provide direction to the parties.

The Preservation Order required imaging and preservation of the devices but also prohibited review of the preserved forensic images absent further order of the Court, leaving the parties to develop a protocol governing that review. While SkyWest has diligently sought to work out a protocol, the parties cannot seem to agree. The result is that months and months have

3

gone by without SkyWest obtaining access to the data. Other discovery efforts have also been stymied. It is clear that the parties require the Court's direction to establish the procedure governing review of the preserved forensic evidence, resolve the remaining procedural issues efficiently, and further the just, speedy, and inexpensive determination of this action.

## IV.    **CONCLUSION**

For the foregoing reasons, SkyWest respectfully requests that the Court convene an expedited Rule 16 conference as soon as can be accommodated by the Court's schedule to provide further direction to the parties regarding the procedure governing review of the preserved forensic evidence and facilitate the orderly progression of discovery.

Dated this 2nd day of July, 2026

HOLLAND & HART LLP

*/s/ Gregory M. Saylin*
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson

*Attorneys for Plaintiff and Counterclaim Defendant*
*SkyWest Airlines, Inc.*

38282246_v6

4