# EXHIBIT A

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **[PROPOSED] PROTOCOL AND ORDER GOVERNING SEARCH OF FORENSIC IMAGES OF DEFENDANTS' DEVICES** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest"), through counsel, respectfully submits this protocol (the "Protocol") for the Court's approval to authorize targeted searches by the previously appointed neutral expert of the preserved forensic images of Defendants' devices, consistent with the Court's February 18, 2026 Order Regarding the Preservation of Evidence and Forensic Imaging (the "Preservation Order") (Doc. 43) and the Court's Standard Protective Order.

1.      **Purpose, Authority, and Background.** The Court previously ordered neutral forensic imaging of two personal computers used by Defendants, appointed Premier Legal Technicians as the neutral expert, required chain of custody, allocated costs to SkyWest, and barred any party access to the preserved images absent further order from the Court. This Protocol implements a narrowly tailored search of the preserved forensic images to locate, identify, and gather SkyWest-derived data and SkyWest Online-related artifacts necessary to adjudicate the parties' claims and defenses while minimizing privacy intrusions and protecting privilege, as contemplated by the Preservation Order.

2.      **Definitions**.

    a.      "Neutral Expert" means Premier Legal Technicians, Salt Lake City, Utah, as appointed in the Preservation Order.

    b.      "Forensic Images" means the forensic images and copies of Defendant Vikaas Krithivas' desktop computer and Defendant Daniel Moussaron's personal MacBook laptop that are preserved and maintained in the Neutral Expert's custody.

    c.      "SWOL" means SkyWest Online, SkyWest's internal portal and employee directory system.

    d.      "SkyWest-Derived Data" means any dataset or file derived from SWOL or other SkyWest systems that includes without limitation employee identifiers, names, phone numbers, home addresses, or related directory fields, including without limitation any associated derivatives, exports, or backups.

2

e.  "Confidential" has the meaning as defined in the Court's Standard Protective Order ("SPO").

f.  "AEO" or "Attorneys' Eyes Only" has the meaning given in the SPO under DUCivR 26-2. With regard to material marked as "Attorneys' Eyes Only" that is produced pursuant to this Protocol, Todd Emerson, SkyWest's in-house counsel, Moussaron, and Krithivas are included within the definition of AEO.

3.  **Neutral Expert; Custody; Security**. The Neutral Expert shall retain exclusive custody of the Forensic Images and any staged materials created under this Protocol, maintain encryption and secure handling, and not permit any party access to the Forensic Images or non-staged data absent further court order. The Neutral Expert shall maintain comprehensive chain-of-custody logs from imaging through each search phase and any final disposition upon conclusion of this action.

4.  **Devices and Timeframe**. Searches authorized by this Protocol are limited to the Forensic Images. The primary search timeframe is from August 29, 2025 through the date the Neutral Expert completed imaging.

5.  **Scope and Targets (including storage, staging, and transmission)**. The Neutral Expert shall run the search terms and artifact targets set forth in Exhibit A against the Forensic images, including without limitation all allocated space, file system metadata, application databases, system logs, file content; file system metadata (including APFS transaction records, FSEvents, NTFS USN Journal/MFT, and LogFile); system and application logs (including .log and .plist files, .sfl2 and .sfl3 files, Event Logs, unified logs, Registry, and NTUSER.DAT);

3

browser artifacts and download databases; shell history, keychain, and tcc.db; application caches and databases (including ShellBags, Jump Lists, LNK files, Prefetch, Spotlight database, thumbnail cache, and MRU lists); email client databases and messaging account data; cloud storage synchronization folders; removable and external media artifacts; and unallocated space, slack space, recycle bin, and trash.

6. **Methodology**.

a. **Hit Reports**. Within five (5) business days after entry of this Protocol, the Neutral Expert shall conduct searches using the terms and artifact families in Exhibit A and shall deliver to counsel for SkyWest and Defendants a hit report listing, for each term/artifact by device and logical location, hit counts, file paths, filenames, and timestamps sufficient to allow refinement of search parameters, without disclosing the contents of any document or data. This hit report will be treated as AEO until all parties agree to modify that designation or as ordered by the Court.

b. **AEO Review Set**. At the same time that the Hit Reports are delivered to counsel, the Neutral Expert shall stage a review set consisting of all documents and data set forth in the Hit Reports to counsel for Defendants (the "AEO Review Set"). Counsel for Defendants shall have five (5) business days to conduct a good-faith targeted screen of the AEO Review Set to identify material protected by the attorney-client privilege or attorney work product doctrine , providing a log of any documents or data to be withheld on such grounds and providing sufficient information to

4

justify privilege or work product consistent with the rules governing privilege logs before the federal courts of the District of Utah, including without limitation in accordance with Fed. R. Civ. P. 26(b)(5) and the SPO. The log shall be provided to the Neutral Expert and counsel for SkyWest. At this time, Defendants will also provide the Neutral Expert with a list of documents that should be marked "Confidential" or "AEO" pursuant to the SPO. The Neutral Expert shall update the chain-of-custody log.

c.    **Production Set and Index**. Within two (2) business days after receiving the privilege log from counsel for Defendants, the Neutral Expert shall export to counsel for each party: (i) native copies of all documents and data from the AEO Review Set that were not logged in the privilege log (this set is referred to as the "Production Set"), marking each "Confidential" or "AEO" as indicated to the Neutral Expert by Defendants; (ii) a consolidated index enumerating devices, accounts, and file paths where such data resides or resided, as supported by the artifacts; and (iii) a log of any identified deletions of SkyWest-Derived Data, including timestamps, identifiers, and any available metadata reflecting the deletion event, along with a chain-of-custody update.

7.    **Privilege and Work Product Communications; 502(d).**

a.    **Rule 502(d) Non-Waiver**. The Court enters this Protocol under Fed. R. Evid. 502(d); any inadvertent production shall not constitute a waiver, and

5

clawback shall proceed under the SPO's procedures.

      b.    **Attorney-Client Privilege and Work Product.** Nothing in this Protocol requires the production of communications or materials protected by the attorney-client privilege or the work-product doctrine. Materials withheld or redacted on those grounds shall be logged as set forth above.

      c.    **Right to Challenge Designations**. Nothing in this Protocol shall prevent or prejudice SkyWest's right to challenge, at any time, any redaction, withholding, confidentiality designation, or Attorneys' Eyes Only designation applied by Defendants' counsel under this Protocol or the SPO. Any such challenge shall be resolved under the procedures set forth in the SPO or, if no applicable procedure exists, by motion to the Court.

8.    **Formats and Deliverables**. Datasets and structured outputs shall be produced in native format with available metadata; spreadsheets and databases in native or export format.

9.    **Costs**. SkyWest and the Defendants shall be responsible for the Neutral Expert's reasonable fees and costs for the search, staging, and production conducted under this Protocol (SkyWest: 50%; Defendant Daniel Moussaron (25%) and Vikaas Krithivas (25%)). Nothing in this Section prejudices any party's right to seek reallocation, reimbursement, or further cost shifting at a later point in the litigation.

10.    **Defendants' Cooperation; Credentials and Access.** Defendants shall fully cooperate with the Neutral Expert in conducting the searches of the Forensic Images authorized by this Protocol. Such cooperation shall include, without limitation, timely providing to the Neutral Expert: (a) all passwords, passphrases, PINs, BitLocker, FileVault, or other full-disk

6

encryption keys or recovery keys, and any other credentials necessary to access the Forensic Images and any encrypted partitions, volumes, containers, files, archives, or backups located thereon; (b) information identifying the operating system, version, hardware make/model, hard drive size, and any encrypted partitions present on each imaged device; and (c) any additional information or assistance reasonably requested by the Neutral Expert to enable access to and searching of the Forensic Images contemplated by this Protocol. This section does not require Defendants to provide credentials, tokens, or access to cloud storage accounts, email accounts, messaging accounts, AI tools or services, or any other third-party platforms or services not contained on the Forensic Images; the scope of this Protocol is limited to the Forensic Images in the Neutral Expert's custody, and any request to search live accounts or third-party services shall require a separate court order after notice and opportunity to be heard, consistent with Paragraph 14 of the Preservation Order. Defendants' production of credentials and access information under this Section shall be made directly to the Neutral Expert, and the Neutral Expert shall use such information solely for purposes of this Protocol, shall maintain it under secure handling and encryption, and shall not disclose it to any other party.

11.    **Reservation of Rights; Without Prejudice**. This Protocol is entered solely to govern searching of the Forensic Images. It does not adjudicate any claim or defense and is without prejudice to any party's claims or defenses, including without limitation disputes concerning whether particular information qualifies as SkyWest-Derived Data or as Confidential or AEO under the SPO. No party waives, and each party expressly preserves, all rights, claims, counterclaims, defenses, objections, and remedies not specifically and expressly relinquished in

writing. Nothing in this Protocol shall be construed as an admission of fact or law, or as a

concession of the merits of any claim or defense.

     SO ORDERED this _____ day of _____, 2026.


          _____
          DAVID NUFFER
          United States District Judge

## EXHIBIT A: PHASE ONE INITIAL SEARCH TERMS AND ARTIFACT TARGETS

**A.    SWOL URLs and Endpoint Patterns**

- https://www.skywestonline.com/OO/directory

- https://www.skywestonline.com/OO/api/directory/empdetail

- /OO/api/directory/empdetail

- empdetail

- www.skywestonline.com

**B.    SWOL Session/Log Tokens**

- ASP.NET_SessionId=

- EmpNo=

- SZZ=

**C.    Browser Extension/Script and Developer-Tool Indicators**

- Tampermonkey

- dhdgffkkebhmkfjojejmpbldmpobfkfo

- userscript

- XHR

- fetch

**D.    Microsoft Teams Script Delivery References (device-side caches/artifacts)**

- Tampermonkey (within Teams caches)

- empdetail (within Teams caches)

**E.** **Known Local Filenames, Paths, and Archives (MacBook/Desktop)**

- Downloads/skywest_contacts_20251209_030724

- Downloads/contact_reports_66bbf74d1b02000_a3347423-fd5d-487d-ab9a-fbc47d8c568b.csv

- Documents/SkyWest/Litigation/D004 - DMS/SkyProxy.sql.zip

- SkyProxy.sql.zip

**F.** **Database/Schema and Table Identifiers**

- SkyProxy

- staged_pilot_data

- pilot_members

**G.** **Third-Party Platform/Service Identifiers and Destinations**

- EZTexting

- https://spa.eztexting.com/contacts

- skw.alpa.org

- pilots@skywestalpa.org

**H.** **Named Recipients/Contacts Associated with Transmissions**

- Ron Rindfleisch

- Ron.Rindfleisch@alpa.org

**I.** **Key-Date Windows for Artifact Filtering**

- August 29, 2025, to the Present.

**J.** **Additional Extraction/Use Indicators**

- SkyWest Online

- SWOL

- Directory (in proximity to SWOL artifacts)

- View (in proximity to SWOL artifacts)

38318055