Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
John E. Holland (Pro Hac Vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone:(801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br>     Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br>     Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br>     Defendant. | **DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR A RULE 16 CONFERENCE** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendants Daniel Moussaron (and counterclaim Plaintiff) and Vikaas Krithivas (collectively, "Defendants") submit this Joint Response to Plaintiff SkyWest Airlines, Inc.'s Motion for a Rule 16 Conference (Dkt. No. 61). Defendants do not oppose the Court setting a Rule 16 status conference. A conference may assist the parties and the Court in addressing the scope, sequencing, cost, and protections for any further proceedings concerning the preserved forensic images.

Defendants submit this response for a limited purpose: to clarify that their non-opposition to a conference is not agreement with SkyWest's factual narrative, is not a waiver of Defendants' objections to forensic review, and is not consent for SkyWest to search Defendants' personal devices or union-related materials. SkyWest's motion presents contested assertions as though they were undisputed and attempts to use Rule 16 as a vehicle to revisit broad forensic relief that the Court did not grant. The requested conference should be used for case management only, not as an order authorizing unfettered or premature access to personal devices. Indeed, days after filing this Motion for a Rule 16 conference improperly seeking that the Court enter a protocol, SkyWest filed a Motion to Enter Protocol for Forensic Search of Defendants' Devices (Dkt. 63) to which Defendants will separately respond.

## I. DEFENDANTS DO NOT OPPOSE A RULE 16 CONFERENCE.

Defendants agree that a status conference may be useful. The parties have not reached agreement on a protocol for any review of preserved forensic images, and the Court's direction may help narrow the issues and avoid unnecessary motion practice. Defendants therefore do not oppose SkyWest's request that the Court set a Rule 16 conference.

Defendants do oppose, however, any suggestion that the mere scheduling of a Rule 16 conference resolves the substantive questions SkyWest has attempted to embed in its motion. Rule 16 does not itself establish entitlement to forensic inspection, does not relieve SkyWest of its burden to show proportionality and need under Rule 26, and does not displace Defendants' privacy, privilege, and associational objections. Those issues should be addressed at the conference only after SkyWest identifies the specific discovery it seeks, why ordinary discovery is insufficient, and what protections will prevent an overbroad search through personal and protected materials.

### II. Procedural History and SkyWest's overstated claimed urgency.

Defendants Moussaron and Krithivas were SkyWest pilots seeking to organize their fellow pilots and bring a union, Air Line Pilots Association ("ALPA"), to SkyWest to represent its pilots. In an effort to organize, Moussaron and Krithivas accessed SkyWest's internal employee directory using their SkyWest authorized credentials to download the contact information of SkyWest Pilots so they could be polled on whether or not pilots supported unionizing with ALPA. SkyWest initiated this lawsuit upon learning that Defendants downloaded pilot contact information and contacted its pilots about unionizing, claiming the contact information was confidential information.

SkyWest sought extraordinary emergency relief at the outset of this action. It asked, in substance, for the seizure and forensic inspection of Defendants' personal devices. The Court DENIED the request for forensic inspection (Dkt. No. 43, paragraph 15 "SkyWest's Motion for Expedited Discovery is DENIED to the extent SkyWest seeks discovery requests for imagining and forensic examinations of Defendants' devices.")  Instead, the Court only ordered imaging

and preservation, while expressly prohibiting access to, review of, or production from the preserved forensic images absent further order of the Court. Preservation Order (Dkt. No. 43) paragraphs 9, 14. Defendants have complied with that preservation regime.

SkyWest now claims that it has "diligently sought to work out a protocol, th[at] the parties cannot seem to agree, while emphasizing that "months and months" have passed without SkyWest obtaining access to the data, and claiming Defendants have stymied discovery. (Dkt. 61, pgs. 3-4)

However, the facts tell a vastly different story and the Court has never suggested that the parties work toward a protocol – instead the Court has previously denied SkyWest's request for forensic inspection. The preservation Order was entered on February 18, 2026. For the next 111 days, SkyWest made no protocol proposals. Indeed, the timeline related to SkyWest's recent request for a protocol is as follows:

| Feb. 18 | Preservation Order entered. SkyWest proposes no review protocol for 111 days. |
|---|---|
| June 9 | SkyWest sends its first proposed protocol, demanding a response "by the end of the week." |
| June 18 | Parties meet for the first time to discuss a draft search protocol. Defendants were concerned about the breadth of the protocol, and that there were less costly, and more traditional means in which to obtain the requested information, and as such they would not help pay the cost. During the June 18th meeting counsel for Moussaron asked SkyWest's counsel if he had conferred with the neutral expert about the proposed protocol, or provided the neutral expert a copy of the proposed protocol, which he had not. |
| June 22 | SkyWest's counsel tells the neutral expert "the parties are discussing the possibility of entering into a protocol." |
| June 23 | The parties meet with the neutral expert to get feedback on the breadth of the proposed protocol. Following that meeting, on June 23, Defendants emailed SkyWest a redline revised version of the proposed protocol — accepting SkyWest's phased search framework and adding provisions |

4

| | |
|---|---|
| | addressing privilege, union-organizing communications, and costs – fourteen days after first receipt. |
| **June 30, 9:00 a.m.** | SkyWest's counsel writes: "We are reviewing your edits to the protocol," and conditions progress on Defendants placing $8,000 in escrow for a portion of the cost of the protocol. |
| **June 30, 10:20 a.m.** | Counsel for Defendant Krithivas advises that his client is attending his grandmother's funeral and asks for "a few days." |
| **June 30, 2:32 p.m.** | The neutral expert circulates section-by-section comments on the protocol's Scope and Targets provisions and offers a call. SkyWest does not respond to the expert's comments, or to Defendants proposed redline edits. |
| **July 2** | SkyWest files this Motion, describing the process as stalled – despite it being SkyWest who suddenly stopped meeting and conferring. |

Days later a motion to enter their proposed protocol was filed. As such, SkyWest should not be permitted to convert its own delay and failure to meet and confer, or the restrictions imposed by the Court's preservation-only order, into a basis for immediate and expansive access to Defendants' personal devices.

Nor has SkyWest shown that it exhausted ordinary discovery before seeking an intrusive forensic search. Before any review of personal devices is authorized, SkyWest should be required to show what information it has sought through interrogatories, requests for production, requests for admission, subpoenas, and depositions; what remains unanswered; and why a targeted protocol is necessary and proportional to resolve the remaining issues.

## III. DEFENDANTS CLARIFY THE RECORD AND DISPUTE SKYWEST'S CHARACTERIZATIONS.

SkyWest states that the "key facts are not in dispute" and then characterizes the matter as one involving access to an "internal, secured system," extraction of "confidential employee information… used … for their own purposes," and "shared … outside of SkyWest." And finally

5

use or sharing of that information by "Defendants" collectively. Defendants dispute those characterizations. For purposes of a case-management conference, Defendants identify the following clarifications so the Court does not treat SkyWest's narrative as conceded.

### A. The confidentiality of the pilot contact information remains disputed.

SkyWest has not established that the pilot contact information at issue was confidential in the manner SkyWest suggests. Even under the most generous reading of SkyWest's Confidentiality and Nondisclosure Agreement (Dkt. No. 1-1), the definition of "Confidential Information" or "Confidential and Privileged Information" does not expressly identify employee addresses, phone numbers, or ordinary pilot contact information. SkyWest has not produced another policy or agreement that clearly designates this category of information as confidential or imposes a use restriction specific to that information that was in effect at the time of access to SWOL. (A copy of a Code of Conduct document that was revised on December 11, 2025 was produced, but no prior revisions have yet been produced, nor any indication that either Defendant ever saw or reviewed the December 11, 2025 revision.)

The record is also inconsistent with SkyWest's claimed urgency and confidentiality position. SkyWest has admitted that pilot contact information was provided through the SWOL directory to authenticated users and was transmitted back to the user's browser in plaintext. SkyWest has also admitted sharing pilot contact information with the SkyWest Airlines Pilots Association ("SAPA"), a third party, but has not produced any nondisclosure agreement, confidentiality obligation, or use limitation governing SAPA's receipt or use of that information. Nor has SkyWest shown that the contact information was marked confidential in a way that reasonably informed employees that the information could not be accessed, used, or shared.

To the extent SkyWest attempts to frame ordinary pilot contact information as statutory "personal information" in a data-breach sense, Utah's Protection of Personal Information Act defines "personal information" as a name combined with a Social Security number, certain financial account credentials, or a driver license or state identification card number. Utah Code section 13-44-102(4)(a). SkyWest has not shown that the information at issue falls within that statutory definition, has not shown that it conducted or produced a risk-of-harm analysis, and has not identified any data-breach notification provided to the pilots whose contact information it claims was compromised.

Lastly, nearly everyone's contact information, including phone numbers and addresses are publicly available with a simple online search. And the Federal Aviation Administration publishes a registry of all certified pilots (which includes contact information of some pilots).

**B. SkyWest improperly conflates the alleged conduct of both Defendants.**

SkyWest also attributes conduct to "Defendants" collectively without distinguishing between the alleged acts of Moussaron and Krithivas. That matters. SkyWest's own pleadings and filings distinguish the alleged roles of the two Defendants. Defendants dispute that SkyWest may rely on collective allegations to justify a broad search of both Defendants' personal devices.

In particular, SkyWest's motion states that, "Once Defendants obtained the information, they used it for their own purposes and shared it with others outside of SkyWest." But SkyWest has not shown that Krithivas disclosed any pilot contact information to any third party. Defendants understand SkyWest's own theory to be that Krithivas assisted Moussaron in collecting contact information and that the alleged disclosure or later use, if any, was attributed to Moussaron. SkyWest also knows that Krithivas was no longer involved in union-formation

7

activities after September 3, 2025. Any conference should require SkyWest to identify the specific discovery it seeks from each Defendant and the specific factual basis for seeking it.

### C. Any protocol must protect privileged, private, and union-related materials.

Defendants have asserted, and continue to assert, that this lawsuit is being used to punish and deter participation in union-formation activities. SkyWest's demand to search personal devices will result in union-related communications, organizing strategy, union organizing pilot identities, associational information, attorney-client communications, work product, and other private materials unrelated to any legitimate discovery need.

If the Court sets a conference, Defendants request that the conference address safeguards before any review of preserved images is authorized. At minimum, any protocol should: (1) require SkyWest to identify the specific information it seeks and why traditional discovery is inadequate; (2) limit any search by custodian, date range, data category, and narrowly tailored search terms; (3) use a neutral forensic vendor rather than SkyWest or its counsel for any initial search; (4) provide for privilege and privacy review before production; (5) exclude or specially protect union-related and associational materials, and if obtained prevent any SkyWest employee (including in-house attorneys) from view or learning of any union organizing information; (6) include clawback and confidentiality protections; and (7) address cost allocation so Defendants are not required to finance SkyWest's forensic fishing expedition.

### III. PROPOSED SCOPE OF THE RULE 16 CONFERENCE.

Because Defendants do not oppose the scheduling of a conference, Defendants respectfully request that the Court limit the conference to case-management issues and clarify

that no factual assertions in SkyWest's motion are deemed admitted. Defendants propose that the conference address the following topics:

1.      what specific information SkyWest contends remains unavailable through ordinary discovery;

2.      whether SkyWest has first pursued less intrusive discovery and, if not, what discovery should occur before any forensic review;

3.      whether SkyWest can identify a particularized need for any review of preserved images, as opposed to a generalized desire to search personal devices;

4.      the permissible scope of any search, including custodians, date ranges, file types, search terms, and data categories;

5.      procedures to protect privileged, private, confidential, union-related, and associational materials;

6.      the use of a neutral forensic vendor and procedures for review before production;

7.      cost allocation; and

8.      a schedule for any remaining discovery disputes relating to the Preservation Order.

## IV. CONCLUSION

Defendants do not oppose the Court setting a Rule 16 conference. Defendants respectfully request, however, that the Court treat the conference as a case-management conference only; decline to adopt SkyWest's disputed factual assertions; preserve Defendants' objections to forensic review; and require that any future protocol be narrowly tailored, proportional, and protective of privileged, private, and union-related materials.

9

DATED this 9th day of July, 2026.

**SCHOLNICK THORNE HOLLAND**
By /s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
John Holland
Attorneys for Defendant and Counterclaim Plaintiff
Daniel Moussaron

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
By /s/ Scott C. Uthe (signed with permission)
Scott C. Uthe
Timothy D. Ducar
Attorneys for Defendant Vikaas Krithivas

10

## CERTIFICATE OF SERVICE

I certify that on the 9th day of July, 2026, I electronically transmitted the attached DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR A RULE 16 CONFERENCE to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.


Scott Uthe, suthe@azlawyers.com
Tim Ducar, tducar@azlawyers.com
Attorneys for Defendant Vikaas Krithivas


By: /s/J. Thorne