Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE COUNTERCLAIM AND JOIN DALE HANSEN** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant Vikaas Krithivas ("Krithivas") by and through his counsel, moves the

Court pursuant to Rules 16(b)(4), 15(a)(2), 13(h), 20, and 21 of the Federal Rules of Civil

Procedure for entry of an Order permitting Krithivas to file the proposed Counterclaim.

Krithivas, through counsel, sought and obtained permission from Defendant and

Counterclaim Plaintiff Daniel Moussaron ("Moussaron"), to state Moussaron stipulates to

the requested relief.  SkyWest does not consent to the requested relief.  *See* Declaration

of Scott Uthe, filed herewith as Exhibit A.

In support of this Motion, Krithivas states as follows:

## I.     BACKGROUND.

1.      SkyWest commenced this action on January 30, 2026.

2.      Krithivas timely answered the Complaint and asserted affirmative defenses.

3.      On April 6, 2026, the Court entered its Scheduling Order.

4.      The Scheduling Order established May 15, 2026 as the deadline for
amendment of pleadings and joinder of additional parties by Defendants.

5.      On April 10, 2026, Krithivas was constructively discharged from his
employment with American Airlines.

6.      Krithivas contends that his constructive discharge was caused by the
allegations asserted in the Complaint filed in this action and by Dale Hansen's February
2, 2026 communication from SkyWest to American Airlines transmitting the Complaint
and advising American Airlines of the initiation of litigation against him.

7.      On June 11, 2026, SkyWest produced an email dated February 2, 2026
from SkyWest General Counsel Dale Hansen ("Hansen") to an attorney for American
Airlines regarding Krithivas.  Filed herewith as Exhibit B.

8.      The June 11, 2026 production revealed for the first time that Hansen personally transmitted the Complaint to American Airlines and specifically informed American Airlines that litigation had been initiated against Krithivas.

9.      The June 11, 2026 production provided information that forms a substantial part of the factual basis for the proposed Counterclaim.

10.     Hansen is alleged to have personally participated in conduct giving rise to the proposed Counterclaim.

## II.    GOOD CAUSE EXISTS UNDER RULES 16(b)(4).

11.     Because the deadline for amendment of pleadings and joinder of parties has expired, Defendant seeks relief pursuant to Rule 16(b)(4) and Rule 15(a)(2).

12.     Good cause exists to modify the Scheduling Order.

13.     On April 10, 2026, Krithivas was constructively discharged from his employment with American Airlines. Krithivas contends that his constructive discharge resulted from the allegations asserted in this action and SkyWest's and Hansen's communication of those allegations to American Airlines.

14.     The February 2, 2026 email from Dale Hansen to American Airlines was not produced until June 11, 2026, nearly one month after expiration of the May 15, 2026 amendment deadline.

3

15.     Prior to June 11, 2026, Krithivas did not possess the February 2, 2026 communication and was unaware that anyone at SkyWest had directly communicated with anyone at American Airlines.

16.     The June 11, 2026 production provided material factual support for claims arising from communications made to third parties during the pendency of this litigation and for claims asserted directly against Hansen.

17.     Krithivas acted diligently as demonstrated by the following timeline:

- June 11: email produced;
- June 17: proposed stipulated motion to amend sent to SkyWest;
- July 2: meet and confer conducted;
- July 8: redline exchanged;
- July 10: SkyWest refused consent;
- July 10:  this Motion filed.

18.     In addition, the damages associated with the proposed Counterclaim were continuing to accrue through and after Krithivas' constructive discharge on April 10, 2026, and therefore were not fully developed prior to the amendment deadline.

19.     Fact discovery remains open until November 30, 2026. Expert discovery has not commenced, dispositive motions are not due until June 2, 2027, and no trial date has been set. Allowing amendment will not materially disrupt the existing case schedule and will not prejudice any party.

20.     Accordingly, good cause exists to modify the Scheduling Order and permit the requested amendment.

**III.    LEAVE TO AMEND SHOULD BE GRANTED.**

21. Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires.

22. The proposed Counterclaim is asserted in good faith.

23. The proposed amendment is not sought for purposes of delay.

24. The proposed Counterclaim arises from the same transactions, occurrences, and events that are already the subject of discovery in this litigation.

25. Permitting amendment will promote judicial economy and avoid duplicative litigation.

26. The interests of justice favor allowing the proposed amendment.

**IV.   JOINDER OF DALE HANSEN AS AN ADDITIONAL COUNTERCLAIM DEFENDANT IS PROPER UNDER RULES 13(h), 20(a)(2) and 21.**

27. Krithivas seeks to join Dale Hansen as a Counterclaim Defendant pursuant to Rules 13(h), 20(a)(2), and 21.

28. The claims asserted against Hansen arise from the same series of transactions and occurrences that form the basis of the claims and defenses presently before the Court.

29. Common questions of law and fact exist concerning the conduct of SkyWest and Hansen.

30. Complete relief cannot be efficiently obtained without adjudicating the claims involving Hansen in this action.

31.     Joinder of Hansen will conserve judicial resources and prevent inconsistent results.

32.     Joinder is therefore appropriate.

A proposed form of Order is filed herewith as Exhibit D.

## V.    REQUEST FOR RELIEF.

WHEREFORE, Krithivas respectfully requests that the Court:

A. Find good cause under Rule 16(b)(4) to modify the Scheduling Order;

B. Grant Defendant Vikaas Krithivas leave to file the Proposed Counterclaim attached as Exhibit C;

C. Join Dale Hansen as a Counterclaim Defendant pursuant to Rules 13(h), 20, and 21;

D. Grant such other and further relief as the Court deems just and proper.

DATED this 10th day of July, 2026.

LAW OFFICES OF TIMOTHY D. DUCAR, PLC

By /s/ Scott C. Uthe
Scott C. Uthe
Timothy D. Ducar
9280 E. Raintree Drive, Suite 104
Attorneys for Defendant Vikaas Krithivas

6

## CERTIFICATE OF SERVICE

I certify that on the 10th day of July, 2026, I electronically transmitted the attached Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen as Counterclaim Defendant to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff/Counterclaim Defendant SkyWest Airlines, Inc.


Jonathan Thorn, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
Jack Holland, jack@laborwest.com
Attorneys for Defendant/Counterclaim Plaintiff Daniel Moussaron


By: /s/S. Uthe