Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>  Defendant and Counterclaim Plaintiff,<br><br> and VIKAAS KRITHIVAS,<br><br>  Defendant. | **PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING DEFENDANT KRITHIVAS'S PRIVILEGE LOG**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest moves to compel Krithivas to produce the unredacted version of a responsive, non-privileged text message (Exhibit A).

## ARGUMENT

Krithivas's privilege log identifies a single document: an August 30, 2025 text message from Krithivas to Moussaron (KRITHIVAS PRIV000001) containing a "discussion of nonparty person who introduced Vikaas and Daniel." Krithivas redacted a portion of the message,

asserting it is "[n]ot Relevant and protected under statutory rights under RLA to prevent further retaliation and interference by SkyWest."

There is no dispute that this redacted information identifies a participant in Defendants' scheme to steal and disseminate SkyWest's confidential pilot data. Moussaron himself admitted that a third party "provided Moussaron with contact information for Krithivas" so Moussaron could work with Krithivas (who was departing SkyWest for another role) to use TamperMonkey to mass extract pilot data from SkyWest systems. SkyWest is entitled to learn who facilitated this connection and worked with Moussaron.

Importantly, Kristivas' relevancy and RLA objections do not hold water. First, the information contained in the text message is clearly "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Second, relevance is not a privilege – courts have repeatedly rejected the practice of redacting on relevance grounds. *U.S. Aviation Underwriters, Inc. v. SamDan LLC*, 2023 U.S. Dist. LEXIS 39234, at *7 (S.D. Cal. March 8, 2023) ("there is no legal basis to redact documents for relevancy concerns"); *Sagacity, Inc v. BCE-Mach III LLC*, 2024 U.S. Dist. LEXIS 142764, at *5 (E.D. Okla. Aug. 12, 2024) (compelling production of documents redacted based on relevancy).

Third, the RLA does not create an evidentiary privilege against discovery (*see* Short-Form Motion on RLA Privilege (Dkt. 67)). Krithivas has cited no authority (because none exists) supporting his position that a former employee can unilaterally withhold relevant evidence of misconduct based on an "RLA privilege." To the extent Krithivas has concerns about exposing individuals to retaliation, those concerns are addressed by the Court's Standing Protective Order

2

("SPO"), which permits designation of documents as Confidential or Attorneys' Eyes Only. SPO, § A(2).

The Court should compel Krithivas to produce the unredacted text message identified as KRITHIVASPRIV000001 on his privilege log within 5 days of a ruling herein.

## <u>CERTIFICATION</u>

SkyWest served a conferral letter on June 24 on this issue. The parties made reasonable efforts to resolve this dispute via Teams on July 2. For SkyWest: Tyson C. Horrocks, Zach Burford. For Moussaron: Scott Uthe, Joseph Winters.

Dated this 10th day of July, 2026

HOLLAND & HART LLP


*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant
SkyWest Airlines, Inc.*

38403751

3