# EXHIBIT A

Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>　　　Defendants. | **PLAINTIFF SKYWEST'S RESPONSE TO DEFENDANT KRITHIVAS' FIRST SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby responds to Defendant Vikaas Krithivas' ("Defendant") First Set of Discovery Requests ("Requests") as follows:

## PRELIMINARY STATEMENT

As of the date of these responses, Plaintiff has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the information and the documents that are presently available and specifically known to Plaintiff.

Plaintiff anticipates that further discovery, independent investigation, and legal and factual research and analysis may supply additional facts and/or establish entirely new facts, conclusions, and legal assertions, all of which may lead to substantial additions to, changes in, and variations from the answers set forth herein.

Each response herein is made subject to all appropriate objections (including without limitation objections concerning scope, privilege, competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information, document, or thing at the time of trial or in any process or proceeding in this action. All such objections, and the grounds for such objections, are reserved and may be interposed at trial or any other process or proceeding in this action.

The answers and objections contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way prejudice Plaintiff in relation to further discovery, research, or analysis. Plaintiff responds to the Requests as it interprets and understands them. Plaintiff reserves the right to supplement its response if Defendants subsequently assert an interpretation of any requests contained in the Requests that differs from Plaintiff's current understanding. The following responses and objections are given without prejudice to Plaintiff's right to produce evidence and subsequently discovered facts that Plaintiff may obtain. Accordingly, Plaintiff reserves the right to change any and all answers herein as additional facts or documents are ascertained, analyses are made, legal research is completed, and assertions are formulated.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that Plaintiff responds to a request is

without prejudice or precedent and should not be taken as an admission, or concession of the evidence of, any fact or document set forth, assumed, or implied by such request. Further, pursuant to Federal Rule of Civil Procedure 26(b), if Plaintiff discloses privileged information in response to the requests, the disclosure is inadvertent and does not constitute a waiver of any applicable privilege.

Plaintiff objects to the definition of "Identify" as applied to "SkyWest Systems," "person," "definition," and "communication" as compound, overbroad, and unduly burdensome to the extent the definitions embed multiple discrete subparts and require the production of granular technical, regulatory, and architecture-level information for every responsive item.

SkyWest objects to the definition of "SkyWest Systems" as overbroad and not proportional, including because, among other things, it sweeps in "any computer system, network, database, application, website, or electronic resource owned, operated, controlled, or used by SkyWest" without any limitation tied to the claims and defenses at issue.

## RESPONSES TO REQUESTS FOR ADMISSION

1. Admit the only Credentials used by Defendants to access SWOL during the Relevant Timeframe for Access, were provided to them by SkyWest.

**Response**: SkyWest objects to this Request on the grounds that (1) the defined term "Credentials" is vague, ambiguous, and overly broad in that it could be read to encompass other authentication or authorization mechanisms beyond user-issued login credentials; (2) the terms and phrases "Access" and "the only Credentials" are vague and ambiguous, as they are not defined and susceptible to multiple interpretations; (3) it is compound; (4) it calls for a legal conclusion to the extent the terms "Credentials" and "access" appear intended to invoke or track

3

defined terms under UCADRA, the CFAA, or related statutes; (5) it seeks information equally available to, and within the personal knowledge of, Defendants regarding what credentials they used; and (6) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis of Defendants' access to SWOL and related SkyWest systems are ongoing.

Without waiving the foregoing objections, and limited to user-issued login credentials, SkyWest admits that, during the Relevant Timeframe for Access, Defendants were provided SWOL user-account credentials issued for authenticating access to SWOL. Defendants' credentials were issued by SkyWest. SkyWest denies that the SWOL user-account credentials and role-based permissions permitted Defendants to access SkyWest Confidential Information, including without limitation, Pilot Contact Information, or to use scripted extraction tools to mass access and scrape restricted Pilot Contact Information. Plaintiff reserves the right to supplement this response at any time, including at trial.

2.      Admit during the Relevant Timeframe for Access, both Defendants were authorized users of SWOL, including SWOL Directory.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "SWOL Directory" and "authorized users," which are undefined and susceptible to multiple interpretations; (2) it calls for a legal conclusion to the extent the phrase "authorized users" is intended to invoke or track UCADRA's defined term "Authorized User" or the corresponding authorization concepts under the CFAA; (3) it is compound; (4) it seeks information equally available to, and within the personal knowledge of, Defendants; and (5) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing.

4

Without waiving the foregoing objections, SkyWest admits that, during the Relevant Timeframe for Access, Defendants held active SWOL user accounts that permitted authenticated access to certain portions of certain information from SWOL (including limited portions of the SWOL Directory) for limited, business-related purposes consistent with their front-line pilot roles. SkyWest denies that Defendants were authorized to access, view, retrieve, compile, export, scrape, or mass-download personal cell phone numbers, home addresses, or other restricted Pilot Contact Information through the SWOL Directory. Plaintiff reserves the right to supplement this response at any time, including at trial.

3.      Admit during the Relevant Timeframe for Access, both Defendants were authorized to access SWOL from their own personal computing devices.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms and phrases "access," "personal computing device," and "authorized to access SWOL from their own personal computing devices," which are not defined and susceptible to multiple interpretations; (2) it calls for a legal conclusion to the extent "authorized to access" is intended to invoke or track UCADRA's defined term "Authorized User" or the CFAA's authorization concepts; (3) it is compound; (4) it seeks information equally available to, and within the personal knowledge of, Defendants; and (5) it is premature to the extent fact discovery and expert analysis are ongoing.

Without waiving the foregoing objections, SkyWest admits that Defendants had credentials to access certain portions of certain information from SWOL. SkyWest denies that Defendants were authorized to use any device, personal or otherwise, to circumvent SWOL's role-based controls to access portions of SWOL and restricted information on SWOL, employ

5

developer tools to retrieve restricted server-side fields not rendered in the user interface, or run automated scraping programs against the SWOL Directory. Plaintiff reserves the right to supplement this response at any time, including at trial.

4.      Admit that Defendants were Authorized Users of SWOL, as defined by UCADRA, during the Relevant Timeframe for Access.

**Response**: SkyWest objects to this Request on the grounds that (1) it calls for a legal conclusion regarding the application of UCADRA's defined term "Authorized User" to the facts of this case; (2) it is compound; (3) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing; and (4) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

5.      Admit that a Hidden URL is not a Technological Access Barrier, as defined by UCADRA.

**Response**: SkyWest objects to this Request on the grounds that (1) it calls for a legal conclusion regarding the application of UCADRA's defined term "Technological Access Barrier"; (2) the term "Hidden URL" is undefined and is vague, ambiguous, and a mischaracterization of SkyWest's allegations and the technical record, including SkyWest's allegations regarding the non-public, role-restricted employee-detail endpoint; (3) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (4) it misstates applicable law; (5) it is premature to the extent fact discovery and expert analysis are ongoing;

6

and (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

6.  Admit that, during the Relevant Timeframe for Access, SWOL provided Pilot Contact Information, including phone number and address, to the requesting browser, regardless of the authorized user's role, even if the returned html would not visibly display that Pilot Contact Information in the Directory UI.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "provided," "to the requesting browser," "regardless of the authorized user's role," and "visibly display," which are undefined and susceptible to multiple interpretations; (2) it calls for a legal conclusion to the extent "authorized user's role" is intended to invoke or track UCADRA's defined term "Authorized User" or related authorization concepts under the CFAA; (3) it is compound; (4) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (5) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis of SWOL's technical operation are ongoing and the subject of forthcoming expert disclosure; and (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, SkyWest admits that, during the time periods of Defendants' unauthorized access from August 2025 to December 2025, the response payload returned by the employee-detail endpoint (GET /OO/api/directory/empdetail/{EMPLOYEE_NUMBER}) included contact fields for personal

cell phone numbers and home addresses that were not rendered in the Directory UI for users (such as Defendants) without permission to view those fields for other employees. SkyWest denies that the existence of fields in a server response payload conferred authorization to access, retrieve, compile, or use those fields. SkyWest denies any remaining portions of this Request. Plaintiff reserves the right to supplement this response at any time, including at trial.

7.      Admit that during the Relevant Timeframe for Access, Pilot Contact Information, including phone number and address, was readily visible to defendants if they utilized their browser's built in developer tools.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "readily visible" and "utilized their browser's built in developer tools," and "Pilot Contact Information, including phone number and address"; (2) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (3) it calls for a legal conclusion to the extent the terms used are intended to invoke or track UCADRA's or the CFAA's authorization concepts; (4) it is compound; (5) it seeks information equally available to, and within the personal knowledge of, Defendants regarding what they did and saw on their own devices; and (6) it is premature to the extent fact discovery and expert analysis are ongoing.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

8.      Admit that SkyWest has no way to demonstrate whether contact to SkyWest Pilots was based on Pilot Contract Information obtained from SWOL or from some other source.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "contact," "based on," "Pilot Contract Information" (which is

8

undefined and appears to be a typographical error for Pilot Contact Information), and "from SWOL or from some other source"; (2) it is argumentative and improperly framed in the negative; (3) it is an improper contention Request for Admission to the extent it would require SkyWest to marshal and disclose all evidence and expert analysis of attribution before the close of discovery; (4) it calls for a legal conclusion; (5) it is compound; (6) it is premature to the extent fact discovery and expert disclosures have not been completed; and (7) it seeks information equally available to, and within the personal knowledge of, Defendants regarding the source of any Pilot Contact Information they used.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

9.    Admit that use of built in developer tools to view html code within a browser from the SWOL directory does not bypass a Technological Access Barrier, as defined by UCADRA.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms and phrases "built in developer tools," "view html code within a browser," "SWOL directory," and "bypass," which are undefined and susceptible to multiple interpretations and meanings; (2) it calls for a legal conclusion regarding the application of UCADRA's defined term "Technological Access Barrier"; (3) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (4) it is compound; (5) it is premature to the extent fact discovery and expert analysis are ongoing; and (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

## ANSWERS TO INTERROGATORIES

6.      List and Identify each Protected Computer, as defined by UCADRA, alleged by SkyWest as being accessed by Defendants without authorization.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it calls for a legal conclusion regarding the application of the CFAA's and UCADRA's defined terms for "Protected Computer"; (2) it is vague and ambiguous as to the terms "List and Identify," "alleged by SkyWest as being accessed by Defendants without authorization," and "Protected Computer," which are compound, overbroad, vague, and ambiguous, and unduly burdensome to the extent they require SkyWest to disclose granular architecture-level, hosting, geographic-location, team-assignment, and changelog information beyond what is proportional to the needs of the case; (3) it is compound and improperly calls for an open-ended narrative answer; (4) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, as drafted it requires SkyWest to catalog largely irrelevant information about every SkyWest System that could conceivably qualify as a "Protected Computer" and would impose burden and expense disproportionate to any legitimate need; (5) it is a premature contention interrogatory to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing; (6) it seeks information equally available to, and within the personal knowledge of, Defendants regarding their own conduct; (7) it seeks security-sensitive information; and (8) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

10

Without waiving the foregoing objections, SkyWest responds that the protected computer at issue in this action is SkyWest Online ("SWOL"), including the Company Directory and the employee-detail endpoint at https://www.skywestonline.com/OO/api/directory/empdetail/{EMPLOYEE_NUMBER}, which Defendants accessed without, and in excess of their, authorization during the Relevant Timeframe for Access. SkyWest further refers Defendant to its prior responses to Defendant Krithivas's Expedited Discovery Interrogatories Nos. 1–4 and to SkyWest_000001. Plaintiff reserves the right to supplement this response at any time, including at trial.

7.      Describe upon what basis SkyWest asserts ownership of Pilot Contact Information stored in SWOL or other SkyWest Systems.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it calls for a legal conclusion; (2) the terms "ownership" and "asserts ownership" are vague and ambiguous, and the Interrogatory improperly presumes that SkyWest's claims in this action turn on a particular legal theory of "ownership" rather than on SkyWest's contractual, statutory, and common-law rights to maintain the confidentiality and integrity of its non-public business records and employee personnel information; (3) it uses the defined term "SkyWest Systems," which is overbroad and not proportional, and the defined term "Pilot Contact Information," which is overbroad to the extent it sweeps in fields beyond those at issue; (4) it is compound, in that it seeks multiple categories of legal and factual information within a single Interrogatory; (5) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it demands a narrative legal explanation untethered to any specific record, field, or transaction and sweeps in every system covered by the expansive "SkyWest Systems"

11

definition rather than the specific systems at issue; (6) it is a premature contention interrogatory to the extent it would require SkyWest to marshal and articulate all facts and evidence supporting its legal theories before the close of discovery; (7) it improperly calls for an open-ended narrative answer; (8) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing; and (9) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Without waiving the foregoing objections, SkyWest responds that SkyWest's rights with respect to Pilot Contact Information stored in SWOL arise from, among other sources: (a) SkyWest's investment of substantial financial, technical, and personnel resources to compile, maintain, and secure non-public employee personnel and contact information within SWOL, including current rosters, base assignments, and organizational data curated by SkyWest; (b) the Defendants' Confidentiality and Nondisclosure Agreements, which expressly designate such information as confidential and prohibit its unauthorized access, use, or disclosure; (c) SkyWest's Code of Conduct, Information Security Policy SP 45, and related policies governing the handling of confidential employee data; and (d) applicable federal and state law, including the Computer Fraud and Abuse Act, UCADRA, and the common law of breach of fiduciary duty and confidential-information protection. Plaintiff reserves the right to supplement this response at any time, including at trial.

8.      List and identify each Technological Access Barrier, as defined by UCADRA, that SkyWest alleges were bypassed by Defendants. And describe how they allegedly bypassed such barriers.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it calls for a legal conclusion regarding the application of UCADRA's defined term "Technological Access Barrier"; (2) it is duplicative of the topics addressed in Defendant's Expedited Discovery Interrogatories Nos. 1–4 and SkyWest's prior responses, which SkyWest incorporates here; (3) it is compound and improperly calls for an open-ended narrative answer; (4) it is vague and ambiguous as to the terms "bypassed" and "how they allegedly bypassed such barriers"; (5) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it demands a comprehensive narrative cataloging every technological measure that could conceivably qualify as a "Technological Access Barrier" and largely irrelevant information regarding such technological measures; (6) it is a premature contention interrogatory because discovery is ongoing, the full extent of Defendants' efforts to impermissibly access and extract SkyWest's information has not yet been discovered; (7) it seeks security-sensitive information; (8) it seeks information equally available to, and within the personal knowledge of, Defendants regarding their own conduct; and (9) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Without waiving the foregoing objections, SkyWest responds that the technological measures protecting SWOL and the Pilot Contact Information at issue included, among others: (a) authentication via employee ID and password; (b) multifactor authentication ("MFA"); and (c) server-side, role-based field-level restrictions that controlled cell-phone-number and home-address visibility through "isManager" and "Model.IsEmployee" logic, such that for users without permission to view these fields for other employees (including Defendants), the restricted personal contact fields were not included in the HTML rendered by the Directory UI.

As alleged in the Complaint and supported by SkyWest's logs, Defendants circumvented these measures by, among other things, directly invoking the hidden employee-detail endpoint (rather than navigating from the visible Directory page, as reflected by anomalous Referrer values in IIS logs), employing browser developer tools to inspect server responses for fields the UI did not render, and using automated scripts to scrape restricted Pilot Contact Information at scale across thousands of pilot records. SkyWest further refers Defendant, pursuant to Rule 33(d), to SkyWest_000001 and to its prior responses to Defendant's Expedited Discovery Interrogatories. Plaintiff reserves the right to supplement this response at any time, including at trial.

9. List and quantify alleged Harm, as defined by UCADRA, to SkyWest as a result of actions alleged in SkyWest's Complaint, specifically addressing how integrity, access, or availability of any data, program, system, or information was impaired.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it calls for a legal conclusion regarding the application of UCADRA's defined term "Harm" and/or by implication the CFAA's defined term "Loss"; (2) it is a premature contention interrogatory to the extent it prematurely seeks a final damages quantification before the close of fact and expert discovery; SkyWest's investigation and damages analysis are ongoing, and quantification is properly the subject of expert disclosure under Rule 26(a)(2); (3) it is compound and improperly calls for an open-ended narrative answer; (4) it is vague and ambiguous as to the terms "integrity, access, or availability" and "impaired"; (5) it uses the defined term "SkyWest Systems," which is vague, ambiguous, and overbroad as discussed above; (6) it seeks information equally available to, and within the personal knowledge of, Defendants regarding the conduct that caused the Harm; and (7) it seeks information protected by the attorney-client

14

privilege and the attorney work-product doctrine, including investigative materials and consulting-expert analyses.

Without waiving the foregoing objections, SkyWest responds that, since the discovery of Defendants' conduct, SkyWest has incurred and continues to incur "loss" well in excess of $5,000 in a one-year period, currently estimated to total over $55,000 in investigation and response costs as of the date of these responses, including, without limitation, costs associated with: (a) forensic analysis and incident response; (b) investigation of the scope and origin of the unauthorized access; (c) strengthening, testing, and hardening SWOL and related systems against further hacks; (d) legal and compliance review; and (e) communications with employees concerning unsolicited mass texts and calls from non-SkyWest numbers. SkyWest's loss further includes legal costs and professional time incurred as part of its investigation of and response to Defendants' actions—including, without limitation, determining and implementing appropriate communications to affected employees, taking steps to secure and protect SkyWest's data, and preparing and issuing cease-and-desist demands. The foregoing amounts are estimates that remain subject to ongoing investigation and are exclusive of additional amounts not yet quantified. The integrity, access, and availability of SkyWest's data and systems were impaired in that, among other things, Defendants compromised the confidentiality and integrity of non-public Pilot Contact Information for over 5,300 SkyWest pilots, including names, home addresses, personal cell phone numbers, employee identification numbers, supervisor information, job titles, department codes, base locations, hire dates, and complete organizational data, requiring SkyWest to expend substantial IT, security, legal, HR, and operations resources to investigate, contain, and remediate.

SkyWest's "Harm" and the damages flowing from Defendants' conduct are not limited to the foregoing categories of "loss," and SkyWest seeks the full measure of monetary and equitable relief available under UCADRA, Utah Code § 63D-3-105, and its other causes of action, including without limitation: (a) actual damages, including economic damages and the reasonable cost of remediation; (b) consequential damages; (c) recovery of the benefit and value Defendants obtained through their unauthorized access to and use of SkyWest's Pilot Contact Information, including disgorgement of Defendants' resulting profits and benefits obtained through the trafficking in such information obtained through their violations, and the value of the misappropriated information and any copies; (d) damages arising from Defendants' breaches of fiduciary duties; (e) injunctive and other equitable relief; (f) reasonable attorneys' fees and costs; (g) punitive damages; and (h) pre- and post-judgment interest. The nature and amount of such damages, including the value of the benefit Defendants obtained and the value of the misappropriated information, remain the subject of ongoing investigation and expert analysis. Plaintiff reserves the right to supplement this response at any time, including at trial.

10.    List and identify all "access controls" allegedly bypassed by Defendants. (Ref: SkyWest Answer to Def Moussaron's Counterclaim, ¶¶35-40, Complaint ¶77).

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it is duplicative of Interrogatory No. 8 and of Defendant's Expedited Discovery Interrogatories Nos. 1–4, and SkyWest incorporates its prior responses; (2) it calls for a legal conclusion regarding the use of the term "access controls"; (3) it is compound and improperly calls for an open-ended narrative answer; (4) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it demands a comprehensive narrative cataloging of every

16

technical, contractual, and policy-based control that could conceivably qualify as an "access control" across SkyWest's systems; (5) it is a premature contention interrogatory because discovery is ongoing and Defendants' conduct is the subject of expert discovery that has not been completed; (6) it seeks security-sensitive information; (7) it seeks information equally available to, and within the personal knowledge of, Defendants regarding their own conduct; and (8) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Without waiving the foregoing objections, SkyWest responds that the "access controls" referenced in paragraphs 35–40 of SkyWest's Answer to Moussaron's Counterclaim and paragraph 77 of the Complaint include, without limitation: (a) authentication via employee ID and password; (b) MFA; (c) tiered, role-based permissions on the Company Directory restricting front-line pilots to basic business-contact fields (e.g., name, base/location, supervisor); (d) server-side role-based field-level restrictions implemented via "isManager" and "Model.IsEmployee" logic that withheld personal cell phone numbers and home addresses from the Directory UI for users without management/HR/executive entitlements; and (e) contractual and policy controls, including Defendants' NDAs, SkyWest's Code of Conduct, and SkyWest Information Security Policy SP 45. As described in response to Interrogatory No. 8, Defendants circumvented these controls through direct invocation of the hidden employee-detail endpoint, use of browser developer tools to inspect server-side payloads, and automated scripting to retrieve restricted fields at scale. Plaintiff reserves the right to supplement this response at any time, including at trial.

11.     List and identify any SkyWest employees or agents who have discussed the subject matter of this case with any employees at American Airlines or any other third party.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, the phrase "discussed the subject matter of this case" is vague and could sweep in any incidental reference by any SkyWest employee or agent to any third party at any time; (2) it is vague and ambiguous as to the terms "discussed," "subject matter of this case," and "any other third party," which are undefined and susceptible to multiple interpretations; (3) it is overly broad as it is not limited as to time; (4) it is compound; (5) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any joint-defense or joint-litigation privilege; (6) it seeks information protected by third-party privacy interests or confidentiality obligations; (7) it is duplicative of, and seeks information beyond what is proportional in light of, prior expedited-discovery responses concerning SkyWest's employee communications and incident-response coordination; (8) it is a premature contention interrogatory to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing, and (9) it seeks information equally available to, and within the personal knowledge of, third parties.

Without waiving the foregoing objections, and limited to non-privileged communications by SkyWest personnel with meaningful input into or authority over SkyWest's external communications and investigation regarding the conduct alleged in the Complaint, SkyWest responds that the following individuals have or may have communicated with third parties about

18

the subject matter of this action: Russell Childs, Wade Steel, and Dale Hansen. Plaintiff reserves

the right to supplement this response at any time, including at trial.

12.    List and identify any SkyWest employees or agents who monitored ALPA social

media or other union related websites, on SkyWest's behalf, during the Relevant Period (August

29, 2025 through present).

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it is overly

broad, unduly burdensome, and not proportional to the needs of the case, and seeks information

not relevant to any party's claim or defense because, among other things, it seeks information

untethered to the unauthorized-access and data-misuse claims at issue in this action; (2)

SkyWest's prior position regarding requests directed to internal management communications

about ALPA or union organizing more broadly is incorporated here, including SkyWest's

objection that internal employee-relations and labor-organizing topics are not relevant to the

conduct alleged in the Complaint; (3) it seeks information protected by the attorney-client

privilege, the attorney work-product doctrine, and confidential employee-relations strategy; (4) it

is vague and ambiguous as to the terms "monitored," "on SkyWest's behalf," "ALPA social

media," and "other union related websites," which are undefined and susceptible to multiple

interpretations; (5) it incorporates the defined term "Relevant Period," which is overbroad and

not adequately limited in time because it extends through the present with no defined endpoint;

(6) it is compound; (7) it seeks information protected by third-party privacy interests and

confidentiality obligations, including the privacy interests of SkyWest employees and agents; (8)

it is premature to the extent SkyWest's investigation is ongoing; and (9) it seeks information that

is publicly available and/or equally accessible to all parties to the extent it concerns publicly available social media or websites.

Without waiving the foregoing objections, SkyWest responds that it does not have any employee or agent whose specific role is to "monitor[] ALPA social media or other union related websites." SkyWest has a communications lead, Seilose Fa'Ulao, who is responsible for monitoring SkyWest-related news and events on social media and the internet, some of which may relate to ALPA. Plaintiff reserves the right to supplement this response at any time, including at trial.

## RESPONSES TO REQUESTS FOR PRODUCTION

6.      Copy of every report, system log and non-privileged communication related to allegations in SkyWest's Complaint from December 9, 2025 through January 26, 2026.

**Response:** SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "report," "system log," "non-privileged communication" and "related to allegations in SkyWest's Complaint," which are undefined and susceptible to multiple interpretations; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it could be read to require production of all underlying SWOL log data, raw IIS web-server logs, MFA records, and similar voluminous machine-generated outputs irrespective of relevance to specific custodians, events, or claims; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials prepared by or at the direction of counsel, which will not be produced; (5) it seeks documents that are confidential, proprietary, and/or security-sensitive; (6) it seeks documents that may implicate third-party privacy interests;

20

(7) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing; and (8) it seeks documents equally available to, and within the personal knowledge of, Defendants regarding their own conduct.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged reports, log extracts, and communications related to the conduct alleged in the Complaint from December 9, 2025 through January 26, 2026, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest further incorporates into this response, subject to confidentiality designation, the documents previously produced as Bates Numbers SkyWest_000001 and SkyWest_000038. Plaintiff reserves the right to supplement this response at any time, including at trial.

7.      Copy of any communication or training, directed to Defendants that relates to the SkyWest NDA.

**Response:** SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "communication or training . . . that relates to the SkyWest NDA," "directed to Defendants," and the scope of materials that "relate to" the NDA, which are all undefined and susceptible to multiple interpretations; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the use of vague and ambiguous terms and phrases could sweep broadly to mean any communication or document that even tangentially relates to the SkyWest NDA regardless of relevancy; (3) it seeks documents not in SkyWest's possession, custody, or control; (4) it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine; (5) it seeks documents equally

21

available to, and within the personal knowledge of, Defendants; (6) it is premature to the extent SkyWest's investigation is ongoing; and (7) it seeks confidential and proprietary materials.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged onboarding/training materials referencing or implementing the NDA that were provided to or made available to Defendants during their employment, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest further incorporates into this response, subject to confidentiality designation, the documents previously produced as Bates Numbers SkyWest_000007, SkyWest_000016, SkyWest_000021, SkyWest_000023, SkyWest_000032, and SkyWest_000039-000462. Plaintiff reserves the right to supplement this response at any time, including at trial.

8. Copy of privilege log for any Documents withheld based upon an assertion of privilege, including: Who prepared the Document or sent the communication, who was cc'd or bcc'd on any communication, the nature of the document, and basis for claim of privilege.

**Response**: SkyWest objects this Request on the grounds that (1) it purports to impose privilege-log obligations beyond those required by Federal Rule of Civil Procedure 26(b)(5) and the Local Rules; (2) it seeks privilege-log information for materials prepared by or at the direction of counsel after the commencement of, or in anticipation of, this litigation, which need not be logged under prevailing District of Utah practice; (3) it is vague and ambiguous as to the terms "Documents withheld" and "nature of the document"; (4) it is premature to the extent it seeks a privilege log before the close of document production; (5) it is duplicative of obligations already governed by the parties' agreed-upon ESI/privilege protocol; and (6) it seeks information

22

protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and any joint-defense or joint-litigation privilege.

Without waiving the foregoing objections, SkyWest will provide a privilege log in accordance with Rule 26(b)(5). Plaintiff reserves the right to supplement this response at any time, including at trial.

9.      Copy of any documents that support claim that SkyWest expended over $5,000 to modify SWOL Directory behavior to return "Access:denied" response to requests for Directory information, including Pilot Contact Information, between December 9, 2025 and January 12, 2026. (Ref: SkyWest Response to Krithivas' Expedited Discovery, ROG #2).

**Response:** SkyWest objects to this Request on the grounds that (1) it is based on a mischaracterization of SkyWest's prior responses and pleadings, as SkyWest's $5,000 "loss" allegation under UCADRA and the CFAA is not limited to, and was not represented to be limited to, the cost of modifying SWOL Directory behavior to return an "Access:denied" response between December 9, 2025 and January 12, 2026; as reflected in the Esplin Declaration and prior briefing, SkyWest's losses include forensic analysis, incident response, system hardening and testing (including but not limited to the January 12, 2026 modification), legal and compliance review, employee communications, and substantial internal time from SkyWest's IT, security, legal, HR, and operations teams; (2) it is vague and ambiguous as to the terms "documents that support claim," "modify SWOL Directory behavior," "Access:denied," and "SWOL Directory," which are undefined and susceptible to multiple interpretations; (3) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it uses the phrase "any documents," which could broadly sweep to cover

23

voluminous categories of documents that are irrelevant or only tangentially related to the claims or defenses; (4) it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine; (5) it is premature in light of the timing of expert disclosures and the ongoing nature of SkyWest's damages analysis; (6) it seeks confidential, proprietary, and/or security-sensitive information; and (7) it seeks documents equally available to all parties to the extent already produced or referenced in SkyWest's prior responses and pleadings.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged documents reflecting costs and internal-resource expenditures incurred to investigate, contain, and remediate Defendants' conduct, if any, that it can locate through a diligent search and reasonable inquiry. Plaintiff reserves the right to supplement this response at any time, including at trial.

10.     Copy of Defendants' SkyWest Employee Identification badges.

**Response:** SkyWest objects to this Request on the grounds that (1) it seeks information not relevant to any party's claims or defenses because, among other things, the relevance of physical employee identification badges to the unauthorized-access and data-misuse claims at issue is not apparent; (2) it seeks documents that may not be in SkyWest's possession, custody, or control to the extent Defendants retained their badges following the end of their employment; and (3) it seeks documents that may implicate third-party privacy and security interests to the extent badge images contain personally identifying information or security-sensitive design elements.

24

Subject to and without waiving the foregoing objections, after a diligent search and reasonable inquiry, SkyWest does not possess any documents responsive to this request. Plaintiff reserves the right to supplement this response at any time, including at trial.

11.    Copy of any non-privileged written communications between SkyWest and any third party or said third party's agents regarding the subject matter of this case; third parties include but are not limited to American Airlines, the Federal Aviation Administration, or any online content creators.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrases "any non-privileged written communications" and "regarding the subject matter of this case" are vague and could sweep in any incidental reference by any SkyWest employee or agent to any third party; (2) it is vague and ambiguous as to the terms "regarding the subject matter of the case," "third party," and "online content creators," which are undefined and susceptible to multiple interpretations; (3) it is overly broad as it is not limited as to time; (4) it is compound in that it potentially seeks communications on a number of topics and with an undefined number of "third parties"; (5) it seeks documents protected by the attorney-client privilege, attorney work-product doctrine, the common-interest privilege, or any joint-litigation privilege, including communications between SkyWest's counsel and counsel for third parties in connection with this litigation; (6) it seeks documents subject to confidentiality obligations to third parties or to regulatory restrictions; (7) it seeks documents that may implicate third-party privacy interests; (8) it is premature to the extent SkyWest's investigation, fact discovery, and

25

expert analysis are ongoing; and (9) it seeks documents publicly available and/or equally accessible to all parties to the extent it concerns public communications.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged written communications between SkyWest and identified third parties (including, as applicable, American Airlines, the FAA, and "online content creators") relating to the conduct alleged in the Complaint, if any, that it can locate through a diligent search and reasonable inquiry. Plaintiff reserves the right to supplement this response at any time, including at trial.

12.     Copy of any public statements made by SkyWest, or its agents regarding the subject matter of this case.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to "public statements," "regarding the subject matter of this case," and "agents," which are undefined and susceptible to multiple interpretations; (2) it is overly broad as it is not limited as to time; (3) it seeks documents protected by the attorney-client privilege or attorney work-product doctrine, including drafts of public communications prepared by or at the direction of counsel; and (4) it seeks documents publicly available and/or equally accessible to all parties.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged public-facing communications issued by SkyWest concerning the subject matter of this action, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest further incorporates into this response, subject to confidentiality designation, the documents previously produced as Bates Numbers SkyWest_000002 and SkyWest_000003-04. Plaintiff reserves the right to supplement this response at any time, including at trial.

Dated this 11th day of June, 2026.

26

HOLLAND & HART LLP


*/s/ Zachary T. Burford*
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

27

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2026, I caused a true and correct copy of the

foregoing **PLAINTIFF SKYWEST'S RESPONSE TO DEFENDANT KRITHIVAS' FIRST**

**SET OF DISCOVERY REQUESTS** to be served via email on counsel of record as follows:

Jonathan K. Thorne
Lauren I. Scholnick
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com

John E. Holland *(Admitted Pro Hac Vice)*
jack@laborwest.com

*Attorneys for Defendant Daniel Moussaron*


Timothy D. Ducar
Scott C. Uthe *(Admitted Pro Hac Vice)*
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant Vikaas Krithivas*


                                                   */s/ Zachary T. Burford*


37752637


28

## VERIFICATION

I, Dale Hansen, affirm under oath pursuant to the laws of the United States of America and the State of Utah, under the penalty of perjury, having read the Answers to Interrogatory Nos. 11 and 12 to the foregoing Responses to Defendant Krithivas' Discovery Requests, the Answer to that interrogatory is true, accurate, and correct to the best of my knowledge and belief.

Dale Hansen

Dated: June 11, 2026

38154868_v1

## **VERIFICATION**

I, Justin Esplin, affirm under oath pursuant to the laws of the United States of America and the State of Utah, under the penalty of perjury, having read the Answers to Interrogatory Nos. 6, 7, 8, 9 and 10 to the foregoing Responses to Defendant Krithivas' Discovery Requests, the Answer to that interrogatory is true, accurate, and correct to the best of my knowledge and belief.

_____
Justin Esplin
Dated: 6/11/2026

38154857_v1