Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A RULE 16 CONFERENCE** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest") hereby submits this reply in support of its Motion for a Rule 16 Conference (the "Motion"). Defendants do not oppose the relief SkyWest seeks. What they oppose is accountability. For five months, Defendants have used the Railway Labor Act as a catch-all shield to withhold witnesses, data, and communications that belong to SkyWest, while simultaneously resisting any review of the very devices most likely to reveal

what happened to that data. Those positions are untenable and necessitate court intervention. SkyWest respectfully requests that the Court set the requested conference without further delay.

## I.      The Court Should Set the Requested Conference Without Delay.

While Defendants attach various caveats and disputed characterizations to their response to SkyWest's Motion (Dkt. No. 66 at 1–3), they do not dispute the central point: a status conference is needed to move this case forward. Any disagreement over the proper scope of the conference, or the substance of any future forensic-review protocol, can and should be addressed at the conference itself. Given the parties' continuing impasse over access to and review of the forensic images preserved under the Court's February 18, 2026 Preservation Order (Dkt. No. 43), and the ongoing and urgent need for direction from the Court, SkyWest respectfully requests that the Court grant the unopposed relief and set a conference as soon as the Court's schedule permits.

## II.      The Record Confirms SkyWest's Consistent Urgency.

From the outset of this case, SkyWest has treated its need to learn where its confidential pilot data resides, who possesses it, and how it has been used as an urgent priority. For example, SkyWest sought emergency injunctive relief—including forensic preservation of Defendants' devices and expedited discovery—immediately upon learning that Defendants had accessed SWOL and extracted pilot contact information. *See* Dkt. No. 1, Compl., ¶¶ 86–91 (requesting preliminary and permanent injunctive relief); Dkt. No. 5, Ex Parte App. for TRO and PI; Dkt. No. 8, Mot. for Expedited Discovery; Dkt. No. 19, Ex Parte Request for Immediate Setting of Hearing and Briefing Schedule.

Based on those initial filings, the Court entered an initial Interim Stipulated Order (Dkt. No. 29), in which the parties agreed and the Court ordered that Defendants would not "use, disclose, transmit, sell, or otherwise exploit" SkyWest's confidential information, would preserve all evidence, and would participate in initial expedited discovery. Notably, this order was entered "without prejudice to any party's claims, defenses, or jurisdictional arguments," which includes SkyWest's claims as to the urgency of its claims for injunctive relief. *Id.* After opposing SkyWest's efforts to preserve and image relevant forensic evidence, Defendants were ordered to submit their devices for forensic imaging to "preserve relevant electronic evidence" reflecting their access to and use of SkyWest's information. Dkt. No. 43, Preservation Order. The Court made clear that the Preservation Order was likewise entered "without prejudice to any party's claims, defenses, or jurisdictional argument." *Id.* ¶ 17. This preservation occurred during the last week of February 2026.

Subsequently, on April 9, 2026, after the parties' Rule 26(f) conference and subsequent discussions, the parties stipulated to continue the interim restrictions and SkyWest agreed to withdraw its Preliminary Injunction Motion so that discovery could proceed under the Federal Rules of Civil Procedure (Dkt. No. 58 ¶¶ 1, 3–5). SkyWest entered into this stipulation in good faith, expecting that standard interrogatories, requests for production, and the ordinary meet-and-confer process would yield the information it needed without further Court intervention.

In the month following this stipulation, SkyWest inquired whether Defendants would agree to a search of the preserved images. Once it became apparent that Defendants would not agree informally, SkyWest undertook the substantial effort of drafting a comprehensive proposed protocol—one that was generous to Defendants and went to considerable lengths to address their

3

concerns regarding privacy and union-organizing information. Defendants would not agree to the protocol drafted by SkyWest. And Defendants' comments regarding the Railway Labor Act and their continuous, unjustified efforts to block the disclosure of any correspondence that they deem relating to union-organizing activity, clearly indicated that the parties would not be able to reach an agreement.

**III.    SkyWest Sought Information Through Standard Discovery but Has Been Stonewalled by Defendants.**

SkyWest did not "go outside of standard discovery channels" until it had exhausted them. SkyWest served its Second Set of Discovery Requests on Moussaron and Krithivas on April 21, 2026, seeking, among other things, the identity of every person who received, accessed, or possessed SkyWest's data, the underlying data itself, and the communications reflecting how that data was transmitted and used. Defendants' responses were due 30 days later, on or about May 21, 2026. Krithivas served his responses on that date, but Moussaron's counsel requested two extensions, pushing Moussaron's response to June 5, 2026.

Despite that additional time, Defendants' responses relied overwhelmingly on the assertion that the Railway Labor Act shields them from producing responsive information. Both Defendants invoked the RLA to object to interrogatories and requests seeking the identities of individuals with knowledge of the data's dissemination, the communications reflecting how the data was used, and the data itself, and, on that basis, produced essentially nothing. *See* Dkt. Nos. 67, 69–72, SkyWest's Short-Form Motions. Moussaron, for example, has confirmed the existence of a database containing the information Defendants downloaded from SkyWest, yet neither Defendant has produced any of the records associated with that database or the remote server on which it is hosted. Both Defendants have also acknowledged that unnamed individuals

4

exist with whom they communicated about SkyWest's data and their plan to extract and use it, but they refuse to identify those individuals or produce the communications. And Moussaron has separately admitted that he deleted or failed to maintain certain critical evidence.

Having exhausted the meet-and-confer process without resolution, SkyWest was required to file five short-form discovery motions on July 10, 2026, addressing Defendants' improper Railway Labor Act objections (Dkt. No. 67), withholding of relevant communications (Dkt. No. 69), withholding of core data (Dkt. No. 70), and withholding of witness identities (Dkt. Nos. 71, 72). This Motion for a Rule 16 Conference reflects that same diligent efforts to obtain the discovery it needs, not a change in SkyWest's position, but the next step in seeking answers to the very questions that justified the emergency relief SkyWest sought at the outset of this case: where its confidential pilot data resides, who possesses it, and how it has been used.

## IV.    Defendants' Merits Arguments Do Not Excuse Their Refusal to Produce Responsive Information.

What remains undisputed is that Defendants possess SkyWest's confidential data and communications reflecting how that data was transmitted and used, and that Defendants refuse to produce it. Defendants' Response raises a series of merits arguments—disputing confidentiality, disclaiming coordination, and invoking the Railway Labor Act—in an attempt to distract from that undisputed fact and to avoid producing what is SkyWest's own information. However, as explained in SkyWest's Motion to Enter a Forensic Protocol (Dkt. 63) and its discovery motions, those arguments do not justify further delay or excuses for Defendants' failure to produce responsive, non-privileged information.

**CONCLUSION**

It is clear that the parties require the Court's direction to establish the procedure governing review of the preserved forensic evidence, resolve the remaining procedural issues efficiently, and further the just, speedy, and inexpensive determination of this action. Therefore, SkyWest respectfully renews its request that the Court schedule an expedited case management conference as soon as possible so that the parties can obtain further direction from the Court on the issues raised in SkyWest's Motion to Enter a Forensic Protocol (Dkt. 63).

Dated this 16th day of July, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant
SkyWest Airlines, Inc.*

38511195_v3