Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>      Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>      Defendant. | **DEFENDANT KRITHIVAS'S RESPONSE TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING PRIVILEGE LOG DKT 72**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest's motion should be denied. Krithivas does not contend that the Railway Labor Act creates a freestanding blanket evidentiary privilege. He invokes the qualified First Amendment associational privilege recognized by the Tenth Circuit. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1466–67 (10th Cir. 1987); *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 488–90 (10th Cir. 2011).  Union-organizing communications implicate protected rights of speech and association. *See Thomas v. Collins*, 323 U.S. 516, 532–34 (1945).

The redaction protects only the identity of a nonparty pilot who privately asked whether Krithivas favored unionization and connected him with an individual organizing a union drive. *See* Declaration of Vikaas Krithivas, ¶ 1 [Dkt. 33-2]. Revealing that name would necessarily reveal the nonparty's private association with pilot-union organizing. That is precisely the type of compelled identification to which First Amendment scrutiny applies. *Grandbouche* holds that court-compelled discovery constitutes governmental action even in litigation between private parties and requires the Court to balance relevance and necessity, availability from other sources, and the sensitive nature of the information. 825 F.2d at 1466–67.

Krithivas satisfies the prima facie threshold. The record supplies objective and articulable grounds to conclude that identifying a SkyWest pilot associated with union organizing creates a reasonable probability of economic reprisal and chills future participation. *See Motor Fuel*, 641 F.3d at 488–90. SkyWest publicly accused Krithivas and Moussaron of theft and unlawful conduct.  *See* A Message to Pilot from Chip [Dkt. 44-1].  SkyWest terminated Moussaron and reported his discharge to the Federal Aviation Administration for his involvement in union organizing.  *See* Defendant Moussaron's Answer And Counterclaim ¶¶ 65-68, 96-98.  SkyWest's General Counsel transmitted the Complaint to Krithivas's new employer. *See* Declaration of Scott Uthe ¶¶ 2-3 [Dkt. 68-1]. Krithivas alleges that he thereafter was constructively discharged. Motion to Amend Scheduling Order ¶¶ 5-8 [Dkt. 68]. Against that record, another pilot could reasonably fear employment or reputational consequences from being identified to SkyWest as involved in union formation activities.

SkyWest has not shown that the identity is necessary. Its claims concern what Krithivas and Moussaron allegedly accessed, transmitted, and used—not which pilot introduced them. An

introduction does not establish that the nonparty accessed data, directed any extraction, or participated in the challenged conduct. SkyWest's assertion that the nonparty participated in a "scheme" is argument, not evidence. SkyWest already knows the two individuals who allegedly obtained the data and may obtain non-identifying details concerning the introduction through ordinary discovery.

The Standing Protective Order does not eliminate the constitutional injury because disclosure to SkyWest itself reveals the protected association. The Court should deny the motion. Alternatively, the Court should review the unredacted message in camera and permit disclosure only upon a particularized showing of necessity and unavailability elsewhere. Any disclosure should be limited to outside counsel only, and expressly prohibit disclosure to SkyWest personnel or in-house counsel, and prohibit contacting or investigating the nonparty absent further order.

DATED this 17th day of July, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By /s/ Scott C. Uthe
Scott C. Uthe
Timothy D. Ducar
9280 E. Raintree Drive, Suite 104
Attorneys for Defendant Vikaas Krithivas

3

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of July, 2026, I electronically transmitted the attached Defendant Krithivas's Response To Plaintiff's Short-Form Discovery Motion Regarding Privilege Log to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erickson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff SkyWest Airlines, Inc.


Jonathan K. Thorne, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
John E. Holland, jack@laborwest.com
Attorneys for Defendant Daniel Moussaron


By: /s/S. Uthe