Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL MOUSSARON, and VIKAAS KRITHIVAS, <br><br> Defendants. | **PLAINTIFF SKYWEST'S RESPONSE TO DEFENDANT KRITHIVAS' FIRST SET OF DISCOVERY REQUESTS** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby responds to Defendant Vikaas Krithivas' ("Defendant") First Set of Discovery Requests ("Requests") as follows:

## PRELIMINARY STATEMENT

As of the date of these responses, Plaintiff has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the information and the documents that are presently available and specifically known to Plaintiff.

and (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

6.      Admit that, during the Relevant Timeframe for Access, SWOL provided Pilot Contact Information, including phone number and address, to the requesting browser, regardless of the authorized user's role, even if the returned html would not visibly display that Pilot Contact Information in the Directory UI.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "provided," "to the requesting browser," "regardless of the authorized user's role," and "visibly display," which are undefined and susceptible to multiple interpretations; (2) it calls for a legal conclusion to the extent "authorized user's role" is intended to invoke or track UCADRA's defined term "Authorized User" or related authorization concepts under the CFAA; (3) it is compound; (4) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (5) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis of SWOL's technical operation are ongoing and the subject of forthcoming expert disclosure; and (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections, SkyWest admits that, during the time periods of Defendants' unauthorized access from August 2025 to December 2025, the response payload returned by the employee-detail endpoint (GET /OO/api/directory/empdetail/{EMPLOYEE_NUMBER}) included contact fields for personal

cell phone numbers and home addresses that were not rendered in the Directory UI for users (such as Defendants) without permission to view those fields for other employees. SkyWest denies that the existence of fields in a server response payload conferred authorization to access, retrieve, compile, or use those fields. SkyWest denies any remaining portions of this Request. Plaintiff reserves the right to supplement this response at any time, including at trial.

7.     Admit that during the Relevant Timeframe for Access, Pilot Contact Information, including phone number and address, was readily visible to defendants if they utilized their browser's built in developer tools.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "readily visible" and "utilized their browser's built in developer tools," and "Pilot Contact Information, including phone number and address"; (2) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint; (3) it calls for a legal conclusion to the extent the terms used are intended to invoke or track UCADRA's or the CFAA's authorization concepts; (4) it is compound; (5) it seeks information equally available to, and within the personal knowledge of, Defendants regarding what they did and saw on their own devices; and (6) it is premature to the extent fact discovery and expert analysis are ongoing.

Without waiving the foregoing objections, denied. Plaintiff reserves the right to supplement this response at any time, including at trial.

8.     Admit that SkyWest has no way to demonstrate whether contact to SkyWest Pilots was based on Pilot Contract Information obtained from SWOL or from some other source.

**Response**: SkyWest objects to this Request on the grounds that (1) it is vague and ambiguous as to the terms "contact," "based on," "Pilot Contract Information" (which is

8