Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>    Defendant. | **[PROPOSED] STIPULATED PROTOCOL AND ORDER GOVERNING SEARCH OF FORENSIC IMAGES OF DEFENDANTS' DEVICES**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest") and Defendants Daniel Moussaron and Vikaas Krithivas (collectively "Defendants"), through counsel, stipulate to and respectfully submit this Protocol for the Court's approval to authorize targeted searches by the previously appointed neutral expert of the preserved forensic images of Defendants' devices, consistent with the Court's February 18, 2026 Order Regarding the Preservation of Evidence and Forensic Imaging (the "Preservation Order") (Doc. 43) and the Court's Standard Protective Order.

1.     **Purpose, Authority, and Background.** The Court previously ordered neutral forensic imaging of two personal computers used by Defendants, appointed Premier Legal Technicians as the neutral expert, required chain of custody, allocated costs to SkyWest, and barred any party access to the preserved images absent further order from the Court. This Protocol implements a narrowly tailored search of the preserved forensic images to locate, identify, and gather SkyWest-derived data and SkyWest Online-related artifacts necessary to adjudicate the parties' claims and defenses while minimizing privacy intrusions and protecting privilege, as contemplated by the Preservation Order.

2.     **Definitions**.

a.     "Neutral Expert" means Premier Legal Technicians, Salt Lake City, Utah, as appointed in the Preservation Order.

b.     "Forensic Images" means the forensic images and copies of Defendant Vikaas Krithivas' desktop computer and Defendant Daniel Moussaron's personal MacBook laptop that are preserved and maintained in the Neutral Expert's custody.

c.     "SWOL" means SkyWest Online, SkyWest's internal portal and employee directory system.

d.     "SkyWest-Derived Data" means any dataset or file derived from ~~SWOL or other SkyWest systems~~the SWOL employee directory that includes ~~without limitation~~ employee identifiers, names, phone

2

numbers, home addresses, or related directory fields, including ~~without limitation~~ any associated derivatives, exports, or backups.

e.  "Confidential" has the meaning as defined in the Court's Standard Protective Order ("SPO").

f.  "AEO" or "Attorneys' Eyes Only" has the meaning given in the SPO under DUCivR 26-2. Information, documents, and/or other materials designated as "Attorneys' Eyes Only" shall not be viewed by any employee of SkyWest, including SkyWest lawyers (such as Todd Emerson, Vice President, Legal at SkyWest). With regard to material marked as "Attorneys' Eyes Only", Moussaron and Krithivas shall be allowed to review all information, documents, and/or other materials that is obtained, produced, or prepared by the third party neutral from their own devices.

g.  "Union-Organizing Communications"  means any communication, in any form or medium (including without limitation email, text or SMS message, instant message, voice or video call recording, social media post, messaging application message, telephonic or in-person meeting notes, draft, voicemail, calendar entry, or document), that is created, sent, received, or maintained by either Defendant for the purpose of organizing, soliciting support for, communicating about,

3

planning, discussing, advocating, or coordinating any activity in connection with the formation, recognition, or operation of a labor union or other collective bargaining representative for SkyWest pilots or employees, or any activity protected by the Railway Labor Act, 45 U.S.C. § 151 et seq., or analogous federal labor laws. Union-Organizing Communications ~~do not include communications that contain, reflect, incorporate, or were derived from SkyWest-Derived Data or SWOL directory fields, which~~that attach, embed, or quote specific SWOL employee records (i.e., files, or data fields containing individual employees' phone numbers, home addresses, or other contact information extracted from the SWOL directory) shall be treated as set forth in Section 7(c) solely with respect to the SkyWest-Derived Data contained therein. Union-Organizing Communications that merely reference the existence of, discuss the collection or use of, or were informed by SkyWest-Derived Data – without attaching or quoting specific directory records – shall remain Union-Organizing Communications and shall not be included in any staged set or Production Set absent further court order.

> **Commented [A1]:** "Other SkyWest systems" is undefined and could encompass other systems Defendants used as an employee that are not relevant to the claims made in this case.

3.    **Neutral Expert; Custody; Security**. The Neutral Expert shall retain exclusive custody of the Forensic Images and any staged materials created under this

Protocol, maintain encryption and secure handling, and not permit any party access to the Forensic Images or non-staged data absent further court order. The Neutral Expert shall maintain comprehensive chain-of-custody logs from imaging through each search phase and any final disposition of this action.

4.    **Devices and Timeframe**. Searches authorized by this Protocol are limited to the Forensic Images, previously identified and imaged under the Preservation Order. The primary search timeframe is from August 29, 2025 through the date the Neutral Expert completed imaging.

5.    **Scope and Targets (including storage, staging, and transmission)**. Any searches conducted by the Neutral Expert shall be confined to locating SkyWest-Derived Data and SWOL-related artifacts, including, without limitation:

> (a) *Access records* –including which SWOL directory files and fields were accessed and when (on Mac systems, including without limitation .log and .plist files, .sfl2 and .sfl3 files, keychain, shell history, and FSEvents; on PC systems, including without limitation Registry, Event Logs, ShellBags, Jump Lists, LNK files, Prefetch, offline files (CSC), search index, NTFS UsnJrnl, and LogFile);

> (b) *Method Artifacts* – artifacts reflecting the methods used (e.g., browser tools, executable scripts, plug-ins or extensions, etc.) (on Mac systems, including without limitation relevant .log and .plist files and tcc.db; on PC

5

systems, including without limitation ShellBags, LNK files, Jump Lists, NTUSER.DAT, Event log, offline files (CSC), and browser download databases);

(c) *Derivative File Location* – whether localized downloads or staged content were modified to generate derivative files (on Mac systems, including without limitation the revision database, FSEvents, and unified logs; on PC systems, including without limitation VSS, LNK files, ShellBags, Jump Lists, system event log, thumbnail cache, and Most Recently Used (MRU) lists);

(d) *Data Location* – where any SkyWest-Derived Data resides, was staged, or was transmitted, including local file paths, removable or external media (including USB drives and external hard drives), ~~cloud storage accounts, email accounts and/or email software clients, and messaging accounts~~and cloud storage synchronization folders present on the Forensic Images reasonably likely to contain SkyWest-Derived Data;

(e) *Recipients or Destinations – as* indicated by device-side artifacts (on Mac systems, including without limitation .log and plist files; on PC systems, including without limitation Registry, Event logs, ShellBags, Jump Lists, LNK files, and Prefetch)~~, including evidence of third-party cloud services associated with AI tools or services~~;

> **Commented [A2]:** The protocol governs searching the forensic images, not live accounts. Email and messaging accounts are accessible only with live credentials (Section 10), which exceeds the Preservation Order's scope. Device-side email artifacts (cached .eml files) are already covered by the general search of the forensic images.

> **Commented [A3]:** There is no allegation that AI tools were used to extract or distribute SWOL data.

(f) *Exports and Backups* – the existence and content of any database backups (including SQL or similar exports) and password-protected or encrypted exports (including CSV files), or use of file-sharing platforms ~~(including without limitation encrypted file transfer services and zero-knowledge cloud transfer tools)~~ (on Mac systems, including without limitation the Time Machine .plist, unified logs, iCloud sync logs/database, third-party logs (based on apps installed), keychain (for accounts), and FSEvents; on PC systems, including without limitation the registry and logs, VSS, OneDrive logs, third-party logs, ShellBags, Jump Lists, and event log);

(g) *Transmission Artifacts* – artifacts indicating the export, upload, email or messaging transmission, removable media writes, and third-party platform uploads ~~(including without limitation EZTexting, Twilio, Sinch, MessageBird, and similar A2P/SMS platforms)~~reflected in device-side logs. To the extent transmission artifacts relate to A2P/SMS platforms, any communications transmitted via such platforms shall be subject to the Union-Organizing Communications protections set forth in Section 7(c). Such artifacts reflected in device-side logs, caches, application artifacts, or file system metadata (on Mac systems, including without limitation FSEvents, unified logs, Spotlight database, and Photos database; on PC

> **Commented [A4]:** The named platforms were used in RLA protected union organizing and such results from those must be subject to protections.

systems, including without limitation event logs, NTFS USN Journal/MFT, ShellBags, Jump Lists, VSS, and cloud sync logs); and

(h) *Deletions* – whether and when deletions ~~occurred, including artifacts located in unallocated space, slack space, recycle bin, or trash, and recoverable deleted or partially deleted files relating to SkyWest Derived Data.~~of SkyWest-Derived Data occurred, as reflected in file system metadata (including APFS transaction records, FSEvents logs, an analogous NTFS artifacts), recycle bin, or trash. To the extent the Neutral Expert examines unallocated or slack space, such examination shall be limited to targeted searches using the Exhibit A search terms and shall not encompass a general survey of all deleted content. The Neutral Expert shall note in its report any technical limitations on deleted-file recovery attributable to the device's file system, storage hardware, or TRIM functionality.

6. **Phased, Minimization-Focused Methodology**.

   a. **Phase One—Hit Reports**. Within ten (10) business days after entry of this Protocol, the Neutral Expert shall conduct searches using the terms and artifact families in Exhibit A and shall deliver to counsel a hit report listing, for each term/artifact by device and logical location, hit counts, file paths, filenames, and timestamps sufficient to allow refinement of search parameters, without disclosing the

8

contents of any document or data. This hit report will be treated as AEO until all parties agree to modify that designation or as ordered by the Court.

b.     **Phase Two—Meet-and-Confer on Refinement**. Within fourteen (14) business days after receipt of the Phase One hit report, counsel shall meet and confer to refine, add, or remove search terms, artifact targets, and date filters to improve precision and proportionality, memorializing any agreed adjustments for use in Phase Three staging. Counsel will then provide joint supplemental instructions to the Neutral Expert. If counsel are unable to reach agreement on any proposed joint supplemental instructions, the parties shall promptly seek the Court's resolution of the dispute.

c.     **Phase Three—AEO Review Set**. After the completion of Phase Two (whether by agreement of the parties or court-ordered resolution), the Neutral Expert shall create and stage an AEO review set comprised of documents and data that resulted in hits under the supplemental instructions provided in Phase Two (the "AEO Review Set"). Counsel for the producing party shall have fourteen (14)twenty-eight (28) business days to conduct a good-faith targeted screen of the AEO Review Set to identify material for withholding,

> **Commented [A5]:** 14 days is not sufficient to review what could be a substantial volume of staged materials, identify privileged and RLA-protected content, and prepare privilege logs.

redaction and/or confidentiality designation based on attorney-client privilege, work product, confidentiality or status as withholdable Union-Organizing Communications under Section 7(c), logging claims as required by the SPO. The Neutral Expert shall update the chain-of-custody log.

d.    **Phase Four—Production Set and Index**. Within fourteen (14) business days after completion of Phase Three, the Neutral Expert shall export to counsel for each party: (i) native copies of all documents and data from the AEO Review Set that were not withheld in the producing party's Phase Three review (this set is referred to as the "Production Set"); (ii) a consolidated index enumerating devices, accounts, and file paths where such data resides or resided, as supported by the artifacts; and (iii) a log of any identified deletions of SkyWest-Derived Data, including timestamps, identifiers, and any available metadata reflecting the deletion event, along with a chain-of-custody update.

7.    **Privilege, Work Product, and Union-Organizing Communications; 502(d).**

a. **Rule 502(d) Non-Waiver**. The Court enters this Protocol under Fed. R. Evid. 502(d); any inadvertent production shall not constitute a waiver, and clawback shall proceed under the SPO's procedures.

b. **Attorney-Client Privilege and Work Product.** Nothing in this Protocol requires the production of communications or materials protected by the attorney-client privilege or the work-product doctrine. Materials withheld or redacted on those grounds shall be logged in accordance with Fed. R. Civ. P. 26(b)(5) and the SPO.

c. **Union-Organizing Communications**. Union-Organizing Communications that ~~contain, reflect, incorporate, or were derived from SkyWest-Derived Data or SWOL directory fields shall be included in any staged set and Production Set, subject to privilege review under Phase Three. Union-Organizing Communications that do not contain, reflect, incorporate, or derive from~~ attach or embed files containing SkyWest-Derived Data (e.g., spreadsheets, CSVs, or database exports of SWOL directory records) shall be included in the staged set and Production Set to the extent of the SkyWest-Derived Data contained therein; provided, however, that the producing party may redact any portions of such communications that constitute organizing activity protected under the Railway Labor

11

Act, 45 U.S.C§ 151 et seq., and that do not themselves contain SkyWest-Derived data. Union-Organizing Communications that do not attach or embed SkyWest-Derived Data files shall be segregated from the Production Set by the producing party during the Phase Three review, logged, and shall not be produced to Plaintiff, ~~pending~~ absent further order of the Court.

8. **Formats and Deliverables**. Datasets and structured outputs shall be produced in native format with available metadata; spreadsheets and databases in native or export format. The Neutral Expert's deliverables shall consist of: Phase One non-content hit reports; the Phase Three AEO Review Set; and the Phase Four Production Set, together with the consolidated locations/index and chain-of-custody updates described above.

9. **Costs**. The Neutral Expert's reasonable fees and costs for the search, staging, and production conducted under this Protocol shall be borne ~~fifty percent (50%)~~ by SkyWest, consistent with Paragraph 10 of the Preservation Order (Doc. 43), without prejudice to any party's right to seek reallocation, reimbursement, or further cost-shifting at a later point in this litigation~~and fifty percent (50%) by Defendants (collectively), without prejudice to any party's right to seek reallocation, reimbursement, or further cost-shifting at a later point in the litigation. Defendants shall be jointly responsible for their 50% share, and shall determine as between themselves the allocation of that share~~.

> **Commented [A6]:** As discussed, the Preservation Order stated that "any imagine, preservation or destruction conducted pursuant to this Order shall be at SkyWest's sole expense." There has been no change in circumstances to justify shifting costs to defendants.

10.    **Defendants' Cooperation; Credentials and Access.** Defendants shall ~~fully~~ cooperate with the Neutral Expert in conducting the searches of the Forensic Images authorized by this Protocol. Such cooperation shall include~~, without limitation,~~ timely providing to the Neutral Expert: (a) all passwords, passphrases, PINs, BitLocker, FileVault, or other full-disk encryption keys or recovery keys~~, and any other credentials~~ necessary to access the Forensic Images and any encrypted partitions, volumes, containers, or files~~, archives, or backups~~ located thereon; (b) ~~credentials, tokens, recovery codes, multi-factor authentication codes, and any other information reasonably necessary to access cloud storage accounts, email accounts and/or email software clients, messaging accounts, file-sharing or file-transfer services, third-party AI tools or services (whether paid or unpaid), and any other third-party platforms identified by the Neutral Expert as reasonably likely to contain SkyWest-Derived Data or related artifacts; (c)~~ information identifying the operating system, version, hardware make/model, hard drive size, and any encrypted partitions present on each imaged device; and (~~d~~c) any additional information or assistance reasonably requested by the Neutral Expert to enable ~~the searches~~access to and searching of the Forensic Images contemplated by this Protocol. This section does not require Defendants to provide credentials, tokens, or access to cloud storage accounts, email accounts, messaging accounts, AI tools or services, or any other third-party platforms or services not contained on the Forensic Images; the scope of this Protocol is limited to the Forensic Images in the Neutral expert's custody, and any

request to search live accounts or third-party services shall require a separate court order after notice and opportunity to be heard, consistent with Paragraph 14 of the Preservation Order. Defendants' production of credentials and access information under this Section shall be made directly to the Neutral Expert on an Attorneys' Eyes Only basis, and the Neutral Expert shall use such information solely for purposes of this Protocol, shall maintain it under secure handling and encryption, and shall not disclose it to any party.

11.    **Reservation of Rights; Without Prejudice**. This Protocol is entered solely to govern searching of the Forensic Images. It does not adjudicate any claim or defense and is without prejudice to any party's claims or defenses, including disputes concerning whether particular information qualifies as SkyWest-Derived Data or as Confidential under the SPO. No party waives, and each party expressly preserves, all rights, claims, counterclaims, defenses, objections, and remedies not specifically and expressly relinquished in writing. The parties' entry into this Protocol shall not be construed as an admission of fact or law, or as a concession of the merits of any claim or defense.

Dated this __ day of June, 2026

HOLLAND & HART LLP

/s/
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson

*Attorneys for Plaintiff and Counterclaim Defendant
SkyWest Airlines, Inc.*

37626717_v2

15

Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **EXHIBIT A: PHASE ONE INITIAL SEARCH TERMS AND ARTIFACT TARGETS** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

**A.     SWOL URLs and Endpoint Patterns**

- https://www.skywestonline.com/OO/directory

- https://www.skywestonline.com/OO/api/directory/empdetail

- /OO/api/directory/empdetail

- empdetail

- www.skywestonline.com

**B.**    **SWOL Session/Log Tokens**

- ASP.NET_SessionId=

- EmpNo=

- SZZ=

**C.**    **Browser Extension/Script and Developer-Tool Indicators**

- Tampermonkey

- dhdgffkkebhmkfjojejmpbldmpobfkfo

- userscript

- ~~XHR~~

- ~~fetch~~

**Commented [A1]:** "XHR" and "fetch" are fundamental JavaScript API names that appear in virtually every web page cache, browser extension, and JavaScript file on any computer. As standalone search terms, they would generate thousands or irrelevant hits with no probative value. The relevant artifacts are already targeted by the two other terms in Section C.

**D.**    **Microsoft Teams Script Delivery References (device-side caches/artifacts)**

- Tampermonkey (within Teams caches)

- empdetail (within Teams caches)

**E.**    **Known Local Filenames, Paths, and Archives (MacBook/Desktop)**

- Downloads/skywest_contacts_20251209_030724

- Downloads/contact_reports_66bbf74d1b02000_a3347423-fd5d-487d-ab9a-fbc47d8c568b.csv

- Documents/SkyWest/Litigation/D004 - DMS/SkyProxy.sql.zip

- SkyProxy.sql.zip

**F.**    **Database/Schema and Table Identifiers**

- SkyProxy

2

- staged_pilot_data

- pilot_members

**G.    Third-Party Platform/Service Identifiers and Destinations**

- EZTexting

- https://spa.eztexting.com/contacts

- skw.alpa.org

- pilots@skywestalpa.org

**H.    Named Recipients/Contacts Associated with Transmissions**

- Ron Rindfleisch

**I.    Key-Date Windows for Artifact Filtering**

- August 29-September 3, 2025.

- December 8–10, 2025

- January 8, 2026

- January 27, 2026

**J.    Additional Extraction/Use Indicators**

- SkyWest Online

- SWOL

- Directory (in proximity to SWOL artifacts)

- View (in proximity to SWOL artifacts)

Dated this __ day of July, 2026

3

HOLLAND & HART LLP


*/s/ Gregory M. Saylin*
Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

37627061_v1

4