**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

|  |  |  |
|---|---|---|
| | ) | |
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, | ) ) | **RULING & ORDER** |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:23-cv-00723-DBB-DBP |
| SKYWEST AIRLINES, INC., *et al.*, | ) | Judge David Barlow |
| | ) | Magistrate Judge Dustin B. Pead |
| Defendants/Counterclaim Plaintiffs. | ) | |
| | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART SIA'S MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART <u>PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER</u>

Before the Court is Defendant SkyWest Inflight Association's ("SIA") Motion to Compel (ECF No. 130), and Plaintiffs Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, and Brandon Finley, and Counterclaim Defendants Jacque Crossley and Gailen David's (collectively "Plaintiffs") Motion for a Protective Order (ECF No. 131).[1]

The Court held argument on both Motions on November 14, 2025 (ECF No. 152). Now, having considered the Parties' briefings, the arguments of counsel, and for the reasons set forth on the record, the Court finds that good cause exists to GRANT in part and DENY in part SIA's Motion to Compel and to GRANT in part and DENY in part the Plaintiffs' Motion for a Protective Order. Accordingly, the Court orders as follows:

---

[1] SkyWest Airlines, Inc. ("SkyWest") did not have a motion to compel before the Court, did not file any briefing in response to SIA's Motion to Compel, and opposed a portion of Plaintiffs' Motion for Protective Order.

1. Plaintiffs shall be protected from disclosing, in written, documentary, or oral discovery responses, the following categories of information:

   a. The names and personal identifying information of SkyWest Flight Attendants who have not publicly supported AFA (collectively "non-public AFA supporters");[2] *provided, however*, that Plaintiffs shall provide such information as soon as practical, but not later than 30 days from this Order, subject to designation of Attorney's Eyes Only ("AEO"), regarding individuals named on any Party's Rule 26 Disclosures. The Court notes in this regard the Parties' continuing obligation to supplement these disclosures pursuant to Fed. R. Civ. P. 26(a). This Order does not preclude any Party from seeking a Court order requiring the disclosure of the name and personal identifying information of non-public AFA supporters in specific documents on a document-by-document basis. If a Party seeks disclosure of non-public AFA supporters in a specific document(s), the Court will rule on the merits as to that specific document(s) irrespective of this Order.

   b. Authorization cards signed by SkyWest Flight Attendants, as well as the names of signatories, number of cards received by AFA, dates of signatures, and other authorization card data.

   c. AFA's financial information; *provided, however*, that the following shall be subject to discovery under this Order: (i) the federally-filed financial reports

---

[2] This does not permit Plaintiffs to withhold any documents that are otherwise responsive to a party's discovery request. Rather, it only permits Plaintiffs to redact the name and personal identifying information of certain individuals.

of AFA and any subordinate bodies; (ii) information relating to financial support provided by AFA to any other named Plaintiffs and Counterclaim Defendants; (iii) information regarding payments made to AFA and/or its officers by air carriers; and (iv) a general description regarding expenditures by AFA in support of its organizing campaign at SkyWest.

2. Any party may challenge a withholding made pursuant to this protective order by applying to the Court for relief from the protective order as to particularized information or documents, provided the parties have exhausted the meet and confer process.

3. This Order is intended to assist the Parties as they proceed in discovery. Any Party may move to amend this Order as the case progresses.

DATED: December 18th, 2025.

BY THE COURT

_____
Judge Dustin B. Pead
United States Magistrate Judge

3