Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (Pro Hac Vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone:(801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>    Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>    Defendant. | **DEFENDANT MOUSSARON'S OPPOSITION TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING RAILWAY LABOR ACT OBJECTIONS (DKT. 67)**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

**ARGUMENT**

Defendant Daniel Moussaron opposes SkyWest's motion (Dkt. 67). SkyWest asserts that Moussaron "bypassed" security controls and "exceeded" his access. He did not: using SkyWest's own valid credentials, he downloaded pilot contact information (that is generally publicly available) that, as SkyWest admits, its servers transmit to every authenticated user (including Defendants) (Dkt. 77-1). Defendants bypassed no security controls. See *Van Buren v. United*

*States*, 593 U.S. 374 (2021) (held violation of CFAA only when employee obtains information he is not entitled to access).

As Moussaron explained to SkyWest on July 10th that the Railway Labor Act ("RLA"), 45 U.S.C. § 152 Fourth, prohibits a carrier from interfering "in any way" with its employees' organizing a labor union, and the information sought is not relevant. (Ex. A – Moussaron response to Meet and Confer). Using discovery in carrier-initiated litigation to compel identification of organizers, callers, employee responses to union organizing, and organizing communications during a live campaign is itself interference; the NLRB reached exactly that conclusion under the parallel National Labor Relations Act ("NLRA") provision, holding that an employer's litigation discovery requests seeking the names of employees who had joined the union violated that Act. *Dilling Mech. Contractors, Inc.*, 357 NLRB No. 56 (2011).[1]

Additionally, Moussaron has objected pursuant to First Amendment associational privilege. Although this is a dispute involving a private sector employer, the privilege applies to discovery, because the court's compelled disclosure is a governmental action. *Grandbouche v. Clancy*, 825 F.2d 1463, 1465–67 (10th Cir. 1987); *NAACP v. Alabama*, 357 U.S. 449 (1958). This privilege protects those who "participate in union organizing activities." *Patterson v. Heartland Indus. Partners*, 225 F.R.D. 204, 206 (N.D. Ohio 2004).

Indeed, a Utah Court has similarly protected against SkyWest the identities of flight attendants who supported the union and card authorization data. *Ass'n of Flight Attendants-CWA v. SkyWest, Inc.,* No. 2:23-cv-00723, ECF No. 157 (D. Utah Dec. 18, 2025)(See Dkt.77-8). SkyWest seeks the same information here, i.e. organizer identities and pilots' poll responses.

---

[1] The Supreme Court has often looked to the NLRA in construing or interpreting the RLA. *See* Dkt. 34, n. 14, pp. 8-10 for citations.

These protections insulate union organizers from employer retaliation, which SkyWest is shown capable of in this very case. Here, SkyWest terminated Moussaron after accusing him in its January 26, 2026 company-wide memorandum that he and other union organizers engaged in "hacking" and "stealing". Also, it reported co-defendant Krithivas to his new employer, American Airlines, of its lawsuit against him which alleged hacking, leading to his constructive discharge.

Moussaron previously offered and is producing to SkyWest the mechanics of data collection, including the DMS process, intake source code, FAA Airmen Registry files, and EZ Texting contact list. He only refuses the identities, poll responses, and organizing communications, which the privileges he asserts protect.

Moussaron respectfully requests that the Court deny SkyWest's motion.

DATED this 17th day of July, 2026.

**SCHOLNICK THORNE HOLLAND**

*/s/ Jonathan K. Thorne*
Jonathan K. Thorne
Lauren I. Scholnick
John Holland

*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of July, 2026, I electronically transmitted the attached **DEFENDANT MOUSSARON'S OPPOSITION TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING RAILWAY LABOR ACT OBJECTIONS (DKT. 67)** to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.


Scott Uthe, suthe@azlawyers.com
Tim Ducar, tducar@azlawyers.com
Attorneys for Defendant Vikaas Krithivas


*/s/Jonathan K. Thorne*