Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (Pro Hac Vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone:(801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>　　　Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>　　　Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>　　　Defendant. | **DEFENDANT MOUSSARON'S OPPOSITION TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING WITHOLDING OF CORE DATA AND INFORMATION (DKT. 70)**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Daniel Moussaron opposes SkyWest's Motion (Dkt. 70). As with SkyWest's concurrently file Motions, this Motion is premature. SkyWest itself set July 17th as the date for Moussaron's amended responses, which Moussaron committed to provide along with offering a compromise on production. Without waiting for that date, SkyWest files this Motion on July 10th, in violation of DUCivR 37-1's meet-and-confer requirement. Furthermore, SkyWest continues to falsely allege that Moussaron "bypassed" security controls and "exceeded" his

access. But yet again, Moussaron did no such thing. He only accessed the information using his SkyWest-provided credentials, which SkyWest admits. (Dkt. 77-1)

## ARGUMENT

**1. Moussaron's offered a reasonable limit to production, not a refusal.** On July 10th, Moussaron offered, and is in the process of producing, the schema/framework of the DMS database. Including (CREATE TABLE definitions) for the contact-intake and storage tables, showing every field but is withholding the row-level data (which would identify each pilot and their poll responses); the source code for the two channels by which contact data entered the system (the public self-registration form and API, and the manual contact-entry form and handler); and a supplemental answer on source attribution (the source field's DMS, WEB, and ALPA intake channels).

**2. The full Database would reveal nothing about how Moussaron accessed SWOL.** SkyWest claims it needs these records to establish "what data was taken from SkyWest systems" and how. But the DMS codebase (the coding that was used to build and maintain the DMS database) contains no code for accessing, scraping, or extracting data from SWOL: the userscript (that pulled the contact information from SWOL) is not part of the application, and no component interacts with SWOL or its empdetail endpoint. Producing the entire DMS database would not answer SkyWest's question that is central to its ostensible claims. Instead, it would only expose the organizing operation's inner workings that is not relevant to SkyWest's claims (but may be to its true motive of stifling union organizing). Furthermore, Moussaron has provided a detailed recitation of what data was downloaded (SkyWest has its own system records showing exactly this), how the download was accomplished, where the data was sent, and that it was used solely for union organizing. (Dkt. 77-4).

**3. The remainder is overbroad and protected.** "All records relating to the Remote Server" (RFP 6) would require a complete forensic image of the server that ran the campaign's entire organizing operation – its DMS database that contains assessment and outreach systems, and public organizing website – nearly all of it irrelevant to how Defendants accessed SWOL data. Additionally, the pilot_members and staged_pilot_data tables (RFPs 18–22) contain the associational core that includes individual pilot identities coupled with poll responses and interest-level assessments, and the identities of Organizing Committee members. That material is simply not relevant and is protected by the Railway Labor Act (45 U.S.C. § 152, Fourth), the First Amendment associational privilege, and Fed. R. Civ. P. 26(c)(1)(G). (*See* Dkt. 77)

Moussaron respectfully requests that the Court deny the motion.

DATED this 17th day of July, 2026.

**SCHOLNICK THORNE HOLLAND**

*/s/ Jonathan K. Thorne*
Jonathan K. Thorne
Lauren I. Scholnick
John Holland

*Attorneys for Defendant and Counterclaim Plaintiff*
*Daniel Moussaron*

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of July, 2026, I electronically transmitted the attached **DEFENDANT MOUSSARON'S OPPOSITION TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION REGARDING WITHOLDING OF CORE DATA AND INFORMATION (DKT. 70)** to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.


Scott Uthe, suthe@azlawyers.com
Tim Ducar, tducar@azlawyers.com
Attorneys for Defendant Vikaas Krithivas


*/s/ Jonathan K. Thorne*