Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>    Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL RESPONSES AND PRODUCTION TO REQUESTS FOR PRODUCTIONS NOS. 6 –9, 11, AND 12 (DKT. NO. 74)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Krithivas's motion should be denied. SkyWest served timely responses, committed to producing responsive documents it can locate through a diligent search, made substantial productions, asserted objections Krithivas does not challenge, and served a privilege log. Any remaining concern is resolved by SkyWest's agreement to supplement its responses and production, as necessary.

## ARGUMENT

### A.   SkyWest searched for and produced responsive documents.

For each request, SkyWest identified the documents it would produce and agreed to produce all such responsive, non-privileged documents that it could locate after a diligent search and reasonable inquiry. In fact, it produced a complete export of the raw data at issue from the SWOL system; onboarding and training materials; and its public statements concerning this matter. It also served a privilege log and related non-privileged communications on July 8, 2026.

Where no responsive documents exist, SkyWest made that clear. For example, RFP 7 seeks communications or "training" directed to Defendants relating to the SkyWest NDA. SkyWest produced the responsive onboarding and policy materials it located and referenced those in its response and informed Krithivas's counsel it had no additional responsive documents.

### B.   Krithivas does not challenge SkyWest's objections.

A motion cannot compel production over unchallenged objections. *See Porwitky v. Romkowsky*, 2026 U.S. Dist. LEXIS 43119, at *10 (D. N.M. Mar. 3, 2026) (denying motion to compel where movant failed to carry its "initial burden" of addressing the objections raised to the discovery request); *see also* DUCivR 37-1(a)–(b). Although Krithivas contends that SkyWest's responses to RFPs 6–9, 11 and 12 are indefinite under Rule 34(b)(2)(B)–(C) (they are not), the motion does not contest SkyWest's specific objections that these requests are overbroad, vague, and disproportionate.

As written, Krithivus' requests would require production of voluminous and duplicative records irrespective of relevance and could include any incidental reference to the case by any

SkyWest employee or agent to any third party. Rule 26(b)(1) does not require production disproportionate to the needs of the case. *See Andra v. MobileOne, LLC*, 2024 U.S. Dist. LEXIS 149754, at *4–5 (D. Utah Aug. 20, 2024) (denying short-form motion to compel "all communications . . . mentioning" a topic as overbroad and not proportional to the needs of the case). SkyWest has produced what these requests reasonably seek and will supplement accordingly. As Krithivas does not challenge SkyWest's properly raised objections, SkyWest should not be ordered to produce documents being withheld on SkyWest's objections.

For these reasons, SkyWest respectfully requests that the Court deny the motion.

Dated this 22nd day of July, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant*
*SkyWest Airlines, Inc.*

38663258