Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES NOS. 8–10 (DKT. 73)** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Krithivas's motion should be denied. SkyWest served timely, verified responses that separately and fully respond to Interrogatories Nos. 8–10. Krithivas's disagreement with SkyWest's responses does not render them incomplete.

## **ARGUMENT**

On a motion to compel, Krithivas has the burden of showing SkyWest's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009).

Krithivas does not meet that burden. Rule 33 only requires each interrogatory to be answered separately and fully under oath. Fed. R. Civ. P. 33(b)(3), (5). SkyWest's responses fully comply.

**Interrogatory Nos. 8 and 10**

Interrogatory No. 8 asks SkyWest to identify each "Technological Access Barrier" bypassed by Defendants and how, and Interrogatory No. 10 asks SkyWest to identify all "access controls" allegedly bypassed. Without waiving its objections, SkyWest responded and identified the following barriers: authentication via employee ID and password, MFA, and role-based restrictions. SkyWest thereafter described how Defendants circumvented these controls by directly invoking hidden employee-detail endpoints, using browser developer tools to inspect server responses, and running automated scripts to scrape restricted fields at scale. SkyWest also identified various contractual and policy controls restricting Defendants' access. Additionally, SkyWest agreed to supplement the responses if it learns new information, and SkyWest's IT head, Justin Esplin verified both responses as "true, accurate, and correct to the best of [his] knowledge and belief."

Krithivas argues that "[c]ontractual policies are not technological access barriers" and that SkyWest has not shown which barrier "prevented the server from returning the disputed fields." However, these are merits disputes—not deficiencies in SkyWest's responses. Disagreement with a response is "not grounds for finding that [it] did not provide a full and complete response to his discovery request." *See Florer v. Johnson-Bales,* 2010 U.S. Dist. LEXIS 68123, at *7 (W.D. Wash. June 9, 2010). As SkyWest has fully responded to these interrogatories, the motion should be denied.

**Interrogatory No. 9**

Interrogatory No. 9 asks SkyWest to "list and quantify alleged Harm" addressing how integrity, access, or availability of data or systems was impaired. Without waiving its objections, SkyWest identified its loss to date, itemized the categories comprising the loss, and described the impairment Krithivas' conduct caused to the confidentiality and integrity of Pilot Contact Information for over 5,000 pilots. SkyWest again agreed to supplement, and Mr. Esplin verified the response.

Krithivas complains that SkyWest gave a lump-sum estimate rather than separately quantifying each harm, and did not identify the affected system or the duration of impairment. But SkyWest answered to the best of its ability with the information it currently has. As this Court is aware, SkyWest still lacks a full and complete understanding of Defendants' conduct, as Defendants have refused to produce much of that information. *See* Dkts. 67, 69–72. Therefore, SkyWest's response is complete based currently available information.

For these reasons, SkyWest respectfully requests that the Court deny the motion.

Dated this 22nd day of July, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

38665166

3