Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>   Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>   Defendant. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERLENGTH OPPOSITION TO DEFENDANT VIKAAS KRITHIVAS' MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE COUNTERCLAIM AND JOIN DALE HANSEN**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Pursuant to DUCivR 7-1(a)(7), Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. ("SkyWest") respectfully moves the Court for leave to file an overlength Opposition to Defendant Vikaas Krithivas's Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen (the "Opposition"). SkyWest seeks leave to file a brief of up to 30 pages or 8,000 words, which exceeds the standard 10-page/3,100-word limit for opposition memoranda under DUCivR 7-1(a)(4).

Good cause exists for the additional pages as courts have the flexibility to permit longer briefing under these circumstances to allow courts to consider and decide such significant issues on the merits. *See, e.g.*, *Fuja v. City of Woodland Hills*, 2026 U.S. Dist. LEXIS 15836, *8 (D. Utah 2026); *see generally*, *Merce v. Greenwood*, 2006 U.S. Dist. LEXIS 109275, *2 (D. Utah Oct. 18, 2006); *Finneman v. Delta Airlines*, 2021 U.S. Dist. LEXIS 131517, *2 (D. Utah Mar. 11, 2026). Here, the Opposition must address a motion for leave to amend the scheduling order, leave to file a counterclaim (including five new claims), and leave to add a third party, raising multiple legal standards and complex issues of law that cannot meaningfully be addressed within 10 pages or 3,100 words. More specifically:

1.      The Opposition must address two distinct legal standards governing leave to amend: (1) the "good cause" standard under Rule 16(b)(4) for modification of the Scheduling Order because the May 15, 2026 deadline to amend pleadings has passed, *see Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); and (2) the factors under Rule 15(a)(2), including delay and futility of the amendment. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Each standard requires separate briefing with independent factual and legal analysis.

2.      The Opposition is akin to a motion filed under Rule 12(b) which is allowed 25 pages or 7,750 words—SkyWest's request only exceeds this page limitation by 5 pages or 250 words. *See* DUCivR 7-1(a)(4)(A). The Opposition must address the futility of Krithivas's proposed counterclaim, which requires the Court to evaluate each proposed new or amended claim under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6) and Rule 12(c)—i.e., whether the proposed claims contain sufficient factual

2

matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, the proposed counterclaim asserts five distinct claims—tortious interference with economic relations, defamation, defamation per se, false light invasion of privacy, and abuse of process—a separate claim for punitive damages, and seeks to join a third party. Each proposed claim must be addressed individually under the futility standard, requiring separate analysis of whether the factual allegations state a plausible claim. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019–20 (10th Cir. 2018). A claim-by-claim plausibility analysis is inherently space-intensive and cannot be adequately developed in abbreviated form.

3.      The proposed counterclaim raises complex issues of Utah defamation and privilege law that require extended discussion to adequately brief. The Opposition must address: (a) the defamatory-meaning-as-a-matter-of-law doctrine and the distinction between actionable fact and protected opinion, *see West v. Thomson Newspapers*, 872 P.2d 999 (Utah 1994); *Jacob v. Bezzant*, 2009 UT 37; (b) the substantial truth doctrine, *see Brehany v. Nordstrom, Inc.*, 812 P.2d 49 (Utah 1991); (c) Utah's absolute judicial-proceeding privilege, *see Pratt v. Nelson*, 2007 UT 41; *Mathews v. McCown*, 2025 UT 34; and (d) Utah's conditional common-interest privilege, *see Ferguson v. Williams & Hunt, Inc.*, 2009 UT 49; *Nelson v. Target Corp.*, 2014 UT App 205. These doctrines must be applied to two separate communications and multiple proposed claims, substantially expanding the required legal analysis beyond what the standard page limit contemplates.

3

SkyWest has diligently sought to be as concise as possible, undertaking many drafts seeking to reduce and simplify the Opposition. Notwithstanding its sincere efforts, it has found it impossible to present the needed argument and analysis within the designated page limitation. Accordingly, for these reasons, good cause exists for granting SkyWest's request to file an overlength Opposition of up to 30 pages or 8,000 words. SkyWest respectfully, and with the Court's need for efficiency in mind, seeks approval for its overlength brief.

A proposed order granting SkyWest's request accompanies this motion.

Dated this 23rd day of July, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

38712857_v1