Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>     Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>     Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>     Defendant. | **DEFENDANT VIKAAS KRITHIVAS'S RESPONSE IN OPPOSITION TO SKYWEST AIRLINES, INC.'S MOTION FOR LEAVE TO FILE OVERLENGTH OPPOSITION**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Vikaas Krithivas respectfully opposes SkyWest Airlines, Inc.'s Motion for Leave to File Overlength Opposition. SkyWest has not established good cause to file an opposition of up to thirty pages or 8,000 words in response to Krithivas's comparatively concise Motion to Amend the Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen.

SkyWest is attempting to obtain two bites at the apple by challenging claims substantively now, and then later with a subsequent Motion to Dismiss.  SkyWest contends that

its proposed opposition will be analogous to **filing a Rule 12(b)(6) motion to dismiss** because it intends to challenge the proposed counterclaims as futile under the Rule 12 standard. But SkyWest is not presently filing a Rule 12 motion directed to an operative pleading. It is opposing a motion for leave to amend and join a party. Its proposed filing remains subject to the limits applicable to an opposition to that motion, even if SkyWest elects to include a futility argument.

SkyWest's request is particularly unwarranted because SkyWest previously proposed stipulating that Krithivas could file his counterclaims against SkyWest while expressly preserving SkyWest's right to bring a motion to dismiss or other dispositive motion after filing. Although the proposed stipulation was not executed, it demonstrates that SkyWest had already reviewed the proposed pleading and previously considered post-filing dispositive practice sufficient to preserve its defenses.

SkyWest now seeks to reverse that procedure and litigate a complete Rule 12-style challenge before the counterclaims become operative. To the extent SkyWest's present opposition differs from the position reflected in its proposed stipulation, the remaining dispute principally concerns the proposed joinder of Dale Hansen. Hansen, however, is not presently a party, has not been served, and has not appeared. SkyWest should not receive thirty pages to litigate anticipated defenses personal to Hansen before he has been joined.

The requested enlargement would unnecessarily delay resolution of the motion for leave and duplicate the dispositive briefing SkyWest previously contemplated filing after the counterclaims became operative. The Motion should therefore be denied or, alternatively, any enlargement should be modest and narrowly limited.

/ / /

## I.      RELEVANT BACKGROUND

Krithivas's proposed counterclaims arise from evidence SkyWest produced after expiration of the deadline to amend pleadings. That evidence included the February 2, 2026 communication in which SkyWest General Counsel Dale Hansen transmitted SkyWest's Complaint to American Airlines after specifically acknowledging that Krithivas had transitioned to employment with American.

After receiving that evidence, Krithivas promptly sought SkyWest's agreement to amend the scheduling order, file counterclaims against SkyWest, and join Hansen as an additional counterclaim defendant.

On or about June 17, 2026, Krithivas provided SkyWest with a proposed stipulated motion concerning the amendment and joinder. During the parties' July 2, 2026 meet-and-confer conference, SkyWest requested that the proposed stipulation be streamlined.

On July 8, 2026, SkyWest returned its own proposed revisions. SkyWest's draft expressly stated:

> The Parties, through their respective counsel, stipulate to the entry of an Order granting Krithivas leave to file its Counterclaim against SkyWest Airlines, Inc.
> Email and Drafted Stipulation attached hereto as Exhibit A.

SkyWest's proposed stipulation further provided:

> No Party waives any rights or defenses as a result of this stipulated motion and/or the Counterclaim, including without limitation the right to file a motion to dismiss or any other dispositive motion in response to the Counterclaim. *Id.*

SkyWest's draft omitted Hansen from the proposed stipulation but affirmatively contemplated that Krithivas's counterclaims against SkyWest would be filed and that SkyWest could thereafter challenge them through a motion to dismiss or other dispositive motion.

On July 10, 2026, SkyWest advised that it would not stipulate to the requested amendment to include joining Dale Hansen individually. Krithivas thereafter filed his Motion to Amend the Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen.

Krithivas's Motion is approximately seven pages. It sets forth the discovery of the Hansen communication, Krithivas's diligence in seeking amendment, the applicable standards under Rules 15 and 16, and the basis for joining Hansen under Rules 13(h), 20, and 21.

SkyWest now seeks permission to file an opposition of up to thirty pages or 8,000 words. SkyWest asserts that the additional length is necessary because it intends to challenge the legal sufficiency of each proposed claim under the standard governing Rule 12(b)(6) motions.

## II.     SKYWEST HAS NOT SHOWN GOOD CAUSE TO TRIPLE THE ORDINARY PAGE LIMIT.

DUCivR 7-1 limits the length of an opposition to a motion not otherwise assigned a specific limit. A party seeking additional length must demonstrate good cause for the requested enlargement.

SkyWest has not shown that thirty pages or 8,000 words are reasonably necessary to address the procedural and substantive issues presented by Krithivas's motion.

### A.     SkyWest's proposed futility arguments do not transform its opposition into a Rule 12 motion.

SkyWest argues that its proposed opposition is substantively analogous to **filing a Rule 12(b)(6) motion to dismiss** because it intends to challenge the proposed counterclaims as futile under the Rule 12 standard. It therefore compares its requested opposition to the page allowance applicable to an actual Rule 12 motion.

Krithivas does not dispute that futility may be considered when deciding whether to permit amendment or that futility is ordinarily evaluated under the Rule 12(b)(6) standard. But application of that standard does not transform SkyWest's opposition into an actual Rule 12 motion or automatically entitle SkyWest to the page limit applicable to a dispositive motion.

SkyWest is presently opposing a motion under Rules 15, 16, 20, and 21. Its filing remains an opposition to a motion for leave, even if one part of the opposition argues that the proposed pleading could not survive dismissal.

The distinction is meaningful. A Rule 12 motion ordinarily challenges claims contained in an operative pleading and seeks their dismissal. Here, no counterclaim asserted by Krithivas is presently operative. SkyWest seeks to litigate a comprehensive claim-by-claim dismissal analysis before the Court determines whether the proposed pleading may be filed.

SkyWest has not established that every potential Rule 12 defense must be fully developed at the amendment stage. A proper futility objection can be presented concisely. If a defense requires extensive briefing concerning factual disputes, publication, privilege, intent, causation, excessive publication, improper purpose, or the scope of Utah tort law, that complexity weighs in favor of permitting the pleading and addressing the issue through ordinary dispositive practice rather than converting the amendment proceeding into a premature motion to dismiss.

That approach is particularly appropriate here because SkyWest's own July 8 proposed stipulation expressly preserved its right to file a motion to dismiss or other dispositive motion after the counterclaims were filed. SkyWest's proposed procedure recognized that amendment and ultimate legal sufficiency could be addressed separately.

SkyWest's requested enlargement is also not modest. It seeks twenty additional pages and thousands of additional words beyond the ordinary limit. The mere fact that SkyWest intends to make Rule 12-style futility arguments does not establish good cause to triple the permitted page count.

**B.      SkyWest's prior proposed stipulation undermines its assertion that a comprehensive Rule 12-style challenge is necessary before filing.**

Krithivas does not contend that the unsigned July 8 proposed stipulation independently binds SkyWest. It is nevertheless directly relevant to whether SkyWest has shown good cause for an 8,000-word opposition.

SkyWest had received and reviewed the proposed counterclaims when it proposed stipulating that Krithivas could file them against SkyWest. Its proposed stipulation expressly preserved all defenses, including the right to file a motion to dismiss or another dispositive motion after filing.

SkyWest's proposed procedure was straightforward:

1.      Permit the counterclaims against SkyWest to be filed;
2.      Preserve all substantive and procedural defenses; and
3.      Present any comprehensive Rule 12 challenge through a motion directed to the operative counterclaim.

SkyWest identifies no material change to the proposed claims between its July 8 proposal and its present request that would explain why a thirty-page pre-filing merits opposition has suddenly become necessary.

SkyWest may have changed its litigation position, but an unexplained change in position does not establish good cause for an extraordinary enlargement. Nor should the overlength

procedure be used to obtain, before filing, the same complete Rule 12 briefing SkyWest previously proposed reserving until afterward.

To the extent SkyWest seeks to oppose the counterclaims against itself, its earlier proposal demonstrates that those arguments can be preserved and presented following filing. To the extent its new opposition is directed to Hansen's joinder or anticipated defenses, those matters can be addressed concisely and do not justify thirty pages.

**C.      Hansen's anticipated defenses do not justify a thirty-page opposition filed by SkyWest.**

SkyWest also relies upon Krithivas's proposed joinder of Dale Hansen and the Utah tort and privilege issues implicated by Hansen's conduct.

Hansen, however, is not presently a party. He has not been joined, served, or appeared. If the Court grants leave to join him, Hansen will have a full opportunity to assert any defenses available to him, including arguments concerning personal jurisdiction, process, privilege, publication, fault, causation, and the legal sufficiency of the claims.

SkyWest may properly address whether Hansen's joinder satisfies the Federal Rules, whether the joinder would prejudice SkyWest, and whether a proposed claim is plainly futile. But SkyWest should not receive thirty pages to litigate defenses that are personal to Hansen before Hansen has been joined.

The distinction is especially significant because SkyWest's July 8 proposed stipulation agreed to the filing of counterclaims against SkyWest while omitting Hansen. That history demonstrates that the dispute can be narrowed:

SkyWest previously proposed allowing the claims against itself to be filed while preserving a later motion to dismiss; and

Any remaining dispute regarding Hansen concerns joinder and can be addressed within the ordinary limit or a modest enlargement.

An overlength opposition should not become a vehicle for SkyWest to oppose amendment on Hansen's behalf or to obtain an advance adjudication of defenses Hansen may or may not choose to assert.

**D.      SkyWest can address the Rule 15 and Rule 16 issues within the ordinary limit.**

The motion for leave presents familiar issues:

- Whether Krithivas acted diligently after SkyWest produced the Hansen communication;

- Whether good cause exists to amend the scheduling order;

- Whether amendment was unduly delayed;

- Whether amendment would unfairly prejudice SkyWest;

- Whether Hansen may be joined under the applicable rules; and

- Whether any proposed claim is plainly futile.

These issues do not require thirty pages. Krithivas's underlying Motion is approximately seven pages and presents the factual and procedural basis for amendment concisely.

SkyWest may explain within the ordinary limit why it believes Krithivas lacked diligence, why it would suffer prejudice, why joinder is improper, or why a particular claim is facially deficient. It need not preview every argument that might later appear in a motion to dismiss.

If the Court concludes that some additional space is warranted, a modest enlargement would provide more than sufficient room. SkyWest has not established that a filing approaching the length of a full dispositive motion is necessary.

### E.    The requested enlargement would promote delay and duplicative briefing.

The procedural sequence raises a legitimate concern that the requested enlargement would delay, rather than facilitate, resolution of the amendment motion:

- SkyWest produced the Hansen communication after the amendment deadline;
- Krithivas promptly sought a stipulation;
- SkyWest requested revisions to streamline the proposed stipulation;
- SkyWest then proposed consenting to the filing of the counterclaims against itself;
- SkyWest expressly reserved the right to file a later motion to dismiss;
- SkyWest subsequently stated it would not consent to joining Hansen; and
- SkyWest now seeks to file the functional equivalent of a comprehensive motion to dismiss before the counterclaims become operative.

The Court need not make a finding concerning SkyWest's subjective intent to deny the requested enlargement. It is sufficient that SkyWest has not established that thirty pages are reasonably necessary.

But the practical effect of the requested procedure is clear. It would delay determination of whether the counterclaims may be filed, require the Court and the parties to engage in extensive merits briefing at the amendment stage, and potentially permit SkyWest to repeat the same arguments through an actual Rule 12 motion if leave is granted.

That duplication is inconsistent with the just, speedy, and inexpensive resolution of the action. SkyWest's prior proposed stipulation supplied a more efficient procedure: allow filing, preserve defenses, and address any genuine dispositive issues through ordinary motion practice.

The overlength request should not be granted merely because SkyWest now prefers to front-load that later briefing into the amendment proceeding.

### F.    Alternatively, any enlargement should be modest.

If the Court determines that additional length is warranted, Krithivas respectfully requests that SkyWest's opposition be limited to no more than fifteen pages or 4,650 words.

That allowance would provide SkyWest fifty percent more than the ordinary limit and ample space to address:

- Rule 16 diligence and good cause;
- Rule 15 delay, prejudice, and futility;
- The procedural requirements for Hansen's joinder; and
- Any concise argument that a proposed claim is facially deficient.

SkyWest should not be permitted to use an opposition to leave to amend as the functional equivalent of a full Rule 12 motion—particularly when SkyWest previously proposed allowing the counterclaims against it to be filed while reserving its right to bring an actual motion to dismiss afterward.

Nor should SkyWest receive additional pages to litigate anticipated defenses on behalf of a proposed party who has not yet been joined.

### III.    CONCLUSION

SkyWest has not demonstrated good cause to file an opposition of up to thirty pages or 8,000 words. Its intent to raise Rule 12-style futility arguments does not transform its opposition into an actual Rule 12 motion, and its own prior proposed stipulation contemplated that the counterclaims against SkyWest could be filed while all dispositive defenses were preserved.

To the extent the present dispute concerns Hansen, SkyWest may address the requirements for joinder and any prejudice to its own interests, but it should not be permitted to litigate Hansen's anticipated personal defenses through an overlength opposition before Hansen becomes a party.

10

Krithivas respectfully requests that the Court deny SkyWest's Motion for Leave to File Overlength Opposition. Alternatively, any opposition should be limited to fifteen pages or 4,650 words.

DATED this 23rd day of July, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By /s/ Scott C. Uthe
Scott C. Uthe
Timothy D. Ducar
9280 E. Raintree Drive, Suite 104
Attorneys for Defendant Vikaas Krithivas

**CERTIFICATE OF COMPLIANCE**

Pursuant to DUCivR 7-1(a)(4), I certify that the foregoing memorandum complies with the word limit of DUCivR 7-1 because it contains approximately 2,344 words, excluding the caption, face sheet, table of contents, table of authorities, table of exhibits, signature block, and this certificate, as counted by the word-count function of the word-processing program used to prepare it.

11

## CERTIFICATE OF SERVICE

I certify that on July 23, 2026, I caused a true and correct copy of the foregoing **Defendant Vikaas Krithivas's Response in Opposition to Skywest Airlines, Inc.'s Motion for Leave to File Overlength Opposition** to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erickson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff SkyWest Airlines, Inc.


Jonathan K. Thorne, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
John E. Holland, jack@laborwest.com
Attorneys for Defendant Daniel Moussaron


By: /s/S. Uthe