Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., | **SKYWEST'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE OVERLENGTH OPPOSITION TO DEFENDANT VIKAAS KRITHIVAS'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE COUNTERCLAIM AND JOIN DALE HANSEN** |
| Plaintiff and Counterclaim Defendant, | |
| vs. | |
| DANIEL MOUSSARON, | |
| Defendant and Counterclaim Plaintiff, | Civil No. 4:26-cv-00015-DN-PK |
| and VIKAAS KRITHIVAS, | |
| Defendant. | Senior District Judge David Nuffer  Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest") respectfully submits this Reply in Support of its Motion for Leave to File Overlength Opposition to Defendant Krithivas's Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen (Dkt. No 84).[1]

Defendant Vikaas Krithivas cannot dispute that his Motion to Amend is an unusually complex, multi-part request. In fact, as the Court recognized on July 23, 2026, in its "Modification of Docket," Krithivas's Motion to Amend actually "request[ed] 3 possible reliefs": (1) Motion for Leave to File Counterclaim, (2) Motion for Amended Scheduling Order, and (3) Motion for Joinder of New Party as Counter Defendant. SkyWest's Opposition to Defendant Vikaas Krithivas's Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen (the "Opposition") must address each of these forms of relief. Underlying one of these forms of relief is Krithivas's proposed counterclaim containing five separate causes of action, each of which must be individually addressed as part of SkyWest's Rule 15(a)(2) futility analysis. Yet, Krithivas insists that SkyWest must respond to all three forms of relief, including addressing all five causes of action, within the ordinary ten-page opposition limit. Ironically, while Krithivas contends that SkyWest should be able to respond to all three forms of relief in just 10 pages, he used **ten pages** just to respond to SkyWest's routine, four-page request for a modest enlargement.

Not surprisingly, as it cannot be denied, Krithivas acknowledges that a large portion of SkyWest's Opposition must be directed to the futility of the proposed counterclaim—and that futility is "ordinarily evaluated under the Rule 12(b)(6) standard." Dkt. No. 85, Krithivas's Resp.,

---

[1] For clarity, SkyWest refers to its Motion for Overlength (Dkt. No. 84) as the "Motion"; Krithivas's Motion to Amend the Scheduling Order (Dkt. No. 68) as the "Motion to Amend"; and Krithivas's Response to SkyWest's Motion for Overlength (Dkt. No. 85) as the "Response."

at 5. This concession should resolve this dispute. As Krithivas recognizes, courts uniformly apply the same standard to a futility objection under Rule 15 that they apply to a motion to dismiss. *See Dave's Driving Sch., LLC v. Utah Dep't of Pub. Safety*, 2025 U.S. Dist. LEXIS 51731, at *17–18 (D. Utah Feb. 27, 2025) ("[I]n evaluating a proposed amendment for futility, the court must apply the same standard it would apply in evaluating a Rule 12(b)(6) motion to dismiss the proposed amended complaint."); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As the same standards apply, SkyWest's Opposition is functionally a motion to dismiss, for which the local rules allow 25 pages or 7,750 words. DUCivR 7-1(a)(4)(A). Even though SkyWest must respond to three separate requests for relief, SkyWest's request only exceeds the dispositive-motion page-allowance by five pages or 250 words.[2]

Good cause exists for the additional pages as courts have the flexibility to permit longer briefing under these circumstances to allow courts to *consider and decide such significant issues on the merits. See, e.g.*, *Fuja v. City of Woodland Hills*, 2026 U.S. Dist. LEXIS 15836, at *8 (D. Utah Jan. 27, 2026). Krithivas would prefer that the Court entertain two motions: an opposition to the Motion to Amend (without a fully developed futility argument) and then a motion to dismiss if his Motion to Amend is granted. Such an argument flies in the face of judicial efficiency.[3] The

---

[2] Krithivas contends that SkyWest's Motion is not justified because his Motion to Amend is only seven pages (Dkt. No. 85, Resp., at 8), however, as discussed in greater detail in SkyWest's Opposition, Krithivas's Motion to Amend fails to adequately demonstrate good cause or explain his reason for delay. Additionally, his proposed counterclaim is 26 pages.

[3] As to SkyWest's alleged stipulation to the proposed counterclaim, the facts changed. SkyWest understood that it was just agreeing to the proposed counterclaim and expressly told Krithivas that it was reserving all of its defenses, "including without limitation the right to file a motion to dismiss or any other dispositive motion in response to the Counterclaim." Dkt. No. 85, Resp., at 3. However, Krithivas insisted that SkyWest also agree to amend the scheduling order and to leave for Krithivas to join Hansen, but SkyWest could not agree to these revisions. Since the parties

Court should grant SkyWest's Motion and decide, on the merits, whether Krithivas's proposed counterclaim would be futile.

Krithivas's argument that SkyWest should be granted additional pages to fully articulate its futility argument under the Rule 12 standard because the "counterclaim asserted by Krithivas is [not] presently operative" is a red herring. If that was the standard, then there would never be a need for a court to apply the Rule 12 standard to a futility argument brought under Rule 15. In fact, courts in this district regularly permit overlength briefing where, as here, a party seeks to inject complex new claims implicating intricate legal issues and defenses.[4] For example, in *Fuja v. City of Woodland Hills*, the court granted leave to file a 46-page overlength motion to dismiss addressing a multi-claim pleading, emphasizing the court's "strong preference for deciding cases on their merits rather than on procedural technicalities." 2026 U.S. Dist. LEXIS 15836, at *8 (D. Utah Jan. 27, 2026). Additionally, in *Finneman v. Delta Airlines*, the court granted leave to file an overlength opposition to a motion to amend the scheduling order, finding good cause in "the numerous factors and elements that must be analyzed relative to Plaintiff's Motion, along with the long history of the case." 2021 U.S. Dist. LEXIS 131517, at *3 (D. Utah Mar. 11, 2021). The modest enlargement requested by SkyWest is well within the bounds of what this district routinely allows, and judicial economy is best served by allowing SkyWest to brief the merits fully in a single opposition.

---

could not agree to a stipulation, SkyWest is well within its right to challenge the futility of the proposed counterclaim as permitted under Rule 15.

[4] Interestingly, in his 10 pages of briefing, Krithivas does not cite *any* caselaw supporting or justifying why he opposes SkyWest's request for additional pages.

In summary, SkyWest's Opposition must lay out the complex procedural history in this case, articulate the separate legal standards governing each form of relief, address the futility of each of the five proposed causes of action on a claim-by-claim basis, and marshal the underlying facts supporting each argument. That is a substantial undertaking that cannot be done responsibly within 10 pages or 3,100 words. Denying a reasonable enlargement here would only invite the "unnecessary delay" that courts in this district have repeatedly cautioned against, and would elevate a hyper-technical dispute over page counts above the parties' and the Court's shared interest in resolving Krithivas's motion on its merits. For the foregoing reasons, SkyWest respectfully requests that the Court grant its Motion for Leave to File Overlength Opposition and enter the proposed order previously submitted by SkyWest.

Dated this 27th day of July, 2026.

HOLLAND & HART LLP

/s/ Tyson C. Horrocks

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*