Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **JOINT EXPEDITED SHORT FORM MOTION FOR PROTECTIVE ORDER AND TO STAY DEPOSITIONS** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendants Daniel Moussaron and Vikaas Krithivas jointly move under Federal Rules of Civil Procedure 26(c)(1) and 30(b)(4), and DUCivR 30-1(d) and 37-1, for a protective order staying their noticed depositions until the method and place are resolved. Because this Motion is filed on the third business day after service of the Amended Notices, DUCivR 30-1(d) automatically stays both depositions pending the Court's ruling.

SkyWest's July 22, 2026 Amended Notices require both Defendants to appear in person at Holland & Hart's Salt Lake City office. Moussaron's deposition is noticed for August 26,

2026; Krithivas's for September 3, 2026. *See* Exhibit A.  Both Defendants reside outside Utah, remain available on the noticed dates, and object only to SkyWest's unilateral requirement that they travel to Utah.  Neither Defendant chose Utah as the forum for this action.  Krithivas provided a written Objection served to SkyWest on July 22, 2026.  *See* Exhibit B.

Moussaron requests a remote deposition. Krithivas likewise proposed appearing remotely from Illinois. As alternatives, Krithivas offered Chicago or Phoenix. Phoenix is a reasonable compromise because Krithivas has family there, his counsel is located there, and Holland & Hart maintains a Phoenix area office, allowing an in-person examination at SkyWest counsel's firm while materially reducing travel burdens.

Counsel met and conferred by videoconference on July 27, at 12:35 p.m. Mountain Time. Participants were Scott Uthe and Joseph Winters for Krithivas; Jonathan Thorne for Moussaron; and Tyson Horrocks and Zach Burford for SkyWest. Defendants reiterated their remote-deposition proposal and Krithivas's alternative locations. Jonathan Thorne stated that Moussaron shares Krithivas's objections to in person depositions to be held in Salt Lake City, Utah. SkyWest offered no compromise or proposed resolution. Its counsel made only a nonspecific commitment to consult with SkyWest and respond by Thursday, July 30.

That delay was not workable. Because the Amended Notices were served July 22, July 27 was the third business day after service. Waiting until Thursday would have deprived Defendants of DUCivR 30-1(d)'s automatic stay while leaving the Utah notices operative.

Rules 26(c)(1)(B)–(C) and 30(b)(4) authorize the Court to specify the place and method of discovery and order remote depositions. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).  Remote

examination permits observation of demeanor, electronic exhibits, and stenographic and audiovisual recording. SkyWest identified no case-specific reason requiring either Defendant's physical presence in Utah.

Defendants request an order: (1) maintaining the stay until method and place are resolved; (2) requiring both depositions to proceed remotely on the noticed dates; (3) alternatively permitting Krithivas's deposition in Chicago or Phoenix, while Moussaron's remains remote unless he agrees otherwise; (4) relieving both Defendants from appearing in Utah; and (5) requiring amended notices.

## CERTIFICATION OF REASONABLE EFFORTS

Counsel certifies that the foregoing July 27, 2026 videoconference constituted a good-faith effort to resolve this dispute. SkyWest offered no proposed resolution, and its stated intention to respond after the DUCivR 30-1(d) deadline did not resolve the dispute.

DATED this 27th day of July 2026.

**SCHOLNICK THORNE HOLLAND**

By: /s/ Jonathan K. Thorne (with permission)
Jonathan K. Thorne
Lauren I. Scholnick
John E. Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

3

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By: /s/ Scott C. Uthe
Timothy D. Ducar
Scott C. Uthe
*Attorneys for Defendant Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on July 27, 2026, I caused a true and correct copy of the foregoing **Joint Expedited Short Form Motion for Protective Order and to Stay Depositions** to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erickson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff SkyWest Airlines, Inc.

Jonathan K. Thorne, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
John E. Holland, jack@laborwest.com
Attorneys for Defendant Daniel Moussaron

By: /s/S. Uthe