# EXHIBIT B

Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **DEFENDANT VIKAAS KRITHIVAS'S WRITTEN OBJECTION TO NOTICE OF DEPOSITION AND REQUEST TO MEET AND CONFER** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant Vikaas Krithivas objects to Plaintiff SkyWest Airlines, Inc.'s July 22, 2026 Notice of Deposition to the extent it unilaterally requires Mr. Krithivas to appear in person at SkyWest's counsel's office in Salt Lake City, Utah. Mr. Krithivas does not object to being deposed, and September 3, 2026 is an available date. His objection concerns the location and method of the deposition, as well as additional defects in the Notice.

1. SkyWest did not meaningfully confer regarding the location or method of the deposition.

On July 2, 2026, counsel advised SkyWest that Mr. Krithivas resides outside Utah and requested that his deposition be conducted remotely. On July 13, 2026, counsel confirmed that

Mr. Krithivas was available September 1 through September 4 and proposed three reasonable alternatives:

> A remote videoconference deposition;
> An in-person deposition in Scottsdale, Arizona; or
> An in-person deposition in Chicago, Illinois, near Mr. Krithivas's residence.

Counsel further requested that, if SkyWest insisted upon requiring Mr. Krithivas to travel to Utah, SkyWest provide the legal and factual basis for that demand.

SkyWest did not substantively respond to those proposals, identify any reason why a remote deposition would be inadequate, or provide any justification for requiring Mr. Krithivas to incur the burden and expense of traveling from Illinois to Utah. Instead, SkyWest unilaterally served a notice setting the deposition at its own counsel's Salt Lake City office.

**The parties are required to make reasonable efforts to resolve discovery disputes before seeking court intervention. DUCivR 37-1(a)(1). Those efforts require more than merely requesting dates and then disregarding the deponent's timely proposals concerning location and method.**

2. Requiring a nonresident defendant to travel to Utah would impose an unnecessary burden and expense.

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to protect a party from undue burden or expense by specifying the time and place of discovery or prescribing a discovery method different from that selected by the noticing party. Fed. R. Civ. P. 26(c)(1)(B)-(C). Rule 30(b)(4) expressly permits a deposition to be conducted by remote means.

The Supreme Court has emphasized that district courts should not neglect their authority under Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979).

Courts within the Tenth Circuit have recognized that, absent exceptional or unusual circumstances, a party seeking to depose a person who resides a substantial distance away should ordinarily take the deposition near the deponent's residence, even when the deponent is a party. *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).

SkyWest has identified no exceptional circumstance requiring Mr. Krithivas's physical presence in Utah. A remote videoconference deposition would permit counsel to examine Mr. Krithivas, observe his demeanor, display exhibits, and create both stenographic and audiovisual records without imposing unnecessary interstate travel costs. Alternatively, SkyWest can

conduct the deposition in Chicago, where Mr. Krithivas resides, or at another mutually agreeable location.

3. The Notice contains an additional procedural defect.

The Notice states that the deposition will be conducted "pursuant to the Utah Rules of Civil Procedure." This action is pending in federal court and the deposition is governed by the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules. SkyWest should withdraw and correct the Notice accordingly.

4. Requested resolution.

Mr. Krithivas requests that SkyWest withdraw the July 22, 2026 Notice and serve an amended notice providing that:

The deposition will occur remotely by videoconference, with Mr. Krithivas appearing from Illinois;
Alternatively, the deposition will occur in person in Chicago or another location agreed upon by the parties;
The deposition will be limited to one day of seven hours unless otherwise stipulated or ordered; and
The deposition will be conducted pursuant to the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules.

Mr. Krithivas remains ready and willing to be deposed on September 3, 2026, by remote means or at a mutually agreeable location. This objection is not an attempt to prevent or delay his deposition.

Pursuant to DUCivR 37-1(a), counsel requests a telephone conference to resolve this dispute and proposes the following dates and times:

July 23, 2026, at 11 AM-5 PM Mountain Time; or
July 24, 2026, at 10 AM-4PM Mountain Time.

Unless SkyWest agrees to withdraw and amend the Notice, Mr. Krithivas reserves the right to seek a protective order specifying that the deposition occur remotely or near his Illinois residence, together with any other appropriate relief.

DATED this 22nd day of July, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

By /s/ Scott C. Uthe
Scott C. Uthe
Timothy D. Ducar
9280 E. Raintree Drive, Suite 104
Attorneys for Defendant Vikaas Krithivas

## CERTIFICATE OF SERVICE

I certify that on July 22, 2026, I caused a true and correct copy of the foregoing **Defendant Vikaas Krithivas's Written Objection to Notice of Deposition and Request to Meet and Confer** to be served by email upon all counsel of record.

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erickson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff SkyWest Airlines, Inc.


Jonathan K. Thorne, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
John E. Holland, jack@laborwest.com
Attorneys for Defendant Daniel Moussaron


By: /s/S. Uthe