Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> DANIEL MOUSSARON, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and VIKAAS KRITHIVAS, <br><br> Defendant. | **PLAINTIFF'S RESPONSE TO JOINT EXPEDITED SHORT FORM MOTION FOR PROTECTIVE ORDER AND TO STAY DEPOSITIONS** <br><br> Civil No. 4:26-cv-00015-DN-PK <br><br> Senior District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendants hacked and misappropriated personal information pertaining to SkyWest's (a Utah company) employees from SkyWest's systems. Each Defendant has affirmatively brought or sought to bring claims against SkyWest in Utah. Now, Defendants want to avoid traveling to Utah to answer in-person questions regarding their conduct. Defendants' Motion should be denied.

**A.      Defendants Must Be Deposed in Person.**

"Usually, the party noticing the deposition has the right to choose its location," and remote depositions are reserved for extraordinary circumstances. *Cordero v. Olson Assocs. P.C.*, 2025 U.S. Dist. LEXIS 91994, at \*15–16 (D. Utah May 13, 2025). In-person depositions have been required where the deponent is a "key witness," or in particular a named party, "whose credibility is at issue"—because remote examination imposes "limitations on counsel's ability to assess demeanor and credibility." *Id.* at \*15–16. Here, Defendants are named parties and the central actors whose credibility is clearly at issue. *Id.* at \*16. Accordingly, Defendants' depositions should be done in-person.

**B.      Salt Lake City Is the Proper Location.**

Defendants' conduct was directed at a Utah company, and both Defendants seek to prosecute counterclaims here. Dkt. 1, Compl. ¶¶ 7–8; Dkt. 47, 68-3. A party who counterclaims "puts himself in the position of a plaintiff and voluntarily consents to be sued" in that forum. *In re Chong*, 13 B.R. 468, 471 (Bankr. D. Haw. 1981); *see also Deepgulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 608 (N.D. Fla. 2019). Both Defendants have pled venue is proper here (Dkt. 47, Ans. ¶ 8, Countercl. ¶ 51; Dkt. 68-3, ¶ 19), and Krithivas invokes this Court's supplemental jurisdiction. Dkt. 68-3, ¶¶ 17–18. Krithivas also seeks to join a Utah resident to this action. *Id.* ¶ 14. Utah is a proper location for Defendants' depositions.

Additionally, while Defendants reside outside Utah, the costs and inconvenience associated with travel are a "routine feature of civil litigation, and they are not unreasonable or disproportionate[.]" *See Cordero*, 2025 U.S. Dist. LEXIS 91994, at \*16–17. Importantly, neither claims he cannot afford to travel to Utah. Even if they did, "[a]n alleged inability to pay does not

necessarily excuse a plaintiff from appearing for a deposition within the judicial district where the plaintiff filed suit." *Smith v. Quality Carriers, Inc.*, 2025 U.S. Dist. LEXIS 256969, at *3–4 (M.D. Fla. Sept. 10, 2025). And Krithivas' counsel's request that everyone travel to him in Phoenix shifts all of the burden to everyone else (including his own client who would have to travel there).

**C.    NDAs' Forum-Selection Provisions Confirm Utah.**

Each Defendant executed an NDA providing that "any legal action pertaining hereto shall fall under the jurisdiction of the Fifth Judicial District Court, State of Utah and/or the applicable" federal court. Dkt. 1-1, NDAs (Ex. A), at 2–3. Such clauses "generally reinforce the expectation that the plaintiffs must litigate in the designated forum, including appearing for depositions there." *Signode Indus. Grp. LLC v. Gipperich*, 2026 U.S. Dist. LEXIS 127826, at *6 (M.D. Fla. Mar. 3, 2026).

Dated this 3rd day of August, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

38847011

3