IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KRITHIVAS' MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE COUNTERCLAIM AND JOIN DALE HANSEN<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Krithivas' Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen.[1] For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

## I. BACKGROUND

The Court entered the operative Scheduling Order on April 6, 2026.[2] Relevant here, the Scheduling Order established May 15, 2026, for the parties to amend pleadings and join parties.[3] Defendant filed the instant Motion on July 10, 2026, seeking to add counterclaims against Skywest Airlines, Inc. ("Skywest") and join Dale Hansen ("Hansen"), Skywest's general counsel, as a counterclaim defendant. Defendant seeks to add claims for tortious interference

---

[1] Docket No. 68, filed July 10, 2026.

[2] Docket No. 55.

[3] *Id.* ¶ 5.

1

with economic relations, defamation, defamation per se, false light, and abuse of process. Plaintiff opposes Defendant's request, arguing that the amendment is untimely and futile.

Defendant's claims are based on two communications: (1) a January 26, 2026, statement ("January 26th Statement") issued by Skywest to its pilots concerning the events that make up this dispute;[4] and (2) an email from Hansen to an attorney at American Airlines, Krithivas' then-employer, sharing a copy of Skywest's Complaint in this case.[5] Defendant argues that he can show good cause for his delay in seeking amendment because he only learned of Hansen's email when it was disclosed by Skywest on June 11, 2026.

## II.  DISCUSSION

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[6] Thus, determining whether to allow amendment after the scheduling order deadline has passed involves a two-step inquiry.[7]

First, the court must look to "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[8] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the

---

[4] Docket No. 68-2.

[5] Docket No. 68-1.

[6] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[7] *See Total Quality Sys., Inc. v. Universal Synaptics Corp.*, No. 1:22-cv-000167-RJS-DAO, 2025 WL 252791, at *2 (D. Utah Jan. 21, 2025).

[8] *Id*. (internal quotation marks and citation omitted).

judge's consent."[9] To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the movant's "diligent efforts."[10] "Rule 16(b)(4) is arguably more stringent than Rule 15,"[11] and district courts are afforded "wide discretion" in determining whether the movant has shown good cause.[12]

"Second, if the court determines good cause has been established, it will then proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[13] Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[14] "The court should freely give leave when justice so requires."[15] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[16]

With respect to Defendant's claims based on the January 26th Statement and the statements made in the Complaint, Defendant has failed to show good cause to amend the

---

[9] Fed. R. Civ. P. 16(b)(4).

[10] *Gorsuch*, 771 F.3d at 1240 (internal quotation marks and citation omitted).

[11] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (internal quotation marks and citation omitted).

[12] *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018).

[13] *Total Quality Sys., Inc.*, 2025 WL 252791, at *2 (internal quotation marks and citation omitted).

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Id.*

[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

scheduling order. Relatedly, Defendant's request to amend based on those statements is untimely. It is undisputed that the parties were aware of the January 26th Statement and the statements in the Complaint prior to the deadline to amend. This is evidenced by the appearance of counsel for Defendant[17] and the fact that Defendant Moussaron filed a counterclaim for defamation based on the January 26th Statement.[18] Since Defendant knew about the information which forms the basis of his claims against Skywest related to the January 26th Statement and the statements in the Complaint, he has failed to demonstrate good cause.[19]

Defendant nevertheless argues that he can demonstrate good cause because of the recent disclosure of the email from Hansen to Defendant's then-employer providing a copy of the Complaint. While this may provide good cause for Defendant's claims related to that communication, as will be discussed further below, it does not provide good cause for his claims arising out of the January 26th Statement and the statements in the Complaint. Without demonstrating good cause, the Court need not determine whether Rule 15 has been satisfied.[20]

---

[17] Docket No. 27.

[18] Docket No. 47.

[19] *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); *Sipp v. Unumprovident Corp.*, 107 F. App'x 867, 877 (10th Cir. 2004) (affirming denial of amendment to include new causes of action where the causes of action were known at the time the original complaint was filed).

[20] *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016) ("Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.") (internal quotation marks and citation omitted).

Even considering Defendant's Motion under Rule 15, it is untimely. "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, . . . especially when the party filing the motion has no adequate explanation for the delay."[21] When a party seeking amendment "knew or should have known" of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial for undue delay.[22] As discussed, Defendant was aware of the January 26, 2026 communication and the statements in the Complaint long before he filed this Motion. Therefore, his request to amend based on those statements is untimely.

Turning to the recently disclosed email from Hansen, the Court agrees that Defendant has demonstrated sufficient good cause to amend the scheduling order. The Tenth Circuit has made clear that good cause can be established where a party "learns new information through discovery."[23] Here, Hansen's email was provided to Defendant on June 11, 2026, after the amendment deadline. The parties then met and conferred and Defendant filed this Motion soon after Plaintiff declined to consent to amendment. In these circumstances, the Court finds that

---

[21] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (collecting cases).

[22] *See id.* at 1366; *see also Leatherwood v. Rios*, 705 F. App'x 735, 740–41 (10th Cir. 2017) (the district court did not abuse its discretion in denying plaintiff's motion to amend because plaintiff "named another DOC official in his initial and first amended complaints, demonstrating that he believed from the start that the DOC was a participant in the alleged conspiracy to deprive him of his constitutional rights"); *Woolsey v. Marion Lab'ys., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (the court specifically noted that no new evidence that was unavailable at the original filing had come to plaintiff's attention); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

[23] *Gorsuch*, 771 F.3d at 1240.

Defendant has established good cause. Similarly, Defendant's request to amend is timely under Rule 15.

Plaintiff makes a number of futility arguments. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[24] "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief,"[25] the Court believes the best course here is to address Plaintiff's futility arguments in a Rule 12 motion. This is especially true here, where the amendment allowed is far narrower than Defendant sought, which will require Defendant to revise his counterclaim, potentially rendering moot some of Plaintiff's arguments. As such, the Court declines to address Plaintiff's futility arguments here and will permit Defendant to file a counterclaim based solely on Hansen's email. Defendant should revise his counterclaim with this limitation in mind.

When amendment involves the addition of a new party, Rule 20 is implicated. Under Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[26] Here, the proposed claims against Skywest and Hansen arise out of the

---

[24] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[25] *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse").

[26] 7 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Pro. § 1652 (3d ed.)

same transaction, namely Hansen's email forwarding a copy of the Complaint to Defendant's then-employer. The claims against Skywest and Hansen involve common questions of fact and law. Therefore, Defendant's request to join Hansen will be granted.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants Krithivas' Motion to Amend Scheduling Order and for Leave to File Counterclaim and Join Dale Hansen (Docket No. 68) is GRANTED IN PART AND DENIED IN PART as set forth above. Defendant is directed to file a counterclaim consistent with this Order within fourteen (14) days.

DATED this 11th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge