IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT EXPEDITED SHORT FORM MOTION FOR PROTECTIVE ORDER AND TO STAY DEPOSITIONS<br><br>  Civil No. 4:26-cv-00015-DN-PK<br><br>  District Judge David Nuffer<br>  Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Joint Expedited Short Form Motion for Protective Order and to Stay Depositions.[1] For the reasons discussed below, the Court will grant the motion in part and deny it in part.

Plaintiff noticed Defendants depositions for August 26, 2026, and September 3, 2026, respectively, in person at Plaintiff's counsel's office in Salt Lake City, Utah. Both Defendants reside out of state and request their depositions be taken remotely. As alternatives, Defendant Krithivas has proposed Chicago, Illinois or Phoenix, Arizona as locations for an in-person deposition.

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." "The court may, for good cause, issue an order to protect a party or person from

---

[1] Docket No. 87, filed July 27, 2026.

annoyance, embarrassment, oppression, or undue burden or expense, including" by "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."[2]

Turning first to Defendants' request to appear for their depositions remotely, Rule 30(b)(4) provides that the parties may stipulate, or the Court on motion may order that a deposition be taken by remote means. In many cases, the use of remote depositions is an efficient and cost-effective way to obtain testimony.[3] "However, courts have required in-person rather than remote depositions where the deponent is a key witness whose credibility is at issue— particularly where the deponent is a named party to the case."[4] Here, Defendants are obviously parties to the case and they are key witnesses whose credibility will be at issue. As such, the Court declines to order their depositions be taken remotely, though the parties remain free to agree to remote depositions.

Next is Plaintiff's argument that Salt Lake City is the proper location for Defendants' depositions. "Usually, the party noticing the deposition has the right to choose its location."[5] However, "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the

---

[2] Fed. R. Civ. P. 26(c)(1)(B).

[3] *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) (noting that "many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility").

[4] *InMoment, Inc. v. Mkt. & Op. Rsch. Int'l Ltd.*, No. 2:21-cv-00513, 2022 WL 1568894, at *2 (D. Utah May 18, 2022) (internal quotation marks and citation omitted) (collecting cases).

[5] *Cordero v. Olson Assoc. P.C.*, No. 2:23-cv-00756, 2025 WL 1383217, at *7 (D. Utah May 13, 2025) (internal quotation marks and citation omitted).

deponent is a party."[6]

According to the Complaint, Defendants reside in Minnesota and Illinois. Plaintiff provides nothing to suggest the presence of exceptional or unusual circumstances that would overcome the general rule that a deponent should be deposed near where they reside. Plaintiff points to Defendant Moussaron's counterclaim and Defendant Krithivas' attempt to file a counterclaim. However, the Court cannot conclude that these filings provide a basis to depart from the general rule, especially to the extent those counterclaims are mandatory.[7]

Plaintiff also points to the forum selection clause in the NDAs Defendants executed. If Defendants brought claims under the NDAs, the forum selection clause might support requiring them to appear for their depositions in Utah,[8] but Plaintiff's argument holds less sway here where they are responding to those claims. Further, even if somehow applicable to this discovery dispute, the forum selection clause would, at most, support a deposition in St. George, Utah, not Salt Lake City.[9] While Plaintiff complains that Defendant Krithivas' alternative of Phoenix would require everyone to travel to Krithivas' counsel's location, Plaintiff's deposition notices do the same. The only link to Salt Lake City is the location of Plaintiff's counsel. This does not

---

[6] *Metrex Rsch. Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).

[7] *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (E.D. Ill. 1982) ("If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location.").

[8] *Signode Indus. Grp. LLC v. Gipperich*, No. 8:25-cv-02860-TPB-AAS, 2026 WL 1652697, at *2 (M.D. Fla. Mar. 3, 2026) ("Forum selection clauses generally reinforce the expectation that the plaintiffs must litigate in the designated forum, including appearing for depositions there.")

[9] Docket No. 1-1 (providing the forum be in the Fifth Judicial District, State of Utah or applicable United States Federal District Court).

provide a sufficient justification to require Defendants to appear in Salt Lake City for their depositions.

It is therefore

ORDERED that Defendants' Joint Expedited Short Form Motion for Protective Order and to Stay Depositions (Docket No. 87) is GRANTED IN PART AND DENIED IN PART. The parties are directed to meet and confer on the timing and location of Defendants' deposition near Defendants' residences.

DATED this 11th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge