Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
John E. Holland (Admitted Pro Hac Vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>     Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>     Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>     Defendant. | **[PROPOSED] MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Daniel Moussaron and Vikaas Krithivas filed a Joint Motion for Partial Judgment on the Pleadings on SkyWest Airlines, Inc.'s Third Cause of Action under the Computer

Fraud and Abuse Act ("CFAA") and Fourth Cause of Action under the Utah Computer Abuse and Data Recovery Act ("UCADRA") (the "Motion"), Dkt. ___. The Court has reviewed the Complaint and its attached Confidentiality and Nondisclosure Agreements, Defendant Krithivas's Answer, Defendant/Counterclaim Plaintiff Moussaron's Answer and Counterclaim, and SkyWest's Answer to Moussaron's Counterclaim, the Motion, SkyWest's opposition, and Defendants' reply.

Rule 12(c) applies the same standard as Rule 12(b)(6). The Court accepts well-pleaded facts as true, but not legal conclusions, and may consider agreements attached to the Complaint as part of the pleadings.[1]

The Motion does not ask the Court to decide the disputed technical question whether Defendants actually crossed or defeated a computer-access control. The dispositive legal question is narrower: whether a union-organizing purpose, a company policy, an alleged NDA, automation, volume, or post-access use can independently supply the access elements of the CFAA or UCADRA. They cannot. The Motion further raises whether Count Four pleads UCADRA's separate requirement that an unauthorized user act knowingly and with intent to cause harm or damage. It does not. The Motion is therefore GRANTED as set forth below.

### BACKGROUND

The Complaint alleges that Moussaron accessed SkyWest Online ("SWOL") using his own SkyWest employee ID and password and completed multifactor authentication ("MFA").[2] It alleges that Krithivas likewise used his own employee ID, password, and MFA.[3] The Complaint does not allege that either Defendant stole another person's credentials, impersonated another user, defeated MFA, entered through a disabled account, or accessed SWOL after SkyWest completely revoked his credentials.

---

[1]   Fed. R. Civ. P. 10(c), 12(c); *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[2]   Dkt. 1, Compl. ¶ 23.

[3]   *Id.* ¶ 29.

The Complaint separately alleges that role-based controls prevented line pilots from viewing or retrieving certain personal telephone numbers and home addresses and that Defendants used developer tools or a program to circumvent those controls.[4] Defendants' Answers deny that any technical boundary was crossed. That technical dispute is not resolved by this Order.

The pleadings also identify the alleged purpose of the later communications. Moussaron admits that he provided pilot contact information to an Air Line Pilots Association ("ALPA") representative for union organizing and helped send one text message polling pilots about interest in ALPA representation.[5] The Complaint describes the communication only as "mass messages" concerning matters outside legitimate SkyWest business. Compl. ¶ 36. The Railway Labor Act protects employees' right to organize and assist in organizing and prohibits carrier interference with employee organization. The organizing purpose does not immunize independently unlawful acquisition of information, but it cannot itself become the access or fraud element of a computer statute.[6]

## LEGAL ANALYSIS

### I.     THE CFAA REGULATES PROHIBITED ACCESS, NOT DISFAVORED PURPOSE OR LATER USE.

The CFAA prohibits intentionally accessing a protected computer "without authorization" or "exceed[ing] authorized access" and thereby obtaining information.[7] A person "exceeds authorized access" only by using authorized access to obtain or alter information that the person is not entitled "so to obtain or alter."[8] Under *Van Buren v. United States*, this is a gates-up-or-down

---

[4]   *Id.* ¶¶ 14, 22, 33, 58, 65.

[5]   Dkt. 47, Moussaron Answer ¶ 36.

[6]   45 U.S.C. §§ 152, Third–Fourth, 181; *Tex. & N.O.R. Co. v. Bhd. of Ry. & S.S. Clerks*, 281 U.S. 548, 565–70 (1930); *SkyWest Pilots ALPA Org. Comm. v. SkyWest Airlines, Inc.*, No. C 07-2688 CRB, 2007 WL 1848678, at *12–15 (N.D. Cal. June 27, 2007) (unpublished).

[7]   18 U.S.C. § 1030(a)(2)(C).

[8]   *Id.* § 1030(e)(6).

inquiry: an authorized user exceeds access by obtaining information from a computer area to which the user's authorized access does not extend, not merely by acting for an improper purpose.9

Accordingly, a workplace policy, confidentiality agreement, organizing purpose, retrieval volume, automation, or later disclosure cannot by itself convert authorized entry into access "without authorization" or "exceed[ing] authorized access." The CFAA addresses access, not subsequent misuse. SkyWest may pursue a properly pleaded theory that Defendants actually obtained information from a computer area or information resource to which their authorized computer access did not extend. It may not substitute a policy or purpose restriction for that access boundary.10

The Complaint's own-credentials allegations also foreclose a theory of outsider access or complete revocation. This case is therefore unlike decisions allowing a "without authorization" theory after permission was expressly withdrawn before the challenged access.11

## II.    THE COMPLAINT DOES NOT PLEAD A SEPARATE FRAUDULENT SCHEME UNDER 18 U.S.C. § 1030(a)(4).

Section 1030(a)(4) requires prohibited access, an intent to defraud, use of the access to further the intended fraud, and obtaining something of value. The Complaint does not identify a misrepresentation, an omission made under an independent duty to disclose the organizing purpose, an intended victim of deception, or a fraudulent scheme distinct from the alleged access. The organizing purpose, an alleged policy or NDA violation, automation, and the access itself do not supply the separate fraud element.12

---

9    *Van Buren v. United States*, 593 U.S. 374, 389–96 (2021); *see also Moxie Pest Control (Utah), LLC v. Nielsen*, 164 F.4th 1195 (10th Cir. 2026).

10    *Van Buren*, 593 U.S. at 393–96; *Moxie Pest Control*, 164 F.4th at 1200; *Giles Constr., LLC v. Tooele Inventory Solution, Inc.*, No. 2:12-cv-37, 2015 WL 3755863, at *3–4 (D. Utah June 16, 2015) (unpublished); *United States v. Nosal*, 676 F.3d 854, 860–64 (9th Cir. 2012) (en banc).

11    *See ACI Payments, Inc. v. Conservice, LLC*, No. 1:21-cv-00084-RJS-CMR, 2022 WL 622214, at *9 (D. Utah Mar. 3, 2022) (unpublished).

12    18 U.S.C. § 1030(a)(4); *Fidlar Techs. v. LPS Real Estate Data Sols., Inc.*, 810 F.3d 1075, 1079–83 (7th Cir. 2016).

### III.   UCADRA REQUIRES A QUALIFYING ACCESS METHOD IN ADDITION TO A LACK OF AUTHORIZATION.

UCADRA applies only to an "unauthorized user" of a protected computer. The statutory definition is conjunctive. The person must not be an authorized user and must access the computer either by obtaining an authorized user's technological access barrier without that user's permission or by circumventing, without the owner's permission, a technological access barrier on the computer. A "technological access barrier" is a password, security code, token, key fob, access device, or other digital security measure.[13]

UCADRA's separate provision that permission is valid only to the extent or for the specific purpose authorized does not erase the access-method requirement. Reading a purpose violation as sufficient by itself would make the credential-acquisition and circumvention language superfluous. Utah law requires the Court to give effect to each part of the enacted definition.[14]

The Complaint forecloses the credential-acquisition alternative because it alleges that each Defendant used his own employee ID, password, and MFA. Company policies and NDAs are also not technological access barriers. They communicate rules; they do not technologically control access. The residual phrase "other digital security measure" must be read in context with the listed security devices. A role-based software control that actually prevents an authenticated account from retrieving particular information may present a factual question. A policy, purpose restriction, contractual promise, automation, volume, or later use does not satisfy UCADRA's circumvention requirement.[15]

SkyWest's program-transmission theory under Utah Code § 63D-3-104(1)(b) does not alter the result. That subsection applies only to an "unauthorized user of a protected computer." Sending

---

[13]   Utah Code §§ 63D-3-102(1), (7), (9), 63D-3-103, 63D-3-104(1).

[14]   *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863.

[15]   *See Yates v. United States*, 574 U.S. 528, 543–46 (2015) (plurality opinion); *cf. Vox Mktg. Grp., LLC v. Prodigy Promos L.C.*, 556 F. Supp. 3d 1280, 1285–87 (D. Utah 2021) (addressing alleged manipulation of URLs to reach pages intended to be password-protected).

a script, code, or command does not itself establish unauthorized-user status. SkyWest must still establish the statutory access method, that Defendants acted knowingly and with intent to cause harm or damage, and the resulting harm or loss required by the applicable subsection.

UCADRA also independently requires an unauthorized user to act knowingly and with intent to cause harm or damage. Utah Code § 63D-3-104(1). Although the Complaint alleges resulting harm and loss, it does not allege that Defendants accessed or transmitted information with the intent to cause that harm or damage. Count Four therefore fails on this independent ground.

## ORDER

IT IS HEREBY ORDERED that Defendants' Joint Motion for Partial Judgment on the Pleadings, Dkt. ___, is GRANTED as follows:

1. The union-organizing purpose alleged in the pleadings cannot, by itself, establish access without authorization, exceeding authorized access, fraudulent intent, or unauthorized-user status under the CFAA or UCADRA. This ruling does not immunize independently unlawful acquisition of information and does not adjudicate the merits of Moussaron's Railway Labor Act counterclaim.

2. As to Count Three under the CFAA:

   a. Judgment is entered for Defendants on any theory that access was "without authorization" or "exceeded authorized access" solely because the alleged conduct violated company policy, the alleged NDAs, a business-purpose restriction, or because Defendants allegedly used automation, retrieved information at scale, retained information, or later used or disclosed it.

   b. Any surviving CFAA theory is limited to proof that Defendants obtained information from a particular computer area or information resource to which their authorized

computer access did not extend. The Court does not decide whether the alleged role-based controls created such a boundary or whether Defendants crossed it.

    **c.** SkyWest's claim under 18 U.S.C. § 1030(a)(4) is DISMISSED because the Complaint does not plead a fraudulent scheme independent of the alleged access, organizing purpose, or policy or NDA violation.

**3.** As to Count Four under UCADRA:

    **a.** Count Four is DISMISSED because the Complaint does not plead that Defendants acted knowingly and with intent to cause harm or damage as required by Utah Code § 63D-3-104(1).

    **b.** Alternatively and independently, judgment is entered for Defendants on any theory based solely on purpose, company policy, the alleged NDAs, automation, retrieval volume, retention, or later use or disclosure.

    **c.** The credential-acquisition alternative likewise fails because the Complaint alleges that each Defendant used his own employee ID, password, and MFA and does not allege that either Defendant obtained another authorized user's technological access barrier without that user's permission.

    **d.** If leave to amend Count Four is later granted, or to the extent Count Four otherwise remains at issue, any circumvention theory is limited to proof that Defendants actually circumvented an identified technological access barrier within Utah Code § 63D-3-102(7). The Court does not decide whether a pleaded role-based software control qualifies as such a barrier, whether Defendants circumvented it, or whether SWOL was a "protected computer" as to the disputed information under Utah Code § 63D-3-102(6)(b).

    **e.** Any program-transmission theory in any Count Four permitted by amendment remains dependent on proof that Defendants were unauthorized users under § 63D-3-102(9), acted

knowingly and with intent to cause harm or damage, and caused harm or loss as a result of the transmission.

4. This Order does not resolve SkyWest's contract, implied-covenant, fiduciary-duty, conspiracy, declaratory-relief, or injunctive-relief claims. Defendants' defenses to those claims are preserved.

5. Defendants' right to seek reasonable attorney fees as prevailing parties under Utah Code § 63D-3-105(2) at the procedurally appropriate time is PRESERVED.

DATED this ___ day of _____, 2026.

**BY THE COURT:**

_____
DAVID NUFFER
Senior United States District Judge