Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone:  (801) 359-4169
Facsimile:  (801) 359-4313
email:  jonathan@utahjobjustice.com
        lauren@utahjobjustice.com
        jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ  85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>    Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>    Defendant and Counterclaim Plaintiff<br><br>and VIKAAS KRITHIVAS,<br><br>    Defendant. | **DEFENDANTS' JOINT MOTION TO QUASH PLAINTIFF'S SUBPOENA TO THE AIR LINE PILOTS ASSOCIATION AND FOR A PROTECTIVE ORDER**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

1

**RELIEF REQUESTED**

Defendants Moussaron and Krithivas, pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c) and DUCivR 7-1, move to quash in part or in whole Requests Nos. 1, 2, 3, 5, 6, 7, 8, 9, and 10 of the subpoena *duces tecum* that Plaintiff SkyWest Airlines, Inc. ("SkyWest") noticed on July 29, 2026, for service on the Air Line Pilots Association, International ("ALPA"), and for a protective order under Rule 26(c)(1)(A) forbidding/limiting that discovery. The subpoena seeks information that that is protected under Section 2, Fourth of the Railway Labor Act, First Amendment Freedom of Association, Rule 26(c)(1)(G), is simply not relevant to SkyWest's claims, and is overbroad. In addition, the subpoena seeks information protected by common-interest privilege, attorney-client privilege, work-product privilege, and joint-defense privilege. A copy of the subpoena duces tecum is attached as Exhibit A.

**INTRODUCTION**

From the start of this litigation, Defendants have objected to providing SkyWest union organizing information on the basis that it has no relevancy to SkyWest's claims that Defendants obtained pilot contact information from SkyWest Online, and that union organizing information is protected. In response, SkyWest has moved this Court to compel production of that information, which Defendants have objected. Those motions are pending before this Court (Dkts. 67, 69, 70, 71 and 72). Rather than wait for a ruling, SkyWest has attempted a run-around of Defendants' objections and their own attempted court intervention and instead turned to a nonparty subpoena to obtain the same information from ALPA. In addition to seeking union organizing information, the subpoena also demands the parties' privileged defense communications and information about how the Defendants are funding their defense. The Court should quash the offending requests. They seek information protected by the First Amendment

2

associational privilege and Rule 26(c)(1)(G), the Railway Labor Act, the attorney-client privilege, the joint-defense privilege, the work-product doctrine, the common-interest privilege, and they are overbroad and disproportionate. Because the material is not relevant to SkyWest's claims and is privileged, the Court should forbid the offending discovery under Rule 26(c)(1)(A); at a minimum, resolution should await the Court's ruling on the objections already before it.

## BACKGROUND

SkyWest's claims arise from Defendants alleged access to pilot contact information on SkyWest Online. Defendants have asserted that non-public organizing and supporter information is protected by the First Amendment associational privilege, Rule 26(c)(1)(G), and that the Railway Labor Act protects employees' efforts to organize a union and engage in collective bargaining without SkyWest's interference. Those objections are squarely before the Court: SkyWest's motions to compel (Dkts. 67, 69, 70, 71 and 72) seek the identities of organizing participants and related records, and the parties have briefed the forensic-search protocol that provides Defendants arguments about protected union organizing (Dkt. 77). The Court has not yet ruled on those motions.

On July 29, 2026, SkyWest served a Rule 45(a)(4) Notice of Intent to Serve a subpoena on ALPA (Ex. A). The subpoena's ten requests reach, among other things: (Req.1) communications and documents related to the Database that Moussaron created and sent to ALPA, including the spreadsheet (viewable version of the database); (Req. 2 and 3) communications related to the spreadsheet; (Req. 5) all communications referencing Moussaron, Krithivas, pilot contact information, SkyWest Online, this litigation, and ALPA's organizing campaign; (Req. 6) ALPA's receipt and use of pilot contact information; (Req. 7) pilot contact information provided to ALPA by Moussaron or Krithivas from January 1, 2023; (Req. 8)

3

documents and communication related to any financial support or benefits promised by ALPA to Moussaron or Krithivas; (Req. 9) Communications related to Defendants, this lawsuit, and the organizing campaign.; (Req. 10) and documents and communications relating to legal representation, funding of legal fees, or indemnification of Moussaron and/or Krithivas, or coordination regarding defenses and counterclaims.

Two days after receiving the notice of intent to serve the subpoena, Defendants sent a letter to SkyWest raising objections to the subpoena and requesting to meet and confer (Ex. B). Counsel for the parties met and conferred regarding this dispute on Friday August 7, 2026 (participants: Jonathan Thorne for Moussaron; Scott Uthe for Krithivas; and Zach Burford for SkyWest), but were unable to resolve any of Defendants concerns. Meanwhile, days prior to even meeting and conferring and without further notice, SkyWest served the subpoena on ALPA despite Defendants' notice of objections and request to meet and confer.

## LEGAL STANDARD

The Court "must quash or modify a subpoena that … requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Subpoenas are also subject to the relevance and proportionality limits of Rule 26(b)(1), and the Court may enter a protective order to shield a party from "annoyance, embarrassment, oppression, or undue burden," including by forbidding or limiting discovery. Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

### I. Defendants have standing to move to quash.

A party may move to quash a nonparty subpoena where it has "a personal right or privilege with respect to the subject matter sought." *Richards v. Convergys Corp.*, 2007 WL

4

474012, at *1 (D. Utah Feb. 7, 2007) (Nuffer, M.J.); *Master Saddles, LLC v. Kerr*, No. CIV-24-00224-PRW, 2025 U.S. Dist. LEXIS 87266, at *2 (W.D. Okla. May 6, 2025) . Defendants have both. They hold a personal First Amendment associational interest and Railway Labor protections in the organizing and supporter information, and they hold the common-interest privileges, attorney-client, work-product, and joint defense privilege.

**II. The subpoena improperly seeks to circumvent Moussaron's pending objections and should not issue before the Court rules.**

SkyWest served this subpoena while its motions to compel the same category of information from Moussaron remain pending (Dkts. 67, 69, 70, 71, 72) and while the associational-privilege question is otherwise before the Court. A party may not use a Rule 45 subpoena to obtain from a nonparty the very material a party has objected to producing, before the Court has resolved that objection; the proper course is to await the ruling. *See* Fed. R. Civ. P. 26(c) (authorizing the Court to control the sequence and scope of discovery). Allowing the subpoena to proceed now would let SkyWest circumvent Defendants' objections and preempt the Court's forthcoming ruling. In all events, the associational and privilege grounds set forth below are independent and require quashing in part or in whole Requests 1-3, 5-10; and to the extent the Court has ruled or later rules on the pending motions, the subpoena must conform to that ruling rather than evade it. The Court should quash or limit these requests as detailed below or, at a minimum, stay their enforcement pending the Court's ruling.

**III. Requests 1-3, 5, 6-7, 9 seek information protected by the First Amendment Associational Privilege,  Rule 26(c)(1)(G), and is not relevant; and requests 8 and 10 are protected by the common interest privilege.**

Compelled disclosure of the identities of, and communications among, participants in a union organizing campaign implicates the First Amendment freedom of association. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958). The Tenth Circuit applies that privilege

to civil discovery between private parties. *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) ("[T]he First Amendment … may be applicable in the context of discovery orders, even if all of the litigants are private entities."); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010). Once the resisting party makes a *prima facie* showing of arguable first-amendment infringement, the burden shifts to the party seeking discovery to demonstrate that the information is relevant and that its need is compelling. *Grandbouche*, 825 F.2d at 1466; *Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 608–09 (2021).

SkyWest cannot carry that burden — and, more fundamentally, it cannot show relevance at all. Information that is not relevant to any party's claim or defense is not discoverable, Fed. R. Civ. P. 26(b)(1); the identities of, and communications among, organizing participants are not elements of SkyWest's data-access claims, and who participated in the campaign, or what they said to one another, is not necessary to prove or disprove whether Moussaron exceeded authorized access to the directory data. Because the material is both irrelevant and privileged, it should be withheld in full, not merely produced under restriction. The associational harm, by contrast, is concrete: SkyWest terminated Moussaron, publicly accused the organizers of "stealing" pilot data, and initiated this suit. This Court has recognized the interest at stake. In *Association of Flight Attendants-CWA, AFL-CIO v. SkyWest Airlines, Inc.*, No. 2:23-cv-00723-DBB-DBP (D. Utah Dec. 18, 2025), Dkt. 157, the Court protected from discovery the names and personal identifying information of SkyWest flight attendants who had not publicly supported the union, together with authorization-card data. The protection applies here with even greater force, because SkyWest seeks the material not in its own defense but as the plaintiff pressing data-access claims to which the identities are immaterial.

Furthermore, the Railway Labor act provides protection from disclosure because the subpoena impermissibly and unlawfully attempts to interfere with the rights of SkyWest employees under Section 2, Fourth of the Railway Labor Act "to organize and bargain collectively through representatives of their own choosing." 45 U.S.C. § 152, Fourth;[1] *cf. United Nurses Associations of California v. Nat'l Lab. Rels. Bd.*, 871 F.3d 767, 785 (9th Cir. 2017) (affirming that employer's attempt to subpoena documents evincing employees' communications with a union and expressions of union interest violated parallel provisions of the National Labor Relations Act ("NLRA")); *Trans World Airlines, Inc. v. Indep. Fed'n of Flight Attendants*, 489 U.S. 426, 432, 440 (1989) (explaining that "carefully drawn analogies from the federal common labor law developed under the NLRA may be helpful in deciding cases under the RLA") (explaining that the "focus" of the 1934 amendments to the RLA, including Section 2, Fourth, is "the precertification rights and freedoms of unorganized employees"). Here, the Subpoena seeks communications between SkyWest employees and ALPA, as well as evidence of individual SkyWest employees' expressions of union interest. Disclosure of such information "would subject employees' [protected] activities to unwarranted investigation and interrogation" and, even if the attempt is not successful, "the harm is in the very request itself, which would have a

---

[1] Section 2, Fourth of the Railway Labor Act provides:

> Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this chapter. No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees, or to use the funds of the carrier in maintaining or assisting or contributing to any labor organization, labor representative, or other agency of collective bargaining ....

45 U.S.C. § 152, Fourth.

chilling effect on employees' willingness to engage in (or refrain from) protected activities." *United Nurses Associations of California*, 871 F.3d at 785. As such, SkyWest's very attempt to access such information constitutes unlawful interference with the rights of its employees under Section 2, Fourth of the RLA. *See Skywest Pilots ALPA Org. Comm. v. Skywest Airlines, Inc.*, 2007 WL 1848678, at *13, *17 (N.D. Cal. June 27, 2007) (finding a likelihood of success on the merits of ALPA's RLA Section 2, Fourth claims that SkyWest unlawfully interfered with employees' protected organizing activity and enjoining that interference).

**Request 1**, seeks a spreadsheet that Moussaron sent to ALPA and any communications related to the spreadsheet. The spreadsheet is a viewable version of the database that Moussaron created that contains multiple columns including pilot contact information. Moussaron does not object to the contact information (names, phone numbers, address) from the spreadsheet being produced, as Moussaron has already produced a similar spreadsheet containing pilot contact information. However, the entirety of the spreadsheet should not be produced as it contains columns that provide union organizing information that is protected by the RLA, the First Amendment Associational Privilege, Rule 26(c)(1)(G), and is not relevant to SkyWest's claims. Specifically, Moussaron objects to SkyWest obtaining the following columns in the spreadsheet: "Email" (SkyWest SWOL did not contain email addresses, so producing email addresses will indicate which pilots provided their email addresses to the organizing committee – which will indicate pro-ALPA support), "Assessment" (Numeric value representing the pilots' interest in having ALPA represent them), "AssessmentDate" (when the last assessment occurred), "DMSComments" (comments about communications with each individual pilot), "PilotComments" (comments made by individual pilots on intake forms), "Source" (includes identification of contact information that was added by individual OC members, or came from

ALPA – which indicates prior pro-ALPA support; importantly the "Source" does not indicate which contact information came from SkyWest SWOL, nor does any column), and "RegisteredDate" (date in which the pilot was added to the database - which occurred over many months).

Moussaron also objects to communication being produced that identifies any SkyWest employee that was part of the ALPA Organizing Committee ("OC"), or communication that details organizing efforts. He does not object to the production of communication that contains the transmission of the spreadsheet, as long as OC members are redacted and organizing communication contained within the communication is redacted.

**Requests 2 and 3**, seeks in part communications relating to and/or evidencing the transmission, receipt storage, access, use, or distribution, and/or identifying any person that accessed, reviewed, copied, received, discussed, and/or distributed the January 8 spreadsheet. Any communications responsive to this request that contain organizing communications or identification of OC members should be redacted.

**Request 5**, seeks all communications between ALPA and anyone related to Moussaron, Krithivas, pilot contact information, this lawsuit, and the January 8 spreadsheet. These communications will undoubtable include union organizing communications, OC members and identities, SkyWest employees that are pro-ALPA, etc. This request seeks communications that is protected by the RLA, the First Amendment associational privilege and Rule 26(c)(1)(G). Furthermore, it is overly broad and seeks information that is not relevant and protected by the common-interest privilege, attorney-client privilege, work-product privilege, and joint-defense privilege. This request should be narrowed and only include relevant information to SkyWest's claims that is non-privileged.

**Request 6**, seeks documents and communications related to pilot contact information. This would include any spreadsheets Moussaron sent ALPA, and communications between Moussaron, OC members and ALPA that includes organizing information. Any spreadsheets should be similarly redacted as set forth above (Request 1) as to limit information showing organizing activity/communications and OC members (and redacting any SkyWest employee other than Defendants), and any communications should be redacted so as not to identify OC members or organizing communications.

**Request 7**, seeks in part documents and communications related to pilot contact information or confidential information provided to ALPA by Defendants. Again any spreadsheets or communications should be redacted as set forth above.

**Request 8**, seeks communications relating to any financial support, reimbursement, compensation, and/or other benefit provided or promised by ALPA to Defendants. How Defendants fund their defense to this lawsuit is of no relevance whatsoever to SkyWest and clearly an attempt to foresee Defendants finances and ability to defend this matter and attempt to gauge whether or not this litigation will terminate early with Defendants bankruptcy – which is clear from SkyWest's attempt to get Defendants to put money in an escrow account to be held until the end of the litigation to help pay for the neutral expert.  Furthermore, any communications about this request are wholly irrelevant and simply meant to harass, annoy or embarrass Defendants. Additionally, this information is protected under the RLA and First Amendment associational privilege, common-interest privilege, attorney-client privilege, work-product privilege, and joint-defense privilege. This request should be quashed in its entirety.

**Request 9**, seeks in part communications by ALPA or its representatives related to SkyWest's claims, Defendants allegations, ALPA's organizing campaign generally. As detailed

above, these communications will undoubtably include union organizing communications, identities of OC members, SkyWest employees that are pro-ALPA, etc. This request seeks communications that is protected by the RLA, the First Amendment associational privilege and Rule 26(c)(1)(G). Furthermore, it is overly broad and seeks information that is not relevant and protected by the common-interest privilege, attorney-client privilege, work-product privilege, and joint-defense privilege. This request should be narrowed to only include relevant information to SkyWest's claims that is non-privileged.

**Request 10**, seeks information related to Defendants legal representation, funding of legal fees or costs, or indemnification of Defendants in connection with this litigation, or coordination regarding Defendants' defenses to SkyWest's claims, and/or Defendants counterclaims against SkyWest. On its face it targets any involvement by ALPA in the defense of the very organizing participants SkyWest has sued – related to the ALPA union organizing. That material is privileged and protected. Defendants and ALPA share a common interest in protecting union organizing information and opposing SkyWest's attempt to chill organizing activity at SkyWest and SkyWest pilots exercise of their federally protected rights to organize a union at SkyWest without interference. This common interest extends to and includes attorney-client privilege, work-product privilege, and joint-defense privilege, and is also protected under the RLA and First Amendment associational privilege. This request should be quashed in its entirety.

## IV. The requests are overbroad and not proportional to the needs of the case.

Independently, the requests sweep far beyond any legitimate need. Request 5 seeks "all communications … referencing … this Lawsuit," and Request 9 seeks "all social media posts" regarding the campaign generally; Requests 7 and 8 reach back to January 1, 2023, years before

11

the conduct at issue and before SkyWest's own defined relevant period of January 1, 2025. Such omnibus, open-ended demands are facially overbroad. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (requests for documents "relating to" a subject are often impermissibly broad); *Richards*, 2007 WL 474012, at *4–5 (quashing subpoena seeking "all documents … regarding" a person as overbroad). Because a subpoena must satisfy Rule 26(b)(1)'s proportionality limits and imposes those limits with special force on organizing material of no relevance to SkyWest's claims, the requests should be quashed or narrowed.

## CONCLUSION

Defendants respectfully request that the Court quash as detailed above Requests 1, 2, 3, 5, 6, 7, 8, 9, and 10 of SkyWest's subpoena to ALPA and enter a protective order under Rule 26(c)(1)(A) forbidding that discovery.

DATED this 14th day of August, 2026.

| SCHOLNICK THORNE HOLLAND | LAW OFFICES OF TIMOTHY D. DUCAR, PLC |
|---|---|
| **/s/ Jonathan K. Thorne**<br>Jonathan K. Thorne (Utah Bar No. 12694)<br>Lauren I. Scholnick (Utah Bar No. 7776)<br>John E. "Jack" Holland (pro hac vice)<br>40 South 600 East<br>Salt Lake City, Utah 84102<br>jonathan@utahjobjustice.com<br>lauren@utahjobjustice.com<br>jack@laborwest.com<br><br>Attorneys for Defendant/Counterclaimant Daniel Moussaron | **/s/ Scott C. Uthe (with permission)**<br>Timothy D. Ducar (Utah Bar No. 13423)<br>Scott C. Uthe (pro hac vice)<br>9280 E. Raintree Drive, Suite 104<br>Scottsdale, Arizona 85260<br>tducar@azlawyers.com<br>suthe@azlawyers.com<br>orders@azlawyers.com<br><br>Attorneys for Defendant Vikaas Krithivas |

**CERTIFICATE OF COMPLIANCE**

This memorandum contains 3,059 words, including footnotes and excluding the caption, signature blocks, and certificates. It complies with DUCivR 7-1(a)(4).

**CERTIFICATE OF SERVICE**

I certify that on the 14 day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Jonathan K. Thorne**