SCHOLNICK · THORNE · HOLLAND
Employment & Labor Law

July 31, 2026

*Sent Via Electronic Mail*

Gregory M. Saylin
Zachary T. Burford
Tyler S. Erickson
Tyson C. Horrocks
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101-2194

**Re:    SkyWest Airlines, Inc. v. Moussaron & Krithivas**
**Meet and Confer Regarding SkyWest Notice of SDT to ALPA**

Dear Zach:

This letter concerns SkyWest's July 29, 2026 Notice of Intent to Serve Subpoenas Duces Tecum on the Air Line Pilots Association, International ("ALPA"). We write pursuant to Federal Rule of Civil Procedure 45 and DUCivR 37-1 to confer before any motion is filed, as we continue to be willing to meet and confer. Moussaron and Krithivas object to the ALPA subpoena to the extent set out below and asks that SkyWest withdraw the Notice or agree not to serve the subpoenas until the Court has ruled on the objections already before it. If SkyWest proceeds, the Defendants will move to quash the subpoena.

We want to be direct about the nature of the dispute. Several of the ALPA requests ask ALPA, a third party, to hand SkyWest the internal records of a union organizing campaign – communications concerning Moussaron and the Organizing Committee, pilot contact information, and the campaign itself – communications, documentation, information that Moussaron has clearly objected to – and which is currently pending before the Court. As we have argued, those requests implicate the Railway Labor Act and the First Amendment associational privilege.

UTAH
40 South 600 East
Salt Lake City, Utah 84102
P: 801-359-4169
utahjobjustice.com

WASHINGTON
705 Second Avenue, Suite 1100
Seattle, Washington 98104
P: 801-359-4169
laborwest.com

**The subpoenas seek information already objected to and pending before the Court.** Requests 1-3, 5-7 and 9 of the ALPA subpoena in their current form seek the same non-public organizing and associational information that Moussaron has withheld on First Amendment associational-privilege and Rule 26(c)(1)(G) grounds. Those objections are squarely before the Court in SkyWest's pending motions to compel (Dkts. 67, 70, and 71) and in the forensic-search-protocol briefing. It is improper for SkyWest to use a third-party subpoena to obtain from ALPA the very material Moussaron has objected to producing, before the Court has ruled, and doing so is clearly an attempt to circumvent those objections and to moot the Court's forthcoming ruling. The associational privilege that protects this material is recognized in *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958), and applies to civil discovery between private parties, *Grandbouche v. Clancy*, 825 F.2d 1463, 1465–67 (10th Cir. 1987). SkyWest is well aware of the protection at stake: in *Association of Flight Attendants-CWA, AFL-CIO v. SkyWest Airlines, Inc.*, No. 2:23-cv-00723-DBB-DBP (D. Utah Dec. 18, 2025), the Court entered a protective order (Dkt. 157) shielding from discovery the names and personal identifying information of SkyWest flight attendants who have not publicly supported the union, as well as union authorization-card data.

**Request 8 and 10 seeks irrelevant information and Request 10 seeks privileged material.** Requests 8 and 10 seek information about ALPA providing any financial support, reimbursement, funding, and other benefits to Defendants. These requests are not relevant to the litigation. Request 10 also demands all documents relating to the legal representation and coordination of Moussaron's and Krithivas's defenses and counterclaims. That material is protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privilege. Defendants hold a personal right and privilege in this material, which confers standing to move to quash. See *Richards v. Convergys Corp.*, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (Nuffer, M.J.) (a party has standing to challenge a third-party subpoena where it has "a personal right or privilege with respect to the subject matter sought").

We therefore ask that SkyWest to agree in writing not to serve the ALPA subpoena until the Court has ruled on the pending associational-privilege objections and related motions. We remain willing to meet and confer and Scott Uthe and I are available to discuss this and

Moussaron's discovery meet and confer on Tuesday August 4 from 1 pm – 4 pm; Wednesday August 5 from 11:30 am – 2:00 pm; Thursday 11:30 am – 3:30 pm. Let me know if any of those dates/times work for you. We would prefer to resolve these issues by agreement and appreciate your prompt attention.

Sincerely,

**SCHOLNICK THORNE HOLLAND**

*/s/ Jonathan K. Thorne*
Jonathan K. Thorne

cc:    Scott Uthe
       Tim Ducar