IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS WITHOUT PREJUDICE<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motions to Compel.[1] Through several Motions, Plaintiff requests orders compelling Defendants to respond to its discovery requests. Defendants have resisted those requests, in part, on privileges asserted under the Railway Labor Act and the First Amendment. Defendants' privilege claims also feature heavily in Plaintiff's other pending Motions.[2]

"The party seeking to assert a privilege has the burden of establishing its applicability."[3] With respect to Defendants' First Amendment's associational privilege claim, the Tenth Circuit has held that it applies to discovery orders.[4] "[T]he party claiming a First Amendment privilege

---

[1] Docket Nos. 67, 69, 70, 71, 72, filed July 10, 2026.

[2] *See* Docket Nos. 61, 63.

[3] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

[4] *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) ("[W]e conclude that the First Amendment privilege applies to the district court's discovery order.")

in an objection to a discovery request bears the burden to make a prima facie showing of the privilege's applicability."[5] "[A] party claiming a First Amendment chilling affect meets its burden by submitting, for example, affidavits which describe harassment and intimidation of [a group's] known members, and the resulting reluctance of people sympathetic to the goals of [the group] to associate with [it] for fear of reprisals."[6] "[T]he burden shifts to the party seeking discovery only after the party claiming the privilege makes this prima facie showing."[7]

If the party asserting the privilege meets its initial burden, the Court "must conduct a balancing test before ordering disclosure."[8] "Among the factors that the trial court must consider are (1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information."[9] "Only after examining all of these factors should the court decide whether the privilege must be overborne by the need for the requested information."[10]

While the Court appreciates the parties efforts to utilize the short form discovery process to resolve their discovery disputes, claims of privilege are ill-suited for the short form discovery process. Instead, the Court concludes that the better process here is to require Defendants to file a motion for protective order to support their claims of privilege and for Plaintiff to respond addressing the balancing test factors. The parties should address their discovery disputes within

---

[5] *Id.* at 488.

[6] *Id.* at 491 (alterations in original, citations omitted, internal quotation marks omitted).

[7] *Id.* at 488.

[8] *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987).

[9] *Id.*

[10] *Id.* at 1466–67.

this framework. Additionally, it appears to the Court that many of the outstanding issues could be resolved, or at least narrowed, with meaningful meet and confer sessions. The Court reminds counsel of their ongoing obligations to hold such sessions.

The parties may utilize the page/word limitations and filing times provided in DUCivR 7-1(a)(4)(A) to brief this threshold issue. The Court will deny Plaintiff's pending Motions without prejudice until there is more clarity on the nature and scope of Defendants' assertion of privilege.

It is therefore

ORDERED that Plaintiff's Motions (Docket Nos. 61, 63, 67, 69, 70, 71, and 72) are DENIED WITHOUT PREJUDICE.

Defendants are directed to file a motion for protective order by September 14, 2026. That motion and all subsequent briefing shall comply with DUCivR 7-1(a)(4)(A).

DATED this 18th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge