Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL SAPA AGREEMENTS AND ACCESS MATERIALS (INTERROGATORY NO. 16 AND RFPS NOS. 22-24)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Krithivas's Motion (Dkt. 98) should be denied because SkyWest has identified the categories of agreements signed by SAPA individuals and, since Krithivas filed his Motion, has produced exemplars of each category of agreement signed by SAPA leaders, satisfying the response to RFPs 22-24.

**A. The Information Sought Is Not Relevant to Whether Defendants' Conduct Was Proper.**

SAPA is the independent, approved labor association for SkyWest pilots. In their roles as bargaining representatives, certain SAPA leaders have been authorized access to pilot telephone numbers through Sked+, subject to various nondisclosure agreements. Defendants, however, were not SAPA leaders, and thus this case concerns whether they exceeded their non-leader authorization by accessing and misusing SkyWest's systems and data. It does not concern SkyWest's separate, authorized arrangements with SAPA leaders, which are irrelevant to Defendants' conduct. Producing an exemplar copy of each category of agreement is sufficient to disclose the operative terms and satisfy any legitimate need Defendants may have for those agreements.

**B. SkyWest Has Identified the Categories of Agreements Signed by SAPA Individuals.**

Interrogatory 16 asked SkyWest to identify the agreements between SkyWest and SAPA concerning access to pilot contact information and other SkyWest data. Notwithstanding its relevance objections, SkyWest identified three categories of agreements governing SAPA leaders' access to SWOL: the nondisclosure agreement executed by designated SAPA leaders granted Sked+ access; the SAPA-specific nondisclosure agreement executed by SAPA board members; and the general employee confidentiality agreement signed by all SkyWest employees, including SAPA leaders. Dkt. 98-1 at 22–23.

Interrogatory 16 does not ask SkyWest to disclose the "title, dates, parties, signatories, custodian, term, and subject matter" of each agreement. Dkt. 98-1 at 22. SkyWest's response must be measured against the interrogatory as served, not against a reformulation in correspondence, and Krithivas cannot expand a request through a motion to compel. *See Alexander v. BF Labs Inc.*, 2015 U.S. Dist. LEXIS 75930, at *10 (D. Kan. June 11, 2015)

(denying motion to compel to the extent "plaintiffs attempt to expand their original request" through their briefing). SkyWest sufficiently responded to Interrogatory 16 as drafted.

**C. SkyWest Produced Exemplars of the Agreements Signed by SAPA Individuals.**

RFPs 22-24 seek the agreements governing SAPA's access; every amendment, renewal, replacement, addendum, supplement, and related communication concerning those agreements; and all requests made to Anita Spencer, Crew Support, or any other employee for SAPA access on or after January 1, 2025. As discussed above, however, SkyWest's separate, authorized arrangements with SAPA have no relevance to whether Krithivas exceeded his own authorization by accessing and misusing SkyWest's systems and data. Moreover, producing every executed agreement and all amendments, and identifying every requests made to grant access is not proportional to the needs of the case and would unnecessarily implicate employee privacy interests.

SkyWest's production of exemplars of the Sked+ NDA, SAPA-specific NDA, and general employee confidentiality agreement (SkyWest_0000526–34) sufficiently discloses the terms governing SAPA's access and restrictions imposed on that access. The Motion should therefore be denied.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*