Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL DISCOVERY CONCERNING THE PARAGRAPH 37 PILOT REPORT AND SOURCE CHAIN (INTERROGATORY NO. 14 AND RFP NO. 17)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest opposes Krithivas's motion to compel ("Motion," Dkt. 97) because (i) SkyWest has responded to each request, including by providing available information about the pilot, and (ii) the additional information sought in the Motion far exceeds the scope of the actual discovery requests. After Krithivas filed his Motion, SkyWest produced a supplemental response to Interrogatory 14 rendering the issue moot (*see* Exhibit A).

**A. SkyWest Has Responded to the Requests.**

Interrogatory 14 asks SkyWest to identify the Paragraph 37 pilot and describe all communications between SkyWest and that pilot concerning the allegations. Dkt. 97-1 at 19. SkyWest has provided the information available to it. SkyWest's initial response provided that the pilot is a current SkyWest pilot. SkyWest also responded that it did not have any direct communications with this pilot concerning the allegations. SkyWest's supplemental response clarified that SkyWest does not know the identity of the pilot and reaffirmed that SkyWest had no direct communications with this pilot. Ex. A.

RFP 17 broadly seeks all documents "relating to the allegations described in Paragraph 37 of the Complaint." Dkt. 97-1 at 33. As drafted, the request is vague, overly broad, and unduly burdensome. Nonetheless, SkyWest produced the Facebook post underlying the allegations described in Paragraph 37 of the Complaint (SkyWest_000015) and confirmed that it had no direct communications with the pilot concerning those allegations. Additionally, SkyWest has produced a log of related complaints and non-privileged communications concerning those complaints (SkyWest_000505-20). After Krithivas filed his Motion, SkyWest produced communications related to how SkyWest learned of the post.

As SkyWest has sufficiently responded to Interrogatory 14 and RFP 17, the Motion should be denied.

**B. The Motion Seeks Information Beyond What Was Included in the Discovery Requests.**

The Motion seeks more information than was requested in Interrogatory 14 or RFP 17. *Compare* Dkt. 97 at 2 *and* Dkt. 97-2, *with* Dkt. 97-1 at 19, 33. For example, Krithivas requests an order requiring SkyWest to (1) identify "the person who supplied the report to SkyWest, and

each intermediary;" (2) produce information relating to when SkyWest received the report, whether SkyWest obtained the caller's telephone number, whether that number matched either Defendant, and whether SkyWest confirmed any connection between the caller and either Defendant; and (3) produce "metadata," the "transmission chain," "communications concerning authenticity or reliability," and "documents reflecting a connection or failure to connect the caller to either Defendant." However, Interrogatory 14 only asks SkyWest to identify the pilot and any communications it had with the pilot. Additionally, Request 17 only seeks documents "relating to the allegations described in Paragraph 37 of the Complaint." Neither of these requests seeks the expansive, underlying information Krithivas now seeks through his Motion.

A motion to compel under Rule 37(a) is a mechanism to enforce existing discovery requests, not to expand them. *See* Fed. R. Civ. P. 37(a)(3)(B). Krithivas cannot use a motion to compel to obtain relief he never sought in his requests.

For these reasons, the Motion should be denied.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

38964224_v4