Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT KRITHIVAS'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL STATEMENT REGARDING PENDING SHORT-FORM DISCOVERY MOTION (DKT.73)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest opposes Krithivas's request for leave to file the supplemental statement (Dkt. 100). Regardless, nothing in the proposed supplemental statement (Dkt. 100-1) requires SkyWest to amend its responses to Interrogatories 8 and 10.

## ARGUMENT

Krithivas's request to supplement should be denied. The short-form procedures for discovery disputes provide for one motion and one response, each limited to 500 words. DUCivR

37-1. Krithivas filed Dkt. 73, and SkyWest filed its response (Dkt. 83). The proposed supplement is, in substance, an improper reply that circumvents the local rule's limits.

In any event, leave should be denied because the supplemental statement would not change the result of the Motion. As discussed in greater detail in SkyWest's response (Dkt. 83), which is incorporated herein by reference, Rule 33 requires only that each interrogatory be answered "separately and fully" under oath (Fed. R. Civ. P. 33(b)(3), (5)), which SkyWest did.

Interrogatory 8 asked SkyWest to "list and identify each Technological Access Barrier . . . that SkyWest alleges were bypassed by Defendants" and describe how they were bypassed. Interrogatory 10 asked SkyWest to "list and identify all 'access controls' allegedly bypassed by Defendants." In response, SkyWest identified authentication by employee ID and password, multifactor authentication, tiered, role-based permissions, UI field-level visibility restrictions through *isManager* and *Model.IsEmployee* logic, and contractual and policy controls. SkyWest also explained that Defendants circumvented those barriers by directly invoking the hidden employee-detail endpoint, using developer tools to inspect for non-visible information, and using automated scripts to retrieve restricted information at scale. Accordingly, SkyWest fully responded to each Interrogatory. Krithivas's mere disagreement with SkyWest's responses is "not grounds for finding that [it] did not provide a full and complete response." *Florer v. Johnson-Bales*, 2010 U.S. Dist. LEXIS 68123, at *7 (W.D. Wash. June 9, 2010).

RFA 21 does not alter that analysis. SkyWest admitted only that "the employee-detail endpoint . . . returned the same data fields regardless of whether the request originated from a click within the Directory UI or from an automated script." Dkt. 100-2 at 17. SkyWest expressly denied that "this technical behavior conferred authorization to access, view, retrieve, compile, or

use restricted fields through automated scripting" and denied that "the existence of fields in a server response payload authorized Defendants" to access those fields. *Id.* SkyWest's response distinguishes data returned by the endpoint from fields displayed to a user and is consistent with SkyWest's responses to Interrogatories 8 and 10.

Krithivas has failed to meet his burden of showing SkyWest's answers to Interrogatories 8 and 10 are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009). Krithivas's insistence that only a rejected request, authentication failure, 401/403 HTTP response, or defeated MFA qualifies as an "access control" is a merits dispute and does not demonstrate that SkyWest's response is incomplete. The interrogatories asked SkyWest to state its contention, and SkyWest did. For these reasons, SkyWest respectfully requests that the Court deny leave and any relief compelling SkyWest to amend or supplement its interrogatory responses.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

38964336_v3