Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO SET EXPEDITED BRIEFING SCHEDULE (DKT. 113)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

## INTRODUCTION

Two days after this Court set both the deadline and the briefing framework for Defendants' motion for protective order – "Defendants are directed to file a motion for protective order by September 14, 2026. That motion and all subsequent briefing shall comply with DUCivR 7-1(a)(4)(A)." (Dkt. 108, pg. 3) – SkyWest asks the Court to override its own Order, advance the court-ordered filing deadline by nearly two weeks, and cut Defendants' reply time in half. SkyWest's Motion never mentions the September 14 deadline it seeks to displace. Its asserted justification is "urgency." The Motion should be denied, because each of its factual premises is false, and the only urgency it identifies is SkyWest's preference for a schedule that would force Defendants to make an affidavit-dependent constitutional showing on a compressed record.

**I. The Motion's premises are false.**

**A. Defendants' "undisputed . . . hack" is neither undisputed nor established.**

SkyWest tells the Court that "[t]his case concerns Defendants' undisputed use of Tampermonkey and other methods to hack into SkyWest protected systems." (Dkt. 113, pg. 2.) Whether the conduct at issue was "hacking" is the central disputed question in this litigation – it is the subject of Defendants' pending motion for judgment on the pleadings and related to the very privilege briefing the Court has ordered. And the dispute is not one-sided rhetoric: SkyWest has admitted in discovery that the "employee-detail endpoint" – the address on SkyWest's own server that supplies an employee's directory record to any logged-in user who requests it – "returned the same data fields regardless of whether the request originated from a click within the Directory UI or from an automated script" (Ex. A - SkyWest's First Suppl. Resp. to Krithivas's Second Set, Resp. to Request for Admission No. 21). In plain terms: SkyWest's

server delivered the same employee information whether it was requested by a click in the on-screen directory by an employee, or by a script running in a logged-in pilot's browser – no security barrier was bypassed or broken to obtain it. And SkyWest's own opposition briefing now frames the case as "whether [Defendants] exceeded their non-leader authorization" (Dkt. 110, pg. 2) – an authorization-scope theory, not a hacking theory. A party may argue its characterization, but in this case cannot claim it is "undisputed."

**B. SkyWest has not been "blocked" from its three "basic questions."**

SkyWest asserts it has "been blocked" from learning "(1) what data was taken?; (2) who has received the data or has access to it?; and (3) how was it used?" (Dkt. 113, pg. 2.) The record refutes each item. What was taken[1]: Moussaron's sworn interrogatory answers describe the data accessed, the authenticated API mechanism, and the userscript that automated it, and SkyWest's own systems log every request – SkyWest produced its IIS web-server logs of the access (SkyWest_000038) and a summary it compiled from them (SkyWest_000001). Who received it: Moussaron identified the recipients, including the transmission of the data-management-system export to ALPA's representative, and produced the relevant underlying artifacts – including portions of the source code relevant to the intake system (i.e. the computer code for the internal database that received and stored the collected pilot contact information) and the contact list uploaded to EZ Texting (skywest_contacts_20251209_030724.csv), the very distribution SkyWest says it needs to trace. How it was used: Moussaron disclosed the organizing outreach, produced the mass text message itself, and produced the EZ Texting contact reports (a list of 5,019 names and phone numbers of SkyWest Pilots to whom the text was sent). Defendants'

[1] Defendants' both dispute any implication that any asset or information was "taken" or "stolen" in a possessory sense. Both Defendants' used company issued credentials to access SWOL, which resulted in them receiving pilot contact information on their own computers.

devices were imaged months ago under the Court's February 18, 2026, Preservation Order (Dkt. 43). What Defendants have declined to disclose – pending the very motion the Court has ordered briefed – is a narrow category: the identities of non-public, nonparty pilots whose association with a union-organizing campaign would be revealed by disclosure and any information they may have provided regarding their individual interest in being represented by ALPA. SkyWest's claim that it is "blocked" from critical facts at issue, is really a demand for information related to the organizing and identification of organizers, and which pilots at SkyWest are pro union (none of which have anything to do whatsoever with SkyWest's Complaint (Dkt. #1) – but instead an attempt to interfere and intimidate those pilots who want to unionize). This issue is precisely the question the Court directed the parties to brief, on the schedule the Court chose.

**C. There is no evidence-preservation urgency.**

SkyWest invokes the need "to mitigate damages and preserve evidence." (Dkt. 113, pg. 2.) Evidence preservation was accomplished in February: Defendants' devices were forensically imaged under the Preservation Order (Dkt. 43), and the images sit with a neutral. Nothing about the ordinary briefing schedule alters a preserved image. As for damages, SkyWest's own supplemental interrogatory answer itemizes its claimed loss as internal employee time and a prepaid vendor retainer invoiced in April 2026 (First Suppl. Resp., Answer to Interrogatory No. 15; SkyWest_0000535) – a damages picture that has been static for months and identifies no ongoing harm that four weeks of court-ordered briefing time would aggravate.

**II. The proposed schedule would prejudice Defendants on a motion the Court held requires an evidentiary showing.**

The Court's Order holds that Defendants bear the burden of a prima facie showing, made "for example," through "affidavits which describe harassment and intimidation." (Dkt. 108, pgs.

1–2, quoting *In re Motor Fuel Temp. Sales Pracs. Litig.*, 641 F.3d 470, 491 (10th Cir. 2011).) That showing is evidence-dependent: it requires declarations from percipient witnesses – including nonparties whose cooperation must be secured – and supporting exhibits. SkyWest, by contrast, concedes the issues have been "the subject of meeting and conferring, extensive correspondence and even briefing" on its side. (Dkt. 113, pg. 2.) Compressing Defendants' time to assemble the record, while costing SkyWest nothing it has not already written, is not a neutral scheduling adjustment. It is an attempt to litigate the privilege against a rushed and incomplete record.

The asymmetry is compounded by the parties' resources – a consideration the rules make express. The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and the 2015 Committee Note to Rule 1 cautions against the "over-use, misuse, and abuse of procedural tools that increase cost and result in delay." Rule 26 likewise makes "the parties' resources" an express consideration in calibrating discovery obligations. Fed. R. Civ. P. 26(b)(1). SkyWest is a major air carrier represented by a large law firm; it has filed five briefs in the three days since the Court's Order (Dkts. 109–113). And its positions on time run in one direction only: when asked to produce documents, SkyWest pleads that the review "would take hundreds of attorney hours" (Dkt. 109, pg. 3); when it wants Defendants' constitutional showing compressed, it pleads urgency. Defendants are two individual former pilots represented by small firms. A schedule that compresses the individuals' time to marshal declarations and exhibits, while the institutional party proceeds on briefing it has already written, does not administer the rules to secure a "just" determination; it converts a resource advantage into a procedural one.

**III. Defendants are proceeding diligently.**

No compulsion is needed, because the Court has already fixed the date. Defendants have been preparing their motion since the Order issued and will file it by the September 14, 2026, deadline the Order prescribes – unless otherwise ordered by the Court.

## CONCLUSION

The Motion's premises are false, its urgency is manufactured, and its practical effect would be to disadvantage the parties the Court has ordered to carry an evidentiary burden. Plaintiff is free to file its brief in a shortened fashion, but Defendants respectfully request that the Court deny Plaintiff's Expedited Motion (Dkt. 113) and confirm the September 14, 2026, deadline and briefing schedule set in its August 18, 2026, Order (Dkt. 108).

DATED this 20 day of August, 2026.

SCHOLNICK THORNE HOLLAND

/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

LAW OFFICES OF TIMOTHY D. DUCAR, PLC

/s/ Scott C. Uthe (Signed with Permission)
Timothy D. Ducar
Scott C. Uthe
*Attorneys for Defendant Vikaas Krithivas*

## CERTIFICATE OF COMPLIANCE

This opposition contains 1350 words and complies with the word limit of DUCivR 7-1(a)(4)(D).

## CERTIFICATE OF SERVICE

I certify that on the 20 day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

/s/ Jonathan K. Thorne