Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants. | **PLAINTIFF SKYWEST'S RESPONSE TO DEFENDANT MOUSSARON'S EXPEDITED DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff") by and through undersigned counsel, hereby responds to Defendant Daniel Moussaron's ("Defendant") Expedited Discovery Requests ("Requests") as follows:

**PRELIMINARY STATEMENT**

As of the date of these responses, Plaintiff has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the information and the documents that are presently available and specifically known to Plaintiff.

SkyWest did not author, draft, or issue that communication. Accordingly, the request seeks information outside of SkyWest's possession, custody, or control.

Subject to and without waiving these objections, SkyWest responds as follows:

(a) Spam Text Notice: The following individuals had meaningful input into or authority over the drafting and approval of this communication: Marissa Snow, Managing Director of Corporate Communications; and Todd Emerson, VP Legal. This notice was posted in response to reports that a large number of SkyWest pilots had received unsolicited text messages on their personal phones from non-SkyWest numbers and platforms.

(b) Message to Pilots from Chip Childs (dated January 28, 2026): The following individuals had meaningful input into or authority over the drafting and approval of this communication: Marissa Snow, Managing Director of Corporate Communications; Todd Emerson, VP Legal; Dale Hansen, General Counsel; Chip Childs, CEO; Robert Simmons, CFO; MSL Group (external public relations firm); and Kari Tate, Managing Director of People. This communication was sent in response to SkyWest's discovery of the data extraction scheme described in the Complaint and the company's obligation to inform its employees who were concerned about how their phone numbers were being accessed without their permission.

**INTERROGATORY #5:** Identify all individuals that were involved in any decisions or communications (and summarize those decisions/communications with regard to each individual) related to SkyWest's review of SWOL in relation to SkyWest's Complaint Dkt. 1 Paragraphs 21-33, and identify the role each individual played in the decisions and review, and identify why the decision was made to review SWOL and/or what it was in response to.

**RESPONSE:** SkyWest objects that this Interrogatory contains multiple discrete subparts; is overbroad and unduly burdensome to the extent it seeks a comprehensive narrative summary of all decisions and communications by all individuals involved in SkyWest's internal investigation; and seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks details of SkyWest's internal investigation strategy, mental impressions, and communications with counsel. Subject to and without waiving these objections, SkyWest responds as follows:

SkyWest's review of SWOL/Directory activity was initiated in response to reports of misuse of pilot contact information, including reports of unsolicited texts/calls from non-SkyWest numbers and platforms. The review was performed by SkyWest IT/security personnel, including SkyWest's Vice President of Information Technology (Justin Esplin) and SkyWest IT security team members, with appropriate coordination with SkyWest Legal and other business stakeholders. Discovery is ongoing, and SkyWest will supplement with additional non-privileged identification of personnel and roles after completing reasonable inquiry; SkyWest will not disclose privileged communications or attorney work product.

**REQUESTS FOR PRODUCTION**

**REQUEST #1:** Produce documents sufficient to show, for the SkyWest Online Directory (including any "Directory" or "profile view" feature) during August 1 – December 8, 2025: (a) each API endpoint, service call, method, or function used to retrieve Directory/profile data for an authenticated user, including endpoint path/URL and HTTP method; and (b) for each such endpoint/service call, the layer(s) where authorization is enforced and which layer performs the allow/deny decision (e.g., API gateway configuration, service-layer authorization

application logs, API gateway logs, authorization decision logs, audit logs, and any security monitoring logs relied upon by SkyWest.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts and is overbroad to the extent it seeks all logs "without limitation" across systems not relied upon by SkyWest and beyond what is proportional in expedited discovery (including security monitoring logs not reasonably necessary to respond to the claims at issue). SkyWest further objects to the extent the Request assumes the existence of discrete logs or records beyond the systems SkyWest maintains in the ordinary course. SkyWest further objects to the extent this Request is duplicative of other requests. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001.

**REQUEST #6:** Produce all communications to and/or from SkyWest employees and/or documentation about, relating to, or regarding:

a. The text message detailed in paragraph 36 of SkyWest's Complaint, Dkt. 1.

b. The December 9, 2025 email from pilots@skywestalpa.org about the text message and organizing.

c. The "Spam Text Notice" posted on SkyWest Online on or about December 10, 2025.

d. The Message to Pilots from Chip (presumably from Chip Childs), dated January 28, 2026, along with all documentation that was reported via the "portal" contained within that message (or any other similar reporting avenue) and any communication related to any reports that were made to the portal (or similar reporting avenue).

e. The SAPA email sent on February 1 ("January 26th Week in Review") regarding "stolen" names, addresses, and phone numbers of SkyWest Pilots, by "insiders".

**RESPONSE:** SkyWest objects to this Request as vague and ambiguous, including as to the terms "communications to and/or from SkyWest employees" and "about, relating to, or regarding," which are susceptible to multiple interpretations and could be read to encompass an overly broad range of documents unrelated to the claims and defenses at issue. SkyWest further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this case, including because it could sweep in large volumes of internal employee communications unrelated to the claims at issue, without reasonable limitation as to custodian, subject matter, or document type. SkyWest further objects to the extent it seeks communications protected by the attorney-client privilege or attorney work product doctrine, including communications prepared by or at the direction of counsel in connection with this litigation or any related investigation; such communications will not be produced. SkyWest further objects to the extent it seeks information outside of its possession, custody, or control. SkyWest further objects to the extent it seeks employee reports submitted through internal reporting portals that contain confidential personal information of third-party employees. SkyWest further objects to the extent this Request exceeds the proper scope of expedited discovery.

Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest will produce non-privileged copies of the communications identified in items (a) through (e) that are reasonably identified after a reasonable search.

**REQUEST #7:** Produce all communications from January 1, 2025 to the present to and/or from any SkyWest Management level employee or higher regarding, about or relating to the Air Line Pilots Association (ALPA) and/or efforts by SkyWest employees to organize and unionize.