Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **MOUSSARON'S SHORT FORM DISCOVERY MOTION TO COMPEL A COMPLETE ANSWER TO INTERROGATORY NO. 3**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Under DUCivR 37-1, Defendant Moussaron moves to compel SkyWest to supplement its answer to Interrogatory No. 3 of Moussaron's First Set of Expedited Discovery Requests to state the role each identified individual played in the decision to terminate Moussaron.

Interrogatory No. 3 asked SkyWest to identify the individuals involved in the termination decision, the role each played, and the final decision-maker. SkyWest identified seven individuals

– Jessica Mulligan, Tracy Gallo, Greg Wooley, Todd Emerson, Dale Hansen, Kari Tate, and Robert Manwaring – and stated that Gallo was the final decision-maker, but refused to describe the role any of them played, objecting that doing so would require “a comprehensive mapping of internal deliberations” and invoking the attorney-client privilege and work-product doctrine.

The role each individual played in an employment decision is a fact. The attorney-client privilege “only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.” Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). SkyWest’s relevance objection did not survive Moussaron’s Railway Labor Act counterclaim (Dkt. 47), which places the termination decision squarely at issue. And with the parties’ deposition plan contested (SkyWest wanting to limit depositions), Moussaron cannot rationally allocate depositions among seven decision-participants without knowing what part each played. No other response, production, or filing supplies this information.

**Certification**: Pursuant to DUCivR 37-1(b)(2)(A), counsel for Moussaron certify that the parties made reasonable efforts to reach agreement on the disputed matters: a written deficiency letter served by email on July 31, 2026; videoconferences on August 7, 2026 (participants: Thorne for Moussaron, Uthe for Kritivas, Burford for SkyWest); August 25, 2026 (participants: Thorne for Moussaron, Uthe for Kritivas, Burford and Horrocks for SkyWest); September 2, 2026 (participants: Thorne for Moussaron, Uthe for Kritivas, Horrocks for SkyWest). SkyWest counsel undertook to consult its client and respond. On September 9, Horrocks said he’d be willing to discuss the discovery again on September 16; Thorne responded his deadline to file a motion to compel pursuant to the local rules was September 14 and needed to know by close of business September 10 if SkyWest would produce responsive documents; Horrocks responded they could schedule a call for the afternoon of September 14 (the deadline); On September 9, Thorne

suggested a stipulated extension to the 45 day deadline if SkyWest was actually going to produce responsive documents. Horrocks did not respond.

This motion is filed within 45 days of the July 31, 2026 written communication. DUCivR 37-1(b)(2)(C).

Exhibit A – SkyWest's Response to Moussaron's First Set of Expedited Discovery Requests (relevant excerpts).

DATED this 11th day of September, 2026.

SCHOLNICK THORNE HOLLAND

/s/ Jonathan K. Thorne
Jonathan K. Thorne

*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of September, 2026, I electronically transmitted the attached pleading to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.

Scott Uthe, suthe@azlawyers.com
Tim Ducar, tducar@azlawyers.com
Attorneys for Defendant Vikaas Krithivas

*/s/Jonathan K. Thorne*