Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **MOUSSARON'S SHORT FORM DISCOVERY MOTION TO COMPEL AUTHORIZATION AND ACCESS-CONTROL DISCOVERY (INTERROGATORY NO. 1; REQUESTS FOR PRODUCTION NOS. 1–5)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Under DUCivR 37-1, Moussaron moves to compel SkyWest, on his First Expedited Set, to (1) supplement its answer to Interrogatory No. 1 to identify, for each alleged unauthorized-access event, the identity used and the log source supporting it; and (2) produce, under the Standard Protective Order, the records showing how access to its employee directory actually worked – the directory's documentation and authorization requirements (Request for Production No. 1); the

permission settings defining which employees could see which information (No. 2); what the server actually sent back to an ordinary pilot's request (No. 3); SkyWest's records of the roles and permissions each Defendant held (No. 4); and the raw activity logs underlying SkyWest's summary exhibit (No. 5) – or state that a category does not exist.

This evidence goes to the central element. SkyWest's CFAA and UCADRA claims turn on whether Defendants went where they were not allowed: liability "stems from a gates-up-or-down inquiry – one either can or cannot access a computer system, and one either can or cannot access certain areas within the system." Van Buren v. United States, 593 U.S. 374, 390 (2021). SkyWest pleads that its gates were built into the software: SWOL is "governed by role-based permissions that restrict pilots." (Compl. ¶¶ 57, 64.) Put plainly, SkyWest sued over where Defendants went inside its building; these Requests seek the floor plan, the badge-reader settings, the badges each Defendant carried, and the entry logs. A plaintiff cannot sue over its locks while refusing to show them.

SkyWest has produced none of it, relying on SkyWest_000001, a table its personnel compiled that proves more exists. Its "ViewerIP" column lists each viewer's real network address, found nowhere in the only raw log produced (SkyWest_000038 shows one internal address on every line). Those values came from other logs SkyWest never identified or produced. SkyWest describes the system fluently when it suits it: it explained the server-side restrictions to Krithivas and admitted the directory "returned the same data fields" to an automated script as to a mouse click. (Resp. to Krithivas's Request for Admission No. 21.) The Preservation Order already requires SkyWest to keep these records – "the current and historic state of the SWOL directory . . . including Defendants' access privileges . . . [and] change logs." (Dkt. 43 ¶ 12.)

The objections fail. The Standard Protective Order answers any security concern, yet nothing has been produced under it in six months. The terms SkyWest calls vague are its own systems' ordinary vocabulary, and Moussaron has narrowed any burden to change records from August 1, 2025 to January 31, 2026.

**Certification**: Pursuant to DUCivR 37-1(b)(2)(A), counsel for Moussaron certify that the parties made reasonable efforts to reach agreement on the disputed matters as further detailed in his another motion to compel - Agreed Supplementation and Production and Rule 33 verification - filed simultaneously herewith.

Exhibit A – SkyWest's Response to Moussaron's First Set of Expedited Discovery Requests (relevant excerpts).

DATED this 11th day of September, 2026.

SCHOLNICK THORNE HOLLAND

/s/ Jonathan K. Thorne
Jonathan K. Thorne

*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of September, 2026, I electronically transmitted the attached pleading to the Clerk's Office using the CM/ECF system for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.

Scott Uthe, suthe@azlawyers.com
Tim Ducar, tducar@azlawyers.com
Attorneys for Defendant Vikaas Krithivas

*/s/Jonathan K. Thorne*