Gregory M. Saylin, #9648
Zachary T. Burford, #19771
Tyler S. Erickson, #19523
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
ZTBurford@hollandhart.com
TSErickson@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants. | **PLAINTIFF SKYWEST'S RESPONSE TO DEFENDANT MOUSSARON'S EXPEDITED DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff") by and through undersigned counsel, hereby responds to Defendant Daniel Moussaron's ("Defendant") Expedited Discovery Requests ("Requests") as follows:

## PRELIMINARY STATEMENT

As of the date of these responses, Plaintiff has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the information and the documents that are presently available and specifically known to Plaintiff.

9. These general objections apply to each and every one of the following responses and objections, and failure to repeat an objection or the making of a specific objection in response to a specific interrogatory or request for production shall not be deemed a waiver of these general objections.

10. Plaintiff objects to the scope of these Discovery Requests to the extent they seek documents or information that exceed the scope or relevant time period identified in the Complaint or in relevant agreements.

## INTERROGATORIES

**INTERROGATORY #1:** Identify each event SkyWest contends demonstrates that Defendants bypassed RBAC or otherwise accessed Directory contact data without authorization during August 1 – December 8, 2025, and for each event identify: (a) the identity used; (b) the endpoint/service call/function; (c) the date and time (including time zone) and originating IP address and/or session identifier; (d) the response status and any authorization failure/deny indicators (including 401/403/access denied or equivalent); and (e) the log source(s) supporting SkyWest's contention (system name and log type).

**RESPONSE:** SkyWest objects that this Interrogatory contains multiple discrete subparts and is overbroad to the extent it requires SkyWest to narratively "identify each event" and provide multiple data points for each event where those data points are contained in the underlying logs; seeks security-sensitive details beyond what is proportional in expedited discovery; and is vague and ambiguous as to the terms "bypassed RBAC" and "without authorization." Subject to and without waiving these objections, SkyWest responds as follows:

During the relevant time period, the SWOL Directory was accessed via SWOL at: "https://www.skywestonline.com/OO/directory." Access was available only after a user logged in with username, password, and multi-factor authentication. When a user clicked "View" in the directory for an employee profile, the browser made a request to: https://www.skywestonline.com/OO/api/directory/empdetail/{EMPLOYEE_NUMBER}; HTTP Method: GET. The hidden URL requests the employee details from the web server. In the Microsoft IIS web server logs, normal directory usage will show a call from the visible page (https://www.skywestonline.com/OO/directory) to the hidden URL (https://www.skywestonline.com/OO/api/directory/empdetail/{EMPLOYEE_NUMBER}). The calling page is depicted by the Referrer in the logs. In the web logs for Moussaron and Krithivas the Referrer is not the normal visible directory page for frontline users, which indicates they were intentionally bypassing the user interface and accessing the hidden URL directly. Front-line pilots (including Defendant) were not authorized to access personal cell phone numbers and home addresses for other employees through the Directory. The server-side logic controlled access by omitting restricted fields from the rendered UI. As further response and pursuant to Rule 33(d), SkyWest refers Defendant to SkyWest_000001.

**INTERROGATORY #2:** With regard to paragraph 37 in SkyWest's Complaint (Dkt. 1), identify in detail all information SkyWest received related to the "complaint", identify the pilot that made the complaint, what information was conveyed to the pilot during the phone call, and who at SkyWest the substance of the phone call was conveyed to and how it was conveyed and what was conveyed, and whether this phone call complaint was recorded.

**RESPONSE:** SkyWest objects that this Interrogatory contains multiple discrete subparts; is overbroad and unduly burdensome to the extent it seeks a comprehensive narrative summary of all decisions and communications by all individuals involved in SkyWest's internal investigation; and seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks details of SkyWest's internal investigation strategy, mental impressions, and communications with counsel. Subject to and without waiving these objections, SkyWest responds as follows:

SkyWest's review of SWOL/Directory activity was initiated in response to reports of misuse of pilot contact information, including reports of unsolicited texts/calls from non-SkyWest numbers and platforms. The review was performed by SkyWest IT/security personnel, including SkyWest's Vice President of Information Technology (Justin Esplin) and SkyWest IT security team members, with appropriate coordination with SkyWest Legal and other business stakeholders. Discovery is ongoing, and SkyWest will supplement with additional non-privileged identification of personnel and roles after completing reasonable inquiry; SkyWest will not disclose privileged communications or attorney work product.

**REQUESTS FOR PRODUCTION**

**REQUEST #1:** Produce documents sufficient to show, for the SkyWest Online Directory (including any "Directory" or "profile view" feature) during August 1 – December 8, 2025: (a) each API endpoint, service call, method, or function used to retrieve Directory/profile data for an authenticated user, including endpoint path/URL and HTTP method; and (b) for each such endpoint/service call, the layer(s) where authorization is enforced and which layer performs the allow/deny decision (e.g., API gateway configuration, service-layer authorization

code/config, database permission configuration), including any endpoint documentation, route definitions, API specifications, or authorization design documents.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts; seeks sensitive security architecture documentation beyond what is proportional to the needs of expedited discovery; and is overbroad to the extent it seeks “each” endpoint and internal technical documentation not necessary to resolve the claims and defenses at issue. SkyWest objects to this Request to the extent it contains multiple undefined terms that are ambiguous and unclear, including “API endpoint, service call, method, or function,” “endpoint path/URL and HTTP method,” and “the layer(s) where authorization is enforced.” SkyWest further objects to the extent this Request is duplicative of requests addressed in SkyWest's responses to Defendant Krithivas' Interrogatories Nos. 1 and 2, and SkyWest incorporates those responses here. SkyWest objects to the extent this Request seeks documents that are not readily available or that do not exist in a format reasonably capable of production. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001 and to SkyWest's responses to Defendant Krithivas’ Interrogatories Nos. 1 and 2.

**REQUEST #2:** Produce documents sufficient to show each RBAC rule or equivalent authorization rule that SkyWest contends restricted Defendants access to any SWOL Directory Pilot Contact Information (phone number, address, email address) during August 1 – December 8, 2025, including any permission matrices, role/entitlement definitions, policy-as-code, authorization configuration, or access-control documentation reflecting: (a) the protected resource(s); (b) the inputs used to make the authorization decision

(roles/groups/entitlements/claims/scopes); and (c) the expected deny behavior. Produce documents sufficient to show any changes to such rules after December 8, 2025, including change logs, commit history excerpts, tickets, or release notes reflecting effective dates.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts; seeks security-sensitive implementation details beyond what is proportional to the needs of expedited discovery; and is vague as to “protected resource,” “inputs used to make the authorization decision,” “each RBAC rule,” and “Pilot Contact Information” (including whether it refers to UI display, payload content, or both). SkyWest further objects to the extent this Request is duplicative of requests addressed in SkyWest’s responses to Defendant Krithivas’ Interrogatory No. 2, and SkyWest incorporates that response here. SkyWest objects to the extent this Request seeks documents that are not readily available or that do not exist in a format reasonably capable of production. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001 and to SkyWest’s responses to Defendant Krithivas’ Interrogatories Nos. 1 and 2.

**REQUEST #3:** Produce documents sufficient to show, for August 1 – December 8, 2025, whether the server response(s) for Directory/profile retrieval included contact fields (including phone number, address, and/or email) for an authenticated user with the same access privileges as Defendants, including any response schemas, API response definitions, sample payloads, serialization models, or other technical documentation showing what fields were returned. Produce documents sufficient to show whether any contact fields were transmitted to an authenticated session but not rendered in the UI, including any UI rendering logic, mapping files, or documentation describing which response fields were displayed versus not displayed,

and produce documents sufficient to show any server-side omission/redaction of contact fields by role, if any.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts; seeks sensitive internal application logic and security design details beyond what is proportional to the needs of expedited discovery; and is overbroad and unduly burdensome to the extent it seeks “mapping files,” “serialization models,” “response schemas,” and similar technical materials not necessary to resolve the claims and defenses in expedited discovery. SkyWest further objects to the extent this Request is duplicative of requests addressed in SkyWest’s responses to Defendant Krithivas’ Interrogatories Nos. 1, 2, and 3, and SkyWest incorporates those responses here. SkyWest objects to this Request to the extent it contains multiple undefined terms that are ambiguous and unclear, including “server response” (HTML vs. other payload content). SkyWest objects to the extent this Request seeks documents that are not readily available or that do not exist in a format reasonably capable of production. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001 and to SkyWest’s responses to Defendant Krithivas' Interrogatories Nos. 1, 2, and 3.

**REQUEST #4:** Produce documents sufficient to show, as they are reflected in SkyWest's IAM/IdP records, for each Defendant for August 1 – December 8, 2025: (a) the IAM identity identifier(s) used for SWOL/Directory authentication and authorization and the mapping to employee identifiers; (b) the roles, groups, entitlements, claims, and/or scopes assigned; and (c) for each Directory endpoint/service call identified in response to Defendant Krithivas’ Interrogatory No. 1, whether the identity was permitted, denied, and/or field-filtered by

SkyWest's authorization rules, including any IAM directory exports, entitlement reports, access logs reflecting role/claim issuance, or authorization decision records sufficient to show the expected authorization result.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts; seeks confidential and security-sensitive IAM and authorization details beyond what is proportional for expedited discovery; and is vague and ambiguous as to "same access to Pilot Contact Information" given SkyWest's position that Defendants were not authorized to access certain personal contact fields for other employees. SkyWest further objects to the extent the Request assumes the existence of discrete "authorization decision logs" or "field-filtering records" beyond the systems SkyWest maintains in the ordinary course. SkyWest further objects to the extent this Request is duplicative of requests addressed in SkyWest's responses to Defendant Krithivas' Interrogatory No. 4, and SkyWest incorporates that response here. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001 and to SkyWest's response to Defendant Krithivas' Interrogatory No. 4.

**REQUEST #5:** Produce the log records and documents sufficient to support SkyWest's contention that Defendants bypassed RBAC or otherwise accessed Directory contact data without authorization during August 1 – December 8, 2025, including for each alleged event: (a) the user identity; (b) the endpoint/service call/function; (c) timestamps (with time zone), originating IP address and/or session identifier; (d) response status (including 200 OK) and any authorization failure/deny indicators (including 401/403/access denied or equivalent); and (e) the system name and log type/source. This request includes, without limitation,

application logs, API gateway logs, authorization decision logs, audit logs, and any security monitoring logs relied upon by SkyWest.

**RESPONSE:** SkyWest objects that this Request contains multiple discrete subparts and is overbroad to the extent it seeks all logs "without limitation" across systems not relied upon by SkyWest and beyond what is proportional in expedited discovery (including security monitoring logs not reasonably necessary to respond to the claims at issue). SkyWest further objects to the extent the Request assumes the existence of discrete logs or records beyond the systems SkyWest maintains in the ordinary course. SkyWest further objects to the extent this Request is duplicative of other requests. Subject to and without waiving these objections, and upon the entry of a mutually agreeable protective order, SkyWest refers Defendant to SkyWest_000001.

**REQUEST #6:** Produce all communications to and/or from SkyWest employees and/or documentation about, relating to, or regarding:

a. The text message detailed in paragraph 36 of SkyWest's Complaint, Dkt. 1.

b. The December 9, 2025 email from pilots@skywestalpa.org about the text message and organizing.

c. The "Spam Text Notice" posted on SkyWest Online on or about December 10, 2025.

d. The Message to Pilots from Chip (presumably from Chip Childs), dated January 28, 2026, along with all documentation that was reported via the "portal" contained within that message (or any other similar reporting avenue) and any communication related to any reports that were made to the portal (or similar reporting avenue).

e. The SAPA email sent on February 1 ("January 26th Week in Review") regarding "stolen" names, addresses, and phone numbers of SkyWest Pilots, by "insiders".