# EXHIBIT F

to Defendants' Joint Motion for Protective Order

Plaintiff SkyWest's First Supplemental Response to Defendant Krithivas' Second Set of Discovery Requests (served August 18, 2026) – excerpts: caption (p. 1); Interrogatory No. 13 (pp. 17–19); Request for Production No. 16 (pp. 35–37); signature page (p. 48)

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF SKYWEST'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT KRITHIVAS' SECOND SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby supplements its response to Defendant Vikaas Krithivas' ("Defendant") Second Set of Discovery Requests ("Requests") as follows:

**PRELIMINARY STATEMENT**

As of the date of these responses, SkyWest has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the

the data returned by unauthorized scripted access is equivalent in legal significance to data returned by authorized manual use; (3) it calls for a legal conclusion to the extent it seeks to establish that automated scraping and authorized manual browsing are legally equivalent forms of access; (4) it is compound; (5) it is premature to the extent fact discovery and expert analysis are ongoing and the subject of forthcoming expert disclosure; (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine; (7) it seeks information equally available to, and within the personal knowledge of, Defendants regarding their own conduct; and (8) it seeks information duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest admits that the employee-detail endpoint (GET /OO/api/directory/empdetail/{EMPLOYEE_NUMBER}) returned the same data fields regardless of whether the request originated from a click within the Directory UI or from an automated script. SkyWest denies that this technical data conferred authorization to access, view, retrieve, compile, or use restricted fields through automated scripting, and denies any remaining characterizations or implications of this Request. SkyWest further denies that the existence of fields in a server response payload authorized Defendants to access, retrieve, compile, or use those fields. SkyWest reserves the right to supplement this response at any time, including at trial.

## ANSWERS TO INTERROGATORIES

13. Identify every Communication between SkyWest and American Airlines concerning Daniel Moussaron, Vikaas Krithivas, or the allegations contained in the Complaint.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it incorporates the overbroad defined terms “Communication” (Definition 10), “Identify” as applied to

communications (Definition 12), and "American Airlines" (Definition 33), to which SkyWest objects as set forth in its definition-specific objections above; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrase "every Communication" combined with the expansive definitions of "Communication" and "American Airlines" could sweep in any incidental reference to the named individuals by any SkyWest employee or agent to any of the countless individuals encompassed by the "American Airlines" definition at any time; (3) it is vague and ambiguous as to the terms "concerning Daniel Moussaron, Vikaas Krithivas, or the allegations contained in the Complaint," which are susceptible to multiple interpretations; (4) it is overly broad as it is not limited as to time; (5) it is compound; (6) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any joint-defense or joint-litigation privilege; (7) it seeks information protected by third-party privacy interests or confidentiality obligations; and (8) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing.

Without waiving the foregoing objections, and limited to non-privileged communications by SkyWest personnel with meaningful input into or authority over SkyWest's external communications regarding the conduct alleged in the Complaint, SkyWest responds that on February 2, 2026, Dale Hansen (General Counsel) sent an email to Nate Gatten at American Airlines attaching a copy of the filed Complaint and notifying American Airlines of the initiation of litigation against Krithivas. On or about February 4, 2026, Dale Hansen had a telephone conversation with Nate Gatten at American to answer questions about the Complaint. Russell Childs recalls speaking with an American Airlines representative about the lawsuit via telephone

during the week of February 2, 2026. Mr. Childs does not recall the exact date or time of the conversation, as he speaks with American Airlines representatives on a daily basis, sometimes multiple times a day, regarding a range of business matters. To the extent responsive conversations of this nature occurred, they were short in duration and limited to the facts alleged in the Complaint. SkyWest further refers Defendant, pursuant to Rule 33(d), to documents previously produced or to be produced in this action, including SkyWest_0000475-504. SkyWest reserves the right to supplement this response at any time, including at trial.

14. Identify the pilot referenced in Paragraph 37 of the Complaint and describe all Communications between SkyWest and that pilot concerning the allegations described therein.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it is vague and ambiguous as to the phrase "describe all Communications between SkyWest and that pilot concerning the allegations described therein"; (2) it seeks private employee personal information not proportional to the needs of the case; (3) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine to the extent it inquires into internal communications with counsel or investigation strategy; (4) it seeks information implicating third-party privacy interests; (5) it incorporates the compound and overbroad definition of "Identify" and "Communication," which are objectionable for the reasons provided in SkyWest's definitional objections above and because they are susceptible to multiple interpretations; and (6) it is compound and contains multiple discrete subparts.

Without waiving the foregoing objections, SkyWest responds that the pilot referenced in Paragraph 37 of the Complaint is a current SkyWest pilot who posted on a private pilots' Facebook group on or about January 11, 2026, reporting that he had received an unsolicited call

**<u>Response</u>:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks "All telephone records, call logs, Teams records, Zoom records, Google Meet records, calendar invitations" without reasonable limitation as to custodian, time period, or specific subject matter; (2) it is vague and ambiguous as to the terms and phrases "telephone records," "call logs," "Team records," "Zoom records," "Google Meet records," "calendar invitations," "other Documents," "personnel," and "concerning the subject matter of this litigation," which are undefined and susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege; (5) it seeks documents implicating third-party privacy interests; (6) it is overly broad as it is not limited as to time; and (7) it seeks information that is duplicative and cumulative of information sought in prior requests.

Without waiving the foregoing objections, SkyWest refers Defendant to its prior produced communications with American Airlines and ALPA representatives concerning the subject matter of the litigation. *See* SkyWest_0000463-504. SkyWest further stands by its objections for the reasons stated above and, at this time, will not produce any information in response to this request. However, SkyWest remains willing to meet and confer to discuss narrowing the scope of the request and clarifying any vague or ambiguous terms to ensure compliance with the applicable rules. SkyWest reserves the right to supplement this response at any time, including at trial.

16. All Communications involving Dale Hansen, Chip Childs, Todd Emerson, Justin Esplin, Tracy Gallo, Kari Tate, Marissa Snow, Robert Simmons, Anita Spencer, Seilose Fa'Ulao,

or Jessica Mulligan containing the terms ALPA, union, organizing, SAPA, Moussaron, Krithivas, SWOL, Directory, pilot contact information, or solicitation.

**Response:** SkyWest objects to this Request on the grounds that (1) it incorporates the overbroad defined terms “Communication” (Definition 10) and “Document” (Definition 6), and to the extent the search terms implicate the defined terms “Union-Related Communication” (Definition 35) and “SAPA Representative” (Definition 34), SkyWest objects to those definitions as set forth above; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it targets eleven named custodians and ten broad search terms without any meaningful limitation as to time period, context, or relevance to the claims at issue, which would require SkyWest to process, search, and review tens of thousands of documents many of which are completely irrelevant to the claims or defenses in this litigation; (3) it is vague and ambiguous as to the terms “containing the terms” and the listed search terms, which could sweep in vast quantities of irrelevant communications; (4) it seeks information not relevant to any party’s claim or defense to the extent it seeks communications about ALPA, union organizing, or SAPA that are unrelated to the unauthorized-access and data-misuse claims at issue; (5) it is compound; (6) it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and confidential employee-relations strategy; (7) it seeks information protected by third-party privacy interests; and (8) it is overly broad as it is not limited as to time.

Without waiving the foregoing objections, SkyWest stands by its objections for the reasons stated above and, at this time, will not produce any information in response to this request. However, SkyWest remains willing to meet and confer to discuss narrowing the scope of

the request and clarifying any vague or ambiguous terms to ensure compliance with the applicable rules. SkyWest reserves the right to supplement this response at any time, including at trial.

17. All complaints, reports, emails, text messages, Teams messages, hotline reports, social media posts, screenshots, Facebook posts, investigative notes, or other Documents relating to the allegations described in Paragraph 37 of the Complaint.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks "All complaints, reports, emails, text messages, Teams messages, hotline reports, social media posts, screenshots, Facebook posts, investigative notes, or other Documents" without reasonable limitation as to custodian, time period, or document type; (2) it is vague and ambiguous as to the terms and phrases "complaints," "reports," "emails," "text messages," "Teams messages," "hotline reports," "social media posts," "screenshots," "Facebook posts," "investigative notes," "other Documents," and "relating to the allegations described in Paragraph 37 of the Complaint," which are undefined sand susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials prepared by or at the direction of counsel; (5) it seeks documents implicating third-party privacy interests, including confidential personal information of employees who reported concerns; and (6) it is premature to the extent SkyWest's investigation is ongoing.

Without waiving the foregoing objections, SkyWest has previously produced a non-privileged document relating to the complaint described in Paragraph 37 of the Complaint,

Without waiving the foregoing objections, SkyWest will produce responsive, non-privileged reports made by SkyWest pilots regarding the misuse of pilot contact information, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest also refers Defendant to previously produced documents at SkyWest_0000505-520. SkyWest reserves the right to supplement this response at any time, including at trial.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*