**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Having considered the Motion, the supporting declarations and exhibits, Plaintiff SkyWest Airlines, Inc.'s response, Defendants' reply, the parties' arguments, and the governing law, and for good cause appearing, the Court FINDS and ORDERS as follows:

I. FINDINGS AND SCOPE

The qualified First Amendment associational privilege recognized in *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987), *In re Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470 (10th Cir. 2011), and related authority applies to court-compelled civil discovery.

Defendants have made a prima facie showing that compelled disclosure of the non-public associational information described below presents an objectively reasonable probability of burdening or chilling protected association.

In reaching that conclusion, the Court has considered the nature of the information sought and the evidentiary record concerning confidentiality in the present organizing campaign, reluctance to participate or be identified, and the circumstances cited by Defendants as supplying an objective basis for that reluctance.

The Court does not, in entering this Order, determine whether any conduct alleged by Defendants constitutes unlawful retaliation, interference, or other wrongdoing. Those merits issues are not necessary to resolution of the present discovery dispute.

Having considered the relevance of the information, the necessity for disclosure, whether the information is available from other sources, and the nature of the information, the Court finds that good cause exists under Rule 26(c) for targeted protection of non-public associational information.

This Order does not create a blanket privilege for documents or information merely because they relate to union organizing. Ordinary organizing outreach, independently discoverable technical or transactional evidence, and other information that does not reveal protected non-public association remain subject to discovery under the Federal Rules.

The protections and procedures established by this Order apply to the discovery disputes presented in Dkts. 61, 63, 67, 69, 70, 71, and 72, including the underlying discovery requests and responses addressed in those filings. The protections apply according to the nature of the information sought rather than the particular discovery request or motion in which the issue arises.

II. PROTECTED NON-PUBLIC IDENTITIES

A party or nonparty subject to this Order need not disclose, and may redact from otherwise responsive written, documentary, or electronic discovery, the name and personal

identifying information of a nonparty SkyWest pilot or employee whose identity has not been publicly disclosed as supporting, participating in, assisting, privately communicating with, or otherwise privately associating with the ALPA organizing campaign, where disclosure of the identity would itself reveal that non-public association.

For purposes of this Order, "personal identifying information" includes information that, alone or in combination with other information produced in the same discovery, would reasonably identify the protected individual.

Section II does not protect an individual's identity to the extent the individual has publicly identified himself or herself as supporting or participating in the organizing campaign.

Section II does not categorically protect the identity of a person merely because that person engaged in organizing activity if evidence establishes that the person personally possessed the underlying SkyWest-derived dataset or participated in its acquisition, alteration, transfer, or use in a manner independently relevant to a pleaded claim or defense. In that circumstance, SkyWest may challenge protection of the identity pursuant to the procedures in Section VIII below.

III. OTHERWISE RESPONSIVE DOCUMENTS

Protected associational information contained within an otherwise responsive document does not authorize withholding the entire document solely on associational grounds.

Unless another valid privilege or objection independently applies, an otherwise responsive document shall be produced with only the information protected by this Order redacted.

Where appropriate, the producing party shall indicate that a redaction has been made pursuant to this Order.

Nothing in this Order prevents production of aggregated or anonymized information where the information is otherwise discoverable and can be produced without revealing a protected non-public identity, individualized employee sentiment, or confidential internal organizing strategy.

IV. INDIVIDUALIZED EMPLOYEE RESPONSES AND ORGANIZING SENTIMENT

Absent further order of the Court, a party or nonparty subject to this Order need not disclose information identifying whether or how a particular nonparty SkyWest pilot or employee privately responded to a union-organizing poll, survey, authorization effort, solicitation, telephone call, text message, electronic communication, or comparable organizing outreach where disclosure would reveal that individual's non-public position concerning union representation.

The protection in this Section IV includes information revealing that a particular individual supported, opposed, was undecided about, expressed interest in, declined to express a view concerning, or otherwise privately responded to union representation or organizing.

The protections in this Section IV do not prevent discovery of the content of outward-facing organizing communications themselves merely because those communications concern union organizing, provided protected individualized responses and identities are redacted where appropriate.

V. CONFIDENTIAL INTERNAL ORGANIZING COMMUNICATIONS

A party or nonparty subject to this Order may redact confidential portions of otherwise responsive, non-public internal organizing communications that reveal internal campaign

strategy, campaign planning, organizing assignments, internal deliberations, or internal assessments of individual employee support, where that information:

a. was not communicated outwardly to employees as organizing outreach; and

b. is not independently relevant and necessary to SkyWest's claims or defenses.

This Section V does not authorize withholding or redacting technical or transactional facts concerning the alleged acquisition, storage, possession, transmission, use, or disposition of SkyWest information merely because those facts appear within an organizing communication.

If a communication contains both discoverable technical or transactional information and protected associational information, the discoverable information shall be produced and only the protected portion may be redacted, subject to the challenge procedures established below.

VI. STRUCTURED DATA, DATABASES, AND DMS INFORMATION

The same distinction between discoverable conduct and protected association applies to databases, database tables, structured datasets, and similar electronically stored information, including the DMS materials implicated by the discovery dispute in Dkt. 70.

Technical information concerning database architecture, schema, table or field definitions, source code, intake methods, source-attribution mechanisms, and other responsive technical features is not protected merely because the database or system was used in connection with union organizing.

Row-level information may be redacted or anonymized to the extent it associates an otherwise protected individual with a private poll response, organizing preference, interest-level assessment, private participation, or other protected associational information.

Where technical or transactional information and protected associational information appear in the same database row, record, or structured dataset, the producing party shall produce the independently discoverable technical or transactional information while redacting or anonymizing only the protected associational portion where reasonably practicable.

Nothing in this Section prevents SkyWest from challenging a particular redaction or anonymization upon a showing that the protected information has become independently relevant and necessary to a pleaded claim or defense.

VII. RULE 26 DISCLOSURES AND AFFIRMATIVELY IDENTIFIED WITNESSES

If Defendants identify a person otherwise protected under this Order by name in a Rule 26(a) disclosure as an individual likely to have discoverable information that Defendants may use to support their claims or defenses, that individual's identity is not protected from disclosure under this Order.

The submission of a declaration under a pseudonym for the purpose of establishing the applicability of the First Amendment associational privilege or supporting a request for protection under this Order does not, by itself, waive protection of the declarant's identity. Any request for disclosure of such identity shall be addressed pursuant to Section VIII.

The Court reserves determination of whether disclosure may be required if Defendants later affirmatively rely upon that individual as a merits witness.Disclosure of an individual's identity under this Section VII does not automatically waive protection for unrelated private organizing sentiment, confidential internal strategy, or other associational information concerning that individual.

Nothing in this Order presently determines the extent to which otherwise protected identities or associational information must be disclosed for purposes of deposition examination,

dispositive-motion evidence, pretrial disclosures, or trial. Those issues may be addressed if and when they arise.

VIII. CHALLENGES TO ASSOCIATIONAL REDACTIONS OR PROTECTION

SkyWest may challenge any particular redaction, withheld identity, anonymization, or other protection claimed under this Order.

Before seeking Court intervention, the parties shall meaningfully meet and confer concerning the specific information at issue and attempt in good faith to resolve or narrow the dispute.

A challenge shall identify with reasonable particularity the document, communication, database field or record, identity, or other information for which disclosure is sought and the relevance and necessity asserted for that information.

If the dispute cannot be resolved, the Court will apply the balancing analysis required by *Grandbouche* and other controlling authority to the specific information at issue, including consideration of:

a. the relevance of the information;

b. the necessity of disclosure;

c. whether the information or its substantive equivalent is reasonably available from another source; and

d. the nature and sensitivity of the information.

The Court may conduct in camera review or employ another limited procedure where useful to determine whether a particular redaction, identity, communication, or other item is protected.

If the Court determines that disclosure of particular protected information is warranted after the required balancing, the Court may prescribe conditions limiting the persons permitted to receive the information or the purposes for which it may be used.

IX. FORENSIC SEARCHES

Nothing in this Order prevents an otherwise authorized forensic search from seeking evidence concerning the alleged acquisition, storage, possession, transmission, use, alteration, or disposition of SkyWest information at issue in this action.

A forensic protocol shall not be used as a generalized means of identifying non-public union organizers, supporters, participants, private employee sentiment, or confidential internal organizing communications where such information is not independently relevant and necessary under the governing balancing framework.

If otherwise valid forensic search criteria identify materials containing both relevant technical or transactional evidence and protected associational information, the materials shall be reviewed and produced subject to the redaction and challenge procedures established by this Order.

Any forensic protocol entered in this action shall provide a reasonable review mechanism permitting application of the protections in this Order before protected associational information is disclosed to SkyWest or its representatives, unless the Court otherwise orders as to particular information.

X. ATTORNEYS' EYES ONLY AND LIMITED DISCLOSURE

The availability of an Attorneys' Eyes Only ("AEO") or other confidentiality designation does not, by itself, establish that disclosure of protected associational information is relevant and necessary or otherwise satisfies the balancing required by the First Amendment.

The Court therefore does not order categorical disclosure of protected non-public identities, individualized employee sentiment, or confidential internal organizing information merely because such information could be designated AEO under the Standard Protective Order.

If the Court determines under Section VIII that particular protected information must be disclosed, the Court may order AEO treatment, outside-counsel-only treatment, or another appropriately limited disclosure mechanism as an additional safeguard.

Nothing in this Order otherwise modifies the Standard Protective Order governing discovery in this action except to the extent necessary to implement the protections expressly ordered herein.

XI. NONPARTY ALPA SUBPOENA

The protections and procedures established by this Order apply to the categories of associational information sought from nonparty Air Line Pilots Association, International through SkyWest's Rule 45 subpoena served August 5, 2026, addressed in Dkt. 106.

ALPA may apply the protections in this Order to responsive materials in the same manner as Defendants, including through targeted redaction or anonymization of protected identities, individualized sentiment, and confidential internal organizing information.

This Order does not resolve independent objections or privileges asserted in connection with the ALPA subpoena that do not depend upon the qualified First Amendment associational privilege addressed herein. Those issues remain for resolution in connection with the subpoena and any pending motion directed to it.

XII. RAILWAY LABOR ACT CONTEXT

The protections granted by this Order rest upon the qualified First Amendment associational privilege and Federal Rule of Civil Procedure 26(c). In evaluating the nature and

burden of compelled disclosure, the Court may consider the Railway Labor Act as relevant statutory context concerning employees' rights to organize and select representatives.

XIII. CONTINUING OBLIGATIONS AND MODIFICATION

This Order does not relieve any party or nonparty of an otherwise applicable obligation to produce discoverable information or of any continuing duty to supplement discovery responses.

No party may use this Order to conceal independently discoverable technical or transactional evidence concerning the conduct alleged in this action.

The parties shall continue to meet and confer in good faith to narrow disputes concerning protected associational information and to separate independently discoverable technical or transactional evidence from protected associational information wherever reasonably practicable.

Nothing in this Order prevents any party or affected nonparty from moving to modify the Order based upon changed circumstances, additional discovery, or a particularized need for information.

Nothing in this Order constitutes a ruling concerning the ultimate admissibility of any information at trial or the merits of any party's claims or defenses.

Discovery disputes governed by this Order shall otherwise be addressed consistently with the Federal Rules of Civil Procedure, the Local Rules, the Standard Protective Order, and any other applicable orders in this action.

Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion for Protective Order (Dkt. ___) is GRANTED as set forth above.

Dated this ____ day of _________, 2026.

BY THE COURT

______________________________
Judge Paul Kohler
United States Magistrate Judge