Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff*
*Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH - SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs. | **DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL DOCUMENTS SUPPORTING SKYWEST'S CLAIMED INVESTIGATION AND RESPONSE COSTS (INTERROGATORY NO. 15 AND RFPS NOS. 18-20)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Vikaas Krithivas moves under Rules 33, 34, and 37 and DUCivR 37-1 for an order compelling a complete supplemental answer to Interrogatory No. 15 and production under Requests for Production Nos. 18-20. The disputed requests and responses are attached as Exhibit A.

SkyWest now affirmatively contends that its claimed investigation and response costs include more than $35,000 for 186 hours of Cybersecurity Team time, more than $5,100 for 34 hours of software-development time, and $15,840 paid to Palo Alto Networks for penetration testing. Yet SkyWest has not produced records substantiating the employee-hour calculations or any Palo Alto report, test results, or other deliverable showing what penetration testing was performed and how it related to Defendants' alleged conduct.

RFP No. 18 expressly seeks documents relied upon by Justin Esplin in calculating or supporting the claimed costs. RFP No. 19 seeks invoices, timesheets, accounting records, consultant invoices, forensic reports, work orders, purchase orders, and cost summaries. RFP No. 20 seeks documents reflecting time spent investigating or responding to the allegations. SkyWest agreed to produce responsive nonprivileged documents, but its production remains incomplete.

Krithivas requests an order requiring SkyWest within seven days to: (1) serve a verified supplemental answer to Interrogatory No. 15 identifying the presently known factual basis and breakdown of its claimed investigation and response costs; (2) produce all responsive nonprivileged documents supporting those costs, including any Palo Alto reports, results, or deliverables and records supporting the 186- and 34-hour calculations; (3) serve amended Rule 34 responses stating whether its search and production are complete and whether responsive material is being withheld; and (4) identify responsive privileged or work-product material in a Rule 26(b)(5)(A) log.

**CERTIFICATION**

Counsel met and conferred by Zoom on August 25, 2026, at 2:30 PM. Participants were Scott C. Uthe for Krithivas, Tyson C. Horrocks for SkyWest, and Jonathan Thorne for

Moussaron. The dispute remained unresolved. Krithivas memorialized the unresolved issues by email on August 26 and September 3, 2026. SkyWest stipulated on September 11, 2026, that Krithivas could file unresolved short-form discovery motions through September 18, 2026.

DATED this 15th day of September, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

/s/ Scott C. Uthe
Timothy D. Ducar
Scott C. Uthe
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of September, 2026, I electronically filed the foregoing DEFENDANT KRITHIVAS'S SHORT-FORM DISCOVERY MOTION TO COMPEL DOCUMENTS SUPPORTING SKYWEST'S CLAIMED INVESTIGATION AND RESPONSE COSTS (INTERROGATORY NO. 15 AND RFPS NOS. 18-20) using the Court's CM/ECF system, which will serve all counsel of record.

/s/ Scott C. Uthe