# EXHIBIT A

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF SKYWEST'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT KRITHIVAS' SECOND SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby supplements its response to Defendant Vikaas Krithivas' ("Defendant") Second Set of Discovery Requests ("Requests") as follows:

**PRELIMINARY STATEMENT**

As of the date of these responses, SkyWest has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the

information and the documents that are presently available and specifically known to SkyWest. SkyWest anticipates that further discovery, independent investigation, and legal and factual research and analysis may supply additional facts and/or establish entirely new facts, conclusions, and legal assertions, all of which may lead to substantial additions to, changes in, and variations from the answers set forth herein.

Each response herein is made subject to all appropriate objections (including without limitation objections concerning scope, privilege, competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information, document, or thing at the time of trial or in any process or proceeding in this action. All such objections, and the grounds for such objections, are reserved and may be interposed at trial or any other process or proceeding in this action.

The answers and objections contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way prejudice SkyWest in relation to further discovery, research, or analysis. SkyWest responds to the Requests as it interprets and understands them. SkyWest reserves the right to supplement its response if Defendants subsequently assert an interpretation of any requests contained in the Requests that differs from SkyWest's current understanding. The following responses and objections are given without prejudice to SkyWest's right to produce evidence and subsequently discovered facts that SkyWest may obtain. Accordingly, SkyWest reserves the right to change any and all answers herein as additional facts or documents are ascertained, analyses are made, legal research is completed, and assertions are formulated.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that SkyWest responds to a request is without prejudice or precedent and should not be taken as an admission, or concession of the evidence of, any fact or document set forth, assumed, or implied by such request. Further, pursuant to Federal Rule of Civil Procedure 26(b), if SkyWest discloses privileged information in response to the requests, the disclosure is inadvertent and does not constitute a waiver of any applicable privilege.

SkyWest objects to the definition of "Identify" as applied to "SkyWest Systems," "person," "definition," and "communication" as compound, overbroad, and unduly burdensome to the extent the definitions embed multiple discrete subparts and require the production of granular technical, regulatory, and architecture-level information for every responsive item.

SkyWest objects to the definition of "SkyWest Systems" as overbroad and not proportional, including because, among other things, it sweeps in "any computer system, network, database, application, website, or electronic resource owned, operated, controlled, or used by SkyWest" without any limitation tied to the claims and defenses at issue.

SkyWest objects to the definition of "Plaintiff," "Counterclaim Defendant," "You," "Your," and "SkyWest" (Definition 1) as overbroad and not proportional to the extent it sweeps in "all agents, representatives, attorneys, subsidiaries, affiliates, or parent organization such as SkyWest Inc." The inclusion of "attorneys" improperly seeks to invade the attorney-client privilege and work-product doctrine. The inclusion of the parent corporation "SkyWest Inc." and unspecified "affiliates" or "subsidiaries" expands the scope of discovery beyond the named party without any showing of relevance to the claims and defenses at issue.

SkyWest objects to the definition of “Relates to,” “related to,” “relating to,” and “in relation to” (Definition 19) as overbroad and not proportional because it defines these terms “in their broadest sense” to mean “discuss, involve, reflect, deal with, consist of, refer to, represent, constitute, emanate from, be directed at, or in any way pertaining, in whole or in part, to the subject,” which would effectively eliminate any proportionality limitation and sweep in vast categories of tangentially related materials.

SkyWest objects to the definition of “Manager” (Definition 38) as overbroad because it encompasses “any employee with supervisory authority over one or more SkyWest employees, including but not limited to chief pilots, assistant chief pilots, base managers, department managers, directors, vice presidents, and executive officers,” which sweeps in a large and undefined custodian population without reasonable limitation tied to the claims at issue.

SkyWest objects to the definition of “Human Resources Personnel” (Definition 39) as overbroad because it encompasses “all employees assigned to Human Resources, People Operations, Employee Relations, Recruiting, Talent Acquisition, Crew Support, or any substantially similar function,” which sweeps in multiple distinct departments and an indeterminate number of employees without any limitation tied to the claims and defenses at issue or to specific custodians with relevant knowledge.

SkyWest objects to the definition of “American Airlines” (Definition 33) as overbroad to the extent it encompasses “its officers, directors, employees, agents, representatives, attorneys, investigators, human resources personnel, recruiting personnel, and any person acting on its behalf,” which improperly expands the scope of discovery to an unlimited universe of third-party

individuals without any showing that such persons have relevant knowledge or that discovery concerning them is proportional.

SkyWest objects to the definitions of “Device” (Definition 16), “Account” (Definition 17), “File” (Definition 22), “Dataset” (Definition 23), “Location” (Definition 24), and “Custodian” (Definition 25) as collectively overbroad, unduly burdensome, and not proportional to the needs of the case. Each definition is drafted in the broadest possible terms—encompassing, inter alia, “any electronic device capable of storing, processing, transmitting, or accessing data,” “any user account, login credentials, profile, or access mechanism,” “any electronic file . . . regardless of format or extension,” “any collection, compilation, database, list, spreadsheet, or organized grouping of data,” “any physical place, electronic storage medium, system, platform, service, or repository,” and “any person, entity, or organization that has possession, custody, control, or access to information”—without any limitation tied to the claims and defenses at issue. Collectively, these definitions are designed to circumvent the proportionality requirements of Rule 26(b)(1) and to impose obligations far exceeding what is necessary to resolve the narrow claims in this action.

SkyWest objects to the definition of “Credential” (Definition 28) as overbroad to the extent it encompasses “any username, password, multifactor authentication token or other SkyWest method to control access to any information or system” without limitation to the specific systems or credentials at issue in this action.

SkyWest objects to the definition of “Communicated” (Definition 26) as overbroad and unduly burdensome to the extent it encompasses seven separate sub-categories of sharing—including “granting access to accounts, systems, or databases containing the information,”

"posting or uploading to websites, platforms, or services accessible to others," and "incorporation into marketing materials, contact lists, or recruitment campaigns"—each of which independently broadens the scope of discovery beyond what is proportional to the needs of the case.

SkyWest objects to the definition of "Third Party" (Definition 18) as overbroad because it encompasses "any person, entity, company, organization, or service provider other than SkyWest and Defendants" without any limitation tied to relevance, the claims at issue, or proportionality, thereby imposing an unlimited universe of potential custodians and recipients.

SkyWest objects to the definition of "Union-Related Communication" (Definition 35) as overbroad, not proportional, and seeking information not relevant to any party's claim or defense in this action. The definition encompasses "any Communication that contains, references, discusses, concerns, or relates to ALPA, SAPA, labor organizing, union activity, union representation, organizing committees, representation elections, authorization cards, pilot organizing efforts, labor relations, collective bargaining, or any activity protected by the Railway Labor Act," which is untethered to the unauthorized-access and data-misuse claims at issue and improperly seeks to inject labor-relations subject matter into a computer fraud and breach-of-contract case.

SkyWest objects to the definition of "Investigation Costs" (Definition 36) as overbroad, argumentative, and designed to mischaracterize the nature of SkyWest's claimed damages. The definition encompasses "any labor, salary, payroll, consulting, legal, accounting, forensic, security, technology, remediation, response, mitigation, administrative, vendor, contractor, or other expense allegedly incurred by SkyWest arising from the allegations contained in the

Complaint," which improperly embeds characterizations and assumptions about SkyWest's damages claims and sweeps in categories of costs—including legal fees—that are protected by the attorney-client privilege and attorney work-product doctrine.

SkyWest objects to the definition of "SAPA Representative" (Definition 34) as overbroad to the extent it encompasses "any officer, director, board member, committee chair, representative, employee, volunteer, agent, or person acting on behalf of SAPA," which sweeps in an indeterminate and potentially large number of individuals without any limitation tied to the claims and defenses at issue or to the relevant time period.

SkyWest objects to the definition of "Document" (Definition 6) as overbroad and unduly burdensome to the extent it purports to expand the scope of Rule 34 of the Federal Rules of Civil Procedure by sweeping in every conceivable form of recorded material—including "source code," "scripts," "configuration files," "log files," "metadata," and "computer programs or data"—without any limitation tied to the claims and defenses at issue. The definition is further overbroad in requiring production of "all non-identical copies" bearing "marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations," which would impose an extraordinary and disproportionate burden.

SkyWest objects to the definition of "Communication" and "Communications" (Definition 10) as overbroad and unduly burdensome to the extent it encompasses "any exchange or transfer of information between two or more persons or between one or more persons and a file, computer system, or device, whether written, oral, electronic, or in any other form," which could be read to include automated system logs, machine-to-machine communications, and routine electronic processes entirely unrelated to the claims at issue.

SkyWest objects to the definition of "Employee Communications" (Definition 11) as vague and ambiguous to the extent it applies an arbitrary numerical threshold of "Communications sent to more than 100 SkyWest employees" without specifying whether the threshold refers to direct recipients, distribution-list members, or persons with incidental access, and without any limitation tied to the claims and defenses at issue.

SkyWest objects to the definition of "Pilot Contact Information" (Definition 14) as overbroad to the extent it sweeps in "names, employee identification numbers, contact information (including phone numbers, email address and physical addresses), and hire date," which extends beyond the personal cell phone numbers and home addresses at issue in this action to include information that is routinely available within the organization for legitimate business purposes.

SkyWest objects to the definition of "Relevant Period" (Definition 15) as overbroad and not proportional to the extent it extends from "August 29, 2025 through the present date" without a defined endpoint, thereby imposing a continuing and indefinite discovery obligation that is not proportional to the needs of the case and is inconsistent with the temporal scope of the claims alleged in the Complaint.

The foregoing definition-specific objections are incorporated by reference into each response below to the extent any such defined term is used or implicated in a particular request. SkyWest's responses to individual requests are subject to all definition-specific objections set forth above, whether or not specifically restated in each response.

**RESPONSES TO REQUESTS FOR ADMISSION**

10. Admit that Sky West voluntarily provided pilot telephone numbers to designated

the pilot concerning the allegations described in Paragraph 37. As the pilot posted in the Facebook group using a pseudonym, SkyWest is currently unaware of the pilot's true identity. SkyWest reserves the right to supplement this response at any time, including at trial.

15. State in detail the factual basis for SkyWest's contention that it incurred Investigation Costs, remediation costs, response costs, or damages arising from the allegations contained in the Complaint. Include a breakdown of expenses by month and year for each category.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it incorporates the defined term "Investigation Costs" (Definition 36), which is overbroad, argumentative, and designed to mischaracterize the nature of SkyWest's claimed damages, as set forth in SkyWest's definition-specific objections above; (2) it calls for a legal conclusion regarding the application of UCADRA's and the CFAA's defined terms; (3) it is a premature contention interrogatory to the extent it prematurely seeks a final damages quantification and breakdown before the close of fact and expert discovery—SkyWest's investigation and damages analysis are ongoing, and quantification is properly the subject of expert disclosure under Rule 26(a)(2); (4) it is compound and improperly calls for an open-ended narrative answer; (5) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it demands a granular monthly breakdown of costs when SkyWest's damages analysis has not been completed; (6) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials and consulting-expert analyses prepared at the direction of counsel; and (7) it is duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest responds that, since the discovery of Defendants' conduct, SkyWest has incurred and continues to incur "loss" well in excess of $5,000 in a one-year period, currently estimated to total over $55,000 in investigation and response costs as of the date of these responses, including, without limitation, costs associated with: (a) forensic analysis and incident response; (b) investigation of the scope and origin of the unauthorized access; (c) strengthening, testing, and hardening SWOL and related systems against further unauthorized access, including $15,840 in penetration testing; (d) legal and compliance review; and (e) communications with employees concerning unsolicited mass texts and calls from non-SkyWest numbers. SkyWest further incorporates its prior response to Interrogatory No. 9 of Defendant's First Set of Discovery Requests. SkyWest reserves the right to supplement this response at any time, including at trial.

**First Supplemental Response:** SkyWest objects to this Interrogatory on the grounds that (1) it incorporates the defined term "Investigation Costs" (Definition 36), which is overbroad, argumentative, and designed to mischaracterize the nature of SkyWest's claimed damages, as set forth in SkyWest's definition-specific objections above; (2) it calls for a legal conclusion regarding the application of UCADRA's and the CFAA's defined terms; (3) it is a premature contention interrogatory to the extent it prematurely seeks a final damages quantification and breakdown before the close of fact and expert discovery—SkyWest's investigation and damages analysis are ongoing, and quantification is properly the subject of expert disclosure under Rule 26(a)(2); (4) it is compound and improperly calls for an open-ended narrative answer; (5) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it demands a granular monthly breakdown of costs when SkyWest's damages

analysis has not been completed; (6) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials and consulting-expert analyses prepared at the direction of counsel; and (7) it is duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest responds that, since the discovery of Defendants' conduct, SkyWest has incurred and continues to incur "loss" well in excess of $5,000 in a one-year period, currently estimated to total over $55,000 in investigation and response costs as of the date of these responses, including, without limitation, costs associated with: (a) forensic analysis and incident response; (b) investigation of the scope and origin of the unauthorized access; (c) strengthening, testing, and hardening SWOL and related systems against further unauthorized access, including $15,840 in penetration testing; (d) legal and compliance review; and (e) communications with employees concerning unsolicited mass texts and calls from non-SkyWest numbers. More specifically, SkyWest's Cybersecurity Team (including its VP of Information Technology, Justin Esplin) spent a combined 186 hours investigating, analyzing, monitoring, responding, and implementing preventative measures in connection with Defendants' conduct valued at over $35,000 in employee time. Additionally, SkyWest's software development team spent approximately 34 hours responding to and remediating issues associated with Defendants' conduct, costing SkyWest over $5,100 in employee time. Moreover, SkyWest paid $15,840 to Palo Alto Networks, Inc. to perform necessary penetration testing arising out of Defendants' conduct. SkyWest further incorporates its prior response to Interrogatory No. 9 of Defendant's First Set of Discovery Requests. SkyWest reserves the right to supplement this response at any time, including at trial.

including the Facebook post referenced therein (SkyWest_000015) and a log of related complaints and non-privileged communications concerning those complaints (SkyWest_000505-20). SkyWest will produce additional responsive, non-privileged documents evidencing Defendants' improper access to and use of SkyWest Confidential Information, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

18. All Documents relied upon by Justin Esplin in calculating, estimating, supporting, or communicating any alleged Investigation Costs, remediation costs, response costs, losses, damages, or harm arising from the allegations in the Complaint.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrase "All Documents relied upon by Justin Esplin" is vague and sweeps in potentially voluminous categories of documents; (2) it is vague and ambiguous as to the terms "relied upon," "calculating, estimating, supporting, or communicating" and "remediations costs, response costs, losses, damages, or harm arising from the allegations in the Complaint," which contain undefined terms and are susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials, consulting-expert analyses, and materials prepared at the direction of counsel; (5) it is premature in light of the timing of expert disclosures and the ongoing nature of SkyWest's damages analysis; (6) it seeks confidential, proprietary, and/or security-sensitive information; and (7) it is duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest will produce responsive, non-privileged invoices, expense reports, work orders, and purchase orders in its possession, custody, or control that were relied upon by Justin Esplin in calculating, estimating, supporting, or communicating any alleged Investigation Costs, remediation costs, response costs, losses, damages, or harm arising from the allegations in the Complaint, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

19. All invoices, timesheets, billing records, accounting records, expense reports, consultant invoices, forensic reports, work orders, purchase orders, or cost summaries supporting any claim for Investigation Costs.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the extensive list of document types ("All invoices, timesheets, billing records, accounting records, expense reports, consultant invoices, forensic reports, work orders, purchase orders, or cost summaries") sweeps in voluminous categories of documents; (2) it is vague and ambiguous as to the scope of "supporting any claim for Investigation Costs" and the terms "invoices, timesheets, billing records, accounting records, expense reports, consultant invoices, forensic reports, work orders, purchase orders, or cost summaries," which contain undefined terms and are susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine; (5) it is premature in light of the timing of expert disclosures and the ongoing nature of SkyWest's damages analysis;

(6) it seeks confidential, proprietary, and/or security-sensitive information; and (7) it is duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest will produce responsive, non-privileged invoices, expense reports, work orders, and purchase orders evidencing its investigation costs, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

20. All Documents reflecting time spent by Justin Esplin, any member of SkyWest's Information Technology Department, Security Department, Legal Department, Human Resources Department, or any outside consultant investigating or responding to the allegations contained in the Complaint.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks "All Documents reflecting time spent" by numerous individuals and entire departments without reasonable limitation; (2) it is vague and ambiguous as to the terms "Information Technology Department," "Security Department," "Legal Department," "Human Resources Department," which are undefined and susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine, including investigative materials, consulting-expert analyses, and materials prepared at the direction of counsel; (5) it is premature in light of the timing of expert disclosures and the ongoing nature of SkyWest's damages analysis; (6) it seeks confidential, proprietary, and/or security-sensitive information; and (7) it sweeps in entire departments ("Information Technology Department, Security Department, Legal Department, Human

Resources Department") without limitation to specific custodians or timeframes, which, when paired with the request for "All Documents," will be unduly burdensome and overbroad.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged timesheets, invoices, expense reports, work orders, and purchase orders evidencing time spent by time spent by Justin Esplin investigating or responding to the allegations contained in the Complaint, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

21. All Communications in which Justin Esplin discussed, estimated, calculated, reported, or summarized Investigation Costs, remediation costs, damages, losses, or expenses arising from the allegations contained in the Complaint.

**Response:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks "All Communications" by Justin Esplin regarding costs without reasonable limitation as to time, context, or recipient; (2) it is vague and ambiguous as to the terms "discussed, estimated, calculated, reported, or summarized"; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine, including communications with or at the direction of counsel regarding damages assessment and litigation strategy; (5) it is premature in light of the timing of expert disclosures; and (6) it seeks confidential and proprietary information.

Without waiving the foregoing objections, after a diligent search and reasonable inquiry, SkyWest has no responsive communications by Justin Esplin regarding investigation and

Without waiving the foregoing objections, SkyWest will produce responsive, non-privileged reports made by SkyWest pilots regarding the misuse of pilot contact information, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest also refers Defendant to previously produced documents at SkyWest_0000505-520. SkyWest reserves the right to supplement this response at any time, including at trial.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*