# EXHIBIT A

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF SKYWEST'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT KRITHIVAS' SECOND SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby supplements its response to Defendant Vikaas Krithivas' ("Defendant") Second Set of Discovery Requests ("Requests") as follows:

**PRELIMINARY STATEMENT**

As of the date of these responses, SkyWest has not yet completed its investigation and discovery in this action. Accordingly, all answers contained herein are based upon the

information and the documents that are presently available and specifically known to SkyWest. SkyWest anticipates that further discovery, independent investigation, and legal and factual research and analysis may supply additional facts and/or establish entirely new facts, conclusions, and legal assertions, all of which may lead to substantial additions to, changes in, and variations from the answers set forth herein.

Each response herein is made subject to all appropriate objections (including without limitation objections concerning scope, privilege, competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information, document, or thing at the time of trial or in any process or proceeding in this action. All such objections, and the grounds for such objections, are reserved and may be interposed at trial or any other process or proceeding in this action.

The answers and objections contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way prejudice SkyWest in relation to further discovery, research, or analysis. SkyWest responds to the Requests as it interprets and understands them. SkyWest reserves the right to supplement its response if Defendants subsequently assert an interpretation of any requests contained in the Requests that differs from SkyWest's current understanding. The following responses and objections are given without prejudice to SkyWest's right to produce evidence and subsequently discovered facts that SkyWest may obtain. Accordingly, SkyWest reserves the right to change any and all answers herein as additional facts or documents are ascertained, analyses are made, legal research is completed, and assertions are formulated.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that SkyWest responds to a request is without prejudice or precedent and should not be taken as an admission, or concession of the evidence of, any fact or document set forth, assumed, or implied by such request. Further, pursuant to Federal Rule of Civil Procedure 26(b), if SkyWest discloses privileged information in response to the requests, the disclosure is inadvertent and does not constitute a waiver of any applicable privilege.

SkyWest objects to the definition of "Identify" as applied to "SkyWest Systems," "person," "definition," and "communication" as compound, overbroad, and unduly burdensome to the extent the definitions embed multiple discrete subparts and require the production of granular technical, regulatory, and architecture-level information for every responsive item.

SkyWest objects to the definition of "SkyWest Systems" as overbroad and not proportional, including because, among other things, it sweeps in "any computer system, network, database, application, website, or electronic resource owned, operated, controlled, or used by SkyWest" without any limitation tied to the claims and defenses at issue.

SkyWest objects to the definition of "Plaintiff," "Counterclaim Defendant," "You," "Your," and "SkyWest" (Definition 1) as overbroad and not proportional to the extent it sweeps in "all agents, representatives, attorneys, subsidiaries, affiliates, or parent organization such as SkyWest Inc." The inclusion of "attorneys" improperly seeks to invade the attorney-client privilege and work-product doctrine. The inclusion of the parent corporation "SkyWest Inc." and unspecified "affiliates" or "subsidiaries" expands the scope of discovery beyond the named party without any showing of relevance to the claims and defenses at issue.

SkyWest objects to the definition of "Relates to," "related to," "relating to," and "in relation to" (Definition 19) as overbroad and not proportional because it defines these terms "in their broadest sense" to mean "discuss, involve, reflect, deal with, consist of, refer to, represent, constitute, emanate from, be directed at, or in any way pertaining, in whole or in part, to the subject," which would effectively eliminate any proportionality limitation and sweep in vast categories of tangentially related materials.

SkyWest objects to the definition of "Manager" (Definition 38) as overbroad because it encompasses "any employee with supervisory authority over one or more SkyWest employees, including but not limited to chief pilots, assistant chief pilots, base managers, department managers, directors, vice presidents, and executive officers," which sweeps in a large and undefined custodian population without reasonable limitation tied to the claims at issue.

SkyWest objects to the definition of "Human Resources Personnel" (Definition 39) as overbroad because it encompasses "all employees assigned to Human Resources, People Operations, Employee Relations, Recruiting, Talent Acquisition, Crew Support, or any substantially similar function," which sweeps in multiple distinct departments and an indeterminate number of employees without any limitation tied to the claims and defenses at issue or to specific custodians with relevant knowledge.

SkyWest objects to the definition of "American Airlines" (Definition 33) as overbroad to the extent it encompasses "its officers, directors, employees, agents, representatives, attorneys, investigators, human resources personnel, recruiting personnel, and any person acting on its behalf," which improperly expands the scope of discovery to an unlimited universe of third-party

individuals without any showing that such persons have relevant knowledge or that discovery concerning them is proportional.

SkyWest objects to the definitions of "Device" (Definition 16), "Account" (Definition 17), "File" (Definition 22), "Dataset" (Definition 23), "Location" (Definition 24), and "Custodian" (Definition 25) as collectively overbroad, unduly burdensome, and not proportional to the needs of the case. Each definition is drafted in the broadest possible terms—encompassing, inter alia, "any electronic device capable of storing, processing, transmitting, or accessing data," "any user account, login credentials, profile, or access mechanism," "any electronic file . . . regardless of format or extension," "any collection, compilation, database, list, spreadsheet, or organized grouping of data," "any physical place, electronic storage medium, system, platform, service, or repository," and "any person, entity, or organization that has possession, custody, control, or access to information"—without any limitation tied to the claims and defenses at issue. Collectively, these definitions are designed to circumvent the proportionality requirements of Rule 26(b)(1) and to impose obligations far exceeding what is necessary to resolve the narrow claims in this action.

SkyWest objects to the definition of "Credential" (Definition 28) as overbroad to the extent it encompasses "any username, password, multifactor authentication token or other SkyWest method to control access to any information or system" without limitation to the specific systems or credentials at issue in this action.

SkyWest objects to the definition of "Communicated" (Definition 26) as overbroad and unduly burdensome to the extent it encompasses seven separate sub-categories of sharing—including "granting access to accounts, systems, or databases containing the information,"

"posting or uploading to websites, platforms, or services accessible to others," and "incorporation into marketing materials, contact lists, or recruitment campaigns"—each of which independently broadens the scope of discovery beyond what is proportional to the needs of the case.

SkyWest objects to the definition of "Third Party" (Definition 18) as overbroad because it encompasses "any person, entity, company, organization, or service provider other than SkyWest and Defendants" without any limitation tied to relevance, the claims at issue, or proportionality, thereby imposing an unlimited universe of potential custodians and recipients.

SkyWest objects to the definition of "Union-Related Communication" (Definition 35) as overbroad, not proportional, and seeking information not relevant to any party's claim or defense in this action. The definition encompasses "any Communication that contains, references, discusses, concerns, or relates to ALPA, SAPA, labor organizing, union activity, union representation, organizing committees, representation elections, authorization cards, pilot organizing efforts, labor relations, collective bargaining, or any activity protected by the Railway Labor Act," which is untethered to the unauthorized-access and data-misuse claims at issue and improperly seeks to inject labor-relations subject matter into a computer fraud and breach-of-contract case.

SkyWest objects to the definition of "Investigation Costs" (Definition 36) as overbroad, argumentative, and designed to mischaracterize the nature of SkyWest's claimed damages. The definition encompasses "any labor, salary, payroll, consulting, legal, accounting, forensic, security, technology, remediation, response, mitigation, administrative, vendor, contractor, or other expense allegedly incurred by SkyWest arising from the allegations contained in the

Complaint," which improperly embeds characterizations and assumptions about SkyWest's damages claims and sweeps in categories of costs—including legal fees—that are protected by the attorney-client privilege and attorney work-product doctrine.

SkyWest objects to the definition of "SAPA Representative" (Definition 34) as overbroad to the extent it encompasses "any officer, director, board member, committee chair, representative, employee, volunteer, agent, or person acting on behalf of SAPA," which sweeps in an indeterminate and potentially large number of individuals without any limitation tied to the claims and defenses at issue or to the relevant time period.

SkyWest objects to the definition of "Document" (Definition 6) as overbroad and unduly burdensome to the extent it purports to expand the scope of Rule 34 of the Federal Rules of Civil Procedure by sweeping in every conceivable form of recorded material—including "source code," "scripts," "configuration files," "log files," "metadata," and "computer programs or data"—without any limitation tied to the claims and defenses at issue. The definition is further overbroad in requiring production of "all non-identical copies" bearing "marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations," which would impose an extraordinary and disproportionate burden.

SkyWest objects to the definition of "Communication" and "Communications" (Definition 10) as overbroad and unduly burdensome to the extent it encompasses "any exchange or transfer of information between two or more persons or between one or more persons and a file, computer system, or device, whether written, oral, electronic, or in any other form," which could be read to include automated system logs, machine-to-machine communications, and routine electronic processes entirely unrelated to the claims at issue.

SkyWest objects to the definition of "Employee Communications" (Definition 11) as vague and ambiguous to the extent it applies an arbitrary numerical threshold of "Communications sent to more than 100 SkyWest employees" without specifying whether the threshold refers to direct recipients, distribution-list members, or persons with incidental access, and without any limitation tied to the claims and defenses at issue.

SkyWest objects to the definition of "Pilot Contact Information" (Definition 14) as overbroad to the extent it sweeps in "names, employee identification numbers, contact information (including phone numbers, email address and physical addresses), and hire date," which extends beyond the personal cell phone numbers and home addresses at issue in this action to include information that is routinely available within the organization for legitimate business purposes.

SkyWest objects to the definition of "Relevant Period" (Definition 15) as overbroad and not proportional to the extent it extends from "August 29, 2025 through the present date" without a defined endpoint, thereby imposing a continuing and indefinite discovery obligation that is not proportional to the needs of the case and is inconsistent with the temporal scope of the claims alleged in the Complaint.

The foregoing definition-specific objections are incorporated by reference into each response below to the extent any such defined term is used or implicated in a particular request. SkyWest's responses to individual requests are subject to all definition-specific objections set forth above, whether or not specifically restated in each response.

**RESPONSES TO REQUESTS FOR ADMISSION**

10. Admit that Sky West voluntarily provided pilot telephone numbers to designated

the data returned by unauthorized scripted access is equivalent in legal significance to data returned by authorized manual use; (3) it calls for a legal conclusion to the extent it seeks to establish that automated scraping and authorized manual browsing are legally equivalent forms of access; (4) it is compound; (5) it is premature to the extent fact discovery and expert analysis are ongoing and the subject of forthcoming expert disclosure; (6) it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine; (7) it seeks information equally available to, and within the personal knowledge of, Defendants regarding their own conduct; and (8) it seeks information duplicative and cumulative of prior requests.

Without waiving the foregoing objections, SkyWest admits that the employee-detail endpoint (GET /OO/api/directory/empdetail/{EMPLOYEE_NUMBER}) returned the same data fields regardless of whether the request originated from a click within the Directory UI or from an automated script. SkyWest denies that this technical data conferred authorization to access, view, retrieve, compile, or use restricted fields through automated scripting, and denies any remaining characterizations or implications of this Request. SkyWest further denies that the existence of fields in a server response payload authorized Defendants to access, retrieve, compile, or use those fields. SkyWest reserves the right to supplement this response at any time, including at trial.

## ANSWERS TO INTERROGATORIES

13. Identify every Communication between SkyWest and American Airlines concerning Daniel Moussaron, Vikaas Krithivas, or the allegations contained in the Complaint.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it incorporates the overbroad defined terms "Communication" (Definition 10), "Identify" as applied to

communications (Definition 12), and "American Airlines" (Definition 33), to which SkyWest objects as set forth in its definition-specific objections above; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrase "every Communication" combined with the expansive definitions of "Communication" and "American Airlines" could sweep in any incidental reference to the named individuals by any SkyWest employee or agent to any of the countless individuals encompassed by the "American Airlines" definition at any time; (3) it is vague and ambiguous as to the terms "concerning Daniel Moussaron, Vikaas Krithivas, or the allegations contained in the Complaint," which are susceptible to multiple interpretations; (4) it is overly broad as it is not limited as to time; (5) it is compound; (6) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any joint-defense or joint-litigation privilege; (7) it seeks information protected by third-party privacy interests or confidentiality obligations; and (8) it is premature to the extent SkyWest's investigation, fact discovery, and expert analysis are ongoing.

Without waiving the foregoing objections, and limited to non-privileged communications by SkyWest personnel with meaningful input into or authority over SkyWest's external communications regarding the conduct alleged in the Complaint, SkyWest responds that on February 2, 2026, Dale Hansen (General Counsel) sent an email to Nate Gatten at American Airlines attaching a copy of the filed Complaint and notifying American Airlines of the initiation of litigation against Krithivas. On or about February 4, 2026, Dale Hansen had a telephone conversation with Nate Gatten at American to answer questions about the Complaint. Russell Childs recalls speaking with an American Airlines representative about the lawsuit via telephone

during the week of February 2, 2026. Mr. Childs does not recall the exact date or time of the conversation, as he speaks with American Airlines representatives on a daily basis, sometimes multiple times a day, regarding a range of business matters. To the extent responsive conversations of this nature occurred, they were short in duration and limited to the facts alleged in the Complaint. SkyWest further refers Defendant, pursuant to Rule 33(d), to documents previously produced or to be produced in this action, including SkyWest_0000475-504. SkyWest reserves the right to supplement this response at any time, including at trial.

14. Identify the pilot referenced in Paragraph 37 of the Complaint and describe all Communications between SkyWest and that pilot concerning the allegations described therein.

**Response:** SkyWest objects to this Interrogatory on the grounds that (1) it is vague and ambiguous as to the phrase "describe all Communications between SkyWest and that pilot concerning the allegations described therein"; (2) it seeks private employee personal information not proportional to the needs of the case; (3) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine to the extent it inquires into internal communications with counsel or investigation strategy; (4) it seeks information implicating third-party privacy interests; (5) it incorporates the compound and overbroad definition of "Identify" and "Communication," which are objectionable for the reasons provided in SkyWest's definitional objections above and because they are susceptible to multiple interpretations; and (6) it is compound and contains multiple discrete subparts.

Without waiving the foregoing objections, SkyWest responds that the pilot referenced in Paragraph 37 of the Complaint is a current SkyWest pilot who posted on a private pilots' Facebook group on or about January 11, 2026, reporting that he had received an unsolicited call

(defined to include any person or entity in the world other than SkyWest and Defendants) are vague and could sweep in any incidental reference by any SkyWest employee or agent to any third party at any time; (3) it is vague and ambiguous as to the terms "communicated with any Third Party concerning" the listed individuals and topics; (4) it is overly broad as it is not limited as to time; (5) it is compound; (6) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any joint-defense or joint-litigation privilege; (7) it seeks information protected by third-party privacy interests or confidentiality obligations; (8) it is duplicative of Interrogatory No. 11 from Defendant's First Set of Discovery Requests; and (9) it is premature to the extent SkyWest's investigation is ongoing.

Without waiving the foregoing objections, SkyWest responds as follows: SkyWest stands by its objections for the reasons stated above and, at this time, will not produce any information in response to this request. However, SkyWest remains willing to meet and confer to discuss narrowing the scope of the request and clarifying any vague or ambiguous terms to ensure compliance with the applicable rules. SkyWest reserves the right to supplement this response at any time, including at trial.

## RESPONSES TO REQUESTS FOR PRODUCTION

13. All Communications between SkyWest and American Airlines concerning Daniel Moussaron, Vikaas Krithivas, this litigation, pilot hiring, pilot employment, pilot discipline, or the allegations contained in the Complaint.

**Response:** SkyWest objects to this Request on the grounds that (1) it incorporates the overbroad defined terms "Communication" (Definition 10), "American Airlines" (Definition 33),

and “Document” (Definition 6), to which SkyWest objects as set forth in its definition-specific objections above; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrase “All Communications” combined with the expansive definitions of “Communication” and “American Airlines” sweeps far beyond what is relevant to the claims and defenses at issue, and has no temporal limitation; (3) it is vague and ambiguous as to the terms “pilot hiring, pilot employment, pilot discipline,” which are susceptible to multiple interpretations and could encompass routine business communications unrelated to this litigation; (4) it is overly broad as it is not limited as to time; (5) it is compound; (6) it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any joint-defense or joint-litigation privilege; (7) it seeks documents subject to confidentiality obligations to third parties; (8) it seeks documents that may implicate third-party privacy interests; and (9) it seeks duplicative and cumulative information from prior requests.

Without waiving the foregoing objections, SkyWest has produced all responsive non-privileged communications between SkyWest and American Airlines relating to Moussaron, Krithivas, and the conduct alleged in the Complaint from the time period of January 1, 2026, to the present, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest refers Defendant to SkyWest_0000475-504. SkyWest reserves the right to supplement this response at any time, including at trial.

14. All Communications between SkyWest and any airline, aviation employer, recruiter, staffing company, labor organization, pilot association, or prospective employer concerning Daniel Moussaron or Vikaas Krithivas.

**Response:** SkyWest objects to this Request on the grounds that (1) it incorporates the overbroad defined terms "Communication" (Definition 10) and "Third Party" (Definition 18), and further implicitly invokes the expansive "Relates to" definition (Definition 19), to which SkyWest objects as set forth in its definition-specific objections above; (2) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, the phrase "any airline, aviation employer, recruiter, staffing company, labor organization, pilot association, or prospective employer" is extraordinarily expansive and untethered to the specific claims at issue, and has no temporal limitation; (3) it is vague and ambiguous; (4) it is overly broad as it is not limited as to time; (5) it is compound; (6) it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege; (7) it seeks documents subject to confidentiality obligations to third parties; and (8) it seeks documents that may implicate third-party privacy interests.

Without waiving the foregoing objections, SkyWest will produce responsive non-privileged communications between SkyWest and other airlines or staffing company relating to Daniel Moussaron or Vikaas Krithivas and the conduct alleged in the Complaint from January 1, 2026 to the present, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

15. All telephone records, call logs, Teams records, Zoom records, Google Meet records, calendar invitations, or other Documents sufficient to identify Communications between SkyWest personnel and American Airlines personnel, SAPA Representatives, or ALPA representatives concerning the subject matter of this litigation.

**<u>Response</u>:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks "All telephone records, call logs, Teams records, Zoom records, Google Meet records, calendar invitations" without reasonable limitation as to custodian, time period, or specific subject matter; (2) it is vague and ambiguous as to the terms and phrases "telephone records," "call logs," "Team records," "Zoom records," "Google Meet records," "calendar invitations," "other Documents," "personnel," and "concerning the subject matter of this litigation," which are undefined and susceptible to multiple interpretations; (3) it is compound; (4) it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege; (5) it seeks documents implicating third-party privacy interests; (6) it is overly broad as it is not limited as to time; and (7) it seeks information that is duplicative and cumulative of information sought in prior requests.

Without waiving the foregoing objections, SkyWest refers Defendant to its prior produced communications with American Airlines and ALPA representatives concerning the subject matter of the litigation. *See* SkyWest_0000463-504. SkyWest further stands by its objections for the reasons stated above and, at this time, will not produce any information in response to this request. However, SkyWest remains willing to meet and confer to discuss narrowing the scope of the request and clarifying any vague or ambiguous terms to ensure compliance with the applicable rules. SkyWest reserves the right to supplement this response at any time, including at trial.

16. All Communications involving Dale Hansen, Chip Childs, Todd Emerson, Justin Esplin, Tracy Gallo, Kari Tate, Marissa Snow, Robert Simmons, Anita Spencer, Seilose Fa'Ulao,

Without waiving the foregoing objections, SkyWest will produce responsive, non-privileged reports made by SkyWest pilots regarding the misuse of pilot contact information, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest also refers Defendant to previously produced documents at SkyWest_0000505-520. SkyWest reserves the right to supplement this response at any time, including at trial.

Dated this 18th day of August, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*