Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **SKYWEST'S OPPOSITION TO DEFENDANT KRITHIVAS'S SHORT FORM DISCOVERY MOTION TO COMPEL COMPLETE DISCOVERY CONCERNING SKYWEST'S COMMUNICATIONS WITH AMERICAN AIRLINES (INTERROGATORY NO. 13 AND RFPS NOS. 13 AND 15) (DKT. 138)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest opposes Krithivas's motion to compel ("Motion") (Dkt. 138) as moot because SkyWest has served a Second Supplemental Response to Defendant Krithivas's Second Set of Requests ("Second Supplemental Response") addressing each of the items raised in the Motion.[1]

**RESPONSE**

Krithivas's Motion seeks three things: (1) a supplemental answer to Interrogatory No. 13 identifying each communication between SkyWest and American Airlines concerning Defendants or the Complaint; (2) production of responsive non-privileged communications (RFP 13); and (3) production of telephone records, call logs, calendar invitations, and other documents sufficient to identify communications between SkyWest and American Airlines personnel (RFP 15). Dkt. 138 at 1–2. SkyWest's Second Supplemental Response provides this requested information.

**Interrogatory No. 13**

In response to Interrogatory No. 13, SkyWest identified three communications with American Airlines—Dale Hansen's February 2, 2026 email to Nate Gatten, Hansen's approximately February 4 telephone call with Nate Gatten, and Russell Childs's telephone conversation during the week of February 2. SkyWest's Second Supplemental Response confirms that SkyWest has conducted a diligent search and reasonable inquiry and has not identified any additional written or electronic communications between SkyWest and American Airlines concerning Defendants or the allegations in the Complaint beyond SkyWest_0000475-

---

[1] In an abundance of caution and consistent with DUCivR 37-1(b)(3), SkyWest has not attached its Second Supplemental Response as an exhibit to this opposition. SkyWest is prepared to file the Second Supplemental Response with the Court upon request.

504, which has been previously produced. SkyWest's Second Supplemental Response further confirms that SkyWest is not currently aware of any other SkyWest personnel who had substantive communications with American Airlines concerning Defendants during the relevant period. Therefore, SkyWest has provided the information it identified through a diligent search and reasonable inquiry.

**RFP No. 13**

SkyWest's Second Supplemental Response confirms that SkyWest_0000475-504, previously produced, constitutes the only written or electronic communication between SkyWest and American Airlines concerning Defendants or the allegations in the Complaint that SkyWest has been able to locate to date through a diligent search and reasonable inquiry. The two additional communications identified in Interrogatory No. 13—Hansen's follow-up call with Gatten and Childs's call with an American Airlines representative—were oral, were not memorialized in any written or electronic form, and accordingly are not subject to production under Rule 34. Thus, there is nothing additional to supplement.

**RFP No. 15**

SkyWest's Second Supplemental Response confirms that after a reasonable and diligent search, it has located no telephone records, call logs, calendar invitations, Teams records, Zoom records, Google Meet records, or other documents sufficient to identify the specific responsive telephone communications exist, apart from telephone records that would reflect all calls between these executives and American Airlines irrespective of subject matter. The vast majority of such a call log would not be relevant to the claims at issue in any manner and would not be proportional to the needs of the case as various SkyWest representatives and American

representatives communicate on a daily basis regarding issues unrelated to this litigation or the Defendants.

SkyWest's Second Supplemental Response provides the complete statements that Krithivas seeks and confirms what has been produced, what was oral and not memorialized, and that no additional responsive documents exist. The Motion should therefore be denied as moot.

Dated this 22nd day of September, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*