Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br>Plaintiff and Counterclaim Defendant,<br>and DALE HANSEN,<br>Additional Counterclaim Defendant,<br>vs.<br>DANIEL MOUSSARON,<br>Defendant and Counterclaim Plaintiff,<br>and VIKAAS KRITHIVAS,<br>Defendant and Counterclaim Plaintiff. | **NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUMS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 45(a)(4) and DUCivR 45-1 Counsel for SkyWest Airlines, Inc. will serve the attached subpoena duces tecums on the following, no sooner than five days following the issuance of this Notice to all Parties:

- CallFire, Inc. d/b/a EZ Texting
- GoFundMe, Inc.

Dated this 22nd day of September, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2026, I caused a true and correct copy of the foregoing **NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUMS** to be served via email on counsel of record as follows:

Jonathan K. Thorne
Lauren I. Scholnick
SCHOLNICK THORNE HOLLAND
40 South 600 East
Salt Lake City, Utah 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com

John E. Holland *(Admitted Pro Hac Vice)*
jack@laborwest.com

*Attorneys for Defendant Daniel Moussaron*

Timothy D. Ducar
Scott C. Uthe *(Admitted Pro Hac Vice)*
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant Vikaas Krithivas*

*/s/ Zachary T. Burford*

39649343_v1

# ATTACHMENT

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | | |
|---|---|---|
| SkyWest Airlines, Inc.<br>*Plaintiff*<br>v.<br>Daniel Moussaron and Vikkas Krithivas<br>*Defendant* | ) | Civil Action No. 4:26-cv-00015-DN-PK |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: CallFire, Inc. d/b/a EZ Texting
c/o 1505 Corporation, Registered Agent, 548 Market Street, Suite 44523, San Francisco, CA 94104-5401

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A.

| Place: Holland and Hart LLP<br>222 South Main St., Suite 2200<br>Salt Lake City, UT 84101 | Date and Time:<br>10/12/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2026

*CLERK OF COURT*

OR

/s/ Zachary T. Burford

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SkyWest Airlines, Inc. , who issues or requests this subpoena, are:

Zachary T. Burford, Holland & Hart LLP, 222 S. Main St. #2200, SLC, UT 84101 ZTBurford@HollandHart.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00015-DN-PK

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________

______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Subpoena to CallFire, Inc. d/b/a EZ Texting**

*SkyWest Airlines, Inc. v. Daniel Moussaron and Vikaas Krithiva*
*Case No. 4:26-cv-00015-DN-PK*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff SkyWest Airlines, Inc. ("SkyWest") hereby serves CallFire, Inc. d/b/a EZ Texting ("EZ Texting"), located at 1410 2nd St., Ste. 200, Santa Monica, CA 90401, with a subpoena for production of documents, things, and electronically stored information for the time period of August 1, 2025 to the present, which are in your possession, custody, or control, wherever located within fourteen (14) days of service hereof, at Holland & Hart LLP, 222 South Main Street, Suite 2200, Salt Lake City, UT 84101, or by email to SkyWest Airlines, Inc.'s counsel Zachary T. Burford at ztburford@hollandhart.com, or by other agreed upon means.

**INSTRUCTIONS**

1. Construction. The terms "and" and "or" shall be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Regardless of whether any of these Document Requests, instructions, and definitions use a term in plural or singular form, the term shall be construed in both singular and plural forms as is necessary to require the most inclusive response.

2. Documents Requested. The requests set out herein call for all documents in your actual or constructive possession, control, custody, or care, including but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent, or other representative of yours. If you subsequently become aware of any document called for

by the requests herein, you are requested to provide a copy of that document to Plaintiffs or to identify if it is expected to be in Plaintiffs' possession.

3. Documents Withheld. If any Document is withheld under a claim of privilege or other protection, you are required to provide the following information for purposes of determining the validity of the claim of privilege.

a. The title, heading, or caption of the Document, if any, including without limitation any identifying number(s), letter(s), or combination thereof;

b. The identity of the Person(s) who prepared the Document, who signed the Document and/or over whose name the Document was sent or issued;

c. The identity of the Person(s) to whom the Document was directed;

d. A description of the general nature of the Document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and substance of the Document (with sufficient particularity to enable the Court and parties hereto to identify the Document);

e. The date appearing on the Document or if no date appears thereon, the date or approximate date on which the Document was prepared;

f. The identity of the Person who has custody of, or control over, the Document and each copy thereof;

g. The identity of each Person to whom copies of the Document were furnished;

h. The number of pages of the Document;

i. The basis on which any privilege or other protection is claimed; and

j. Whether any non-privileged matter is included in the Document.

4. Partial Production/Response. If you object to a particular request or portion thereof, you must produce all Documents called for which are not subject to that objection. Similarly, whenever a Document is not produced in full for some other reason, you must state with particularity the reason(s) it is not being produced in full, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not produced.

5. Diligent Search. In answering these requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your representative.

## DEFINITIONS

1. The term "all" shall refer to the whole quantity or extent of a particular group or thing, the greatest possible amount, and shall be used interchangeably with "any."

2. "EZ Texting" shall mean CallFire, Inc., a California corporation doing business as EZ Texting (also referred to as "EZTexting"), and any person or entity acting or purporting to act on its behalf.

3. Any request for "all Documents" is meant to include all Documents in your possession, custody, or control, whether the Documents were compiled by you or by any other person for any reason.

4. The term "any" shall mean one or more and is to be used interchangeably with "all."

5. "Communication" shall refer to and include any contact between two or more persons or entities, or a person and a file, including without limitation, any written or oral expression, statement, or utterance of any nature whatsoever, including without limitation correspondence, conversations, letters, memoranda, emails, iMessages, chat, postings, social

media messages, internet communications, direct messages, SMS text messages, tweets, or facsimile, other electronic messages, and oral contact by such means as face-to-face meetings, telecommunications, voicemail, and electronic Communications.

6. "Document" shall mean a writing, as defined in Federal Rule of Civil Procedure 34(a), and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of Communication or representation, including without limitation letters, words, pictures, sounds or symbols, or combinations of them. The term "Document" means both internal and external documents. The term "Document" is not limited to paper Documents but includes electronically stored information ("ESI"), including without limitation all Communications transmitted by electronic mail, iMessage, chat, postings, internet Communications, direct messages, SMS text messages, social media messages, tweets, or facsimile, and includes every other means of recording upon any tangible thing, regardless of the manner in which the record has been stored. Without limiting the scope of the foregoing, the word "Document" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, affidavits, agreements, bills, books, brochures, business records, cables, calendars, checks, contracts, catalogs, circulars, Communications, data compilations, desk calendars, diaries, diagnoses, drawings, emails, evaluations, expense accounts, invoices, journals, letters, ledgers, microfilm prints, minutes, manuals, notebooks, orders, periodicals, pictures, price lists, photographs, prescriptions, publications, recordings, records, reports, receipts, schedules, statements, studies, summaries, tapes, telegrams, teletypes, telephone slips, time sheets, transcripts of records and recordings, transcripts, video or audiotapes, working papers, memoranda of telephone or other conversations by or with any Person(s), or any other written, recorded,

transcribed, typed, or photographic matter, however produced or reproduced, translated if necessary through detection devices into reasonably usable form, and any other pertinent information set forth in written language or any electronic or magnetic representation thereof. A non-identical draft or a copy altered in any way is a separate "Document" within the meaning of this term.

7. "ESI" or "electronically stored information" shall mean and refer to all Documents, Communications, information, or other records available through any electronic platform, service, outlet, website, or application associated in any way with social media, internet-based or cloud storage, forums or message boards, listing services, website comment sections, or any other electronic system of Communication, including without limitation any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including without limitation server, network, desktop, laptop, or tablet computers whether private or public. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and ESI responsive to these Requests in your possession, custody, or control must be produced regardless of its origin, source, and/or past or present location.

8. The term "person" shall mean any and all individuals, corporations, proprietorships, partnerships, associations, limited liability companies, governmental bodies, governmental agencies, and other public or private entities, and shall include the plural as well as the singular.

9. "Moussaron" shall refer to Daniel Moussaron (also known as Daniel Parker) and any person or entity acting or purporting to act on his behalf. Moussaron may be associated with

the email addresses: (a) daniel.moussaron@adamo.aero (b) danielparker@bellsouth.net, and (c) danielparker9612@verizon.net.

10. "Krithivas" shall refer to Vikaas Krithivas and any person or entity acting or purporting to act on his behalf.

11. "ALPA" shall mean the Air Line Pilots Association, International, and any person or entity acting or purporting to act on its behalf.

12. The terms "relating to," or "relate to," "regarding," or "evidencing" means, without limitation, referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to, directly or indirectly, in whole or in part, in the broadest possible sense.

13. The terms "you," and/or "your" shall mean the individual or entity to which this subpoena is directed, and any entity or person acting or purporting to act on his/her/its behalf.

14. "SkyWest" shall mean SkyWest Airlines, Inc. and any person or entity acting or purporting to act on its behalf.

15. "Billing Records" shall mean any invoice, statement, receipt, payment method or credit card information, subscription or plan detail, and/or other document reflecting charges, payments, or amounts billed in connection with the Moussaron Account.

16. "Campaign" shall mean any bulk, scheduled, or automated text messaging effort sent or scheduled through the EZ Texting platform, including without limitation SMS or MMS blasts, autoresponders, keywords, polls, and/or drip sequences.

17. “Account Activity Logs” shall mean records reflecting login history, IP addresses, session data, device information, and/or other data documenting access to or use of the Moussaron Account.

18. “Moussaron Account” shall mean any account on the EZ Texting platform registered to, created by, administered by, or used by Moussaron, including without limitation any account associated with the sending phone number +1 (737) 283-6602.

19. “Lawsuit” means the lawsuit styled *SkyWest Airlines, Inc. v. Daniel Moussaron & Vikaas Krithivas*, 4:26-cv-00015-DN, filed in the United States District Court for the District of Utah.

20. “Relevant Period” shall mean August 1, 2025 to the present.

**<u>COMMAND FOR PRODUCTION</u>**

1. All Documents, including without limitation Communications, demonstrating and/or relating to the account registration for the Moussaron Account, including without limitation documents containing the following information: account holder name, email address(es), phone number(s), billing address, date of account creation, account settings, account status, plan or subscription information, payment method, invoices, and amounts charged.

2. All Billing Records for the Moussaron Account during the Relevant Period.

3. All text messages and/or campaigns sent from the Moussaron Account during the Relevant Period, including without limitation documents containing the following information: message content, message templates, sender phone number(s) or identifier(s), recipient phone numbers, timestamps, delivery status, opt-out or unsubscribe records, and any inbound replies or poll responses.

4. All contact lists and/or data files uploaded to the Moussaron Account during the Relevant Period, including without limitation CSV files, Excel files, and/or other imports, together with documents showing the date of each upload and the number of contacts in each file.

5. All records concerning and/or relating to the suspension, locking, and/or termination of the Moussaron Account, including without limitation documents containing the following information: the date and reason for the action, and any Communications between EZ Texting and Moussaron about the Lawsuit.

6. All Documents, including without limitation Communications, concerning and/or relating to the Moussaron Account, including without limitation relating to the Moussaron Account's non-renewal or termination and/or any inquiry into whether emails from the Moussaron Account could be recovered.

7. All Documents, including without limitation Communications, relating to and/or referencing SkyWest, this Lawsuit, Moussaron, Krithivas, and/or ALPA during the Relevant Period.

8. All Account Activity Logs for the Moussaron Account during the Relevant Period, including without limitation documents containing the following information: login history, IP addresses, and any records reflecting whether account data was retained, archived, or deleted after non-renewal.

9. A declaration from your custodian of records certifying the authenticity and completeness of all records produced pursuant to this subpoena, including without limitation a description of how such records are created and maintained in the ordinary course of business.

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | | |
|---|---|---|
| SkyWest Airlines, Inc.<br>*Plaintiff*<br>v.<br>Daniel Moussaron and Vikkas Krithivas<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:26-cv-00015-DN-PK |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: GoFundMe, Inc. c/o Corporation Service Company, Registered Agent, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A.

| Place: Hollland & Hart LLP<br>222 South Main St., Suite 2200<br>Salt Lake City, UT 84101 | Date and Time:<br>10/12/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2026

*CLERK OF COURT*

____________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Zachary T. Burford
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SkyWest Airlines, Inc. , who issues or requests this subpoena, are:

Zachary T. Burford, Holland & Hart LLP, 222 S. Main St. #2200, SLC, UT, 84101 ZTBurford@HollandHart.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00015-DN-PK

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________________
*Server's signature*

____________________________________
*Printed name and title*

____________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Subpoena to GoFundMe, Inc.**

*SkyWest Airlines, Inc. v. Daniel Moussaron and Vikaas Krithiva*
*Case No. 4:26-cv-00015-DN-PK*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff SkyWest Airlines, Inc. ("SkyWest") hereby serves GoFundMe, Inc. ("GoFundMe") with a subpoena for production of documents, things, and electronically stored information for the time period of August 1, 2025 to the present, which are in your possession, custody, or control, wherever located within fourteen (14) days of service hereof, at Holland & Hart LLP, 222 South Main Street, Suite 2200, Salt Lake City, UT 84101, or by email to SkyWest Airlines, Inc.'s counsel Zachary T. Burford at ztburford@hollandhart.com, or by other agreed upon means.

**INSTRUCTIONS**

1. Construction. The terms "and" and "or" shall be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Regardless of whether any of these Document Requests, instructions, and definitions use a term in plural or singular form, the term shall be construed in both singular and plural forms as is necessary to require the most inclusive response.

2. Documents Requested. The requests set out herein call for all documents in your actual or constructive possession, control, custody, or care, including but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent, or other representative of yours. If you subsequently become aware of any document called for by the requests herein, you are requested to provide a copy of that document to Plaintiffs or to identify if it is expected to be in Plaintiffs' possession.

3. Documents Withheld. If any Document is withheld under a claim of privilege or other protection, you are required to provide the following information for purposes of determining the validity of the claim of privilege.

a. The title, heading, or caption of the Document, if any, including without limitation any identifying number(s), letter(s), or combination thereof;

b. The identity of the Person(s) who prepared the Document, who signed the Document and/or over whose name the Document was sent or issued;

c. The identity of the Person(s) to whom the Document was directed;

d. A description of the general nature of the Document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and substance of the Document (with sufficient particularity to enable the Court and parties hereto to identify the Document);

e. The date appearing on the Document or if no date appears thereon, the date or approximate date on which the Document was prepared;

f. The identity of the Person who has custody of, or control over, the Document and each copy thereof;

g. The identity of each Person to whom copies of the Document were furnished;

h. The number of pages of the Document;

i. The basis on which any privilege or other protection is claimed; and

j. Whether any non-privileged matter is included in the Document.

4. Partial Production/Response. If you object to a particular request or portion thereof, you must produce all Documents called for which are not subject to that objection. Similarly,

whenever a Document is not produced in full for some other reason, you must state with particularity the reason(s) it is not being produced in full, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not produced.

5. Diligent Search. In answering these requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your representative.

**DEFINITIONS**

1. The term "all" shall refer to the whole quantity or extent of a particular group or thing, the greatest possible amount, and shall be used interchangeably with "any."

2. "GoFundMe" shall mean GoFundMe, Inc. and any person or entity acting or purporting to act on its behalf.

3. Any request for "all Documents" is meant to include all Documents in your possession, custody, or control, whether the Documents were compiled by you or by any other person for any reason.

4. The term "any" shall mean one or more and is to be used interchangeably with "all."

5. "Communication" shall refer to and include any contact between two or more persons or entities, or a person and a file, including without limitation, any written or oral expression, statement, or utterance of any nature whatsoever, including without limitation correspondence, conversations, letters, memoranda, emails, iMessages, chat, postings, social media messages, internet communications, direct messages, SMS text messages, tweets, or facsimile, other electronic messages, and oral contact by such means as face-to-face meetings, telecommunications, voicemail, and electronic Communications.

6. "Document" shall mean a writing, as defined in Federal Rule of Civil Procedure 34(a), and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of Communication or representation, including without limitation letters, words, pictures, sounds or symbols, or combinations of them. The term "Document" means both internal and external documents. The term "Document" is not limited to paper Documents but includes electronically stored information ("ESI"), including without limitation all Communications transmitted by electronic mail, iMessage, chat, postings, internet Communications, direct messages, SMS text messages, social media messages, tweets, or facsimile, and includes every other means of recording upon any tangible thing, regardless of the manner in which the record has been stored. Without limiting the scope of the foregoing, the word "Document" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, affidavits, agreements, bills, books, brochures, business records, cables, calendars, checks, contracts, catalogs, circulars, Communications, data compilations, desk calendars, diaries, diagnoses, drawings, emails, evaluations, expense accounts, invoices, journals, letters, ledgers, microfilm prints, minutes, manuals, notebooks, orders, periodicals, pictures, price lists, photographs, prescriptions, publications, recordings, records, reports, receipts, schedules, statements, studies, summaries, tapes, telegrams, teletypes, telephone slips, time sheets, transcripts of records and recordings, transcripts, video or audiotapes, working papers, memoranda of telephone or other conversations by or with any Person(s), or any other written, recorded, transcribed, typed, or photographic matter, however produced or reproduced, translated if necessary through detection devices into reasonably usable form, and any other pertinent information set forth in written language or any electronic or magnetic representation thereof. A

non-identical draft or a copy altered in any way is a separate "Document" within the meaning of this term.

7. "ESI" or "electronically stored information" shall mean and refer to all Documents, Communications, information, or other records available through any electronic platform, service, outlet, website, or application associated in any way with social media, internet-based or cloud storage, forums or message boards, listing services, website comment sections, or any other electronic system of Communication, including without limitation any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including without limitation server, network, desktop, laptop, or tablet computers whether private or public. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and ESI responsive to these Requests in your possession, custody, or control must be produced regardless of its origin, source, and/or past or present location.

8. The term "person" shall mean any and all individuals, corporations, proprietorships, partnerships, associations, limited liability companies, governmental bodies, governmental agencies, and other public or private entities, and shall include the plural as well as the singular.

9. "Moussaron" shall refer to Daniel Moussaron (also known as Daniel Parker) and any person or entity acting or purporting to act on his behalf. Moussaron may be associated with the email addresses danielparker@bellsouth.net and danielparker9612@verizon.net. Moussaron may also be associated with the phone number +1 (737) 283-6602.

10. "Krithivas" shall refer to Vikaas Krithivas and any person or entity acting or purporting to act on his behalf.

11. "ALPA" shall mean the Air Line Pilots Association, International, and any person or entity acting or purporting to act on its behalf.

12. "Rindfleisch" shall refer to Ron Rindfleisch and any person or entity acting or purporting to act on his behalf.

13. The terms "relating to," or "relate to," "regarding," or "evidencing" means, without limitation, referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to, directly or indirectly, in whole or in part, in the broadest possible sense.

14. The terms "you," and/or "your" shall mean the individual or entity to which this subpoena is directed, and any entity or person acting or purporting to act on his/her/its behalf.

15. "SkyWest" shall mean SkyWest Airlines, Inc. and any person or entity acting or purporting to act on its behalf.

16. "Campaign" shall mean the fundraising page located at https://www.gofundme.com/f/skywest-organizing-legal-defense.

17. "Lawsuit" means the lawsuit styled *SkyWest Airlines, Inc. v. Daniel Moussaron & Vikaas Krithivas*, 4:26-cv-00015-DN, filed in the United States District Court for the District of Utah.

18. "Relevant Period" shall mean August 1, 2025 to the present.

**COMMAND FOR PRODUCTION**

1. Account and organizer registration records for the Campaign, including without limitation documents containing the following information: the organizer's name, email address, phone number, date the Campaign was created, beneficiary information, and/or any edits or updates made to the Campaign page.

2. Complete donor records for the Campaign, including without limitation documents containing the following information: donor names, email addresses, donation amounts, dates of each donation, and any comments and/or messages left by donors on the Campaign.

3. All Communications exchanged through the GoFundMe platform relating to the Campaign.

4. All Communications between GoFundMe and any person relating to, creating, contributing to, or assisting with the Campaign, the Lawsuit, and/or SkyWest.

5. A declaration from your custodian of records certifying the authenticity and completeness of all records produced pursuant to this subpoena, including without limitation a description of how such records are created and maintained in the ordinary course of business.