Outlook

**RE: SkyWest v. Moussaron, et al. - Civil No. 4:26-cv-00015-DN-PK - Service Copy**

**From** Tyson C. Horrocks <TCHorrocks@hollandhart.com>

**Date** Thu 9/24/2026 3:37 PM

**To** Jonathan Thorne <Jonathan@utahjobjustice.com>; Vita S. Garrett <VSGarrett@hollandhart.com>; Lauren Scholnick <lauren@utahjobjustice.com>; Jack Holland <jack@laborwest.com>; Timothy Ducar <tducar@azlawyers.com>; Scott Uthe <suthe@azlawyers.com>; Orders <orders@azlawyers.com>

**Cc** Zach T. Burford <ZTBurford@hollandhart.com>; Greg Saylin <GMSaylin@hollandhart.com>; Tyson C. Horrocks <TCHorrocks@hollandhart.com>; Vita S. Garrett <VSGarrett@hollandhart.com>

Jonathan,

Nothing in these subpoenas violates the Court's August 18th Order (the "Order"). The Court's Order does not freeze discovery or otherwise preclude SkyWest from pursuing it. Rather, the Court's Order only addressed the discovery pending at that time. Moreover, as admitted in Defendants' Motion for Protective Order (the "Motion"), "Defendants do not seek a blanket prohibition on union-related discovery and do not seek to withhold otherwise responsive evidence concerning the alleged acquisition, storage, transmission, possession, use, or disposition of SkyWest information," and "responsive documents [should] not be withheld merely because they contain protected information." Similarly, Defendants conceded that "communications conveyed outwardly for purposes of persuasion or recruitment do not become categorically privileged merely because they concern organizing." Defendants also admit that they do not "seek to withhold technical evidence concerning [their] conduct merely because the conduct occurred in the context of organizing." Likewise, "[i]f a particular person actually obtained, possessed, transferred, or used SkyWest-derived information in a manner relevant to a pleaded claim or defense, that conduct may present a legitimate discovery issue." Simply put, Defendants admit that "no otherwise responsive document [should] be withheld solely on associational grounds." Accordingly, nothing prohibits SkyWest from proceeding with these subpoenas.

Without waiving any defenses to Defendants' Motion, and in an effort to engage in good-faith meet-and-confer efforts as directed by the Court, to the extent Defendants assert that certain information should be produced by the subpoenaed parties as Attorney's Eyes Only, SkyWest agrees that the producing party may initially designate that specific information as AEO but reserves the right to challenge that designation if it believes the designation inapplicable. While SkyWest thinks the Court should permit Todd Emerson to see AEO materials as set forth in its protocol motion and reply, it is willing to agree that Todd Emerson will not be shown the AEO documents until the Court rules on the issue. As to any information that is designated as AEO, SkyWest requests that the information be simultaneously produced as Confidential (or without designation) with redactions of "(1) the names and identification of nonparty pilots or employees whose identities have not been publicly disclosed as supporting, participating in, assisting, or privately communicating with the organizing campaign, where disclosure would itself reveal that private association; (2) individualized pilot responses reflecting whether a pilot supported, opposed, was undecided about, or otherwise privately responded to organizing outreach; and (3) confidential portions of non-public internal organizing communications that reveal campaign strategy, planning, assignments, or internal assessments of individual employee support, except to the extent such information is independently relevant and necessary to the technical or transactional (acquisition of contact information from SWOL) conduct alleged by SkyWest," as

proposed in the Motion. SkyWest reserves the right to challenge any such redactions as improper, unnecessary, or overreaching.

For these reasons, SkyWest intends to serve the subpoenas once the notice period has expired.

Best,

**Tyson Horrocks**

**Partner, Holland & Hart LLP**

tchorrocks@hollandhart.com | **T:** 801.799.5923 | **M:** (801) 598-4331

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

---

**From:** Jonathan Thorne <Jonathan@utahjobjustice.com>
**Sent:** Wednesday, September 23, 2026 2:38 PM
**To:** Vita S. Garrett <VSGarrett@hollandhart.com>; Lauren Scholnick <lauren@utahjobjustice.com>; Jack Holland <jack@laborwest.com>; Timothy Ducar <tducar@azlawyers.com>; Scott Uthe <suthe@azlawyers.com>; Orders <orders@azlawyers.com>
**Cc:** Zach T. Burford <ZTBurford@hollandhart.com>; Tyson C. Horrocks <TCHorrocks@hollandhart.com>; Greg Saylin <GMSaylin@hollandhart.com>
**Subject:** Re: SkyWest v. Moussaron, et al. - Civil No. 4:26-cv-00015-DN-PK - Service Copy

**External Email**

Tyson/Zach:

I'm writing in response to SkyWest's September 22 Notice of Intent to Serve Subpoena Duces Tecums on CallFire, Inc. d/b/a EZ Texting and GoFundMe, Inc. Moussaron objects to these subpoenas for several reasons, including but not limited to issuing them now violates the Court's August 18th Order directing the parties to resolve the very discovery SkyWest is seeking in these subpoenas, through Defendants Joint Motion for Protective Order that is currently pending before the Court.

As you know, Defendants Joint Motion for Protective Order asks for protection of "individualized pilot responses reflecting whether a pilot supported, opposed, was undecided about, or otherwise privately responded to organizing outreach" (Dkt. 132, pg. 2, category (2)) and of the identities of nonparty pilots whose private association with the campaign has not been disclosed (id., category (1)). It also seeks protection for "confidential portions of non-public internal organizing communications that reveal campaign strategy, planning, assignments, or internal assessments of individual employee support" (id., category (3)), and describes the December 9, 2025 poll and the confidentiality assurance that accompanied it (Dkt. 132, pgs. 7, 9).

These subpoenas are acting as an attempted run-around the Courts directive as they seek documents, communications and information for the entire content of the organizing campaign's SMS communications with SkyWest pilots, in both directions, and the lists of who received them. Additionally, the GoFundMe subpoena seeks information related to donor records. Donor identities are the paradigm of protected associational information. NAACP v. Alabama ex rel.

Patterson, 357 U.S. 449, 462 (1958) (recognizing "the vital relationship between freedom to associate and privacy in one's associations"). Americans for Prosperity Foundation v. Bonta, 594 U.S. 595 (2021), applied that rule to compelled disclosure of donor lists and held that a disclosure demand must be "narrowly tailored to the government's asserted interest," id. at 608, because "[t]he risk of a chilling effect on association is enough," id. at 618–19. Not only is the information sought by SkyWest not relevant to its claims or defenses it is protected by associational privilege that is pending before the court.

Directing the subpoena to a third party does not change the analysis. The Tenth Circuit has held that the associational right "will be chilled equally whether the associational information is compelled from the organization itself or from third parties." In re First Nat'l Bank, Englewood, Colo., 701 F.2d 115, 118 (10th Cir. 1983). SkyWest should not use third-party subpoenas to obtain a categorical census of persons who privately responded to organizing outreach, contributed to an organizing legal-defense fund, or communicated privately with organizers where those facts do not independently bear on a pleaded claim or defense.

Indeed, SkyWest has already agreed that this issue should be decided once, in Dkt. 132, before nonparty subpoenas covering the same ground go forward. In the stipulated motion SkyWest signed on the ALPA subpoena, the parties told the Court that the protective-order ruling "will resolve all, or most of, the issues raised in the Motion to Quash" and that "[s]equencing the response in this manner will conserve the Parties' and the Court's resources and avoid duplicative briefing of the same threshold privilege issue" (Dkt. 120, pg. 3). The Court granted that motion (Dkt. 121). Noticing a new nonparty subpoena for the same category of information six business days after Defendants filed Dkt. 132 is inconsistent with the position SkyWest took in Dkt. 120 and with the process the Court set in Dkt. 108.

Furthermore, the only information that is arguable relevant here is a copy of the text message that was sent, and the names and contact information of those who the message was sent to – something Moussaron has already produced to SkyWest. How are registration, billing, preservation, termination and access-log information even relevant to SkyWest's claims or defenses, especially if the court grants Defendants Joint Motion for Protective Order?

Lastly, SkyWest's own September 22, 2026, Second Supplemental Responses reinforce the need for narrowing. There, SkyWest objects to the defined term "Union-Related Communication" as "overbroad, not proportional, and seeking information not relevant to any party's claim or defense" because it extends to ALPA, SAPA, organizing activity, pilot organizing efforts, labor relations, and activity protected by the Railway Labor Act. SkyWest likewise objects to Interrogatory No. 21, which seeks persons who communicated with "any Third Party" concerning Moussaron, Krithivas, or the Complaint, as overbroad, vague, disproportionate, and implicating third-party privacy interests. Given SkyWest's prior position, how do those proportionality principles not apply equally to SkyWest's third-party subpoenas. SkyWest cannot persuasively characterize broad union- and third-party discovery as untethered to the claims when directed to SkyWest, while simultaneously demanding every private pilot response, every donor identity and email address, and every private communication connected to the GoFundMe campaign.

To avoid unnecessary briefing, please verify by close of business tomorrow, Thursday September 24, that you will withdraw these subpoenas until after the court rules on the PO. Alternatively, I am available to meet and confer today tomorrow at 11:30 or 1:30 pm.

Jonathan K. Thorne
SCHOLNICK THORNE HOLLAND

40 South 600 East
Salt Lake City, UT 84102
p: 801.359.4169 ext. 314
f: 801.359.4313
www.utahjobjustice.com

WASHINGTON OFFICE:
705 Second Ave, Suite 1100
Seattle, WA 98104
p: 406.546.6962

This electronic transmission may contain confidential and privileged information. This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is exempt from disclosure under applicable federal or state law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and destroy the original message received by you.

---

**From:** Vita S. Garrett <VSGarrett@hollandhart.com>
**Sent:** Tuesday, September 22, 2026 4:35 PM
**To:** Jonathan Thorne <Jonathan@utahjobjustice.com>; Lauren Scholnick <lauren@utahjobjustice.com>; Jack Holland <jack@laborwest.com>; Timothy Ducar <tducar@azlawyers.com>; Scott Uthe <suthe@azlawyers.com>; Orders <orders@azlawyers.com>
**Cc:** Zach T. Burford <ZTBurford@hollandhart.com>; Tyson C. Horrocks <TCHorrocks@hollandhart.com>; Greg Saylin <GMSaylin@hollandhart.com>
**Subject:** SkyWest v. Moussaron, et al. - Civil No. 4:26-cv-00015-DN-PK - Service Copy

Counsel,

Attached is your service copy of SkyWest's Notice of Intent to Serve Subpoena Duces Tecums.

Sincerely,

Holland & Hart

**Vita Garrett**

**Legal Assistant**

**HOLLAND & HART LLP**

222 South Main Street, Suite 2200, Salt Lake City, UT 84101

vsgarrett@hollandhart.com | **T:** (801) 799-5940

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.