Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs. | **DEFENDANT MOUSSARON'S EXPEDITED MOTION FOR PROTECTIVE ORDER STAYING SERVICE OR COMPLIANCE WITH PROPOSED SUBPOENAS TO EZ TEXTING AND GOFUNDME**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

## RELIEF REQUESTED

Defendant and Counterclaim Plaintiff Daniel Moussaron ("Moussaron") moves for an expedited protective order prohibiting SkyWest from serving the proposed subpoenas to CallFire, Inc. d/b/a EZ Texting and GoFundMe, Inc. until the Court rules on Defendants' Joint

Motion for Protective Order (Dkt. 132) and Moussaron's concurrently filed motion regarding those subpoenas. If either subpoena is served before the Court rules, Moussaron seeks an order prohibiting SkyWest from seeking or enforcing compliance with the subpoena, or accepting, reviewing, using, or disseminating any responsive material, until further order of the Court.

**GROUNDS**

On September 22, 2026, SkyWest served its Notice of Intent to Serve Subpoena Duces Tecums on EZ Texting and GoFundMe. Both subpoenas command production at SkyWest's counsel's office on October 12, 2026 at 5:00 p.m. (Motion to Quash, Ex. A). Under DUCivR 45-1 and Rule 6(a), the five-day notice period expires Monday, September 28, 2026, and SkyWest's counsel has confirmed in writing that SkyWest "intends to serve the subpoenas once the notice period has expired," despite Moussaron's request that they hold off until Dkt. 132 is decided by the Court. (Motion to Quash, Ex. B).

A motion to quash a subpoena is exempt from the short form discovery process and is briefed under DUCivR 7-1(a)(4)(D). DUCivR 37-1(b)(7). On that schedule, SkyWest's response to the Motion to Quash is due fourteen days after service and Moussaron's reply fourteen days after that. DUCivR 7-1(a)(4)(D)(ii)–(iii). If the Motion to Quash is filed on September 25, SkyWest's response falls on October 9, and Moussaron's reply October 23. Absent relief, the nonparty recipients may produce the disputed material before the Court can rule, and the Motion to Quash would be moot as to whatever has been produced. The harm is not reparable after the fact: the Motion to Quash concerns the identities of nonparty pilots who privately responded to organizing outreach, union sympathies and poll responses, and of donors to the legal-defense fund Moussaron organized and their communication, the very information the Court has directed

the parties to address through Defendants' pending Joint Motion for Protective Order (Dkt. 108; Dkt. 132).

SkyWest itself stipulated that a ruling on Dkt. 132 should precede resolution of its nonparty subpoena to ALPA to "avoid duplicative briefing of the same threshold privilege issue" (Dkt. 120, pg. 3; Dkt. 121). A brief stay of either serving and/or complying with the subpoenas preserves the status quo and the Court's ability to decide the currently filed Motion to Quash and Dkt. 132 in the sequence the Court set. Moussaron objected in writing, offered to confer on September 24, agreed to SkyWest's request to confer the following week, and asked SkyWest to hold service until then; despite email meet and confer communication, SkyWest did not agree (Motion to Quash, Ex. B).

A proposed order is submitted herewith as Exhibit 1 and will be emailed to chambers in editable form pursuant to DUCivR 7-1(e)(2).

DATED this 25th day of September, 2026.

**SCHOLNICK THORNE HOLLAND**
/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**CERTIFICATE OF COMPLIANCE**

This motion contains 482 words and complies with the 3,100 word limit of DUCivR 7-1(a)(4)(D).