Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANT AND COUNTERCLAIM PLAINTIFF KRITHIVAS'S MOTION FOR ATTORNEY'S FEES AND EXPENSES INCURRED IN CONNECTION WITH DKT. 139**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant and Counterclaim Plaintiff Vikaas Krithivas ("Krithivas"), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), moves for an award of the reasonable attorney's fees incurred in preparing his Short-Form Discovery Motion to Compel Signed Verifications of Interrogatory Responses (Dkt. 139), and in preparing the present fee application.

Rule 37(a)(5)(A) provides that when requested discovery is produced after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees," unless one of the Rule's identified exceptions applies. Fed. R. Civ. P. 37(a)(5)(A).

That is what occurred here.

SkyWest served its First Supplemental Responses to Krithivas's Second Set of Discovery Requests on August 18, 2026, including supplemental answers to Interrogatories Nos. 13–21, without the signed verification required by Rule 33(b)(5). Krithivas raised the missing verification during the parties' August 25, 2026 meet-and-confer. SkyWest stated that it would attempt to provide the verification pages by the end of that week. When no verification was provided, Krithivas again requested a firm date by email on September 3, 2026. Declaration of Scott C. Uthe ("Uthe Decl.") ¶¶ 4–6.

The issue nevertheless remained unresolved.

On September 14, 2026, the parties filed a Stipulation to Extend Deadline Under DUCivR 37-1(b)(2)(C). Dkt. 131. The Stipulation concerned only Krithivas's deadline to file Short Form Discovery Motions arising from his Second Set of Written Discovery. It expressly requested that the Court extend "the deadline under DUCivR 37-1(b)(2)(C) for Krithivas to file one or more Short Form Discovery Motions" and further stated that the Stipulation was "limited to the deadline imposed by DUCivR 37-1(b)(2)(C)." Dkt. 131 at 2–3.

The Court granted that relief on September 15, 2026. Dkt. 135. The Court authorized Krithivas to file Short Form Discovery Motions concerning unresolved disputes through September 21, 2026, and expressly stated: "This extension is limited to the deadline under DUCivR 37-1(b)(2)(C) and does not alter any other deadline." Dkt. 135 at 2.

Krithivas filed Dkt. 139 on September 15, 2026, seeking only an order requiring SkyWest to serve the signed verification already required by Rule 33. Uthe Decl. ¶¶ 7–8. SkyWest did not

provide the missing executed verification until September 22, 2026—seven days after Dkt. 139 was filed. Id. ¶ 9.

SkyWest then opposed Dkt. 139 as moot because it had finally provided the requested verification. Dkt. 149. Krithivas thereafter promptly withdrew Dkt. 139 because the requested relief had been supplied. Dkt. 150; Uthe Decl. ¶ 10.

The withdrawal of Dkt. 139 does not eliminate Krithivas's right to recover the reasonable expenses incurred in making the Motion. Rule 37(a)(5)(A) expressly applies when "the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A).

The District of Utah has recognized the same principle. In *Amann v. Office of the Utah Attorney General*, the Court explained that when requested discovery is provided after a motion to compel is filed, Rule 37(a)(5)(A) applies subject to the Rule's enumerated exceptions. No. 2:18-cv-00341-JNP-DAO, Dkt. 224 at 17–18 (D. Utah Jan. 25, 2022). The Court further recognized that withdrawal of the underlying discovery motion after production does not preclude a separate request for the attorney's fees incurred in making that motion. *Id.* at 18 n.2.

None of Rule 37(a)(5)(A)'s exceptions applies.

First, Krithivas did not file Dkt. 139 before attempting in good faith to resolve the dispute without Court action. He raised the missing verification during the August 25 meet-and-confer. SkyWest represented that it would attempt to provide the verification by the end of that week. When it did not do so, Krithivas again requested a firm date on September 3. Uthe Decl. ¶¶ 5–6. Dkt. 139 was not filed until September 15.

Second, SkyWest's failure to provide the required verification was not substantially justified. Rule 33(b)(3) requires interrogatory answers to be made under oath, and Rule 33(b)(5)

requires the person making the answers to sign them. Providing the verification required no additional document collection, discovery search, privilege review, or substantive supplementation. SkyWest ultimately executed and served the requested verification only after Krithivas filed Dkt. 139.

During the parties' September 30, 2026 meet-and-confer concerning fees, SkyWest's counsel suggested for the first time that the parties' stipulation extending Krithivas's deadline to file Short Form Discovery Motions also operated to extend SkyWest's time to provide the missing verification. Uthe Decl. ¶ 18. Neither the language of the Stipulation nor the Court's Order supports that interpretation.

The Stipulation expressly addressed only "the deadline under DUCivR 37-1(b)(2)(C) for Krithivas to file one or more Short Form Discovery Motions." Dkt. 131 at 2. It further stated that the Stipulation was "limited to the deadline imposed by DUCivR 37-1(b)(2)(C)" and that SkyWest agreed not to contend that a Short Form Discovery Motion filed within the extended period was untimely. Dkt. 131 at 3. Nothing in the Stipulation extended SkyWest's discovery-response obligations, excused compliance with Rule 33, or provided additional time for SkyWest to serve the missing verification.

The Court's Order is even more explicit. Dkt. 135 provides that the extension "is limited to the deadline under DUCivR 37-1(b)(2)(C) and does not alter any other deadline." Dkt. 135 at 2.

Nor was any extension of SkyWest's obligation to provide the signed verification discussed with Krithivas's counsel during negotiation of the Stipulation. Uthe Decl. ¶¶ 19–23. SkyWest never proposed during negotiation that the Stipulation would extend its time to comply

with Rule 33 or provide the missing verifications, and Krithivas's counsel never agreed to any such extension. Id. ¶ 23.

The parties' prior communications instead reflected the opposite understanding. At the August 25 meet-and-confer, SkyWest stated that it would attempt to provide the verification by the end of that week, and Krithivas requested a firm date on September 3 when the verification still had not been supplied. Id. ¶¶ 5–6. Those communications are inconsistent with an agreement that SkyWest could postpone compliance until the expiration of Krithivas's extended motion deadline.

The September Stipulation preserved Krithivas's ability to present unresolved discovery disputes to the Court after SkyWest's supplemental responses and the parties' continued meet-and-confer efforts. It did not create a standstill on SkyWest's existing discovery obligations. SkyWest's later interpretation of the Stipulation therefore does not provide substantial justification for the conduct that necessitated Dkt. 139.

Third, no other circumstances make an award unjust. Krithivas incurred attorney time preparing a discovery motion solely because SkyWest failed to provide a verification expressly required by Rule 33 despite being given multiple opportunities to cure the omission without Court intervention. Once SkyWest provided the verification, Krithivas promptly withdrew Dkt. 139 rather than continuing to litigate an issue that had become moot.

Krithivas also attempted to resolve the resulting fee issue without additional motion practice. During the parties' September 30, 2026 meet-and-confer, counsel requested that SkyWest stipulate to the fees incurred in connection with Dkt. 139. SkyWest declined. Uthe Decl. ¶ 17.

**Reasonableness of the Requested Fees**

Krithivas seeks a total award of **$850.00**.

As set forth in the accompanying Declaration, counsel spent approximately 1.5 hours addressing the verification issue and preparing, reviewing, and filing Dkt. 139. Uthe Decl. ¶ 11. Counsel's hourly rate in this matter is $350.00. Id. ¶ 12. Counsel was admitted to the State Bar of Arizona in 2011 and to the United States District Court for the District of Arizona in 2012, has more than fifteen years of combined legal, regulatory, and risk-management experience, and has extensive experience with civil litigation, discovery disputes, depositions, and trial practice in state and federal courts. Id. Counsel's $350.00 hourly rate is the actual rate charged for his services in this litigation. Id.

At that rate, the 1.5 hours incurred in connection with Dkt. 139 results in a lodestar amount of $525.00. Id. ¶ 13. Krithivas voluntarily reduces that portion of his request to **$500.00**. Id.

Counsel also spent approximately 1.0 additional hour preparing and reviewing the present Motion, the accompanying Declaration, and the proposed order. Id. ¶ 14. At counsel's $350.00 hourly rate, that additional work equals **$350.00**.

The resulting lodestar for the time described above is $875.00, but Krithivas seeks only **$850.00**. Id. ¶¶ 15–16.

Time reasonably incurred preparing a fee application may be included in an attorney-fee award. See *Lifetime Products, Inc. v. Russell Brands, LLC*, No. 1:12-cv-00026-DN-EJF, Dkt. 569 at 1–6 (D. Utah Sept. 23, 2016) (considering fees incurred in preparing a Rule 37 fee application and awarding reasonable recoverable fees). The requested amount is limited to work

directly associated with Dkt. 139 and the present request for the expenses resulting from that Motion.

Accordingly, Krithivas respectfully requests that the Court enter an Order pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) awarding him **$850.00 in reasonable attorney's fees**, payable by SkyWest within fourteen (14) days after entry of the Court's Order.

DATED this 30th day of September, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

Attorneys for Defendant/Counterclaimant Vikaas Krithivas

## CERTIFICATION

Consistent with DUCivR 37-1 and in a further effort to resolve this matter without Court intervention, counsel met and conferred by Zoom on September 30, 2026. Participants included Scott C. Uthe for Defendant Vikaas Krithivas and Tyson C. Horrocks and Zachary T. Burford for SkyWest. Krithivas requested that SkyWest stipulate to payment of the attorney's fees incurred in connection with Dkt. 139. SkyWest declined to stipulate to payment of those fees. The fee issue therefore remains unresolved.

**/s/ Scott C. Uthe**
Scott C. Uthe

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Scott C. Uthe**
Scott C. Uthe