Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DECLARATION OF SCOTT C. UTHE IN SUPPORT OF DEFENDANT KRITHIVAS'S MOTION FOR ATTORNEY'S FEES AND EXPENSES INCURRED IN CONNECTION WITH DKT. 139**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

I, Scott C. Uthe, declare as follows:

1. I am an attorney with the Law Offices of Timothy D. Ducar, PLC, and counsel of record for Defendant and Counterclaim Plaintiff Vikaas Krithivas ("Krithivas") in this action. I am admitted pro hac vice before this Court.

2. I have personal knowledge of the matters stated in this Declaration and, if called as a witness, could and would testify competently to them.

3. I submit this Declaration in support of Krithivas's Motion for Attorney's Fees and Expenses Incurred in Connection with Dkt. 139.

4. On August 18, 2026, SkyWest served its First Supplemental Responses to Krithivas's Second Set of Discovery Requests, including supplemental interrogatory answers that were not accompanied by a signed verification as required by Federal Rule of Civil Procedure 33(b).

5. During the parties' August 25, 2026 meet-and-confer, I raised SkyWest's failure to provide signed verifications. SkyWest's counsel stated that SkyWest would attempt to provide the verification pages by the end of that week.

6. When the verifications were not provided, I again raised the issue by email on September 3, 2026 and requested a firm date by which SkyWest would provide them.

7. SkyWest did not provide the requested signed verifications before Krithivas filed his Short-Form Discovery Motion to Compel Signed Verifications of Interrogatory Responses on September 15, 2026. See Dkt. 139.

8. I prepared and filed Dkt. 139 after the parties' efforts to resolve the issue without Court intervention were unsuccessful.

9. On September 22, 2026, after Dkt. 139 had been filed, SkyWest provided the executed verifications requested by the Motion.

10. Because SkyWest had provided the relief requested in Dkt. 139, Krithivas promptly filed a Notice of Withdrawal of the Motion on September 25, 2026. See Dkt. 150.

11. I spent approximately **1.5 hours** addressing the verification issue and preparing, reviewing, and filing Dkt. 139. This time does not include time spent on other discovery disputes or other pending motions in this action.

12. My hourly billing rate for work performed in this matter is $350.00 per hour. I was admitted to the State Bar of Arizona in 2011 and to the U.S. District Court for the District of Arizona in 2012, and I am admitted pro hac vice in this action. I have more than 15 years of combined legal, regulatory, and risk-management experience, including extensive experience in civil litigation, discovery disputes, depositions, and trial practice in state and federal courts. Prior to private practice, I served for over a decade as in-house counsel and policy attorney at Intel Corporation managing complex technical, regulatory, and contractual matters. My $350.00 hourly rate is the actual rate charged for my services in this litigation and is reasonable and consistent with prevailing market rates for attorneys of comparable experience handling complex commercial and federal litigation. A true and correct copy of my professional qualifications and curriculum vitae is attached hereto as **Exhibit 1**.

13. At my hourly rate, 1.5 hours of attorney time equals **$525.00**. Krithivas seeks only **$500.00** for the time incurred in addressing the verification issue and preparing and filing Dkt. 139.

14. I also spent approximately **1.0 hour** preparing and reviewing Krithivas's present Motion for Attorney's Fees, this Declaration, and the accompanying proposed order. At my regular hourly rate of $350.00, that time equals **$350.00**.

15. Accordingly, although the attorney time described above results in a total lodestar amount of **$875.00**, Krithivas seeks a total award of only **$850.00**.

16. In my experience, the time expended was reasonable and necessary. The time claimed is limited to work directly associated with Dkt. 139 and the present request to recover the expenses arising from that Motion.

17. During the parties' September 30, 2026 meet-and-confer, I raised the issue of the attorney's fees incurred in connection with Dkt. 139 and sought to resolve the issue without further motion practice. SkyWest, through its counsel Tyson C. Horrocks, declined to stipulate to payment of those fees.

18. During that same September 30 meet-and-confer, Mr. Horrocks suggested that the parties' stipulation extending Krithivas's deadline to file Short Form Discovery Motions was also intended to extend SkyWest's time to provide the missing signed verifications.

19. Before that September 30 discussion, I had never understood or agreed that the stipulation extended SkyWest's deadline or otherwise permitted SkyWest to delay providing the verifications required by Rule 33.

20. No extension of SkyWest's obligation to provide the signed verifications was discussed with me during negotiation of the stipulation.

21. My understanding was that the stipulation addressed only Krithivas's deadline under DUCivR 37-1(b)(2)(C) to file Short Form Discovery Motions concerning unresolved disputes arising from his Second Set of Written Discovery.

22. That understanding was consistent with the language of the parties' filed Stipulation, Dkt. 131, and the Court's resulting Order, Dkt. 135.

23. SkyWest never proposed during negotiation of the stipulation that the stipulation would extend its time to comply with Rule 33 or to provide the missing verifications, and I never agreed to any such extension.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of September, 2026.

/s/ Scott C. Uthe
**Scott C. Uthe**