Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **PLAINTIFF'S SHORT-FORM DISCOVERY MOTION FOR PROTECTIVE ORDER STAYING DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICE**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Under Federal Rule 26(c) and DUCivR 37-1, SkyWest moves for a protective order staying Defendants' Joint Notice of Rule 30(b)(6) Deposition (the "Notice") (Exhibit A) until the Court resolves Defendants' Joint Motion for Protective Order (Dkt. 132).

## ARGUMENT

The Notice should be stayed because the parties mutually agreed to defer all depositions until the Court resolved Defendants' union-activity objections. Importantly, SkyWest sought

depositions first, noticing Moussaron's for August 26 and Krithivas's for September 3, 2026. Defendants refused to proceed. Counsel asserted that their clients **would not** answer questions about protected union activity and **would not** sit for a second deposition, thereby unilaterally postponing both depositions until Defendants' objections were resolved.

On August 18, 2026, the Court directed Defendants to move for a protective order supporting their privilege claims for alleged protected union activity. Dkt. 108. Because much of the parties' discovery is intertwined with that ruling, the parties stipulated to amend the scheduling order and agreed "**to defer depositions until that threshold issue [Defendants' union-activity objection] is resolved.**" (Dkt. 125 at 2–3) (emphasis added). The stipulation contains no carve-out for particular deponents or topics. Rather, the parties extended fact discovery from November 30, 2026 to March 2, 2027 precisely so depositions would not proceed before the privilege ruling and would reduce the need to "reopen[] or duplicate[]" depositions. *Id.* Plainly, the point was to have the Court decide the threshold privilege question first, so that each witness is deposed once and neither side gains a head start.

Defendants now claim the deferral reached only depositions "regarding union activity." Nothing in the stipulation supports that reading. Even under Defendants' reading, though, the Notice falls within the deferral: it seeks testimony about ALPA organizing, the Organizing Committee, SAPA, and SkyWest's response to union activity. Ex. A, Topic Nos. 10, 13–15. A deposition that devotes multiple topics to union activity is a deposition "regarding union activity." Defendants cannot use the deferral to shield their own union activity from questioning while examining SkyWest about similar activity.

SkyWest proposed that, while the Notice is stayed, the parties would confer on topics, designees, duration, remote participation, and location after SkyWest serves its objections, so the deposition can proceed promptly once the Court rules. Defendants still would not agree to stay the deposition.

Based on the plain language of the parties' stipulation, good cause exists to stay the Notice until after the Court rules on Dkt. No. 132. SkyWest asks only that the Court enforce the status quo the parties negotiated. Allowing Defendants to proceed now would reward the very obstruction that prompted the deferral, giving Defendants the tactical advantage of deposing SkyWest's corporate designees before SkyWest has examined Defendants on the claims Defendants themselves put at issue. Under Rule 26(d)(3)'s "interests of justice" standard, fairness requires that the parties be held to their agreement and that, once the deferral ends, the depositions proceed in the order they were first sought. As discovery is open until March 2027, a stay prejudices no one.

## **CERTIFICATION**

Counsel conferred by videoconference on October 7, 2026. For SkyWest: Zachary T. Burford. For Moussaron: Jonathan K. Thorne. For Krithivas: Scott C. Uthe. Defendants refused to stay the Notice.

Dated this 7th day of October, 2026

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*

Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.*

39823300