Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANT VIKAAS KRITHIVAS'S MOTION FOR LEAVE TO FILE LIMITED SURREPLY IN OPPOSITION TO SKYWEST AIRLINES, INC.'S AND DALE HANSEN'S MOTION TO DISMISS COUNTERCLAIM**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant and Counterclaim Plaintiff Vikaas Krithivas ("Krithivas"), pursuant to DUCivR 7-1(a)(9), respectfully moves for leave to file the limited surreply attached as Exhibit A in opposition to SkyWest Airlines, Inc.'s and Dale Hansen's Motion to Dismiss Counterclaim (Dkt. 140). The proposed surreply addresses two matters first asserted or materially developed in their Reply (Dkt. 159): (1) the construction of this Court's August 11, 2026 Order (Dkt. 103) as an independent bar to treating the Complaint attached to Hansen's February 2 email as part of that publication; and (2) the Reply's reliance on *Krouse v. Bower* and *Brehany v. Nordstrom, Inc.*

to establish American Airlines' purported legal interest for purposes of Utah's absolute judicial-proceeding privilege.

Under Tenth Circuit precedent, a court should not rely on genuinely new material first presented in a reply without affording the opposing party a fair opportunity to respond.[1] Krithivas seeks only a short response to these discrete matters.

## I. BACKGROUND

SkyWest and Hansen moved to dismiss on September 15, 2026. Dkt. 140. The Motion argued that Hansen's February 2 email was nondefamatory, substantially true, and protected by Utah's judicial-proceeding privilege because American had a legitimate interest in receiving notice of the litigation.[2] It did not invoke Dkt. 103 as an independent procedural bar to treating the attached Complaint as part of the February 2 publication.

Krithivas responded on September 21, 2026, distinguishing the January 30 filing of the Complaint from Hansen's later, targeted transmission of that pleading to Krithivas's new employer. Dkt. 145 at 14–15. He also challenged whether a general business relationship established the litigation-related legal interest required by *Pratt v. Nelson*, 2007 UT 41.[3]

In their October 5 Reply, SkyWest and Hansen contend that Dkt. 103 already "foreclosed" the publication theory because the Court permitted amendment "based solely on Hansen's email."[4] The Reply also analogizes American to the property owners in *Krouse v. Bower*, 2001 UT 28, and cites *Brehany v. Nordstrom, Inc.*, 812 P.2d 49 (Utah 1991), to support American's asserted employment-related interest.[5]

---

[1] *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998).
[2] Dkt. 140 at 5–13.
[3] Dkt. 145 at 21–24.
[4] Dkt. 159 at 2–3.
[5] Dkt. 159 at 4–5.

## II. A LIMITED SURREPLY IS WARRANTED

Under Tenth Circuit law, "new material" warranting an opportunity to respond includes both new factual evidence and new legal arguments first asserted in a reply memorandum.[6] Although this principle frequently arises in the summary-judgment context, the same fundamental concern with a fair opportunity to respond applies equally to new arguments raised in support of a motion to dismiss.[7]

### A. The Reply invokes Dkt. 103 as an independent ground for dismissal.

The opening Motion challenged the February 2 transmission on the merits. The Reply advances a distinct construction of the August 11 amendment order: that regardless of whether the email transmitted the attached Complaint, Dkt. 103 itself prohibits Krithivas from relying on that attachment as the substance of the February 2 publication.[8] The opening Motion did not place Krithivas on notice of that procedural contention. A short surreply would permit him to explain why the separately alleged February 2 republication is not a revival of a claim arising from the January 30 court filing.

### B. The Reply materially develops the asserted basis for American's legal interest.

Krithivas acknowledges that Dkt. 140 already argued that American was a business partner with a legitimate interest in learning of the litigation.[9] The Reply, however, equates American's interest with the recipients' legal interest in *Krouse* and invokes Brehany's qualified employment-related privilege to support application of an absolute judicial-proceeding

---

[6] *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (noting that fairness requires an opportunity to respond when a party presents "new factual information or new legal arguments" in reply); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (holding that a court should permit a surreply or decline to rely on new material raised in a reply); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998).
[7] *See, e.g., Origins Tech., Inc. v. Oak Equity Holdings II, LLC, 2024 U.S. Dist. LEXIS 650 (2024)*, at *13 (D. Utah Jan. 2, 2024) (applying *Green* to request for leave to file surreply); DUCivR 7-1(a)(9).
[8] Dkt. 159 at 2–3.
[9] Dkt. 140 at 10–11.

privilege.[10] The proposed surreply addresses only the distinction between a general employment-related interest and the litigation-related interest discussed in *Pratt* and *Krouse*; it does not rebrief the privilege generally.

## III. THE REQUEST IS NARROW

The proposed surreply is limited to the two issues above and does not revisit substantial truth, defamatory meaning, causation, resignation, abuse of process, or other matters already briefed. On October 7, 2026, Krithivas requested a stipulation permitting the limited filing; SkyWest and Hansen declined. The proposed surreply is attached as Exhibit A.

## CONCLUSION

Krithivas respectfully requests leave to file the proposed limited surreply attached as Exhibit A. Alternatively, if the Court declines leave, Krithivas requests that it refrain from relying on any genuinely new argument first advanced in Dkt. 159 without affording him an opportunity to respond, particularly the construction of Dkt. 103 as an independent procedural bar to the February 2 publication theory. Because briefing on Dkt. 140 is complete, Krithivas respectfully requests that the Court resolve this limited procedural request before adjudicating the underlying Motion to Dismiss. Krithivas is prepared to file the proposed surreply within three days of the issuance of an Order granting this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[10] Dkt. 159 at 4–5.

DATED this 8th day of October, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant/Counterclaimant Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of October, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Scott C. Uthe**
Scott C. Uthe