Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERLENGTH OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Pursuant to DUCivR 7-1(a)(7), Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. ("SkyWest") respectfully moves the Court for leave to file an overlength Opposition to

Defendants' Joint Motion for Protective Order[1] (the "Opposition"). SkyWest seeks leave to file a modestly overlength Opposition of up to 10,250 words, which exceeds the standard 7,750 word limit for an opposition under DUCivR 7-1(a)(4).

Good cause exists for the additional words as courts have the flexibility to permit longer briefing under these circumstances to allow courts to consider and decide such significant issues on the merits. *See, e.g.*, *Fuja v. City of Woodland Hills*, 2026 U.S. Dist. LEXIS 15836, *8 (D. Utah 2026); *see generally*, *Merce v. Greenwood*, 2006 U.S. Dist. LEXIS 109275, *2 (D. Utah Oct. 18, 2006); *Finneman v. Delta Airlines*, 2021 U.S. Dist. LEXIS 131517, *2 (D. Utah Mar. 11, 2026). Here, the Opposition necessarily addresses a constitutional privilege question that will govern nearly all of the outstanding discovery in this case, and responds to an extensive evidentiary record Defendants assembled in support of their Motion. More specifically:

1. The Motion presents complex and consequential legal issues. Defendants invoke the qualified First Amendment associational privilege, which requires the Court to determine whether Defendants have made a prima facie showing of chill under *In re Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470 (10th Cir. 2011), and, if so, to balance each of the four *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987), factors. Defendants also rely on Rule 26(c) and the Railway Labor Act as context. The Opposition must address each of these frameworks, as well as SkyWest's threshold arguments concerning the adequacy of Defendants' discovery responses.

---

[1] Docket No. 132, filed September 14, 2026

2. The Motion affects a large volume of discovery. Defendants ask that the requested protections apply to all of the discovery disputed in Docket Nos. 61, 63, 67, 69, 70, 71, and 72—the motions the Court denied without prejudice in its August 18, 2026 Order (Dkt. No. 108)—as well as SkyWest's subpoena to ALPA (Dkt. No. 106) and to EZ Texting and GoFundME. That discovery spans six distinct categories of information central to SkyWest's claims, including DMS data and database tables, communications with the Organizing Committee and ALPA, the identities of persons who possessed or used SkyWest's data, organizing-related responses tied to that data, and forensic examination of Defendants' devices. Because the Grandbouche analysis is information-specific, the Opposition must address how the privilege applies to each category.

3. The Opposition must also address the evidence submitted in connection with the Motion. The Motion is supported by ten exhibits totaling roughly 130 pages, including declarations from both Defendants, an ALPA organizing consultant, a nonparty pilot, and a pseudonymous "Doe" declarant; nearly twenty-year-old declarations and a court decision from a 2007 lawsuit in the Northern District of California; campaign website materials; and multiple SkyWest documents and discovery responses. Because the prima facie showing turns on whether these materials establish "objective and articulable facts," SkyWest must respond to them specifically, which cannot be done within the standard limit.

4. Resolving these issues in a single, complete Opposition serves judicial economy. The Court directed Defendants to present the associational-privilege issue through this Motion, and its ruling will determine the sequence and scope of the remaining discovery, including

pending subpoena disputes. Full briefing now will reduce the likelihood of further piecemeal motion practice.

The requested 2,500-word extension is modest and narrowly tailored to address only the legal frameworks, discovery categories, and evidentiary record Defendants have placed before the Court. SkyWest has diligently sought to be as concise as possible, undertaking multiple drafts to reduce and simplify the Opposition. Notwithstanding counsel's good-faith efforts, it has found it impossible to adequately respond to the Motion within the standard 7,750-word limitation. Accordingly, good cause exists for granting SkyWest's request to file an overlength Opposition of up to 10,250 words. A proposed order granting SkyWest's request accompanies this motion.

DATED this 9th day of October, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

39865469_v1