Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANT VIKAAS KRITHIVAS'S SURREPLY IN OPPOSITION TO SKYWEST AIRLINES, INC.'S AND DALE HANSEN'S MOTION TO DISMISS COUNTERCLAIM**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant and Counterclaim Plaintiff Vikaas Krithivas ("Krithivas") submits this limited Surreply pursuant to the Court's order granting leave. It addresses only (1) the Reply's construction of the Court's August 11, 2026 Order (Dkt. 103) as barring consideration of the Complaint attached to Hansen's February 2 email; and (2) the Reply's reliance on *Krouse* and *Brehany* to establish American Airlines' purported legal interest for purposes of Utah's absolute judicial-proceeding privilege.[1]

[1] Dkt. 159 at 2–5.

## I. THE AUGUST 11 ORDER DOES NOT BAR THE FEBRUARY 2 PUBLICATION THEORY.

The Reply argues that Dkt. 103 already "foreclosed" Krithivas's publication theory because the Court found claims based on "the statements in the Complaint" untimely and permitted amendment "based solely on Hansen's email."[2] That argument conflates two different acts of publication.

The publication previously found untimely was the January 30 filing of SkyWest's Complaint. The publication alleged in the operative Counterclaim is Hansen's later February 2 transmission of that Complaint directly to Krithivas's new employer.[3] Krithivas does not seek liability merely because SkyWest filed its pleading. Rather, he challenges Hansen's subsequent act of selecting that pleading, attaching it to an email addressed to American, identifying Krithivas's transition to American, and stating that SkyWest wanted American aware of the litigation.[4]

Nothing in Dkt. 103 requires the attachment to be artificially separated from the email through which Hansen communicated it. Treating the attached Complaint as part of the February 2 publication does not revive a claim based on the January 30 filing; it identifies the content Hansen allegedly republished through his later, employer-directed communication. The Counterclaim is therefore based on Hansen's February 2 email, including the attachment transmitted with it, rather than on the earlier act of filing the Complaint.

## II. AMERICAN'S EMPLOYMENT INTEREST DOES NOT ESTABLISH THE REQUIRED LEGAL INTEREST ON THE PLEADINGS.

The Reply analogizes American to the owners in *Krouse v. Bower*, 2001 UT 28, and invokes *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 58–59 (Utah 1991), to support the proposition

---

[2] Dkt. 159 at 2–3.
[3] *See* Countercl. ¶¶ 19–28, 66–75.
[4] Countercl. ¶¶ 19–21.

that an employer has a protected interest in employment-related communications.[5] Neither establishes absolute judicial-proceeding privilege on the face of the Counterclaim.

Under *Pratt v. Nelson*, 2007 UT 41, ¶ 33, the relevant inquiry includes whether the recipient has a "legitimate role in resolving the dispute" or "an adequate legal interest in the outcome." The Counterclaim alleges no litigation-related role for American. American was not a party to the SkyWest litigation, and the Counterclaim does not establish that American possessed a direct legal interest in its outcome or was assisting SkyWest or the Court in resolving the dispute.[6] Hansen sought no testimony, evidence, litigation assistance, or participation in the case.[7]

*Krouse* involved recipients with a direct legal interest in the dispute's subject matter.[8] SkyWest identifies no comparable interest American possessed in the adjudication of SkyWest's claims against Krithivas. An employer's interest in learning of allegations against an employee is not necessarily a legal interest in the outcome of the litigation.

*Brehany* concerned a qualified privilege for employment-related communications.[9] Such a privilege is analytically distinct from the absolute judicial-proceeding privilege asserted here. The fact that American may have had a practical employment-related interest does not, without more, establish the adequate litigation-related legal interest contemplated by *Pratt*. The existence of a potentially qualified common-interest privilege does not, by itself, establish the separate requirements for an absolute judicial-proceeding privilege. At minimum, SkyWest has not established the asserted absolute privilege from the face of the Counterclaim at the pleading stage.

---

[5] Dkt. 159 at 4–5.
[6] Countercl. ¶¶ 23–25.
[7] *Id.*
[8] *See Pratt*, 2007 UT 41, ¶ 38 (discussing *Krouse*).
[9] 812 P.2d at 58–59.

## CONCLUSION

Dkt. 103 does not prohibit treating the Complaint Hansen attached to his February 2 email as part of that separately alleged publication. Nor does American's status as Krithivas's employer establish, on the pleadings, the litigation-related legal interest necessary to extend Utah's absolute judicial-proceeding privilege to that extrajudicial communication. For these reasons, and those stated in Dkt. 145, the Motion to Dismiss should be denied.

DATED this 9th day of October, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant/Counterclaimant Vikaas Krithivas*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of October, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Scott C. Uthe**
Scott C. Uthe