Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF'S EVIDENTIARY OBJECTION TO DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) (DKT. 158)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest"), by and through its undersigned counsel, hereby submits its Evidentiary Objection to Defendants' Joint Reply in Support of their Motion for Partial Judgment on the Pleadings Under Rule 12(c) as follows:

Defendants briefed their Motion (Dkt. 105) as a pure pleadings motion. It cited only the Complaint, the Answers, SkyWest's Answer to Moussaron's Counterclaim, and the Nondisclosure Agreements attached to the Complaint at Dkt. 1-1. The Reply abandons that approach. It relies on discovery responses and attorney correspondence that are not pleadings, were not cited in the Motion, and, in two instances, do not appear in the record at all. Introducing this material for the first time on reply deprives SkyWest of any opportunity to respond to it.

Pursuant to DUCivR 7-1(b)(3), SkyWest objects to the new evidence Defendants offer for the first time in their Joint Reply (Dkt. 158), filed October 2, 2026. Because that material lies outside the pleadings and was not presented in the Motion, SkyWest asks the Court to exclude it or, if the Court elects to consider it, to treat the Motion as one for summary judgment and give SkyWest a reasonable opportunity to present all pertinent material, as Rule 12(d) requires.

## MATERIALS AT ISSUE

SkyWest objects to the Court's consideration of the following materials, each of which appears for the first time in the Reply: (1) SkyWest's response to Request for Admission No. 6, cited at Dkt. 158 at 6 & n.16 (citing Dkt. 73-1 at 8–9); (2) SkyWest's response to Request for Admission No. 21, cited at Dkt. 158 at 6 & n.16 (citing Dkt. 139-1 at 33); (3) SkyWest's responses to Krithivas's expedited interrogatories concerning the January 12, 2026 Directory change, cited at Dkt. 158 at 8–9 & n.27 and at 10 & n.30; (4) a July 21, 2026 meet-and-confer letter, cited at Dkt. 158 at 10–11 & n.31; and (5) a July 27, 2026 email from counsel for Krithivas to counsel for SkyWest, cited at Dkt. 158 at 10–11 & n.31.

## ARGUMENT

### I. RULE 12(c) CONFINES THE COURT TO THE PLEADINGS.

A Rule 12(c) motion is evaluated under the Rule 12(b)(6) standard, and the Court may consider the pleadings, documents attached as exhibits to the pleadings, and documents incorporated into the pleadings by reference. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *see* Fed. R. Civ. P. 10(c).

None of the objected-to materials falls within that universe. Responses served under Rules 33 and 36 are not pleadings under Rule 7(a), are not attached to any pleading, and are not incorporated into the Complaint by reference. Meet-and-confer correspondence and litigation email are likewise neither pleadings nor pleading exhibits. Defendants' own framing confirms the point. Their Motion represents that it "presents legal questions that do not require the Court to decide whether Defendants actually circumvented a computer-access control," Dkt. 105 at 3, and concedes that "Rule 12(c) is not the vehicle to resolve that technical dispute," *id.* at 12. The Reply reiterates that Defendants "do not ask the Court to resolve disputed architecture on Rule 12(c)," Dkt. 158 at 2; that "[t]he cleanest course is to decide the Rule 12(c) issues from the pleadings," *id.* at 4; and that the discovery materials "are unnecessary to decide the pleading issue," *id.* at 6. By Defendants' own account, then, the materials serve no proper purpose on this Motion and should be disregarded.

Defendants raise a parallel objection, asking that Rule 12(d) apply if the Court considers SkyWest's Exhibit A (Dkt. 153-1) and a webpage cited in a footnote of its Response. Dkt. 158 at 3–4. The two situations are not comparable. Exhibit A is SkyWest's Code of Conduct, one of the policies the Complaint invokes as limiting Defendants' authorized access to SWOL directory

data. *See* Dkt. 1 ¶ 15 (alleging that, "[p]ursuant to SkyWest policy and their respective NDAs, Defendants were not authorized to compile, export, scrape, or mass-download directory data on SWOL"). A document referred to in the complaint and central to the plaintiff's claim may be considered on a Rule 12 motion without conversion. *See Leah v. Smith's Food & Drug Ctrs., Inc.*, 2022 U.S. Dist. LEXIS 48796, at *6 (D. Utah Mar. 17, 2022); *Williams v. Shawnee Pub. Sch.*, 2024 U.S. Dist. LEXIS 52335, at *3 (W.D. Okla. Mar. 25, 2024) (holding court could consider "plans and policies governing school sports" because they were referenced in complaint and central to party's claim). The materials Defendants offer satisfy neither requirement.

Discovery responses served after the pleadings closed, and correspondence between counsel, are not referred to in any pleading and are not central to any claim. They should not be considered in a dispute involving the sufficiency of the pleadings.

## II. TWO OF THE CITED MATERIALS ARE NOT IN THE RECORD.

The July 21, 2026 letter and the July 27, 2026 email were not attached to the Reply, were not filed with it, and bear no docket citation. DUCivR 7-1(c) requires that "[w]hen evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document." Defendants did not comply. As a result, the Court has no copy of either communication, and SkyWest cannot test Defendants' characterization of their content, context, or completeness. Counsel's description of unfiled correspondence is not evidence the Court may weigh, regardless of how the Court resolves the broader question under Rule 12(d).

## III. IF THE COURT CONSIDERS THE MATERIALS, RULE 12(d) REQUIRES CONVERSION AND AN OPPORTUNITY TO RESPOND.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court should exclude the materials rather than convert the Motion. Conversion to summary judgment would be premature. Fact discovery remains open until March 2, 2027, expert reports are not due until May 11 and June 8, 2027, and no depositions have been taken. Dkt. 126. Converting the Motion now, on a record Defendants assembled selectively and for the first time on reply, would deprive SkyWest of a fair opportunity to develop the evidence supporting its claims and would contradict Defendants' own representation that the Motion can be decided on the pleadings.

## CONCLUSION

SkyWest disputes Defendants' characterizations of its discovery responses and of the meet-and-confer history. Because this objection is limited to whether the Court may consider those materials, SkyWest does not address the characterizations here and reserves the right to do so if the Court considers them.

SkyWest respectfully requests that the Court (1) sustain this objection and exclude the materials identified above from its consideration of Dkt. 105; (2) in all events, decline to consider the July 21, 2026 letter and July 27, 2026 email, which were not filed as DUCivR 7-1(c) requires; and (3) alternatively, if the Court considers any of those materials, treat Dkt. 105 as a

motion for summary judgment under Rule 12(d) and give SkyWest a reasonable opportunity to present all pertinent material on a schedule set by the Court.

Dated this 9th day of October, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

39865904_v1