Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S SHORT-FORM DISCOVERY MOTION FOR PROTECTIVE ORDER**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants oppose SkyWest's Motion (Dkt. 160). Defendants acknowledge that Dkt. 125

states the parties "agreed to defer depositions until that threshold issue is resolved." But the same sentence explains the purpose of that agreement: to avoid depositions that "may need to be reopened or duplicated depending on the Court's ruling." Dkt. 125 at 2. The stipulation to defer depositions occurred after SkyWest noticed Moussaron and Krithivas's depositions and addressed the practical risk that after a ruling on Dkt. 132, SkyWest's examinations of Moussaron and Krithivas would have to be reopened or duplicated. SkyWest has not shown that its Rule 30(b)(6) deposition presents that risk.

Dkt. 132 seeks protection for limited categories of nonpublic associational information; it does not seek to bar discovery of SkyWest's own technical, transactional, or corporate conduct. SkyWest identifies no topic-specific reason why its Rule 30(b)(6) testimony would need to be reopened or duplicated after Dkt. 132 is decided.

The topics SkyWest identifies concern its own policies, response to the December 9 communication, corporate response to organizing, and relationship with SAPA. Those subjects concern SkyWest's own knowledge, decisions, and conduct. SkyWest does not explain how testimony on those matters would disclose the protected associational information at issue in Dkt. 132 or why that testimony would need to be repeated later. That is because the privilege asserted in Dkt. 132 does not protect SkyWest from disclosure of its own knowledge, decisions, or conduct; it protects against compelled disclosure to SkyWest of specified nonpublic associational information.

SkyWest likewise identifies no concrete burden or prejudice from proceeding other than its assertion that Defendants would depose SkyWest before SkyWest examines Defendants. That sequencing concern does not establish good cause for a blanket stay of otherwise discoverable corporate testimony.

Further delay is unnecessary and prejudicial. Fact discovery closes March 2, 2027, and

SkyWest has identified a substantial number of potential witnesses. Defendants intend to use the Rule 30(b)(6) deposition in part to narrow the witnesses whose individual depositions are necessary. Until that deposition occurs, Defendants are hamstrung in determining which witnesses to depose and what follow-up discovery or motion practice may be necessary.

During the October 7 meet-and-confer, Defendants did not refuse accommodation. Defendants offered either a limited postponement of the deposition or, alternatively, deferral of any specific topics SkyWest identified as dependent upon Dkt. 132. SkyWest rejected both alternatives and asserted that all topics were implicated without providing a topic-specific basis.

Defendants therefore request that Dkt. 160 be denied. Alternatively, any stay should be limited to specific portions of topics SkyWest demonstrates are actually dependent upon the Court's ruling on Dkt. 132.

DATED this 13th day of October, 2026.

**SCHOLNICK THORNE HOLLAND**

**/s/ Jonathan K. Thorne**
Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
John E. "Jack" Holland (pro hac vice)
40 South 600 East
Salt Lake City, Utah 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com

*Attorneys for Defendant/Counterclaimant Daniel Moussaron*

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe (signed with permission)**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant/Counterclaimant Vikaas Krithivas*