# EXHIBIT B

Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com

*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **DEFENDANT MOUSSARON'S RESPONSES TO PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant and Counterclaim Plaintiff Daniel Moussaron ("Defendant" or "Moussaron") hereby responds and objects to Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc.'s ("Plaintiff" or "SkyWest") Third Set of Discovery Requests as follows.

## GENERAL OBJECTIONS

1. Moussaron objects to each interrogatory and request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent any interrogatory or request seeks or may be construed as seeking such protected information, Moussaron invokes the attorney-client privilege and the work-product doctrine, and the fact that Moussaron has not expressly referred to those protections in response to a specific interrogatory or request is not intended to be, and shall not be construed as, a waiver.

2. The responses set forth below are based on Moussaron's knowledge to date. Moussaron's investigation of the facts and law relevant to this action and his efforts to obtain documents and information are not complete. Thus, he expressly reserves the right to use additional evidence obtained through formal and informal discovery and to amend, supplement, or otherwise change these responses pursuant to Federal Rule of Civil Procedure 26(e).

3. Moussaron objects to each interrogatory and request to the extent it seeks information protected by the Railway Labor Act, First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G), which are currently being briefed.

4. Moussaron also objects to the Instructions and Definitions outlined in Plaintiff's discovery requests to the extent that they do not comply with the Federal Rules of Civil Procedure.

5. Moussaron objects to any request to the extent that it seeks documents or information not in his possession or control, in the possession or control of Plaintiff.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

In addition to the General Objections above, and without limiting them, Moussaron objects to the following Definitions and Instructions. These objections are incorporated into each response below to the extent any such defined term is used or implicated in a particular Interrogatory or Request.

1. Moussaron objects to the definition of "Defendant," "You," and "Your" (Definition 2) as overbroad, unduly burdensome, and not proportional to the case, because it purports to include Adamo Systems, Inc. and Dorrus, Inc., entities that are not parties to this action. Further, the definition includes undefined "business associates" and "other persons acting at his direction or on his behalf." It also expressly includes Moussaron's "attorneys," thereby purporting to sweep in information protected by the attorney-client privilege and the attorney work-product doctrine. Moussaron responds solely on his own behalf and not on behalf of any non-party.

2. Moussaron objects to the definitions of "Identify," "identity," and "identification" applied to a Document, File, or Dataset (Definition 4) and to a communication (Definition 7) as compound, overbroad, and unduly burdensome, because they embed multiple discrete subparts and require the production of granular information for every responsive item. Moussaron further objects to Definition 4(h) ("the means by which you accessed the information") as overbroad and as presuming facts in dispute.

3. Moussaron objects to the definition of "Identify," "identity," and "identification" as applied to a person (Definition 5) as compound, overbroad, and unduly burdensome, and to the extent it requires disclosure of individuals' aliases, usernames, residential addresses, personal email addresses, personal telephone numbers, and "relationship to Defendant or to the subject matter of this litigation," because as applied to participants in protected union-organizing activity

it seeks information protected by the First Amendment associational privilege, Federal Rule of Civil Procedure 26(c)(1)(G), and the Railway Labor Act.

4. Moussaron objects to the definition of "SkyWest Confidential Information" (Definition 8) as overbroad and vague, because it presumes as "confidential" information that is not confidential and that was independently available from public sources, expressly purporting to reach such information "regardless of whether any individual data point was independently available from a public source."

5. Moussaron objects to the definition of "Organizing Committee" (Definition 13) to the extent it is used to seek the identification of, or information concerning, participants in protected union-organizing activity, as it seeks information protected by the First Amendment associational privilege, Federal Rule of Civil Procedure 26(c)(1)(G), and the Railway Labor Act.

6. Moussaron objects to the definitions of "Relates to," "related to," "relating to," and "in relation to" (Definition 14) and of "And" and "or" (Definition 15) as overbroad and unduly burdensome, because they are drafted to reach anything bearing any connection, in whole or in part, to a subject, and to compel "the broadest possible response."

7. Moussaron objects to the definition of "Business Entities" (Definition 25) as overbroad, unduly burdensome, and not proportional to the needs of the case, because it purports to reach Adamo Systems, Inc., Dorrus, Inc., GroomTower LLC, and "any other company, venture, or entity" in which Moussaron holds or has held any interest, all of which are non-parties.

8. Moussaron objects to the definition of "Data Extraction" (Definition 28) as overbroad and as assuming and incorporating disputed facts and a contested legal

characterization, because it characterizes as "extraction" conduct that was authorized, expressly reaching such conduct "regardless of whether such conduct was authorized," and because it purports to incorporate "any conduct alleged in the Complaint," so that Moussaron cannot respond within the definition without adopting SkyWest's disputed characterization of the conduct at issue.

9. Moussaron objects to the definition of "ALPA" (Definition 32) to the extent it purports to include ALPA's "attorneys" and "business associates" and any communications with them, as seeking information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, the Railway Labor Act, and the First Amendment associational privilege.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 17:** Identify all jobs you have had from January 1, 2021 to the present. For each job, identify: (a) the work provider; (b) the job title; (c) the rate of pay; (d) the total amount you were paid; (e) the dates which you worked; (f) the efforts you made to obtain the job; (g) why the job ended; and (h) your supervisor(s).

**ANSWER TO INTERROGATORY NO. 17:** Moussaron objects to this Interrogatory as overly broad. He also withholds the name of his current employer, that will be referred to as REDACTED, based on the allegations in Defendant Krithivas's Counterclaim. Further, he objects that subpart (f) is neither relevant nor proportional to the needs of the case and as duplicative and cumulative of Interrogatory No. 18, which addresses Moussaron's efforts to obtain employment. Moussaron further objects to subpart (h) as seeking information that is neither relevant nor proportional to the needs of the case.

Rule 26(a)(2). As to subpart (i), attorney's fees incurred to date total approximately $181,000. The documents that evidence these damages include payroll and W-2 records, the SkyWest pilot program (UPPS) guide and signed agreement, Moussaron's pilot logbook (evidencing his pilot-in-command hours), and receipts for the airfare identified above.

**INTERROGATORY NO. 21:** Identify the specific provision(s) of the Railway Labor Act (45 U.S.C. § 151 et seq.) you contend SkyWest violated, and for each provision: (a) identify the specific conduct by SkyWest that you contend constitutes a violation; (b) state when each violation occurred; (c) identify every person with knowledge of the violation; and (d) identify every Document supporting the violation.

**ANSWER TO INTERROGATORY NO. 21:** Moussaron objects to subpart (c) as overly broad to the extent it seeks the identification of "every person" with knowledge, which could encompass a large number of SkyWest pilots aware of SkyWest's conduct, and objects to subpart (c) to the extent it seeks the identities of the union organizing-committee members, the ALPA organizer, and other participants in the organizing effort, which are protected by the Railway Labor Act,  First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G). Much of the evidence supporting these contentions is within SkyWest's own possession, custody, and control.

Subject to and without waiving these objections, Moussaron responds as follows. Moussaron contends that SkyWest violated the Railway Labor Act, 45 U.S.C. § 152, Third and Fourth General Duties, as set forth in Moussaron's Counterclaim's First Cause of Action. Moussaron preliminarily refers Plaintiff to the allegations of his Counterclaim. Additionally, as to subpart (a), the conduct constituting the violation consists of SkyWest's termination of Moussaron, SkyWest's January 26 Communication, SkyWest's December 10, 2025 notice

directing pilots to report the Organizing Committee's text-message outreach to their mobile carriers as "spam" (SkyWest_000002), and SkyWest's communications with third parties concerning Moussaron and Krithivas, including the email from Hansen to American Airlines, Inc., constitute SkyWest's illegal retaliation against Defendants, which intended to interfere with, influence, and coerce pilots in their organizing and in their choice of representation, and in retaliation for Defendants' protected organizing activity. As to subpart (b), this conduct occurred on and about January 26, 2026, and in the weeks following, against the background of an organizing campaign that began in or about April 2025 and of which SkyWest was aware by no later than June 12, 2025. As to subpart (c), the persons with knowledge who are not protected from disclosure include Moussaron, Krithivas, and the SkyWest management personnel responsible for the termination and communications, including those identified in SkyWest's Complaint and in the declaration of Justin Esplin; Moussaron will not identify the organizing-committee members, the ALPA organizer, or other organizing participants, whose identities are protected as stated above. As to subpart (d), Moussaron identifies the following categories of supporting documents: the January 26 Communication; SkyWest's internal and third-party communications concerning Moussaron, Krithivas, and the organizing effort, including the email from Hansen to American Airlines, Inc.; and the records of Moussaron's termination. Documents presently identified include Moussaron_000004, Moussaron_000009–000010, Moussaron_000013, Moussaron_000019, Moussaron_000244, and SkyWest_0000475. and.

**INTERROGATORY NO. 22:** Identify any SkyWest employees who you contend have been terminated, disciplined, investigated, or subjected to adverse action for union organizing activity. For each such employee: (a) identify the employee; (b) describe the adverse action; (c)

state the date of the termination or adverse action; and (d) identify any documents supporting that the action was motivated by union organizing rather than other reasons.

**ANSWER TO INTERROGATORY NO. 22:** Moussaron objects to this Interrogatory as the information is in SkyWest's exclusive possession, custody, and control and will be sought in discovery.

Subject to and without waiving these objections, Moussaron responds as to subpart (a), Moussaron identifies (i) himself, terminated by SkyWest on January 26, 2026; (ii) Krithivas, a former SkyWest pilot and co-defendant in this action, who was constructively discharged from his subsequent employment with American Airlines, Inc. on April 10, 2026 as a result of SkyWest's and Hansen's communication of the allegations in this action to American Airlines, Inc.; and (iii) the flight-attendant plaintiffs in Association of Flight Attendants-CWA v. SkyWest Airlines, Inc., No. 2:23-cv-00723-DBB-DBP (D. Utah), including Shane Price and Tresa Grange, whom SkyWest terminated and who contend in that action that SkyWest subjected them to adverse action in retaliation for union organizing. Moussaron's investigation into the full scope of SkyWest's conduct toward employees engaged in organizing is ongoing. As to subpart (b), the adverse actions are Moussaron's termination, Krithivas's constructive discharge from American Airlines, Inc., and, as to the AFA plaintiffs, their terminations by SkyWest. As to subpart (c), Moussaron was terminated on January 26, 2026; Krithivas was constructively discharged on April 10, 2026; and SkyWest terminated Price and Grange on September 14, 2023. As to subpart (d), the documents presently within Moussaron's possession that support these contentions include the pleadings in the AFA action, which allege that SkyWest violated the Railway Labor Act by retaliating against flight attendants for organizing, and the communications between SkyWest (including Hansen) and American Airlines, Inc. concerning Moussaron and Krithivas.

**INTERROGATORY NO. 23:** State whether you have filed any charge, complaint, or grievance with, any federal or state agency, or any other forum regarding your termination from SkyWest or the conduct described in your Counterclaim. If so, identify each filing, the date, the forum, and the current status.

**ANSWER TO INTERROGATORY NO. 23:** Moussaron states that, other than this action, he has not filed any charge, complaint, or grievance with any federal or state agency or other external forum regarding his termination from SkyWest or the conduct described in his Counterclaim. Moussaron did submit an internal appeal of his termination to SkyWest on or about February 1, 2026.

**INTERROGATORY NO. 24:** Identify every person who you contend read, received, or was exposed to the January 26 Communication, and describe how the publication of the January 26 Communication damaged you.

**ANSWER TO INTERROGATORY NO. 24:** Moussaron objects to Interrogatory No. 24 as overly broad to the extent it seeks the identity of "every person" who read, received, or was exposed to the January 26 Communication, which SkyWest authored and distributed and whose recipients are therefore within SkyWest's possession, custody, and control rather than Moussaron's.

Subject to and without waiving these objections, Moussaron states that SkyWest, through its Chief Executive Officer, Russell "Chip" Childs, published the January 26 Communication to its pilot workforce on the SkyWest Online Flight Operations page, stating that "two now-former pilots' actions trampled on these values, violating our company policies and, more importantly, your trust," and, in a related message, that "two former pilots … stole pilot contact information," and inviting pilots to "report any unauthorized contact." Because SkyWest authored and

distributed the January 26 Communication, the identities of its individual recipients are within SkyWest's possession, custody, and control and not Moussaron's. Published while SkyWest's Complaint publicly named Moussaron as a defendant, the January 26 Communication was understood by its recipients to refer to Moussaron and falsely conveyed that he had stolen information and engaged in wrongful conduct. The publication damaged Moussaron in the manner described in his response to Interrogatory No. 20, including the reputational damages described in subpart (e), the emotional distress described in subpart (d), and the impaired employment prospects and loss of future earning capacity described in subpart (b).

**INTERROGATORY NO. 25:** Describe the specific content of the PRD Record that SkyWest reported to the FAA, and state: (a) what information was included; (b) what you contend was false, misleading, or improper about the report; (c) whether you have disputed or sought to amend the PRD Record through any FAA process; (d) the identity of every airline or work provider that you contend has accessed the PRD Record; and (e) how specifically the PRD Record has prevented or hindered your ability to obtain jobs.

**ANSWER TO INTERROGATORY NO. 25:** Moussaron responds to this Interrogatory as follows: As to subpart (a), an extract of the PRD Record, produced at Moussaron_000019, reports the separation as "Other – Employer initiated separation not due to pilot performance." As to subpart (b), Moussaron does not contend that the separation category selected is procedurally inaccurate; rather, he contends that the separation the PRD Record reports was itself unlawful, a termination in retaliation for his protected organizing activity, in violation of the Railway Labor Act. Thus, the PRD Record memorializes and perpetuates that unlawful termination to his career detriment. As to subpart (c), Moussaron has not disputed or sought to amend the PRD Record through any FAA process and expressly reserves the right to do so. As to

subpart (d), based on the information available to Moussaron through his FAA Pilot Records Database account, the following work providers were granted access to his PRD Record: Breeze Aviation Group, Inc. (BAGA) on February 7, 2026, and again on May 16, 2026; Critical Care Services, Inc. (37CA), d/b/a Life Link III, on March 23, 2026; and Southwest Airlines Co. (SWAA) on April 9, 2026. As to subpart (e), the PRD Record is required by law to be reviewed by every prospective Part 121 and Part 135 employer evaluating Moussaron for a pilot position; each of the pilot applications reflected in subpart (d) resulted in a denial, and the PRD Record has impaired, and continues to impair, Moussaron's ability to obtain airline-pilot employment and his future earning capacity, as further described in his response to Interrogatory No. 20, subpart (b).

**INTERROGATORY NO. 26:** Supplement your prior response to Interrogatory No. 13 and identify: (a) your specific role within the Organizing Committee, including any title or leadership position; (b) the precise dates of your involvement; (c) all compensation, reimbursement, or financial support you received from ALPA or any other source in connection with organizing activities; and (d) whether any of your Business Entities derived revenue from union organizing activities, pilot recruitment, or related services during the Relevant Period.

**ANSWER TO INTERROGATORY NO. 26:** Moussaron responds to this Interrogatory, supplementing his response to Interrogatory No. 13, as follows:

As to subpart (a), Moussaron was a member of the Organizing Committee's leadership team and was responsible for matters relating to information technology. As to subpart (b), Moussaron was involved from April 28, 2025, through January 26, 2026. As to subpart (c), Moussaron received no compensation, reimbursement, or financial support from ALPA or from any other source in connection with organizing activities. As to subpart (d), none of Moussaron's

business entities derived any revenue from union organizing activities, pilot recruitment, or related services during the Relevant Period.

**INTERROGATORY NO. 27:** Identify the current status of the Remote Server and whether SWOL Data or any derivative thereof remains stored, accessible, or in use in any Location, including without limitation on any device, account, backup, cloud storage, or in the possession of any Business Entity. If you contend the data has been destroyed or is no longer accessible, state when and how destruction occurred and identify any persons with knowledge of such destruction.

**ANSWER TO INTERROGATORY NO. 27:** Moussaron objects to Interrogatory No. 27 to the extent the phrase "any derivative thereof" is vague, and construes "SWOL Data or any derivative thereof" to mean the SWOL pilot-contact information at issue and any copies or extracts of it. Moussaron further objects to Interrogatory No. 27 as duplicative and cumulative of Plaintiff's Interrogatory No. 6, which sought the identification and current status of the Remote Server, and of Interrogatory No. 11, which sought information concerning the destruction, deletion, or disposal of any Device, Account, Communication, or File. Thus, Moussaron refers to his responses to those Interrogatories.

Subject to and without waiving these objections, Moussaron states as follows. The Remote Server, previously identified as hosted by GreenHost B.V. at IP address 185.88.143.130, remains active. SWOL-derived data resides on the Remote Server, and the locations of responsive data were identified in the spreadsheet Moussaron served with his responses to SkyWest's First Set of discovery requests. The encrypted file pilot_export_08JAN26.xlsx was shared with ALPA, as previously disclosed. Such data also necessarily existed on the Migadu email account used by the Organizing Committee; however, access to that account was terminated on or about January 12,

2026 for non-renewal, before the events giving rise to this action, and Moussaron no longer has any access to that account and cannot search or index its contents. In the course of developing the export function from the DMS on his personal MacBook Air, Moussaron created interim versions of the spreadsheet as testing materials; those interim testing files were not retained in the ordinary course of software development and before any preservation obligation arose. Moussaron's MacBook Air was subsequently preserved through forensic imaging pursuant to the Court's Order (Dkt. 43). No SWOL Data or derivative thereof is stored, accessible, or in use by Adamo Systems, Inc., Dorrus, Inc., or GroomTower LLC. The person with knowledge of these matters is Moussaron. Moussaron is not withholding any responsive information and reserves the right to supplement this response.

**INTERROGATORY NO. 28:** Identify each and every communication you have had with any person regarding: (a) this litigation; (b) the Complaint filed against you; (c) your departure from SkyWest; or (d) any claims or allegations relating to data extraction or breach of contract; and for each communication, state the date, the identity of all participants, the medium, and the substance of the communication.

**ANSWER TO INTERROGATORY NO. 28:** Moussaron objects to Interrogatory No. 28 as overly broad, unduly burdensome, and not proportional to the needs of the case because, as written, it seeks "each and every communication" with "any person" on the identified subjects, together with the date, all participants, medium, and substance of each, which would require Moussaron to catalog every incidental reference to his departure or this litigation, including, for example, references that arose in the course of the many job applications and interviews identified in his response to Interrogatory No. 18. Communications with friends, family, and other persons regarding these subjects are additionally not relevant to any party's claim or

defense. Moussaron further objects that the Interrogatory seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense and common-interest privileges, the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G), and that it seeks confidential union-organizing information protected under the Railway Labor Act.

Subject to and without waiving these objections, Moussaron acknowledges that non-privileged communications responsive to this Interrogatory exist, including incidental references to his departure from SkyWest and this litigation that arose in conversations with friends, family, and acquaintances and in the course of his job search; cataloging each and every such communication, with its date, participants, medium, and substance, is unduly burdensome as the Interrogatory is framed.

**INTERROGATORY NO. 29:** Identify every health care professional, provider or entity from whom you have sought or received medical, emotional or psychological care, treatment, advice, or counseling for the past ten (10) years, including without limitation, physicians, psychiatrists, psychologists, mental health counselors, physical therapists, clinics, hospitals, and any other medical professionals.

**ANSWER TO INTERROGATORY NO. 29:** Moussaron objects to Interrogatory No. 29 as overly broad, unduly burdensome, and not proportional to the needs of the case, including in its ten-year time frame and its reach to every medical, emotional, and psychological provider regardless of subject matter, and as an invasion of privacy that seeks information protected by the physician-patient and psychotherapist-patient privileges. Moussaron asserts only garden variety, not severe, emotional distress and does not allege a diagnosable psychiatric or psychological condition; he has not received medical or psychological treatment for the

emotional distress alleged in his Counterclaim and does not rely upon any medical or psychological provider, treatment, records, or expert testimony to establish that claim.

Subject to and without waiving these objections, Moussaron responds that he has not sought or received any medical, emotional, or psychological care or treatment for the emotional distress alleged in his Counterclaim and therefore has no responsive provider to identify within the scope of the claim he asserts.

**INTERROGATORY NO. 30:** If you contend that SkyWest, or any representative of SkyWest, has made any admission or declaration against interest, please identify all such admissions or declarations by date, identify the speaker, and summarize the alleged admissions or declarations made.

**ANSWER TO INTERROGATORY NO. 30:** Moussaron objects to Interrogatory No. 30 to the extent it seeks the mental impressions, selection, and legal theories of counsel, including which statements counsel contends constitute an "admission or declaration against interest," which are protected by the attorney work-product doctrine.

Subject to and without waiving these objections, and answering on the basis of information presently available, Moussaron states that the statements on which he intends to rely as admissions or declarations against interest include SkyWest's own statements in its pleadings, its discovery responses, and the testimony of its witnesses in this action, the specific identification of which depends on discovery not yet complete, including SkyWest's production and depositions.

**RESPONSES TO REQUESTS FOR PRODUCTION**

To avoid duplication, where documents responsive to these Requests have already been produced by any party in this litigation, Moussaron identifies them by their Bates numbers rather than re-producing them, and will produce responsive, non-privileged documents in his possession, custody, or control that have not previously been produced.

**REQUEST FOR PRODUCTION NO. 30:** From the time period of January 1, 2021 to the present, produce all documents relating to any salary, wages, compensation, fringe benefits, and any monetary or other benefit you have received from any source, including without limitation from jobs or from Adamo Systems Inc., Dorrus, Inc. and GroomTower LLC, and including without limitation tax returns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:** Moussaron will produce all non-privileged documents in his possession, custody, or control responsive to this Request, including documents reflecting the compensation he received from any source (including from his business entities) and responsive tax documents, for the period from January 1, 2021, to the present. The documents produced in response to this Request are Bates-numbered Moussaron_000262–Moussaron_000518.

**REQUEST FOR PRODUCTION NO. 31:** For the time period from the end of your employment at SkyWest to the present, produce all documents, including without limitation communications, related to efforts by you to obtain employment or obtain a job, including without limitation applications, email acknowledgements and communications from potential work providers, notes or lists of jobs applied for, calendars, showing interviews, offer letters, onboarding documents or contracts with work providers, and communications with any person about the job.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:** Moussaron objects to Request for Production No. 31 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "communications with any person about the job," which would require Moussaron to search for and collect every incidental communication with any person concerning his job search, and which is not relevant to SkyWest's claims. Moussaron further objects to the extent the Request seeks documents not within his possession, custody, or control, including application forms submitted through prospective employers' online application systems, which are retained within those employers' systems.

Subject to and without waiving these objections, Moussaron will produce all non-privileged documents in his possession, custody, or control reflecting his efforts to obtain employment since the termination of his employment with SkyWest, including the email acknowledgements and communications from prospective employers and recruiters, offer letters, onboarding documents, and the schedule of applications referenced in his response to Interrogatory No. 18. The documents produced in response to this Request are Bates-numbered Moussaron_000519–Moussaron_000748.

**REQUEST FOR PRODUCTION NO. 32:** All documents supporting or relating to your calculation of and/or claims for damages, including without limitation any spreadsheets, models, analyses, or computations quantifying back pay, front pay, lost benefits, emotional distress, reputational harm, consequential damages, punitive damages, tax offset, or any other category of claimed damages; all expert reports, draft expert reports, expert disclosures, and communications with any expert retained or consulted regarding your damages; and all medical, psychological, or counseling records supporting any claim for emotional distress damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:** Moussaron objects to the request for "all medical, psychological, or counseling records" as not relevant to the garden variety emotional-distress claim he asserts, not proportional to the needs of the case, and protected by the physician-patient and psychotherapist-patient privileges; Moussaron does not rely upon medical or psychological records to establish that claim and will not produce such records.

Subject to and without waiving these objections, Moussaron will produce non-privileged documents in his possession, custody, or control that support the computation of the damages he claims, consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), including the documents identified in his response to Interrogatory No. 20, and will make expert disclosures, if any, at the time and in the manner required by the scheduling order and Rule 26(a)(2). The non-privileged damages documents produced in response to this Request are Bates-numbered Moussaron_000749–Moussaron_000802.

**REQUEST FOR PRODUCTION NO. 33:** All documents, including without limitation communications, relating to the PRD Record, including without limitation the record reported by SkyWest to the FAA; all communications between you and the FAA regarding the PRD Record; all communications with any airline, work provider, or recruiter since January 26, 2026 in which the PRD Record, your termination from SkyWest, or this litigation was referenced or discussed; and any documents reflecting the impact of the PRD Record on your ability to obtain jobs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:** Moussaron objects to Request for Production No. 33 only to the extent it seeks documents reflecting the impact of the PRD Record on his ability to obtain jobs that are protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving that objection, Moussaron will produce the full PRD Record (produced at Moussaron_000804–Moussaron_000817; an extract of which was previously produced at Moussaron_000019), including the record of work providers that were granted access to it, as identified in his response to Interrogatory No. 25. Moussaron has no communications with the FAA regarding the PRD Record and no communications with any airline, work provider, or recruiter referencing the PRD Record. To the extent any non-privileged communications since January 26, 2026, reference his termination or this litigation, or any non-privileged documents reflect the impact of the PRD Record on his ability to obtain employment, Moussaron will produce them. The only responsive documents Moussaron withholds are those reflecting the impact of the PRD Record on his ability to obtain jobs that are protected by the attorney-client privilege or the attorney work-product doctrine, which are identified on Moussaron's privilege log; Moussaron is not withholding any other responsive documents on the basis of his objection.

**REQUEST FOR PRODUCTION NO. 34:** All documents, including without limitation communications, supporting your contention that the January 26 Communication was false, including without limitation any documents showing that SkyWest knew or should have known its statements were false at the time of publication, documents showing that your access to SWOL was authorized, and/or any documents reflecting damages resulting specifically from the January 26 Communication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** Moussaron objects to Request for Production No. 34 to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Documents concerning SkyWest's own

knowledge and state of mind are not within Moussaron's possession, custody, or control, but within SkyWest's.

Subject to and without waiving that objection, Moussaron states that the non-privileged documents reflecting the damages he suffered as a result of the January 26 Communication that are in his possession, custody, or control have been produced or identified in response to the other Requests, including his compensation and tax records (Moussaron_000262–Moussaron_000518) and the press coverage of this litigation (Moussaron_000803). Documents showing that Moussaron's access to SWOL was authorized are within SkyWest's own production and admissions in this action, including SkyWest's access log (SkyWest_000001) and SkyWest's admission, in response to Krithivas's Request for Admission No. 21, that the employee-detail endpoint returned the same data fields regardless of whether the request originated from a click within the Directory UI or from an automated script. Moussaron further identifies SkyWest's December 10, 2025 notice characterizing the Organizing Committee's pilot text-message outreach as "spam" (SkyWest_000002). Documents showing that SkyWest knew or should have known its statements were false concern SkyWest's own knowledge and state of mind and are within SkyWest's possession, custody, or control, not Moussaron's. Moussaron will supplement as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 35:** All documents, including without limitation communications, supporting your claim that your termination was retaliatory and motivated by protected union organizing activity, including without limitation any documents reflecting SkyWest's knowledge of your organizing activities before January 2026, documents showing the decision to terminate you was motivated by anti-union animus, and documents supporting your position that SkyWest's stated reasons for termination were pretextual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** Moussaron objects to Request for Production No. 35 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, the Railway Labor Act, the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G). Documents reflecting SkyWest's own knowledge, decision-making, and reasons for termination are not within Moussaron's possession, custody, or control, but within SkyWest's.

Subject to and without waiving these objections, Moussaron states that the documents supporting his claim that his termination was retaliatory and motivated by protected union-organizing activity consist of documents produced by the parties in this action and the publicly filed pleadings, including SkyWest's January 26 Communication (SkyWest_000003–SkyWest_000004) and his Counterclaim (Dkt. 47). Documents reflecting Moussaron's own protected union-organizing activity and communications are withheld on the basis of the First Amendment associational privilege, the Railway Labor Act, and Federal Rule of Civil Procedure 26(c)(1)(G), subject to the Court's ruling on the parties' competing motions concerning associational discovery, as stated in his response to Request for Production No. 36. Documents reflecting SkyWest's own knowledge, decision-making, and reasons for termination are within SkyWest's possession, custody, or control, not Moussaron's.

**REQUEST FOR PRODUCTION NO. 36:** All communications and/or agreements with ALPA, any union representative, Krithivas, and/or any person affiliated with the Organizing Committee since January 1, 2025 regarding: (a) your termination from SkyWest; (b) your Counterclaim; (c) their financial support or assistance to you, including without limitation indemnification or litigation funding; and/or (d) litigation strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Moussaron objects to Request for Production No. 36 as seeking documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense and common-interest privileges, the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G), and as seeking confidential union-organizing information protected under the Railway Labor Act. Moussaron further objects to subparts (c) and (d) as seeking information that is neither relevant nor proportional to the needs of the case, including litigation-funding, indemnification, and litigation-strategy information that is not discoverable.

Subject to and without waiving these objections, Moussaron is withholding responsive documents on the basis of the privileges and protections stated above. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), documents withheld on the basis of the attorney-client privilege, the attorney work-product doctrine, and the joint-defense and common-interest privileges are or will be described on Moussaron's privilege log. Material withheld on the basis of the First Amendment associational privilege and Rule 26(c)(1)(G) is withheld subject to the Court's ruling on the parties' competing motions concerning associational discovery.

**REQUEST FOR PRODUCTION NO. 37:** All documents reflecting any reputational harm or emotional distress you have suffered as a result of the January 26 Communication, this lawsuit, or your termination from SkyWest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** Moussaron objects to Request for Production No. 37 to the extent it seeks medical, psychological, or treatment records, as not relevant to garden variety emotional-distress damages he asserts, not proportional to the needs of the case, and protected by the physician-patient and psychotherapist-patient privileges; Moussaron does not rely upon such records to establish his claim and will not produce them.

Subject to and without waiving these objections, Moussaron will produce any non-privileged, non-medical documents in his possession, custody, or control, if any, reflecting the reputational harm and general emotional distress he has suffered, that have not already been produced. Such non-privileged documents are produced at Moussaron_000803. The responsive documents already produced or available, which Moussaron identifies rather than re-produces, are the January 26 Communication, the publicly filed pleadings and docket entries in this action, and SkyWest's communications with American Airlines, Inc. concerning Moussaron, including SkyWest_0000475.

**REQUEST FOR PRODUCTION NO. 38:** All documents relating to any medical, emotional or psychological care, treatment, advice, or counseling you have sought or received in the past ten (10) years, including without limitation, from physicians, psychiatrists, psychologists, mental health counselors, therapists, physical therapists, clinics, hospitals, and any other medical professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:** Moussaron objects to Request for Production No. 38 as overly broad, unduly burdensome, and not proportional to the needs of the case, including in its ten-year time frame, and as an invasion of privacy that seeks documents protected by the physician-patient and psychotherapist-patient privileges. Moussaron asserts only garden variety emotional distress, does not allege a diagnosable psychiatric or psychological condition, has not received medical or psychological treatment for the emotional distress alleged, and does not rely upon medical or psychological records to establish that claim.

Moussaron withholds all responsive documents on the basis of the foregoing objections and is not producing any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:** All job applications, resumes, curriculum vitae, cover letters, reference lists, and any other documents submitted to any work provider, recruiter, headhunter, or employment agency since April 10, 2021, including without limitation any online application submissions, LinkedIn messages, or electronic correspondence seeking jobs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:** Moussaron objects to Request for Production No. 39 as duplicative and cumulative of Request for Production No. 31, which seeks the documents relating to his efforts to obtain employment and incorporates his response to Request for Production No. 31. Moussaron further objects to Request for Production No. 39 as overly broad, unduly burdensome, and not proportional to the needs of the case, and as not relevant, because it reaches back to April 10, 2021, nearly five years before the termination of his employment with SkyWest, whereas any duty to mitigate arose only upon that termination.

Subject to and without waiving these objections, Moussaron states that he does not retain copies of application forms, résumés, curricula vitae, cover letters, or reference lists submitted through prospective employers' online application systems; those materials are retained within the employers' systems and are not within his possession, custody, or control. Moussaron will produce the responsive email correspondence concerning his applications since the termination of his employment with SkyWest on January 26, 2026, as part of his production in response to Request for Production No. 31. These documents are Bates-numbered Moussaron_000519–Moussaron_000748.

**REQUEST FOR PRODUCTION NO. 40:** All social media posts, online communications, blog posts, comments, messages, or other electronic publications made by you or on your behalf, including without limitation your responses, comments, or replies to the same,

on any platform (including but not limited to Facebook, Instagram, Twitter/X, LinkedIn, Reddit, aviation forums, pilot forums, or any other online platform) since January 1, 2025, that relate to, reference, or discuss: (a) this litigation; (b) SkyWest; (c) the Complaint; (d) your departure from SkyWest; (e) your Counterclaims; or (f) any pilot union organizing activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:** Moussaron objects to Request for Production No. 40 as duplicative and cumulative of Request for Production No. 15 of SkyWest's Second Set to the extent it seeks the same online and social-media content concerning SkyWest, its pilots, SWOL, and union organizing at SkyWest, and incorporates his response to Request for Production No. 15 as to that content. Subparts (a), (c), and (e), concerning this litigation, the Complaint, and Moussaron's Counterclaims, were not the subject of Request for Production No. 15, and Moussaron responds to them below. Moussaron further objects to the term "messages" as vague and ambiguous and construes this Request as directed to online and social-media publications made by him, not to private person-to-person communications, which are addressed by his responses to Requests for Production Nos. 31 and 36 and Interrogatory No. 28. Moussaron objects to subpart (f) as seeking confidential union-organizing information protected under the Railway Labor Act, the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G). Moussaron further objects to the extent the Request seeks content not within his possession, custody, or control, including content within groups or forums from which he has been removed.

Subject to and without waiving these objections, Moussaron states that he has posted nothing responsive.

DATED this 25th day of August, 2026.

SCHOLNICK THORNE HOLLAND
/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**VERIFICATION**

I, Daniel Moussaron, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Answers to Interrogatories, that I am the Defendant and Counterclaim Plaintiff in this action, and that the factual answers stated therein are true and correct to the best of my knowledge, information, and belief. The objections stated therein are the objections of counsel.

DATED this 25th day of August 2026.

/s/ Daniel Moussaron
Daniel Moussaron

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August 2026, I caused a true and correct copy of the foregoing DEFENDANT MOUSSARON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS to be served via electronic mail on the following:

Gregory M. Saylin, GMSaylin@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com

*Attorneys for Plaintiff SkyWest Airlines, Inc.*

Timothy D. Ducar, tducar@azlawyers.com
Scott C. Uthe, suthe@azlawyers.com

*Attorneys for Defendant Vikaas Krithivas*

/s/ Jonathan K. Thorne