# EXHIBIT C

Timothy D. Ducar (13423)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants. | **DEFENDANT KRITIVAS' RESPONSES TO PLAINTIFF SKYWEST'S EXPEDITED DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

NOW COME Defendant Vikaas Krithivas ("Krithivas"), by and through counsel, Timothy D. Ducar, and the law firm Law Offices of Timothy D. Ducar, PLC, and for his responses to "PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS TO DEFENDANTS DANIEL MOUSSARON AND VIKAAS KRITHIVAS" states the following:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each File, Dataset, or Document containing SkyWest Confidential Information obtained during the Relevant Period, and for each state whether you currently possess it.

**RESPONSE:**

Objection: Definition of SkyWest Confidential Data, to the degree that Plaintiff asserts that Pilot Contact Information is SkyWest Confidential Data.

Objection: To the degree that request is asking Krithivas to answer for co-defendant Moussaron, Krithivas objects to the question.

Objection: Overbroad, in that by Plaintiff's definitions, this would include every email and work text message, instant message or voicemail received during the Relevant Period.

Objection: Incomprehensibly regressive, compound and overbroad per Plaintiff's definition of Identify as it relates to "Document, Files, or Dataset" which embeds requirements to provide "identity" of persons. Therefore, this request is unreasonably burdensome.

Therefore, as a result of the objections, Krithivas' response is limited to Pilot Contact Information accessed from SWOL.

Pilot Contact Information, believed to include name, employee id, phone number and address, was accessed from SWOL on September 3, 2025. Krithivas does not currently possess any of the data accessed on that date, nor any other File, Dataset, or Document containing purported SkyWest Confidential Data nor Pilot Contact Information.

**INTERROGATORY NO. 2:** Identify all Locations where any information identified in response to Interrogatory No. 1 is or has been stored, maintained, processed, or transmitted, including all Devices and Accounts, and for each Location state the specific file path, URL, or identifier, whether any copies currently remain, the Custodian(s) responsible for that Location, all other persons with access to that Location, and the last date any such information was accessed, modified, or transmitted from that Location.

**RESPONSE:**

Objection: To the degree that request is asking Krithivas to answer for co-defendant Moussaron, Krithivas objects to the question.

The Pilot Contact Information may have been processed on Krithivas' computer, at his home, but it was then transmitted to a remote server. Krithivas was told by Moussaron that no Pilot Contact Information would be stored on his computer, and to the best of his knowledge, none if it is stored there.

**INTERROGATORY NO. 3:** Identify all persons and entities to whom any information identified in response to Interrogatory No. 1 has been communicated, and for each such communication state the date, the manner of disclosure, what was shared, the purpose of the communication and/or use, and any instructions or restrictions communicated.

**RESPONSE:**

Objection: To the degree that request is asking Krithivas to answer for co-defendant Moussaron, Krithivas objects to the question.

Daniel Moussaron. He provided script to direct accessed Pilot Contact Information to a remote server. The sole purpose of collecting the information was to contact pilots to ask about their interest in forming a union.

**INTERROGATORY NO. 4:** For each use you made of any SkyWest Confidential Information identified in response to Interrogatory No. 1 during the Relevant Period, describe the use and state: the purpose; the date(s) or date range; the type of activity (e.g., text or call campaign, email, upload to a platform, sharing with a third party, or internal analysis/compilation); the platform or service and any account identifier(s) used (including any sending phone numbers, short codes, toll-free numbers, long codes, alphanumeric sender IDs, or email addresses); and the specific SkyWest Confidential Information that was used.

**RESPONSE:**

Objection: To the degree that request is asking Krithivas to answer for co-defendant Moussaron, Krithivas objects to the question.

Krithivas made no use of the Pilot Contact Information.

**INTERROGATORY NO. 5:** Identify any Automated Extraction tools, scripts, bots, developer tools, or programs You used to access, retrieve, download, or copy SkyWest Confidential Information, including the name, version, date(s) of use, and a description of how each was used.

**RESPONSE:**

Objection: To the degree that request is asking Krithivas to answer for co-defendant Moussaron, Krithivas objects to the question.

Krithivas was directed by Moussaron to install a chrome extension plugin from the app store titled tampermonkey on September 3, 2025. This is the only date that he used

the plugin. He removed the plugin from my computer sometime between September 3, 2025 and December 31, 2025. To the best of his knowledge, this plugin allowed Chrome to automatically refresh the page in the SWOL directory to go to the next employee ID number and send the presented data to the remote server.

Link for extension on Chrome Web Store:

https://chromewebstore.google.com/detail/tampermonkey/dhdgffkkebhmkfjojejmpbldmpobfkfo

The current version of the software, on February 13, 2026 is 5.4.1, but the last updated date is November 21, 2025, therefore Krithivas does not know what version he used. The plugin is described as a browser experience enhancement.

Moussaron provided a text script, via Microsoft Teams chat, that instructed the plugin what to execute. Krithivas did not save a copy of this script.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce complete native copies of all Files, Datasets, or Documents identified in response to Interrogatory No. 1, with metadata, headers and field names preserved.

**RESPONSE:**

None in my possession.

**REQUEST FOR PRODUCTION NO. 2:** Produce Documents sufficient to show all locations and custodians described in response to Interrogatory No. 2, including Device identifiers and Account identifiers, file paths or URLs, and last-modified dates for any storage location where any such information resides or resided.

/ / /

**RESPONSE:**

None in Krithivas' possession.

**REQUEST FOR PRODUCTION NO. 3:** Documents relating to or reflecting all uses and sharing described in response to Interrogatories No. 3 and No. 4, including Communications transmitting SkyWest Confidential Information, discussions relating to SkyWest Confidential Information, file-sharing access records, and logs or exports from any Messaging Infrastructure or Coordination Platform showing sender identifiers, dates and times of transmissions, and recipient phone numbers.

**RESPONSE:**

None in Krithivas' possession.

**REQUEST FOR PRODUCTION NO. 4:** Communications sent to SkyWest pilots during the Relevant Period using SkyWest Confidential Information.

**RESPONSE:**

Objection: Overbroad, in that by Plaintiff's definitions, this would include every email and work text message, instant message or voicemail received during the Relevant Period.

Objection: Definition of SkyWest Confidential Data, to the degree that Plaintiff asserts that Pilot Contact Information is SkyWest Confidential Data.

Responding to Communication sent to SkyWest pilots during the Relevant Period using Pilot Contact Information viewed on September 3, 2025, the only responsive document that Krithivas is aware of is already part of the record as Doc 25-1.

**REQUEST FOR PRODUCTION NO. 5:** Communications between Defendants during the Relevant Period regarding: (a) obtaining SkyWest Confidential Information; (b) plans to recruit or solicit SkyWest pilots; or (c) use of messaging services to contact SkyWest pilots.

**RESPONSE:**

Objection: Definition of SkyWest Confidential Data, to the degree that Plaintiff asserts that Pilot Contact Information is SkyWest Confidential Data.

Objection: To the degree that request is asking for labor dispute or labor organizing communications under National Labor Relations Act (NLRA) section 8(b)(1)(A). Messages identified as privileged have been redacted. All messages in unredacted form have been retained.

Krithivas has not logged into his desktop PC since January 26, 2026 in response to the demand letter received to ensure nothing was automatically deleted. To the best of his knowledge there are no responsive communications stored on his computer.

Notwithstanding the aforementioned objections, screen captures of all unprivileged text messages between myself and Moussaron are produced and marked as Krithivas 0000001-33.

**Verification**

I, Vikaas Krithivas, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED on the 20th of February, 2026, at Chicago, Illinois.

Vikaas Krithivas

As to objections:

By /s/ Timothy D. Ducar
Timothy D. Ducar
*Attorney for Defendant Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of February, 2026, I electronically transmitted the attached Responses, via email to:

Gregory M. Saylin, GMSayline@hollandhart.com
Zachar T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Attorney for Plaintiff SkyWest Airlines, Inc.

Jonathan Thorn, Jonathan@utahobjustice.com
Lauren I. Scholnick, Lauren@utahobjustice.com
Attorney for Defendant Daniel Moussaron

By: T. Ducar