# EXHIBIT D

# Exhibit D - CHART OF DISCOVERY REQUESTS AND RESPONSES AT ISSUE

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **February 20, 2026 — Defendant Moussaron's Responses to Plaintiff SkyWest's Expedited Discovery Requests (Ex. Q & R)** | | | | |
| **ROG 1** | Identify each File, Dataset, or Document containing SkyWest Confidential Information obtained during the Relevant Period, and for each state whether you currently possess it. | "Defendant further objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | Refers to the spreadsheet attached as Exhibit 1 to his responses: "Notwithstanding his objections, Defendant refers Plaintiff to the attached spreadsheet that details his response to Interrogatories 1-4."<br>The spreadsheet identifies, among other things, the "staged_pilot_data" table ("Full pilot contact information"; not possessed); the "pilot_members" table on the SkyProxy server (possessed); a "Full extract of the \`pilot_members\` table" emailed to Ron Rindfleisch on December 8, 2025 "as a password protected CSV"; and "SkyProxy.sql.zip," a "Full dump/extract of the SkyProxy database" stored on Moussaron's personal MacBook Pro and created January 27, 2026 "To preserve a copy of the ALPA server SQL database for possible litigation."<br>The spreadsheet also identifies an EZ Texting dataset ("First name, last name, phone number, employeeID, poll response value"; possessed) (row 5); a CSV file, "skywest_contacts_20251209_030724," with "First name, last name, phone number, employeeID," "uploaded via the website UI" to EZ Texting "to send an ALPA interest poll to the pilot group" (row 6); and a downloaded EZ Texting contact report with "First name, last name, phone number, employeeID, poll response value," "downloaded to obtain the results of the ALPA interest poll sent to the pilot group" (row 7).<br>None of these files has been produced. |
| **ROG 3** | Identify all persons and entities to whom any information identified in response to Interrogatory No. 1 has been communicated, and for each such communication state the date, the manner of disclosure, what was shared, the purpose of the communication and/or use, and any instructions or restrictions communicated. | "Defendant also objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | "Notwithstanding the objections, Defendant refers Plaintiff to the attached spreadsheet."<br>The spreadsheet identifies only Ron Rindfleisch (ALPA) and EZ Texting as recipients. It does not identify the other Organizing Committee members who had DMS access or any other recipient. |
| **ROG 4** | For each use you made of any SkyWest Confidential Information identified in response to | "Defendant further objects to any requests that seek confidential | Not asserted. | "Notwithstanding the objections, Defendant refers Plaintiff to the attached spreadsheet." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | Interrogatory No. 1 during the Relevant Period, describe the use and state: the purpose; the date(s) or date range; the type of activity (e.g., text or call campaign, email, upload to a platform, sharing with a third party, or internal analysis/compilation); the platform or service and any account identifier(s) used (including any sending phone numbers, short codes, toll-free numbers, long codes, alphanumeric sender IDs, or email addresses); and the specific SkyWest Confidential Information that was used. | information protected by the Railway Labor Act." | | The spreadsheet lists uses such as "To reach SkyWest pilots and assess interest in ALPA" and "To send an ALPA interest poll to the pilot group" through EZ Texting. |
| **RFP 1** | Produce complete native copies of all Files, Datasets, or Documents identified in response to Interrogatory No. 1, with metadata, headers and field names preserved. | "Defendant objects to this request as it contains confidential union organizing information protected from disclosure under the Railway Labor Act." | Not asserted. | Seeks native copies of the files listed in the Exhibit 1 spreadsheet, including the DMS tables and SkyProxy.sql.zip. None produced.<br>"Defendant is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information."<br>"Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees."<br>"Without waiving his objections, Defendant Moussaron refers Plaintiff to the attached spreadsheet that details the responsive documents." |
| **RFP 3** | Documents relating to or reflecting all uses and sharing described in response to Interrogatories No. 3 and No. 4, including Communications transmitting SkyWest Confidential Information, discussions relating to SkyWest Confidential Information, file-sharing access records, and logs or exports from any Messaging Infrastructure or Coordination Platform showing sender identifiers, dates and times of transmissions, and recipient phone numbers. | Not asserted. | Not asserted. | "Notwithstanding his objections, Defendant refers Plaintiff to the attached spreadsheet. In addition, as detailed in response to Request for Production 5, below, Defendant had text communications with Defendant Krithivas that were deleted prior to January 26, but which Defendant Krithivas has and will produce. Defendant also emailed a copy of the pilot contact information to an ALPA representative, but that email was deleted prior to January 26th and Defendant did not retain a copy. Otherwise, Defendant does not have responsive documents."<br>Identifies a single email transmission to ALPA. ALPA's production reflects additional transmissions (Ex. L; Ex. M). |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 5** | Communications between Defendants during the Relevant Period regarding: (a) obtaining SkyWest Confidential Information; (b) plans to recruit or solicit SkyWest pilots; or (c) use of messaging services to contact SkyWest pilots. | "Defendant Moussaron objects to this request on the basis that it requests information protected under the Railway Labor Act . . . ." | Not asserted. | "Notwithstanding his objections, Defendant Moussaron did not retain text messages with Defendant Krithivas prior to January 26, 2026, and they were deleted prior to being confronted by SkyWest on January 26, 2026, wherein he was fired and handed the January 26, 2026 Cease and Desist letter. Defendant Krithivas has responsive text messages that will be produced." |
| **February 20, 2026 — Defendant Krithivas's Responses to Plaintiff SkyWest's Expedited Discovery Requests (Ex. C)** | | | | |
| **ROG 2** | Identify all Locations where any information identified in response to Interrogatory No. 1 is or has been stored, maintained, processed, or transmitted, including all Devices and Accounts, and for each Location state the specific file path, URL, or identifier, whether any copies currently remain, the Custodian(s) responsible for that Location, all other persons with access to that Location, and the last date any such information was accessed, modified, or transmitted from that Location. | Not asserted. | Not asserted. | "The Pilot Contact Information may have been processed on Krithivas' computer, at his home, but it was then transmitted to a remote server. Krithivas was told by Moussaron that no Pilot Contact Information would be stored on his computer, and to the best of his knowledge, none if it is stored there."<br>Does not identify the remote server or any other person with access to it. |
| **ROG 3** | Identify all persons and entities to whom any information identified in response to Interrogatory No. 1 has been communicated, and for each such communication state the date, the manner of disclosure, what was shared, the purpose of the communication and/or use, and any instructions or restrictions communicated. | Not asserted. | Not asserted. | "Daniel Moussaron. He provided script to direct accessed Pilot Contact Information to a remote server. The sole purpose of collecting the information was to contact pilots to ask about their interest in forming a union." |
| **ROG 5** | Identify any Automated Extraction tools, scripts, bots, developer tools, or programs You used to access, retrieve, download, or copy SkyWest Confidential Information, including the name, version, date(s) of use, and a description of how each was used. | Not asserted. | Not asserted. | "Krithivas was directed by Moussaron to install a chrome extension plugin from the app store titled tampermonkey on September 3, 2025. This is the only date that he used the plugin. He removed the plugin from my computer sometime between September 3, 2025 and December 31, 2025. To the best of his knowledge, this plugin allowed Chrome to automatically refresh the page in the SWOL directory to go to the next employee ID number and send the presented data to the remote server."<br>"Moussaron provided a text script, via Microsoft Teams chat, that instructed the plugin what to execute. Krithivas did not save a copy of this script." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 5** | Communications between Defendants during the Relevant Period regarding: (a) obtaining SkyWest Confidential Information; (b) plans to recruit or solicit SkyWest pilots; or (c) use of messaging services to contact SkyWest pilots. | "Objection: To the degree that request is asking for labor dispute or labor organizing communications under National Labor Relations Act (NLRA) section 8(b)(1)(A)." | Not asserted. | "Messages identified as privileged have been redacted. All messages in unredacted form have been retained."<br>"Notwithstanding the aforementioned objections, screen captures of all unprivileged text messages between myself and Moussaron are produced and marked as Krithivas 0000001-33."<br>Withheld: the redacted portion of an August 30, 2025 text message (KRITHIVAS PRIV000001), logged as a "Discussion of nonparty person who introduced Vikaas and Daniel" and withheld as "Not Relevant and protected under statutory rights under RLA to prevent further retaliation and interference by SkyWest." (See Dkt. 72.) |
| **May 21, 2026 — Defendant Krithivas's Responses to SkyWest's Second Set of Discovery Requests (Ex. G)** | | | | |
| **ROG 6** | Identify the Remote Server to which SWOL Data was transmitted on September 3, 2025, including its URL, IP address, domain name, hosting provider or service, and date of creation or first activation (if known), and identify every person who, to Your knowledge, had access to or control over the Remote Server at any time during the Relevant Period, including the nature and scope of each person's access. | "Krithivas further objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | "All information I have regarding the server was told to me by Daniel. He told me that the server belonged to him. After receiving the demand letter, Daniel told me that the server was located in Europe. I have no first hand knowledge regarding the server, nor who has access or control over it." |
| **ROG 7** | Identify every person or entity who received, accessed, viewed, or possessed any SWOL Data or SkyWest Confidential Information at any time during the Relevant Period or thereafter, including without limitation the date, manner, and form of transmission for each, and the specific categories of information involved. | "Krithivas further objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | "The pilot contact information that was transmitted to the server referred to in Interrogator No. 7, on September 3, 2025, was not in my control. Daniel Moussaron is the only person that I know of that had access or viewed the information transmitted to the server." |
| **ROG 9** | Identify every Coordination Platform You used during the Relevant Period to communicate with Moussaron or any other person regarding (a) SWOL; (b) SWOL Data or SkyWest Confidential Information; (c) contacting SkyWest pilots using non-public contact information; or (d) union organizing at SkyWest, including for each platform the usernames or account identifiers used and the approximate dates of such communications. | "Krithivas further objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | "Daniel texted me about needing help on Aug. 30. I responded on Sep. 1, scheduling a call on Sep. 3. Daniel texted me on Sep 3 to send the Teams Call invite via my email."<br>"I only communicated with Daniel via text message, Microsoft Teams voice call, and Microsoft Teams chat (it was the chat for our voice call) regarding my access to SWOL. I did not use any of the data accessed in the relevant period to contact SkyWest pilots. I did not contact other SkyWest pilots regarding union organizing at SkyWest." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | "I was introduced to Daniel by another pilot I frequently flew with who had asked me if I was favorable of unionization. That pilot told me that they would give my information to someone who was trying to organize a union drive."<br>Withheld: the identity of the pilot who introduced Krithivas to Moussaron. |
| **ROG 10** | Describe any union or labor organizing effort directed at SkyWest pilots in which You participated during the Relevant Period, identifying the union or labor organization involved, every person participating in the effort (other than Moussaron), and state whether You received or were promised any compensation, reimbursement, or other benefit in connection with (a) accessing SWOL; (b) obtaining, transmitting, or using SWOL Data; or (c) participating in the organizing effort. | "Krithivas further objects to any requests that seek confidential information protected by the Railway Labor Act."<br>"Krithivas expressly asserts that SkyWest's request to name all employees involved with union formation efforts is prohibited under the Railway Labor Act." | Not asserted. | "I was never promised or the recipient of compensation, reimbursement, or benefit."<br>"I did not participate in any union or labor organizing effort, aside from helping Daniel gather contact information. Daniel frequently referred to the SkyWest ALPA Organizing Committee, which he was a part of."<br>Withheld: the identities of all other persons participating in the organizing effort. |
| **ROG 15** | Identify any persons, other than Moussaron, who made phone calls to SkyWest pilots during the Relevant Period using SWOL Data or SkyWest Confidential Information, including without limitation the person or persons responsible for the phone call described in Paragraph 37 of SkyWest's Complaint, and describe Your relationship with that person or persons and whether You provided or facilitated access to any pilot contact information used to make such calls. | "Krithivas further objects to any requests that seek confidential information protected by the Railway Labor Act." | Not asserted. | "I do not know any such persons." |
| **RFP 6** | All records in Your possession, custody, or control relating to the Remote Server to which SWOL Data was transmitted on September 3, 2025, including without limitation: (a) any confirmation, receipt, log, URL, IP address, or Communication confirming or reflecting the transmission; (b) any configuration files, access credentials, or connection strings used to connect to the Remote Server; (c) any records showing data stored on or transmitted through the Remote Server; and (d) any Communications with Moussaron or any other person regarding the setup, access, or use of the Remote Server. | Not asserted. | Not asserted. | "None." |
| **RFP 7** | All Communications during the Relevant Period between You and any person (other than Your attorneys of record in this litigation) regarding (a) SWOL; (b) SWOL Data or SkyWest Confidential Information; (c) union organizing at SkyWest; (d) contacting SkyWest pilots using personal contact | "Krithivas objects to the degree the request[] seeks communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | "Krithivas has already produced text messages between Krithivas and Moussaron. See Krithivas 000001-33. The meeting invite from Moussaron to Krithivas is provided and marked as Krithivas 000041." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | information obtained from SkyWest Systems; or (e) nonprivileged communications relating to this litigation, on every Coordination Platform, including without limitation Microsoft Teams, iMessage, SMS/RCS, Signal, WhatsApp, Telegram, email, and social media. | | | |
| **RFP 8** | A complete native export of all Microsoft Teams accounts, workspaces, channels, and direct-message conversations used by You during the Relevant Period, including all messages, files, attachments, and metadata, specifically including without limitation the complete content of any Automated Extraction Process transmitted to You by Moussaron via Teams, and any Communications regarding SWOL, SWOL Data, or union organizing at SkyWest. | "Krithivas objects to the degree the request[] seeks communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | "None not already produced." |
| **RFP 9** | All Documents and Communications relating to the union or labor organizing effort at SkyWest that involve, reference, or relate to (a) the collection, use, or distribution of SkyWest pilot contact information; (b) SWOL or SkyWest Confidential Information; (c) the Organizing Committee's data collection efforts as described in Moussaron's Counterclaim; or (d) Communications with any union representative or organizer regarding pilot contact data, including without limitation formation documents, meeting materials, membership lists, financial records, and strategic plans relating to any of the foregoing. | "Krithivas objects to the degree the request seeks communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | "None not already produced." |
| **RFP 13** | All Documents reflecting Communications between You and any SkyWest pilot or employee, other than Moussaron, discussing SWOL, SkyWest Confidential Information, union organizing at SkyWest, the Organizing Committee's data collection efforts, or this lawsuit. | "Krithivas objects to the degree the request seeks communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | "None not already produced." |
| **RFP 14** | All Documents and Communications between You and any union, union organizer, union representative, or labor organization — including without limitation ALPA and Ron Rindfleisch — from January 1, 2025 to the present that relate to SkyWest, SkyWest pilot contact information, SWOL, SkyWest Confidential Information, or the Organizing Committee's data collection efforts. | "Krithivas objects to the degree the request seeks communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | "None not already produced." |
| **RFP 19** | All social media posts, online forum posts, blog entries, comments, or other publicly or privately posted online content authored by or attributable to You that reflect, discuss, or relate to SkyWest, | "Krithivas objects to the degree the request seeks communications protected, or prohibited to be requested | Not asserted. | "I removed posts and comments related to SkyWest en masse due to fear of harassment related to this lawsuit." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | SkyWest pilots, SWOL, union organizing at SkyWest, or any effort to contact SkyWest pilots using non-publicly available contact information. | by SkyWest under the Railway Labor Act.” | | “To the best of my recollection, I posted in a forum called ‘Life After SkyWest’ on Facebook in September 2025, where pilots shared their total hours, statistics and where they had moved onto after their time with SkyWest.”<br>“I never made any social media posts related to unionization efforts. I also never made any effort to contact SkyWest pilots using non-publicly available contact information.” |
| **June 5, 2026 — Moussaron’s Responses to SkyWest’s Second Set of Discovery Requests (Ex. A)** | | | | |
| **General Obj. 5** | Not a numbered request — general objection. | “Defendant objects to any request seeking confidential union organizing information that is protected under the Railway Labor Act.” | Not asserted. | |
| **ROG 6** | Identify the Remote Server, including its URL, IP address, domain name, hosting provider or service, date of creation or first activation, and current status (i.e., whether it is active, decommissioned, or otherwise), and identify every person with access to the Remote Server during the Relevant Period, including the nature and scope of each person’s access. | “Moussaron further objects that it requests confidential union organizing information that is protected by the Railway Labor Act.” | Not asserted. | “Moussaron states that the Remote Server does not currently have a Uniform Resource Identifier that resolves to its Internet Protocol address, however, previous Domain Name Server records for ‘skywestalpa.org’ and ‘alpaforskywest.com’ resolved to the Virtual Hosts within the Remote Server.”<br>“Hosting for the Remote Server is provided by ‘GreenHost B.V.’ (‘greenhost.net’) and it has the following public Internet Protocol address ‘185.88.143.130’. Services began on May 8th, 2025, and are still active.”<br>“The only individual to have direct access to the Remote Server throughout its lifecycle is Moussaron.” |
| **ROG 7** | Identify every person or entity who received, accessed, viewed, or possessed any SkyWest Confidential Information at any time during the Relevant Period, including without limitation the date, manner, and form of transmission for each, and the specific categories of SkyWest Confidential Information involved. | Objects that it “requests confidential union organizing information protected by the Railway Labor Act.” | Not asserted. | “[P]ilot contact information was stored via a Data Management System (‘DMS’) with server-directed Role-Based-Access-Control (‘RBAC’). Moussaron is the only individual with access to the Remote Server, including the underlying database containing pilot contact records – most of which were found via public sources.”<br>“The ALPA organizing committee had access limited to pilot phone numbers, as displayed through the DMS call queue for the purposes of conducting outreach calls in connection with union organizing efforts.”<br>“Moussaron and two other members of the organizing committee previously had administrative-level access to the DMS, which |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | permitted viewing and updating complete pilot contact records obtained through other methods, like searching of public records."<br>"ALPA representative Ron Rindfleisch was provided via email an export of the DMS. The output were encrypted CSV and XLS documents."<br>Withheld: the identities of the two Organizing Committee members with administrative-level DMS access and of the Organizing Committee members who accessed pilot phone numbers through the call queue. |
| **ROG 8** | Describe the complete technical method You used to obtain personal cell phone numbers and home addresses of SkyWest pilots from SWOL, identifying the specific Automated Extraction Process used, each step in the process from initial access to final storage of the data, the date or dates each step occurred, and the Device used at each step. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he accessed SkyWestOnline ('SWOL') using his valid SkyWest employee credentials. Within SWOL, Moussaron navigated to the Directory application, which is available to SkyWest employees for looking up pilot contact information."<br>"[U]pon selecting 'View' for a given result, the application makes an API call to SkyWest's servers at the endpoint '/OO/api/directory/empdetail/{employee_ID}'. SkyWest's servers responded to each such request by returning a complete data object containing the full pilot record, including name, employee ID, phone number, mailing address, base assignment, and other fields."<br>"Certain fields included in the API response, such as phone number and mailing address, were not displayed in the application's user interface but were transmitted by SkyWest's servers in every response to the standard API call."<br>"The userscript would retrieve the next employee ID for which the Organizing Committee did not yet have contact details, make the standard Directory API call, parse the data returned by SkyWest's servers, and transmit it to the Organizing Committee's Data Management System for storage in a staging table pending manual validation by Moussaron. The same DMS and staging tables were concurrently used to receive and store pilot contact information voluntarily provided by pilots through other organizing channels."<br>"This activity occurred on or about September through December 2025 and was conducted |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | using Moussaron's personal MacBook Air, which is the device Moussaron made available for forensic imaging pursuant to Court Order (Dkt. 43)." |
| **ROG 9** | Identify every Coordination Platform You used during the Relevant Period to communicate with Krithivas or any other person regarding (a) SWOL, (b) SkyWest Confidential Information, (c) contacting SkyWest pilots using non-public contact information, or (d) union organizing at SkyWest, including for each platform the usernames or account identifiers used and the approximate dates of such communications. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | Not asserted. | "SMS messaging: Moussaron contacted Krithivas by text message, on or about August 30, 2025, to discuss whether Krithivas would be willing to assist with the Organizing Committee's data collection efforts. Sporadic text message communications continued thereafter."<br>"Microsoft Teams: Moussaron and Krithivas communicated by Microsoft Teams audio call on or about September 3, 2025. Krithivas joined the call as a guest through Moussaron's calendar invitation to him. The Teams meeting chat function was used during this call to share the Tampermonkey userscript described in response to Interrogatory No. 8."<br>"With respect to communication between the Organizing Committee, they used Telegram as its primary coordination platform for union organizing activities during the Relevant Period."<br>"Moussaron's account identifiers for the platforms identified above are as follows: SMS communications were sent using Moussaron's personal mobile phone number; Microsoft Teams communications were sent using Moussaron's personal email account; and Telegram communications were sent using Moussaron's personal Telegram account."<br>No Telegram communications have been produced. |
| **ROG 10** | Identify every messaging campaign, text-message blast, or mass communication sent to SkyWest pilots or employees during the Relevant Period using SkyWest Confidential Information, including the Messaging Infrastructure used, the sending phone number or other identifier, the number of recipients, the content or substance of each message, and the date or dates sent. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act." | Not asserted. | "[O]n or about December 9, 2025, a mass text message was sent to SkyWest pilots using EZ Texting. The message concerned union organizing efforts among SkyWest pilots. Moussaron refers to the text message sample already produced in this litigation. The text message originated from +1 (737) 283-6602 and was sent to approximately 4,800 pilots."<br>"Nearly all of the phone numbers of the pilots that were sent a copy of this text message were obtained through publicly available sources, and only a couple hundred of the phone numbers were obtained through SWOL." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **ROG 11** | Identify every instance in which You have destroyed, deleted, wiped, uninstalled, overwritten, or disposed of any Device, Account, Communication, File, Automated Extraction Process, Dataset, or data relating to SWOL, SkyWest Confidential Information, SkyWest Systems, or this litigation since August 1, 2025, including for each: (a) the nature of the item destroyed or deleted; (b) the date of destruction or deletion; (c) the approximate date(s) the item was created or, for Communications, the approximate date(s) of the Communication(s); (d) the other party or parties to the Communication (if applicable); (e) the general subject matter; (f) the method of destruction or deletion; and (g) the reason for the destruction or deletion. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act." | Not asserted. | "Email service provider account: The Organizing Committee used an email service provided by Migadu . . . . On or about November 1, 2025, ALPA assumed administration of the organizing website and related communications . . . . The Migadu account was not renewed and access terminated on or about January 13, 2026, on the account's recurring billing date, prior to this action."<br>"DMS database migration: . . . During these migrations, staging tables that had contained pilot-provided contact information and associated logs were replaced by new tables supporting the assessment functionality . . . . This was a routine software development activity undertaken to update the application. The approximate date of this migration was December 16, 2025."<br>"Tampermonkey script: Moussaron did not retain a copy of the script after it was last used on December 9."<br>"Text messages with Krithivas: Moussaron deleted his text messages with Krithivas prior to January 26, 2026."<br>"Email to Ron Rindfleisch referenced in Answer to Interrogatory No. 7: Moussaron deleted the email prior to January 26, 2026."<br>"Other than the items identified above which were not deleted, overwritten, or disposed of in response to his termination or this litigation (they were deleted, overwritten or disposed of prior to his termination and this litigation), Moussaron has not destroyed, wiped, uninstalled, overwritten, or disposed of any Device, Account, File, Dataset, or data relating to the subject matter of this litigation." |
| **ROG 12** | Identify every person, other than Krithivas, who had advance knowledge of, participated in planning, or assisted with the plan to access SWOL to obtain SkyWest pilot contact information, and describe each such person's role and the communications You had with them regarding the plan. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | Not asserted. | "Moussaron discussed the use of the SWOL Directory as a source of pilot contact data with two individuals. The first individual provided Moussaron with contact information for Krithivas. This communication occurred via Telegram direct message on or about August 29, 2025. Moussaron had a Telegram voice call with the second individual, who was part of the Organizing Committee, on or about August 29, 2025. In that call, they discussed |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | data collection efforts, including the use of the SWOL Directory.”<br>“Other than Krithivas and the other two individuals, Moussaron is not aware of any other individual, who had advance knowledge of the decision to use the SWOL Directory as a data source. Krithivas and Moussaron are the only individuals who participated in obtaining contact information through the SWOL Directory.”<br>Withheld: the identities of the two individuals. |
| **ROG 13** | Describe any union or labor organizing effort directed at SkyWest pilots in which You participated during the Relevant Period, identifying the union or labor organization involved, every person participating in the effort, and state whether You received or were promised any compensation, reimbursement, or other benefit in connection with (a) accessing SWOL; (b) obtaining or using SkyWest Confidential Information; or (c) participating in the organizing effort. | Objects to the interrogatory as “requesting confidential union organizing information protected by the Railway Labor Act.” | Not asserted. | “Moussaron participated in organizing SkyWest pilots for union representation by the Air Line Pilots Association, International (‘ALPA’). Moussaron did not receive any compensation, reimbursement, or other benefit from any person or entity in connection with (a) accessing SWOL, (b) obtaining pilot contact information, or (c) participating in the organizing effort.”<br>“With respect to the organizing effort generally, ALPA representatives indicated that certain ordinary organizing expenses, such as mailings, printing, and email/website service fees, might be reimbursed from funds allocated to SkyWest pilots by ALPA following certification.”<br>Withheld: the identities of every other person participating in the effort; none are identified. |
| **ROG 15** | Identify every Device You owned or used during the Relevant Period that contains or may contain SkyWest Confidential Information, Automated Extraction Processes used to retrieve, access, reveal, copy, and/or download SkyWest Confidential Information, or Communications relating to SWOL, SkyWest Confidential Information, or union organizing at SkyWest, including the make, model, serial number, operating system, and current location of each Device. | Objects to the interrogatory as “requesting confidential union organizing information protected by the Railway Labor Act.” | Not asserted. | “Moussaron accessed SWOL from numerous devices in the ordinary course of his employment, including his personal iPhone, company-issued iPad, and company workstations located in crew lounges at various airports. Moussaron cannot reasonably identify every device from which he accessed SWOL for routine employment purposes. Further, none of those devices was used to run the Tampermonkey userscript described in Moussaron’s response to Interrogatory No. 8 or to store pilot contact information obtained from the SWOL Directory.”<br>“Apple MacBook Air, 15-inch, M2 (2023), serial number FQ7R73K77W, running macOS Tahoe 26.3, currently located at Moussaron’s personal residence. This device was subject to |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | forensic imaging pursuant to Court Order (Dkt 43).”<br>“The Remote Server identified in response to Interrogatory No. 6, a virtual Ubuntu server hosted by GreenHost B.V. at IP address 185.88.143.130.” |
| **ROG 16** | Identify every person who made unsolicited phone calls to SkyWest pilots during the Relevant Period, including without limitation the person or persons responsible for the phone call described in Paragraph 37 of SkyWest’s Complaint, and for each such person state: (a) the person’s identity; (b) Your relationship with that person; (c) whether You provided any SkyWest pilot contact information to that person, and if so, the source and scope of the information provided; and (d) whether You directed, encouraged, or coordinated with that person to make such calls. | Objects that it “requests confidential union organizing information that is protected by the Railway Labor Act.”<br>“Outreach calls by organizing committee members to fellow employees regarding union representation are protected activity under the Railway Labor Act. The Interrogatory seeks every individual who participated in protected organizing outreach and the specific pilots they contacted, which would constitute a comprehensive disclosure of the internal operations of a union organizing campaign. Such compelled disclosure has a direct and substantial chilling effect on the exercise of protected rights and is not relevant.” | Not asserted. | “The individuals who participated in outreach calling are among the Organizing Committee members.”<br>“Moussaron’s relationship with all individuals who made outreach calls was that of fellow Organizing Committee members engaged in a common protected organizing effort.”<br>“Pilot contact information was made available to Organizing Committee members making outreach calls through the DMS call queue application, which displayed pilot phone numbers for the purpose of conducting outreach. The source of the contact information in the DMS included pilot-provided information through voluntary channels as well as pilot contact information obtained from the SWOL Directory, as described in Moussaron’s prior responses.”<br>“Outreach calling was a coordinated effort of the Organizing Committee as a whole . . . . Moussaron, as an Organizing Committee leader, coordinated these outreach efforts along with other Committee leadership.”<br>Withheld: the identity of every person who made outreach calls. |
| **RFP 6** | All records relating to the Remote Server, including without limitation: (a) the file SkyProxy.sql.zip and its contents (including the SQL database dump), and any copies, derivatives, or extracts thereof, in native format; (b) all configuration files; (c) all access logs and authentication records; (d) all billing, payment, or subscription records for the server or hosting service; (e) all records showing data stored, processed, uploaded, downloaded, or transmitted through the Remote Server; and (f) all records showing the creation, modification, or deletion of database tables, including without limitation the staged_pilot_data and pilot_members tables. | Objects that it “requests confidential union organizing information that is protected by the Railway Labor Act.”<br>“Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those individuals to retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act.” | Not asserted. | Seeks the Remote Server records, SkyProxy.sql.zip dump, access logs, and DMS tables. None produced.<br>“Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees.” |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 7** | All Communications during the Relevant Period between You and any person (other than Your attorneys of record in this litigation) regarding (a) SWOL; (b) SkyWest Confidential Information; (c) union organizing at SkyWest; (d) contacting SkyWest pilots using personal contact information obtained from SkyWest Systems; or (e) nonprivileged communications relating to this litigation, on every Coordination Platform, including without limitation Microsoft Teams, iMessage, SMS/RCS, Signal, WhatsApp, Telegram, email, and social media. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects as this request seeks to expose those individuals involved in protected union organizing, which will likely result in retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act."<br>"Moussaron further objects to subsection (c) to the extent it seeks to compel production of protected internal organizing communications under the Railway Labor Act, 45 U.S.C. § 151 et seq." | Not asserted. | "Moussaron limits his response to subsection (a) to communications regarding the SWOL Directory and the data access at issue in this litigation."<br>"[T]ext messages between Moussaron and Krithivas have been previously produced. Moussaron emailed ALPA representative Ron Rindfleisch an export of the DMS via encrypted CSV and XLS documents sent via email, but Moussaron does not have this email."<br>"As previously explained, Moussaron created a database that contains information about union organizing and substantive information about the Organizing Committee's communications with SkyWest Pilots that is protected under the Railway Labor Act."<br>Withheld: all communications with Organizing Committee members, ALPA, and others, other than the previously produced texts with Krithivas. |
| **RFP 8** | A complete native export of all Microsoft Teams accounts, workspaces, channels, and direct-message conversations used by You during the Relevant Period, including all messages, files, attachments, and metadata, specifically including without limitation the complete content of any Automated Extraction Process, script, code, or instructions transmitted by You to Krithivas or any other person via Teams, and any Communications regarding SWOL, SWOL Data, or union organizing at SkyWest. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "[T]he only communication he has in his possession with Krithivas during the relevant period include the text messages previously produced and a calendar invitation for a Microsoft Teams meeting held on September 3, 2025, which is produced herewith. The meeting chat in which the Tampermonkey userscript described in Moussaron's response to Interrogatory No. 8 was shared is no longer available, as it was not retained beyond Microsoft's default retention period." |
| **RFP 9** | All Automated Extraction Processes written, used, adapted, or obtained by You in connection with accessing SkyWest Systems or extracting SkyWest Confidential Information, including without limitation any Tampermonkey userscript, any version history, source code, configuration files, and associated documentation or instructions. | Not asserted (General Obj. 5 only). | Not asserted. | "Moussaron states that he does not have any responsive documents as previously explained in other responses – he did not retain the Tampermonkey userscript." |
| **RFP 10** | All Documents and Communications relating to the union or labor organizing effort at SkyWest that involve, reference, or relate to (a) the collection, use, or distribution of SkyWest pilot contact information; (b) SWOL or SkyWest Confidential Information; (c) the Organizing Committee's data | Objects that it "requests confidential union organizing information protected by the Railway Labor Act."<br>"This request is seeking a comprehensive disclosure of the internal operations and communications of a | Not asserted. | None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | collection efforts as described in Your Counterclaim; or (d) Communications with any union representative or organizer regarding pilot contact data, including without limitation formation documents, meeting materials, membership lists, financial records, and strategic plans relating to any of the foregoing. | union organizing campaign, which is untethered to SkyWest's claims and is an extraordinary intrusion on activity protected under the Railway Labor Act."<br>"Compelling production of internal campaign strategy, meeting materials, and membership information would have a direct and substantial chilling effect on protected organizing rights under the Railway Labor Act and is not relevant." | | and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |
| **RFP 11** | All Documents and Communications relating to Adamo Systems, Inc. and Dorrus, Inc. that concern or relate to SkyWest pilots, SkyWest Confidential Information, union organizing at SkyWest, pilot recruitment or solicitation, contacting SkyWest employees, or any communication campaign directed at SkyWest employees, including without limitation business records, formation documents, financial records, client lists, and service agreements. | "Additionally, Moussaron objects as the request seeks information protected under the Railway Labor Act." | Not asserted. | "Moussaron states that there are no responsive documents." |
| **RFP 12** | Records from every Messaging Infrastructure (including without limitation EzTexting) used to send any Communication to SkyWest pilots using SWOL Data or SkyWest Confidential Information, including without limitation: (a) sender identifiers (phone numbers, short codes, or other identifiers); (b) recipient lists and contact uploads; (c) message content and templates; (d) delivery status and delivery receipts; (e) complete account export including account settings and API credentials or integrations; (f) campaign history; (g) CSV, Excel, or other upload files; (h) opt-out or unsubscribe records; and (i) billing records and costs. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects to the extent the Request seeks production of records reflecting the identities, contact information, and organizing-related responses of SkyWest pilots contacted through protected union organizing activity under the Railway Labor Act. Production of such records to the pilots' employer would expose individual pilots' union sympathies and have a direct and substantial chilling effect on the exercise of protected rights." | Not asserted. | "Moussaron has already produced a copy of the only mass text sent to SkyWest pilots from the Organizing Committee."<br>"Moussaron states that he is in possession of a contact report exported from EZ Texting on December 15, 2025, containing approximately 5,019 records including phone numbers, names, group assignments, poll responses, and opt-out dates, as previously disclosed."<br>"Moussaron objects to producing this information as it contains the identities and union-related poll responses of SkyWest pilots contacted through protected organizing activity, the disclosure of which to their employer would chill the exercise of protected rights under the Railway Labor Act."<br>"Other than the report described above, the EZ Texting account has been locked by the provider and Moussaron is unable to access the platform or export additional records." |
| **RFP 13** | All financial records reflecting payments, transfers, reimbursements, or other compensation received, made, or offered to You in connection with (a) accessing SWOL or SkyWest Confidential Information; (b) extracting or distributing SkyWest | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he has no responsive documents reflecting payments, transfers, reimbursements, or other compensation received, made, or offered to him in connection with accessing SWOL or obtaining |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | pilot contact information; or (c) organizing SkyWest pilots for union representation, including without limitation invoices, receipts, bank statements, payment platform records (e.g., PayPal, Venmo, Zelle), and wire transfer records. | | | pilot contact information, as the sole purpose was for union organizing."<br>The response does not address subpart (c) (organizing-related financial records). |
| **RFP 14** | All Documents and Communications relating to the deletion, destruction, alteration, concealment, overwriting, uninstallation, decommissioning, or disposal of any Document, Communication, Device, Account, File, Dataset, Automated Extraction Process, or other data or information related to SkyWest Systems, SkyWest Confidential Information, or the subject matter of this litigation since August 1, 2025. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he has no responsive documents other than the DMS database migration that was detailed in Interrogatory No. 11." |
| **RFP 15** | All social media posts, online forum posts, blog entries, comments, or other publicly or privately posted online content authored by or attributable to You that reflect, discuss, or relate to SkyWest, SkyWest pilots, SWOL, union organizing at SkyWest, or any effort to contact SkyWest pilots using non-publicly available contact information, including without limitation posts on Reddit, Facebook, or any pilot-focused forum or community. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he does not have any responsive documents to this request that related to SWOL or any effort to contact SkyWest pilots using non-publicly available contact information."<br>The response does not address posts relating to SkyWest, SkyWest pilots, or union organizing. |
| **RFP 16** | All Documents and Communications identifying or reflecting the identity of, and Your relationship with, the person or persons who made unsolicited calls to SkyWest pilots in January 2026 as described in Paragraph 37 of the Complaint. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | No substantive response. The response consists of the objections only — no answer, no production, and no statement that responsive documents do not exist. |
| **RFP 17** | All Documents and Communications reflecting Your efforts, or the efforts of anyone acting at Your direction, to preserve, return, delete, sequester, segregate, or otherwise address SWOL Data following receipt of SkyWest's demand letter or the filing of this lawsuit. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron has two responsive documents. An email exchange dated February 7 and 8, 2026, between Moussaron and Migadu Support, in which Moussaron inquired whether emails from the skywestalpa.org account could be recovered in light of this litigation – that email exchange will be produced."<br>"The second, a text message from Moussaron to Krithivas dated January 30, 2026, in which Moussaron asked whether Krithivas had retained a copy of the script that was run, stating 'I'm trying to show the changes they made.' Krithivas did not respond. This communication was previously produced in response to Plaintiff's First Set of Expedited Discovery Requests." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 18** | The complete contents of the "pilot_members" table and the "staged_pilot_data" table from the Remote Server, each in native or delimited-text format (e.g., CSV or SQL dump), including all fields, columns, rows, and associated metadata such as creation timestamps, modification timestamps, and any row-level audit data. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"This request duplicates Request No. 6 and those objections are incorporated here."<br>"Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those individuals to potential retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act." | Not asserted. | Seeks the row-level DMS data. None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |
| **RFP 19** | All Documents and Communications relating to the creation, population, and maintenance of the pilot contact database described in Your Counterclaim, including without limitation: (a) all versions of the database or any predecessor datasets; (b) records showing the source of each pilot's contact information (e.g., Google Form submissions, website registrations, pilot-to-pilot contributions, public records, SWOL, or other source); (c) any documentation, logs, or metadata reflecting when and how each pilot's contact information was added to the database; and (d) any records reconciling or comparing data obtained from different sources. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"This request duplicates Request No. 6 and those objections are incorporated here." (RFP 6 objects that it "requests confidential union organizing information that is protected by the Railway Labor Act" and that production "would expose those individuals to retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act.")<br>"Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those individuals to potential retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act." | Not asserted. | None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 20** | All Documents and Communications relating to the Google Form described in Your Counterclaim as "phase 1" of the Organizing Committee's data collection, including without limitation: (a) the Google Form itself, including all versions and settings; (b) all responses received through the form, including timestamps; (c) any records showing which pilots submitted contact information through the form and when; and (d) any Communications regarding the creation, distribution, or promotion of the form. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |
| **RFP 21** | All Documents and Communications relating to the pilot contact lists provided by ALPA from prior organizing drives at SkyWest (including the 2008 and 2019–2023 drives) described in Your Counterclaim as part of "phase 2," including without limitation: (a) the lists themselves in native format; (b) any transmittal records, cover emails, or communications through which the lists were provided; (c) any records showing how data from these lists was merged, deduplicated, or integrated into the 2025 database; and (d) any records reflecting the number of pilots and data fields included in each list. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that ALPA provided a spreadsheet that had contact information from prior drives that included 4,994 pilot records."<br>None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |
| **RFP 22** | All Documents and Communications relating to the Data Management System ("DMS") described in Your Counterclaim as "phase 3," including without limitation: (a) all source code, configuration files, deployment records, and technical documentation for the DMS; (b) all records of pilot contact information submissions through the DMS, including submission logs and timestamps; (c) user access logs and administrative records; (d) any exports, reports, or queries generated from the DMS; and (e) any records showing who developed, hosted, or maintained the DMS. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects on the basis that this Request seeks the complete source code of a web application developed by Moussaron in his personal capacity in furtherance of protected union organizing activity under the Railway Labor Act . . . ." | Not asserted. | Seeks DMS source code, submission logs, user access logs, and exports. None produced.<br>"Moussaron is willing to meet and confer on this request to determine how to disclose relevant information that does not contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees." |
| **RFP 23** | All Documents and Communications relating to the "phase 4" data collection described in Your Counterclaim, including without limitation: (a) all records of automated tools, scripts, or manual | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron downloaded publicly available documentation from the FAA Airmen Registry to obtain pilot contact information, which contained 583,971 records. Because this |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | lookups used to obtain pilot contact information from public sources; (b) any scripts, queries, API calls, or search parameters used; (c) any records showing which pilots' contact information was obtained from these public sources versus other sources; and (d) the dates on which such public-source lookups were conducted. | | | information is publicly available and equally accessible to SkyWest, Moussaron will not be producing it." |
| **RFP 24** | All Documents sufficient to show, for each SkyWest pilot whose contact information was included in the Organizing Committee's database or used to send the December 9, 2025 mass text message, the original source from which that pilot's contact information was obtained (e.g., Google Form, DMS submission, pilot-to-pilot contribution, website registration, SWOL, or other source), including any records that tag, code, categorize, or otherwise attribute a source to each pilot's contact information. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that the DMS database does not tag or categorize the upload source location." |
| **RFP 25** | All Communications between You and Ron Rindfleisch or any other ALPA representative or employee during the Relevant Period regarding pilot contact information, SkyWest Confidential Information, the Organizing Committee's data collection efforts, SWOL, or this litigation. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he did not retain the email in which he sent Mr. Rindfleisch a copy of pilot contact information – which was deleted prior to January 26, 2026. Moussaron did communicate with Mr. Rindfleisch via text message but those messages are protected under the Railway Labor Act."<br>Withheld: all text messages with Rindfleisch. |
| **RFP 26** | All Documents and Communications relating to the password-protected spreadsheet, CSV file, or other data file that You sent to Ron Rindfleisch or any other ALPA representative, including without limitation: (a) the spreadsheet or file itself in native format; (b) any transmittal emails, messages, or file-sharing links; (c) any password, encryption key, or access credentials provided; and (d) any Communications regarding the contents, intended use, or further distribution of the spreadsheet or file. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that he did not retain the email in which he sent Mr. Rindfleisch a copy of pilot contact information – which was deleted prior to January 26, 2026."<br>The response does not address the password or communications about the file's contents, use, or distribution. |
| **RFP 27** | All Documents and Communications relating to the skywestalpa.org and skw.alpa.org websites, including without limitation: (a) domain registration and hosting records; (b) website source code and configuration files; (c) pilot self-registration data submitted through the websites, including timestamps; (d) any contact lists or databases generated from website submissions; (e) administrative access logs and user-management records; and (f) any analytics or traffic data. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | No substantive response. The response consists of the objections only. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 28** | All Documents and Communications reviewed, consulted, referenced, or relied upon in preparing Your responses to any Interrogatory or Request for Admission served on You by SkyWest in this litigation, including without limitation any nonprivileged communications with any person relating to Your discovery responses. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Subject to and without waiving these objections, as detailed above, Moussaron is willing to Meet and Confer with regard to production of documents that need to be protected."<br>None produced. |
| **RFP 29** | All Documents and Communications between You and Krithivas during the period January 1, 2025 through the present, on any Coordination Platform, including without limitation any Communications regarding this litigation, SWOL Data, SkyWest, ALPA, legal representation, or preservation of evidence. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | "Moussaron states that text messages between him and Krithivas were previously produced (Krithivas 000001-000033). Moussaron has no other responsive documents." |
| **July 10, 2026 — Defendant Krithivas's First Supplemental Responses to SkyWest's Second Set (Ex. F)** | | | | |
| **ROG 6** | Request text unchanged — see the initial response above. | "Krithivas further objects to any requests that seek non-relevant confidential information protected by the Railway Labor Act." | Not asserted. | Answer unchanged from May 21 response. |
| **ROG 7** | Request text unchanged — see the initial response above. | "Krithivas further objects to any requests that seek non-relevant confidential information protected by the Railway Labor Act." | Not asserted. | Answer unchanged from May 21 response. |
| **ROG 9** | Request text unchanged — see the initial response above. | "Krithivas further objects to any requests that seek non-relevant confidential information protected by the Railway Labor Act." | Not asserted. | Answer unchanged from May 21 response, including that Krithivas was introduced to Moussaron by an unidentified pilot. |
| **ROG 10** | Request text unchanged — see the initial response above. | "Krithivas further objects to any requests that seek non-relevant confidential information protected by the Railway Labor Act."<br>"Krithivas expressly asserts that SkyWest's request to name all employees involved with union formation efforts is prohibited under the Railway Labor Act." | Not asserted. | Answer unchanged from May 21 response. Other participants in the organizing effort are still not identified. |
| **ROG 14** | In Your expedited discovery response, You stated that You "removed the plugin from [Your] computer sometime between September 3, 2025 and December 31, 2025," that "Moussaron provided a text script, via Microsoft Teams chat, that instructed the plugin what to execute," and that You "did not save a copy of this script." State whether You have searched Your Microsoft Teams account, browser history, or any other source for the Script, and if so, | Not asserted. | Not asserted. | "I joined the Microsoft Teams meeting as a guest, not from an account that maintains any sort of history. In response to this request, I attempted to click on the 'Join the meeting now' link to see if I could access the chat history for the meeting from September 3, 2025. I could not."<br>Answer unchanged from May 21 response. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | describe the results of that search; if not, explain why not. | | | |
| **ROG 15** | Request text unchanged — see the initial response above. | "Krithivas further objects to any requests that seek non-relevant confidential information protected by the Railway Labor Act." | Not asserted. | Answer unchanged from May 21 response ("I do not know any such persons."). |
| **RFP 6** | Request text unchanged — see the initial response above. | Not asserted. | Not asserted. | Changed from "None" to: "After a diligent search, Krithivas has no responsive records except for Krithivas 000001-33 and Krithivas 000041." |
| **RFP 7** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the requests seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Unchanged from May 21: "Krithivas has already produced text messages between Krithivas and Moussaron. See Krithivas 000001-33. The meeting invite from Moussaron to Krithivas is provided and marked as Krithivas 000041." |
| **RFP 8** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the request seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Changed from "None not already produced" to: "After a diligent search, he has no responsive records except for Krithivas 000041." |
| **RFP 9** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the request seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Changed from "None not already produced" to: "After a diligent search, he has no responsive records except for Krithivas 000041." |
| **RFP 10** | All records from the Chrome browser (and any other browser) on Your computer or any other Device used during the Relevant Period, including without limitation browsing history, extension installation and uninstallation logs, Tampermonkey activity logs, Tampermonkey script storage, browser console history, download history, and cache files, from August 1, 2025 to the present, to the extent such records exist or can be recovered. | Not asserted. | Not asserted. | Changed from "None" to: "After a diligent search, Krithivas responds that he has no responsive records." |
| **RFP 13** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the request seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Changed from "None not already produced" to: "After a diligent search, Krithivas responds that he has no responsive documents." |
| **RFP 14** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the request seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Changed from "None not already produced" to: "After a diligent search, he has no responsive documents or communications except for Krithivas 000041." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 19** | Request text unchanged — see the initial response above. | "Krithivas objects to the degree the request seeks non-relevant communications protected, or prohibited to be requested by SkyWest under the Railway Labor Act." | Not asserted. | Unchanged, including: "I removed posts and comments related to SkyWest en masse due to fear of harassment related to this lawsuit." |
| **July 17, 2026 — Moussaron's Supplemental Responses to SkyWest's Second Set (Ex. H)** | | | | |
| **General Obj. 5** | Not a numbered request — general objection. | "Defendant objects to any request seeking confidential union organizing information that is protected under the Railway Labor Act." | Not asserted. No First Amendment general objection was added. | General objections unchanged from June 5. |
| **ROG 6** | Request text unchanged — see the initial response above. | "Moussaron further objects that it requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **ROG 7** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. The two Organizing Committee members with administrative DMS access are still not identified. |
| **ROG 8** | Request text unchanged — see the initial response above. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | Not asserted. | Answer unchanged from June 5. |
| **ROG 9** | Request text unchanged — see the initial response above. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **ROG 10** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **ROG 11** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **ROG 12** | Request text unchanged — see the initial response above. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. The two individuals are still not identified. |
| **ROG 13** | Request text unchanged — see the initial response above. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. No participants are identified. |
| **ROG 15** | Request text unchanged — see the initial response above. | Objects to the interrogatory as "requesting confidential union organizing information protected by the Railway Labor Act." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **ROG 16** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Outreach calls by organizing committee members to fellow employees regarding union representation are protected activity under the Railway Labor Act. The Interrogatory seeks every individual who participated in protected organizing outreach and the specific pilots they contacted, which would constitute a comprehensive disclosure of the internal operations of a union organizing campaign. Such compelled disclosure has a direct and substantial chilling effect on the exercise of protected rights and is not relevant." | NEW: "Moussaron further objects to this interrogatory to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. The persons who made outreach calls are still not identified. |
| **RFP 6** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "As set forth in Moussaron's July 10, 2026 meet-and-confer letter, and subject to a Confidential designation, Moussaron is producing the database schema (the table definitions for the contact-intake and storage tables, without row-level data) and the intake source-code components."<br>NEW: "Moussaron continues to withhold, absent a court order, the associational core of the database - individual pilot identities coupled with poll responses and interest-level |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | individuals to retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act." | | assessments, engagement logs, and the identities of organizing-committee members." |
| **RFP 7** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects as this request seeks to expose those individuals involved in protected union organizing, which will likely result in retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act."<br>"Moussaron further objects to subsection (c) to the extent it seeks to compel production of protected internal organizing communications under the Railway Labor Act, 45 U.S.C. § 151 et seq." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **RFP 8** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "Moussaron conducted a targeted eDiscovery search (Microsoft Purview) of the Teams tenant across the Relevant Period, using terms directed to SWOL, the alleged extraction script, and union organizing, and located no Teams chat messages and no Automated Extraction Process, script, code, or instructions transmitted to Krithivas or anyone else. Moussaron is unaware of any other responsive documents." |
| **RFP 9** | Request text unchanged — see the initial response above. | Not asserted (General Obj. 5 only). | Not asserted. No First Amendment objection was added. | Answer unchanged from June 5. |
| **RFP 10** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information protected by the Railway Labor Act."<br>"This request is seeking a comprehensive disclosure of the internal operations and communications of a union organizing campaign, which is untethered to SkyWest's claims and is an extraordinary intrusion on activity protected under the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5 (meet-and-confer offer only). None produced. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | "Compelling production of internal campaign strategy, meeting materials, and membership information would have a direct and substantial chilling effect on protected organizing rights under the Railway Labor Act and is not relevant." | | |
| **RFP 11** | Request text unchanged — see the initial response above. | "Additionally, Moussaron objects as the request seeks information protected under the Railway Labor Act." | Not asserted. | Answer unchanged from June 5. |
| **RFP 12** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects to the extent the Request seeks production of records reflecting the identities, contact information, and organizing-related responses of SkyWest pilots contacted through protected union organizing activity under the Railway Labor Act. Production of such records to the pilots' employer would expose individual pilots' union sympathies and have a direct and substantial chilling effect on the exercise of protected rights." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "Consistent with the parties' agreement, Moussaron has producing [sic] the EZ Texting report containing the contact list uploaded to the platform - pilot names and contact information."<br>NEW: "Moussaron will not produce, absent a court order, the report containing group assignments, poll responses, and opt-out dates." |
| **RFP 13** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **RFP 14** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **RFP 15** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "Moussaron is aware of two responsive posts, both to private Facebook groups—a post about a training resource he created and a post about his experience with the United Pathway Program at SkyWest. He was removed from those groups shortly after his termination and cannot retrieve or produce the posts, and is aware of no other responsive posts, comments, or participation." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 16** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Still no substantive response. The supplemented response consists of the objections only. |
| **RFP 17** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **RFP 18** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"This request duplicates Request No. 6 and those objections are incorporated here."<br>"Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those individuals to potential retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "As set forth in Moussaron's July 10, 2026 meet-and-confer letter, and subject to a Confidential designation, Moussaron is producing the database schema for these tables (the table definitions, without row-level data containing pilot identities or poll responses)."<br>NEW: "The associational core remains withheld absent a court order." |
| **RFP 19** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"This request duplicates Request No. 6 and those objections are incorporated here." (RFP 6 objects that it "requests confidential union organizing information that is protected by the Railway Labor Act" and that production "would expose those individuals to retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act.") | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "[S]ubject to a Confidential designation, Moussaron is producing the database schema and the intake source-code components reflecting the creation and population of the database."<br>Row-level data still withheld. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | "Moussaron further objects to the extent this Request seeks production of records containing the personal contact information of SkyWest pilots who voluntarily provided that information to the Organizing Committee for union organizing purposes, as production of such information would expose those individuals to potential retaliation and chill the exercise of rights protected under the Railway Labor Act, and otherwise is protected information under the Railway Labor Act." | | |
| **RFP 20** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5 (meet-and-confer offer only). None produced. |
| **RFP 21** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. The ALPA spreadsheet has not been produced. |
| **RFP 22** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act."<br>"Moussaron further objects on the basis that this Request seeks the complete source code of a web application developed by Moussaron in his personal capacity in furtherance of protected union organizing activity under the Railway Labor Act . . . ." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "[S]ubject to a Confidential designation, Moussaron is producing the intake source-code components. The DMS codebase contains no code for accessing, scraping, or extracting data from SWOL."<br>User access logs, administrative records, and exports still withheld. |
| **RFP 23** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | Not asserted. | NEW: "Notwithstanding, and consistent with Moussaron's July 10, 2026 meet-and-confer letter, Moussaron has producing [sic] the specific FAA Airmen Registry files he downloaded and used in the data-collection work." |
| **RFP 24** | Request text unchanged — see the initial response above. | Objects that it "requests confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "[T]he pilot_members source field reflects intake channel - DMS, WEB, and ALPA - and records only the channel through which a record entered the database, not the origin of the underlying contact information; |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | no field tags the origin of any individual record." |
| **RFP 25** | Request text unchanged — see the initial response above. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "Moussaron will produce the messages that concern data-transmission mechanics - what was sent, when, and in what format - with organizing-strategy content redacted. He is not producing text messages concerning organizing." |
| **RFP 26** | Request text unchanged — see the initial response above. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "The exported files existed only as attachments to the transmittal email and were not retained; the underlying data resides on the Remote Server and is subject to the scoped production described in Moussaron's July 10, 2026 meet-and-confer letter." |
| **RFP 27** | Request text unchanged — see the initial response above. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | NEW: "Moussaron withdraws the 'not under his control' objection as to the server-resident materials: the website source code, access logs, and analytics (items (b), (e), and (f)) are within the scoped Remote Server production and can be produced under the protective order."<br>NEW: "The domain-registration records (item (a)) and records concerning skw.alpa.org are not in Moussaron's possession, custody, or control; items (c) and (d) - pilot self-registration submissions and the contact lists generated from them - remain protected." |
| **RFP 28** | Request text unchanged — see the initial response above. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5 (meet-and-confer offer only). None produced. |
| **RFP 29** | Request text unchanged — see the initial response above. | Objects that it "seeks confidential union organizing information that is protected by the Railway Labor Act." | NEW: "Moussaron further objects to this request to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)." | Answer unchanged from June 5. |
| **August 20, 2026 — Defendant Krithivas's Responses to SkyWest's Third Set of Discovery Requests (Ex. N)** | | | | |
| **General Obj. 5** | Not a numbered request — general objection. | Objects to any request seeking confidential union organizing information or identities of involved employees that is a claimed First Amendment associational | "Defendant objects to any request seeking confidential union organizing information or identities of involved employees that is a claimed First Amendment associational | |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | privilege/protection "and related RLA interests that is currently pending before the court." | privilege/protection and related RLA interests that is currently pending before the court." | |
| **ROG 21** | Identify each and every communication you have had with any person regarding: (a) this litigation; (b) the Complaint filed against you; (c) the Hansen Communication; (d) your departure from SkyWest; (e) your departure from American Airlines; (f) any claims or allegations relating to data extraction, or breach of contract; and for each Communication, state the date, the identity of all participants, the medium, and the substance of the Communication. | Objects that the interrogatory encompasses "Protected organizing communications" and that disclosure "would also burden . . . activity protected under the Railway Labor Act. An issue currently pending before the court." | "Disclosure of organizing participants or internal organizing communications would also burden First Amendment associational rights and activity protected under the Railway Labor Act. An issue currently pending before the court." | "Text-message communications with Daniel Moussaron beginning on or about August 30, 2025 concerning whether Krithivas would assist with obtaining pilot contact information. Responsive text messages presently available were previously produced as Krithivas 000001–000033."<br>"A Microsoft Teams audio call with Moussaron on September 3, 2025. . . . During the call, the Teams chat function was used to transmit the Tampermonkey userscript discussed in prior discovery responses."<br>"A phone call with Daniel Moussaron on the evening of January 26, 2026 (or early morning January 27, 2026) . . . in which Krithivas disclosed that Moussaron told him after receipt of the demand letter that the remote server was located in Europe. . . . He also informed me that he was pulled off his trip in Salt Lake City and taken to an office and interrogated/terminated after he refused to answer questions. . . . I do not have a recording or any other documents memorializing this call."<br>"Krithivas did not use Telegram to communicate with the Organizing Committee."<br>"Krithivas will not create an exhaustive narrative log of every attorney-client or otherwise protected communication concerning the litigation." |
| **ROG 22** | Identify any SkyWest employees who you contend have been terminated, disciplined, investigated, or subjected to adverse action for union organizing activity. For each such employee: (a) identify the employee; (b) describe the adverse action; (c) state the date of the termination or adverse action; and (d) identify any documents supporting that the action was motivated by union organizing rather than other reasons. | Not asserted. | "Krithivas objects because this Interrogatory seeks identities and information concerning persons involved in union organizing. Compelled disclosure could expose employees to investigation, retaliation, or employment consequences and burden protected associational activity."<br>"SkyWest has not demonstrated a particularized need for the identities of employees who are not parties to this action or shown that the information cannot be obtained through less intrusive means." | Identifies only actions taken against Krithivas and Moussaron.<br>"Krithivas does not presently possess sufficient personal knowledge to identify another current SkyWest employee who was terminated or formally disciplined because of union-organizing activity. He will not identify persons merely because they supported, discussed, or communicated about union representation."<br>"If the Court orders disclosure of any nonparty employee's identity, Krithivas requests redaction where possible and Attorneys' Eyes |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | Only, restricted from disclosure to all SkyWest employees, as protection for any unredacted information." |
| **RFP 24** | All communications between you and any person regarding: (a) SkyWest (including without limitation the Hansen Communication); (b) the Complaint filed in this action; (c) any investigation of you conducted by American Airlines; (d) your administrative leave, suspension, or any adverse employment action; (e) the terms or circumstances of your separation from American Airlines; (f) any severance or separation agreement offered or executed; and (g) any characterization of your departure as voluntary, involuntary, constructive discharge, termination, or otherwise. | Not expressly asserted. Objects that the request "encompasses . . . protected union-related communications." | Not asserted (General Obj. 5 only). | "To the extent responsive materials would identify nonparty employees involved in protected organizing activity, Krithivas will withhold or redact those identities pending agreement or further order. If unredacted production is required, Krithivas requests Attorneys' Eyes Only treatment, restricted from access by any SkyWest employees or in-house attorneys."<br>"[K]rithivas identifies and produces the nonprivileged and appropriately redacted responsive materials at Krithivas 001102–3 and 001106–18." |
| **RFP 26** | All social media posts, online communications, blog posts, comments, messages, or other electronic publications made by you or on your behalf . . . since January 1, 2025, that relate to, reference, or discuss: (a) this litigation; (b) SkyWest; (c) Dale Hansen; (d) the Complaint; (e) the Hansen Communication or other communications between SkyWest and American Airlines; (f) your departure from SkyWest; (g) your departure from American Airlines; (h) your Counterclaims; or (i) any pilot union organizing activities. | Not expressly asserted. Objects that the request "seeks information concerning . . . protected union-organizing activities" and "[e]very reference to union organizing." | Objects to the extent the request seeks "[p]rotected associational communications." | "Krithivas previously disclosed that he removed certain posts or comments concerning SkyWest because of concerns about harassment associated with this litigation. He is no longer in possession of any removed posts or comments."<br>"Krithivas did not make any social-media posts concerning pilot union-organizing activity and did not use social media to contact SkyWest pilots using information obtained from SWOL."<br>"Responsive materials are being withheld based upon these objections, including privileged communications, protected associational communications, third-party content not within Krithivas's control, and unrelated social-media content."<br>"Production status: After a diligent search, Krithivas reports that he possesses no Responsive Documents." |
| **RFP 30** | All communications and/or agreements with ALPA, any union representative, Moussaron, and/or any person affiliated with the Organizing Committee since January 1, 2025 regarding: (a) your departure from American Airlines; (b) your Counterclaim; (c) their financial support or assistance to you, including without limitation indemnification or litigation funding; and/or (d) litigation strategy. | Objects that "[s]uch communications may be protected by . . . protections afforded organizing activity under the Railway Labor Act." | Objects that "[s]uch communications may be protected by . . . [the] First Amendment associational privilege."<br>"SkyWest has not demonstrated that disclosure of organizing participants, internal organizing strategy, or litigation strategy is necessary to resolve an operative claim or defense or that the information cannot be obtained through less intrusive means." | "Krithivas was not promised and did not receive compensation, reimbursement, or any other benefit for assisting Moussaron."<br>"Krithivas did not serve as an Organizing Committee leader, administer the Data Management System, coordinate outreach calls, send the December 9, 2025 mass communication, or participate in the broader management of the organizing campaign."<br>"To Krithivas's knowledge, he and Moussaron were the only persons who participated in |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | obtaining contact information through the SWOL Directory on September 3, 2025." "Krithivas has received no indemnification, litigation funding, financial assistance, or payment from ALPA, the Organizing Committee, any union in connection with this action." "Krithivas will not produce communications revealing the identities, membership, internal strategy, or protected association of persons involved in union organizing absent agreement or an order resolving the applicable privilege and First Amendment objections." "Nonprivileged responsive agreements presently identified: None." |
| **August 25, 2026 — Defendant Moussaron's Responses to Plaintiff's Third Set of Discovery Requests (Ex. B)** | | | | |
| **General Obj. 3** | Not a numbered request — general objection. | "Moussaron objects to each interrogatory and request to the extent it seeks information protected by the Railway Labor Act, First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G), which are currently being briefed." | Same objection as in the RLA column. | |
| **Spec. Obj. to Defs. No. 3 (Definition 5, "Identify" as applied to a person)** | Objection to SkyWest's definition of "Identify," "identity," and "identification" as applied to a person. | Objects to Definition 5 "as compound, overbroad, and unduly burdensome, and to the extent it requires disclosure of individuals' aliases, usernames, residential addresses, personal email addresses, personal telephone numbers, and 'relationship to Defendant or to the subject matter of this litigation,' because as applied to participants in protected union-organizing activity it seeks information protected by the First Amendment associational privilege, Federal Rule of Civil Procedure 26(c)(1)(G), and the Railway Labor Act." | Same objection as in the RLA column. | Definitional objection only; incorporated into each response that uses the term, including every interrogatory seeking the identity of a person. |
| **Spec. Obj. to Defs. No. 5 (Definition 13, "Organizing Committee")** | Objection to SkyWest's definition of "Organizing Committee." | Objects "to the extent it is used to seek the identification of, or information concerning, participants in protected union-organizing activity, as it seeks information protected by the First Amendment associational privilege, Federal Rule of Civil Procedure | Same objection as in the RLA column. | Definitional objection only; incorporated into each response that uses the term. |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | 26(c)(1)(G), and the Railway Labor Act." | | |
| **Spec. Obj. to Defs. No. 9 (Definition 32, "ALPA")** | Objection to SkyWest's definition of "ALPA." | Objects "to the extent it purports to include ALPA's 'attorneys' and 'business associates' and any communications with them, as seeking information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, the Railway Labor Act, and the First Amendment associational privilege." | Same objection as in the RLA column. | Definitional objection only; incorporated into each response that uses the term. |
| **ROG 21** | Identify the specific provision(s) of the Railway Labor Act (45 U.S.C. § 151 et seq.) you contend SkyWest violated, and for each provision: (a) identify the specific conduct by SkyWest that you contend constitutes a violation; (b) state when each violation occurred; (c) identify every person with knowledge of the violation; and (d) identify every Document supporting the violation. | Objects to subpart (c) "to the extent it seeks the identities of the union organizing-committee members, the ALPA organizer, and other participants in the organizing effort, which are protected by the Railway Labor Act, First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G)." | Same objection as in the RLA column. | "Moussaron contends that SkyWest violated the Railway Labor Act, 45 U.S.C. § 152, Third and Fourth General Duties, as set forth in Moussaron's Counterclaim's First Cause of Action."<br>"[T]he conduct constituting the violation consists of SkyWest's termination of Moussaron, SkyWest's January 26 Communication, SkyWest's December 10, 2025 notice directing pilots to report the Organizing Committee's text-message outreach to their mobile carriers as 'spam' (SkyWest_000002), and SkyWest's communications with third parties concerning Moussaron and Krithivas, including the email from Hansen to American Airlines, Inc."<br>"[T]he persons with knowledge who are not protected from disclosure include Moussaron, Krithivas, and the SkyWest management personnel responsible for the termination and communications . . . . Moussaron will not identify the organizing-committee members, the ALPA organizer, or other organizing participants, whose identities are protected as stated above." |
| **ROG 22** | Identify any SkyWest employees who you contend have been terminated, disciplined, investigated, or subjected to adverse action for union organizing activity. For each such employee: (a) identify the employee; (b) describe the adverse action; (c) state the date of the termination or adverse action; and (d) identify any documents supporting that the action was motivated by union organizing rather than other reasons. | Not asserted (General Obj. 3 only). | Not asserted (General Obj. 3 only). | "Moussaron objects to this Interrogatory as the information is in SkyWest's exclusive possession, custody, and control and will be sought in discovery."<br>"Moussaron identifies (i) himself, terminated by SkyWest on January 26, 2026; (ii) Krithivas, a former SkyWest pilot and co-defendant in this action, who was constructively discharged from his subsequent |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | employment with American Airlines, Inc. on April 10, 2026 as a result of SkyWest's and Hansen's communication of the allegations in this action to American Airlines, Inc.; and (iii) the flight-attendant plaintiffs in Association of Flight Attendants-CWA v. SkyWest Airlines, Inc., No. 2:23-cv-00723-DBB-DBP (D. Utah), including Shane Price and Tresa Grange, whom SkyWest terminated and who contend in that action that SkyWest subjected them to adverse action in retaliation for union organizing." |
| **ROG 26** | Supplement your prior response to Interrogatory No. 13 and identify: (a) your specific role within the Organizing Committee, including any title or leadership position; (b) the precise dates of your involvement; (c) all compensation, reimbursement, or financial support you received from ALPA or any other source in connection with organizing activities; and (d) whether any of your Business Entities derived revenue from union organizing activities, pilot recruitment, or related services during the Relevant Period. | Not asserted (General Obj. 3 only). | Not asserted (General Obj. 3 only). | "As to subpart (a), Moussaron was a member of the Organizing Committee's leadership team and was responsible for matters relating to information technology. As to subpart (b), Moussaron was involved from April 28, 2025, through January 26, 2026. As to subpart (c), Moussaron received no compensation, reimbursement, or financial support from ALPA or from any other source in connection with organizing activities. As to subpart (d), none of Moussaron's business entities derived any revenue from union organizing activities, pilot recruitment, or related services during the Relevant Period." |
| **ROG 27** | Identify the current status of the Remote Server and whether SWOL Data or any derivative thereof remains stored, accessible, or in use in any Location, including without limitation on any device, account, backup, cloud storage, or in the possession of any Business Entity. If you contend the data has been destroyed or is no longer accessible, state when and how destruction occurred and identify any persons with knowledge of such destruction. | Not asserted (General Obj. 3 only). | Not asserted (General Obj. 3 only). | Objects that "the phrase 'any derivative thereof' is vague" and that the interrogatory is "duplicative and cumulative" of Interrogatory Nos. 6 and 11.<br><br>"The Remote Server, previously identified as hosted by GreenHost B.V. at IP address 185.88.143.130, remains active. SWOL-derived data resides on the Remote Server, and the locations of responsive data were identified in the spreadsheet Moussaron served with his responses to SkyWest's First Set of discovery requests. The encrypted file pilot_export_08JAN26.xlsx was shared with ALPA, as previously disclosed."<br><br>"Such data also necessarily existed on the Migadu email account used by the Organizing Committee; however, access to that account |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | was terminated on or about January 12, 2026 for non-renewal, before the events giving rise to this action, and Moussaron no longer has any access to that account and cannot search or index its contents. In the course of developing the export function from the DMS on his personal MacBook Air, Moussaron created interim versions of the spreadsheet as testing materials; those interim testing files were not retained in the ordinary course of software development and before any preservation obligation arose."<br>"Moussaron is not withholding any responsive information and reserves the right to supplement this response."<br>The Remote Server data has not been produced. |
| **ROG 28** | Identify each and every communication you have had with any person regarding: (a) this litigation; (b) the Complaint filed against you; (c) your departure from SkyWest; or (d) any claims or allegations relating to data extraction or breach of contract; and for each communication, state the date, the identity of all participants, the medium, and the substance of the communication. | Objects that the interrogatory "seeks confidential union-organizing information protected under the Railway Labor Act." | Objects that the interrogatory "seeks information protected by . . . the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G)." | "Moussaron acknowledges that non-privileged communications responsive to this Interrogatory exist, including incidental references to his departure from SkyWest and this litigation that arose in conversations with friends, family, and acquaintances and in the course of his job search; cataloging each and every such communication, with its date, participants, medium, and substance, is unduly burdensome as the Interrogatory is framed."<br>No communications identified. |
| **RFP 35** | All documents, including without limitation communications, supporting your claim that your termination was retaliatory and motivated by protected union organizing activity, including without limitation any documents reflecting SkyWest's knowledge of your organizing activities before January 2026, documents showing the decision to terminate you was motivated by anti-union animus, and documents supporting your position that SkyWest's stated reasons for termination were pretextual. | Objects "to the extent it seeks documents protected by . . . the Railway Labor Act . . . ." | Objects "to the extent it seeks documents protected by . . . the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G)." | "[T]he documents supporting his claim that his termination was retaliatory and motivated by protected union-organizing activity consist of documents produced by the parties in this action and the publicly filed pleadings, including SkyWest's January 26 Communication (SkyWest_000003–SkyWest_000004) and his Counterclaim (Dkt. 47)."<br>"Documents reflecting Moussaron's own protected union-organizing activity and communications are withheld on the basis of the First Amendment associational privilege, the Railway Labor Act, and Federal Rule of Civil Procedure 26(c)(1)(G), subject to the Court's ruling on the parties' competing motions concerning associational discovery." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| **RFP 36** | All communications and/or agreements with ALPA, any union representative, Krithivas, and/or any person affiliated with the Organizing Committee since January 1, 2025 regarding: (a) your termination from SkyWest; (b) your Counterclaim; (c) their financial support or assistance to you, including without limitation indemnification or litigation funding; and/or (d) litigation strategy. | Objects to the request "as seeking confidential union-organizing information protected under the Railway Labor Act." | Objects to the request "as seeking documents protected by . . . the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G)." | "Moussaron is withholding responsive documents on the basis of the privileges and protections stated above." "Material withheld on the basis of the First Amendment associational privilege and Rule 26(c)(1)(G) is withheld subject to the Court's ruling on the parties' competing motions concerning associational discovery." |
| **RFP 40** | All social media posts, online communications, blog posts, comments, messages, or other electronic publications made by you or on your behalf . . . since January 1, 2025, that relate to, reference, or discuss: (a) this litigation; (b) SkyWest; (c) the Complaint; (d) your departure from SkyWest; (e) your Counterclaims; or (f) any pilot union organizing activities. | "Moussaron objects to subpart (f) as seeking confidential union-organizing information protected under the Railway Labor Act, the First Amendment associational privilege, and Federal Rule of Civil Procedure 26(c)(1)(G)." | Same objection as in the RLA column. | "Moussaron states that he has posted nothing responsive." |
| **July 29, 2026 Subpoena to Nonparty Air Line Pilots Association, International — ALPA's August 13, 2026 Objections and Response (Ex. L) and Defendants' Joint Motion to Quash (Dkt. 106)** | | | | |
| **ALPA General Objs. 1–2** | Objections to the Subpoena in its entirety, incorporated into each specific response. | Objection 1: ALPA objects to the Subpoena "because it impermissibly and unlawfully attempts to interfere with the rights of SkyWest employees under Section 2, Fourth of the Railway Labor Act ('RLA') to 'organize and bargain collectively through representatives of their own choosing.'" | Objection 2: ALPA objects "to the extent it seeks documents that identify SkyWest employees who have participated in the labor union organizing campaign or otherwise associated with a labor union, impermissibly burdening those employees' First Amendment right to freedom of association." "At minimum, any identifying information for SkyWest employees who have participated in organizing or otherwise associated with ALPA or the SkyWest ALPA Organizing Committee ('OC'), other than Defendants, must be redacted from all document production." | ALPA produced only "ALPA Production 1," limited to documents that do not contain alleged SkyWest confidential information; documents that do contain such information "will be produced upon SkyWest and ALPA's agreement to a reasonable, secure means of production." |
| **ALPA General Obj. 5** | Objection to the Subpoena in its entirety, incorporated into specific responses. | Not asserted. | Not asserted. (Asserted under Fed. R. Civ. P. 26(c)(1)(G).) | "ALPA objects to the Subpoena to the extent it seeks disclosure of ALPA's confidential commercial information in the form of ALPA's internal organizing strategies, methodologies, tactics, and systems. Fed. R. Civ. P. 26(c)(1)(G). Where otherwise discoverable, such information should only be produced pursuant to a protective order limiting access to Plaintiff's outside attorneys only. In that regard, ALPA understands Plaintiff's in-house counsel to have been directly involved in anti-union activity, including decisions to fire OC |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | members. Accordingly, an 'Attorneys' Eyes Only' designation would not sufficiently protect the confidential commercial information at issue." |
| **Defs.' Objections (Dkt. 106)** | Defendants' Joint Motion to Quash Plaintiff's Subpoena to ALPA and for Protective Order. | Defendants move to quash "Requests Nos. 1, 2, 3, 5, 6, 7, 8, 9, and 10" and assert that "[t]he subpoena seeks information that that [sic] is protected under Section 2, Fourth of the Railway Labor Act, First Amendment Freedom of Association, Rule 26(c)(1)(G), is simply not relevant to SkyWest's claims, and is overbroad." Defendants' July 31, 2026 objection letter (Dkt. 106-2) likewise states that "those requests implicate the Railway Labor Act and the First Amendment associational privilege." | The motion asserts that "Requests 1-3, 5, 6-7, 9 seek information protected by the First Amendment Associational Privilege, Rule 26(c)(1)(G), and is not relevant; and requests 8 and 10 are protected by the common interest privilege." Defendants' July 31, 2026 letter (Dkt. 106-2) states that "Requests 1–3, 5–7 and 9 of the ALPA subpoena in their current form seek the same non-public organizing and associational information that Moussaron has withheld on First Amendment associational-privilege and Rule 26(c)(1)(G) grounds." | SkyWest's response to the motion is stayed until fourteen days after the Court rules on Dkt. 132 (Dkt. 121). Dkt. 132 asks that any protective order also apply to the ALPA subpoena. |
| **Request 1** | All documents referring to, relating to, and/or regarding the spreadsheet transmitted by Daniel Moussaron to Ron Rindfleisch and/or ALPA on or about January 8, 2026 (the "January 8 Spreadsheet"), including without limitation the January 8 Spreadsheet in native format, any accompanying email or message, any versions, copies or derivatives of the January 8 Spreadsheet, and any communications discussing the January 8 Spreadsheet with any person. | "Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth . . . ." | "[A]nd infringe on First Amendment associational privilege." | ALPA will produce the January 8 Spreadsheet ("pilot_export_08JAN26.xlsx") with the "Email", "Assessment", "AssessmentDate", "DMSComments", "PilotComments", "Source", and "RegisteredDate" fields redacted, and the January 8 and January 9, 2026 transmittal emails, excluding attachments, with "[i]dentifying information for SkyWest pilots other than Defendants," "[p]rotected organizing information and communications," and "Confidential ALPA commercial information" redacted. ALPA also produces "[a] March 11, 2026, email from M. Pickett to G. Sallin, and its attached March 11, 2026, letter from T. Ciantra to G. Sallin."<br><br>"Other than January 8 and 9, 2026 emails identified above, ALPA has no other records of any transmission of the January 8 Spreadsheet to any other person." ALPA states that it "did not import or upload the January 8 Spreadsheet, or any of its data, into any ALPA databases or data management systems" and that the spreadsheet "has not been and will not be shared outside of ALPA."<br><br>Withheld: the second spreadsheet attached to the January 8 email "containing names and contact information of OC members," the identities of the other OC members copied on that email, and the embedded prior email |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | thread "discussing organizing activity and identifying involved pilots." "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 1." |
| **Request 2** | All documents, including without limitation communications, relating to and/or evidencing the transmission, receipt, storage, access, use, or distribution of the January 8 Spreadsheet. | Objects "to the extent it seeks disclosure of SkyWest employee activity and communications protected by the RLA . . . ." | Objects "to the extent it seeks disclosure of SkyWest employee activity and communications protected by . . . the First Amendment." | Produces only the Request 1 documents. Identifies the persons with access to the storage locations as "Mr. Rindfleisch, two senior employees in ALPA's IT Department, and five attorneys and one paralegal in ALPA's Legal Department." "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 2." |
| **Request 3** | All documents, including without limitation communications, evidencing and/or identifying any person that accessed, reviewed, copied, received, discussed, and/or distributed the January 8 Spreadsheet and/or any data contained therein. | Incorporates its Request 2 objections, including Objection 1 (RLA). | Incorporates its Request 2 objections, including Objection 2 (First Amendment). | Produces only the Request 1 documents. "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 3." |
| **Request 4** | All documents, including without limitation communications, reflecting and/or evidencing any steps taken by ALPA to preserve, secure, and/or restrict access to the January 8 Spreadsheet, SkyWest's Confidential Information, and/or Pilot Contact Information. | Incorporates its Request 2 objections, including Objection 1 (RLA). | Incorporates its Request 2 objections, including Objection 2 (First Amendment). | ALPA "will produce the documents identified in response to Request No. 1, and incorporates by reference its responses to Request Nos. 1, 2 and 6." "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 4." |
| **Request 5** | All communications between ALPA and any person or entity from January 1, 2025 to the present, referencing, relating to: (a) Moussaron; (b) Krithivas; (c) any Pilot Contact Information; (d) Confidential Information; (e) SkyWest Online and/or SkyWest's other internal electronic systems; (f) this Lawsuit, and/or (g) the January 8 Spreadsheet. | Objects "to the extent it seeks disclosure of SkyWest employee activity and communications protected by the RLA . . . ." | Objects "to the extent it seeks disclosure of SkyWest employee activity and communications protected by . . . the First Amendment." | Produces only the Request 1 and Request 6 documents. "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 5." |
| **Request 6** | All documents, including without limitation communications, relating to the receipt, storage, use, or distribution of any SkyWest Pilot Contact Information or Confidential Information by ALPA, including without limitation any records reflecting whether such information was shared with, accessed by, or made available to any person or entity outside of ALPA. | Incorporates its Request 2 objections, including Objection 1 (RLA). | Incorporates its Request 2 objections, including Objection 2 (First Amendment). | ALPA will produce the October 13, 2025 spreadsheet ("skywest_contacts_20251013_213347.xlsx," with "Email address" redacted) and related October 13, October 24, and December 4, 2025 emails; the "SMS_List" tab of "SkyWest_ALPA_OC_Members.xlsx" transmitted December 15, 2025 (with "Comments" redacted); the December 15, 2025 transmittal email; and an email ALPA dates "January 8, 2023 [sic]" from "R. Rindfleish to D. Moussaron and other OC members, re-transmitting the October 13 |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | | | | Spreadsheet (renamed as 'Skywest contacts 101325.xlsx')," each with pilot-identifying and organizing information redacted.<br>Withheld: the spreadsheet attached to the December 4, 2025 email "identifying and providing contact information for OC members," the other tabs of the December 15, 2025 spreadsheet containing "identifying and contact information of OC members," and the identities of the "other OC members" who received the December 4, 2025 re-transmission.<br>"[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 6." |
| **Request 7** | All documents, including without limitation communications, referring to, relating to, and/or regarding any Pilot Contact Information, Confidential Information, and/or SkyWest pilot contact lists that were provided to ALPA from January 1, 2023 to the present by Moussaron and/or Krithivas. | Incorporates its Request 2 objections, including Objection 1 (RLA). | Incorporates its Request 2 objections, including Objection 2 (First Amendment). | Produces only the Request 1 and Request 6 documents. "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 7." |
| **Request 8** | All documents, including without limitation communications, referencing, referring to, relating to, and/or evidencing any financial support, reimbursement, compensation, and/or other benefit provided or promised by ALPA to Moussaron or Krithivas from January 1, 2023 to the present. | "Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth . . . ." | "[A]nd infringe on First Amendment associational privilege." | "Based on the above objections, ALPA will not produce documents in its possession responsive to request No. 8." |
| **Request 9** | All social media posts, public statements, press releases, blog posts, articles, forum posts, website content, or other communications made by ALPA or any ALPA representative during the Relevant Time Period relating to: (a) SkyWest's claims against Moussaron and/or Krithivas, (b) Moussaron and/or Krithivas' allegations in the Lawsuit, and/or (c) ALPA's organizing campaign at SkyWest generally, including without limitation posts on any social media platform (X, Facebook, Instagram, Reddit, YouTube, etc.), as well as any comments, replies, or responses to such posts. | "Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth . . . ." | "[A]nd infringe on First Amendment associational privilege." | Produces public website content from skw.alpa.org (ALPA00026-167) and the Request 1 and Request 6 communications. "[E]xcept as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 9." |
| **Request 10** | All documents, including without limitation communications, relating to any actual, potential, or contemplated legal representation, retention of counsel, funding of legal fees or costs, or indemnification of Moussaron and/or Krithivas in connection with this litigation, or coordination regarding Moussaron's and/or Krithivas's defenses | Incorporates its Request 8 objections, including Objection 1 (RLA). | Incorporates its Request 8 objections, including Objection 2 (First Amendment). | "Based on the above objections, ALPA will not produce documents in its possession responsive to request No. 10." |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | to SkyWest's claims, and/or Moussaron's or Krithivas's counterclaims against SkyWest. | | | |
| **September 22, 2026 Notice of Subpoenas to CallFire, Inc. d/b/a EZ Texting and GoFundMe, Inc. — Moussaron's September 23, 2026 Written Objection and September 25, 2026 Motions for Protective Order (Dkt. Nos. 151, 152)** | | | | |
| **EZ Texting Command 3** | All text messages and/or campaigns sent from the Moussaron Account during the Relevant Period, including without limitation documents containing the following information: message content, message templates, sender phone number(s) or identifier(s), recipient phone numbers, timestamps, delivery status, opt-out or unsubscribe records, and any inbound replies or poll responses. | Not asserted. | Moussaron asserts that Commands 3 and 4 "seek the same information subject to Defendants Joint Motion for Protective Order (Dkt. 132)," and that "the associational right 'will be chilled equally whether the associational information is compelled from the organization itself or from third parties.'"<br>"A recipient number paired with a reply, a poll response, or an opt-out is an individualized expression of that pilot's view on representation." | Seeks the content of the December 9, 2025 campaign, its recipients, and pilot replies and poll responses. Moussaron moved to prohibit service and to stay compliance pending the ruling on Dkt. 132. He did not accept SkyWest's September 24, 2026 proposal that the vendor produce an AEO set together with a redacted Confidential set (Dkt. 151-2), and instead moved for a protective order the next day, arguing that "EZ Texting cannot do that and provide proper redactions" (Dkt. 151). |
| **EZ Texting Command 4** | All contact lists and/or data files uploaded to the Moussaron Account during the Relevant Period, including without limitation CSV files, Excel files, and/or other imports, together with documents showing the date of each upload and the number of contacts in each file. | Not asserted. | Same objection as Command 3.<br>"The uploaded lists and reply data identify pilots who privately engaged with the campaign." | Seeks the contact uploads that show what SkyWest data was sent to EZ Texting and in what form. Moussaron moved to prohibit service and to stay compliance pending the ruling on Dkt. 132. |
| **EZ Texting Command 6** | All Documents, including without limitation Communications, concerning and/or relating to the Moussaron Account, including without limitation relating to the Moussaron Account's non-renewal or termination and/or any inquiry into whether emails from the Moussaron Account could be recovered. | Not asserted. | Not asserted as to this Command specifically; Moussaron asks that compliance with both subpoenas be stayed pending the ruling on Dkt. 132 "and that any protective order entered on Dkt. 132 govern these subpoenas." | Moussaron asks the Court to quash "at a minimum Commands 3, 4, 6, 7 and 8 of the EZ Texting subpoena."<br>He asserts that "Commands 6 and 8 are, in any event, aimed at the wrong provider: the 'non-renewal' and the inquiry about recovering 'emails' that SkyWest describes are the events Moussaron disclosed concerning the Organizing Committee's Migadu email account" and that "EZ Texting is an SMS platform and holds no such records." |
| **EZ Texting Command 7** | All Documents, including without limitation Communications, relating to and/or referencing SkyWest, this Lawsuit, Moussaron, Krithivas, and/or ALPA during the Relevant Period. | Not asserted. | Not asserted as to this Command specifically (stay sought pending ruling on Dkt. 132). | Moussaron asserts that Command 7 is "untethered to any account, subject or claim" and that requests for "all documents ... that refer to, mention or relate in any way to" a person or a lawsuit "fail the reasonable-particularity requirement and are 'overly broad.'" He asks that it be quashed. |
| **EZ Texting Command 8** | All Account Activity Logs for the Moussaron Account during the Relevant Period, including without limitation documents containing the | Not asserted. | Not asserted as to this Command specifically (stay sought pending ruling on Dkt. 132). | Moussaron asserts that Commands 5, 6 and 8 seek records that "do not tend to prove whether Defendants exceeded authorized |

| Req. No. | Request | RLA-Related Objection | First Amendment Objection | Summary of Information Sought and Being Withheld |
|---|---|---|---|---|
| | following information: login history, IP addresses, and any records reflecting whether account data was retained, archived, or deleted after non-renewal. | | | access to SkyWestOnline or what loss SkyWest suffered," and that "Commands 6 and 8 are, in any event, aimed at the wrong provider." He asks that it be quashed. |
| **GoFundMe Command 1** | Account and organizer registration records for the Campaign, including without limitation documents containing the following information: the organizer's name, email address, phone number, date the Campaign was created, beneficiary information, and/or any edits or updates made to the Campaign page. | Not asserted. | Asserted as to the GoFundMe subpoena as a whole: "The information is also protected." Moussaron relies on NAACP v. Alabama ex rel. Patterson and Americans for Prosperity Foundation v. Bonta. | Moussaron asserts that "[n]o claim or defense in this case turns on who contributed to the legal-defense fund Moussaron organized (months after he was sued), how much was contributed, or what donors messaged when they contributed," and asks that the GoFundMe subpoena be quashed "in its entirety." |
| **GoFundMe Command 2** | Complete donor records for the Campaign, including without limitation documents containing the following information: donor names, email addresses, donation amounts, dates of each donation, and any comments and/or messages left by donors on the Campaign. | Not asserted. | "Donor identities are the paradigm of protected associational information." Moussaron relies on NAACP v. Alabama ex rel. Patterson and Americans for Prosperity Foundation v. Bonta and asserts the information "is protected by associational privilege that is pending before the court." (Dkt. No. 151-2.) | Moussaron asks that the GoFundMe subpoena be quashed "in its entirety" and that service be stayed pending the ruling on Dkt. 132. |
| **GoFundMe Command 3** | All Communications exchanged through the GoFundMe platform relating to the Campaign. | Not asserted. | Same objection as GoFundMe Command 1. | Moussaron asks that the GoFundMe subpoena be quashed "in its entirety" and that service be stayed pending the ruling on Dkt. 132. |
| **GoFundMe Command 4** | All Communications between GoFundMe and any person relating to, creating, contributing to, or assisting with the Campaign, the Lawsuit, and/or SkyWest. | Not asserted. | Same objection as GoFundMe Command 1. | Moussaron asks that the GoFundMe subpoena be quashed "in its entirety" and that service be stayed pending the ruling on Dkt. 132. |