# EXHIBIT L

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
7950 Jones Branch Drive, Suite 400S | McLean, VA 22102 | 703-689-2270 | 888-FLY-ALPA
THE WORLD'S LARGEST PILOTS UNION | WWW.ALPA.ORG

August 13, 2026

**VIA E-MAIL TO ztburford@hollandhart.com**

Zachary T. Burford
Holland Hart LLP
South Main St., Suite 2200
Salt Lake City, UT 84101
E-mail: ztburford@hollandhart.com

**Re. Objections and Response to Notice of Subpoena and Deposition to Nonparty Air Line Pilots Association, International in *Skywest Airlines, Inc. v. Moussaron et al.*, 4:26-cv-00015-DN-PK (D. Utah)**

Dear Mr. Burford:

On behalf of the Air Line Pilots Association, International ("ALPA"), and pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, I write to respond, and where applicable object, to the July 29, 2026, subpoena of SkyWest Airlines, Inc. ("Plaintiff") to produce documents, received by ALPA via email on August 5, 2026 (the "Subpoena"). The grounds for objection are set forth below. Please note that, while ALPA reserves all of its rights with respect to the objections, ALPA is willing to try to reach an amicable resolution of them.

In addition, notwithstanding its objections, ALPA will produce certain documents identified below. Those identified documents that do not contain alleged SkyWest confidential information are produced contemporaneously with this letter as "ALPA Production 1." Those identified documents that do contain alleged SkyWest confidential information will be produced upon SkyWest and ALPA's agreement to a reasonable, secure means of production.

***

As a preliminary matter, ALPA objects to the Subpoena in its entirety based on the following objections, which are also reasserted and incorporated by reference below in response to specific requests:

1. **Unlawful Interference with Employees' RLA Rights.** ALPA objects to the Subpoena, and has no obligation to comply with it, because it impermissibly and unlawfully attempts to interfere with the rights of SkyWest employees under Section 2, Fourth of the Railway Labor Act ("RLA") to "organize and bargain collectively through representatives of their own choosing." 45 U.S.C. § 152, Fourth;[1] *cf. United*

[1] Section 2, Fourth of the Railway Labor Act provides, in relevant part:

*Nurses Associations of California v. Nat'l Lab. Rels. Bd.*, 871 F.3d 767, 785 (9th Cir. 2017) (affirming that employer's attempt to subpoena documents evincing employees' union communications and expressions of union interest violated parallel provisions of the National Labor Relations Act ("NLRA")); *Trans World Airlines, Inc. v. Indep. Fed'n of Flight Attendants*, 489 U.S. 426, 432, 440 (1989) (explaining that the primary "focus" of the RLA's 1934 amendments—including Section 2, Fourth—is "the precertification rights and freedoms of unorganized employees" and that "carefully drawn analogies from the federal common labor law developed under the NLRA may be helpful in deciding cases under the RLA"). Here, the Subpoena's requests encompass communications between SkyWest employees and ALPA, as well as evidence of individual SkyWest employees' organizing activities and expressions of union interest. Disclosure of such information "would subject employees' [protected] activities to unwarranted investigation and interrogation." *United Nurses Associations of California*, 871 F.3d at 785. Even if not successful, "the harm is in the very request itself, which would have a chilling effect on employees' willingness to engage in (or refrain from) protected activities." *Id.* As such, SkyWest's very attempt to obtain such information constitutes unlawful interference with the rights of its employees to organize under RLA Section 2, Fourth. *See Skywest Pilots ALPA Org. Comm. v. Skywest Airlines, Inc.*, 2007 WL 1848678, at *13, *17 (N.D. Cal. June 27, 2007) (finding a likelihood of success on the merits of ALPA's RLA Section 2, Fourth claims that SkyWest unlawfully interfered with employees' protected organizing activity and enjoining that interference).

2. **First Amendment Associational Privilege.** ALPA objects to the Subpoena, and has no obligation to comply with it, to the extent it seeks documents that identify SkyWest employees who have participated in the labor union organizing campaign or otherwise associated with a labor union, impermissibly burdening those employees' First Amendment right to freedom of association. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958); *Int'l Union v. Garner*, 102 F.R.D. 108, 114 (M.D. Tenn. 1984) (applying associational privilege in the context of labor organizing). Such identifying associational information is therefore subject to privilege and protected from production under Fed. R. Civ. P. 45(d)(3)(A)(iii). *See Grandbouche v. Clancy*, 825 F.2d 1463, 1465–67 (10th Cir. 1987) (First Amendment associational privilege "may be applicable in the context of discovery orders, even if all of the litigants are private entities"). At minimum, any identifying information for SkyWest employees who have participated in organizing or otherwise associated with ALPA or the SkyWest ALPA Organizing Committee ("OC"), other than Defendants, must be

---

> Employees shall have the right to organize and bargain collectively through representatives of their own choosing …. No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and **it shall be unlawful for any carrier to interfere in any way with the organization of its employees**....

45 U.S.C. § 152, Fourth (emphasis added).

redacted from all document production. *See Patterson v. Heartland Indus. Partners, LLP*, 225 F.R.D. 204, 206 (N.D. Ohio 2004); *NetJets Aviation, Inc. v. NetJets Ass'n of Shared Aircraft Pilots*, 2017 WL 3484101 (S.D. Ohio 2017).

3. **Inadequate Time to Comply.** ALPA objects to the Subpoena, and has no obligation to comply with it, because it fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). The Subpoena was served on ALPA on August 5, 2026, and imposes a production deadline of August 18, 2026. As described below, that 13-day period insufficient to enable ALPA to identify and review potentially responsive documents, particularly given the anticipated substantial numbers of privileged documents.

4. **Joint Defense, Common Interest, Attorney-Client, and Attorney Work-Product Privileges.** ALPA objects to the Subpoena, and has no obligation to comply with it, to the extent it would require disclosure of privileged or other protected matter, including but not limited to materials protected by attorney-client, attorney work-product, joint defense, and common interest privileges. Fed. R. Civ. P. 45(d)(3)(A)(iii). In particular, ALPA and Defendants Daniel Moussaron and Vikaas Krithivas share a common interest in, at a minimum, opposing baseless litigation and discovery of information that would chill the SkyWest pilots' exercise of their federal rights to organize free of carrier interference.

5. **Confidential Commercial Information.** ALPA objects to the Subpoena to the extent it seeks disclosure of ALPA's confidential commercial information in the form of ALPA's internal organizing strategies, methodologies, tactics, and systems. Fed. R. Civ. P. 26(c)(1)(G). Where otherwise discoverable, such information should only be produced pursuant to a protective order limiting access to Plaintiff's outside attorneys only. In that regard, ALPA understands Plaintiff's in-house counsel to have been directly involved in anti-union activity, including decisions to fire OC members. Accordingly, an "Attorneys' Eyes Only" designation would not sufficiently protect the confidential commercial information at issue. *See Skywest Pilots ALPA Org. Comm.*, 2007 WL 1848678, at *2, *13 (describing SkyWest General Counsel Todd Emerson's involvement in SkyWest's unlawful interference with employee organizing).

6. **Undue Burden.** ALPA objects to the Subpoena, and has no obligation to comply with it, to the extent it subjects ALPA to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). As a general matter, ALPA understands each of these requests to be seeking an exhaustive search of all documents, communications and ESI of persons and entities acting on ALPA's behalf from at least January 1, 2025, to the present, including all business and personal devices, email accounts, messaging and social media accounts, and cloud-storage accounts for all ALPA officers, employees, organizers, agents, attorneys, and representatives. *See* Subpoena at Instructions ¶ 1, Definitions ¶ 2. ALPA is the collective bargaining agent for more than 79,000 pilots at 42 airlines in the U.S. and Canada. As such, in additional to ALPA's national officers, governing bodies, and committees, each individual pilot group has its own local and airline-wide officers and representatives, coordinating bodies, and committees. Thus, during the timeframe in

question, ALPA has more than 500 elected representatives sitting on over 160 governing or coordinating bodies, thousands of committee members, more than 400 staff members, all of whom will have, at minimum, both personal and business email accounts, devices, and storage platforms, and many of whom will have personal messaging and social media accounts. In addition, ALPA currently has more than 7,900 active "alpa.org" email accounts, more than 8 million Microsoft OneDrive files, more than 3,600 Sharepoint files, more than 1,700 Microsoft Teams sites, more than 4,500 Microsoft Teams channels, in addition to myriad national, local, and airline-specific webpages and social media accounts. Searching all of that material—very little of which is likely to have information responsive to Plaintiff's requests—would require ALPA to engage an outside electronic discovery vendor to electronically ingest and search vast number of electronic files, at extraordinary expense. Moreover, as explained below, the likely benefit of the majority of the information SkyWest seeks is negligible, and far outweighed by the burden and expense imposed by its production.

7. **Beyond the Scope of Discovery Under Rule 26.** ALPA objects to the Subpoena, and has no obligation to comply with it, to the extent it seeks discovery that is beyond the scope of Rule 26, including, without limitation, because it is "privileged matter", not "relevant to any party's claim or defense," or not "proportional to the needs of the case," considering "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Route App, Inc. v. Heuberger*, 2024 WL 309748, at *3 (D. Utah Jan. 26, 2024) ("Although irrelevance is not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.") (cleaned up).

8. **Failure to Avoid Undue Burden or Expense.** ALPA objects to the Subpoena, and has no obligation to comply with it, because SkyWest failed to take reasonable steps to avoid imposing an undue burden and expense on ALPA as required by Fed. R. Civ. P. 45(d)(1). In addition to the grounds cited in Objections 6 and 7, above, SkyWest issued the Subpoena notwithstanding the pendency of discovery disputes before the Court that may materially narrow its scope. As a preliminary matter, ALPA understands that, on July 31, 2026, Defendants objected to the Subpoena and notified Plaintiff of their intent to quash if those objections were not amicably resolved. Plaintiff nevertheless proceeded to serve the unmodified Subpoena on August 5, 2026—even before the parties' scheduled conference on Defendants' objections. Moreover, ALPA understands there to be at least four pending discovery disputes before the Court that concern categories of information covered by the Subpoena, including but not limited to: (i) identities of SkyWest employees involved in protected organizing and associational activities; (ii) documents reflecting SkyWest employees' confidential labor union preferences and organizing activities; and (iii) communications between SkyWest employees and ALPA. *See* Discovery Motions at ECF Nos. 67, 69, 70, 71. In addition, ALPA understands several of the Subpoena's requests to overlap with outstanding discovery requests to Defendants to which the response deadline had not

yet passed. In serving and requiring ALPA to respond to the Subpoena before disputes materially affecting the Subpoena's scope have been resolved, and even before Defendants respond to requests for some of the same documents, Plaintiff failed to take reasonable steps to avoid imposing an undue burden and expense on ALPA.

9. **Production of Alleged SkyWest Confidential Information.** The Subpoena includes requests for documents with content that Plaintiff claims is SkyWest's confidential information—the procurement and disclosure of which is the basis for Plaintiff's claims against Defendants in this lawsuit. At the same time, the Subpoena instructs ALPA to make the requested production to Plaintiff's counsel at their law offices "or by email[.]" Notably absent is any instruction to secure, encrypt, or otherwise protect the allegedly confidential information contained in such production. To protect against any accusations of wrongdoing by SkyWest, ALPA will not produce any materials containing alleged SkyWest confidential information unless and until ALPA and SkyWest have agreed to a reasonable, secure means of production for such materials.

***

In addition to the objections above, ALPA makes the following specific objections and responses to each of Plaintiff's requests.

**ALPA's Objections and Response to Request No. 1:**

> *Request No. 1. All documents referring to, relating to, and/or regarding the spreadsheet transmitted by Daniel Moussaron to Ron Rindfleisch and/or ALPA on or about January 8, 2026 (the "January 8 Spreadsheet"), including without limitation the January 8 Spreadsheet in native format, any accompanying email or message, any versions, copies or derivatives of the January 8 Spreadsheet, and any communications discussing the January 8 Spreadsheet with any person.*

ALPA objects to Request No. 1 to the extent that it encompasses communications between SkyWest employees and ALPA, documents identifying SkyWest employees' associations with ALPA and the OC, and documents evincing or reflecting SkyWest employees' protected activities. Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth, and infringe on First Amendment associational privilege. *See* Objections 1 and 2, above. In particular, the January 8, 2026, email message from Mr. Moussaron to Mr. Rindfleisch that transmitted the January 8 Spreadsheet was copied to and contains identifying information for other OC members, contains an embedded thread of prior email exchanges discussing organizing activity and identifying involved pilots, and attaches a second spreadsheet containing names and contact information of OC members. The January 8 Spreadsheet itself also contains data fields that reflect or evince pilots' confidential protected associational and union organizing activities.

ALPA further objects to the extent that Request No. 1 seeks privileged materials, including but not limited to material covered by attorney-client, attorney work-product, joint defense, or common interest privileges. *See* Objection 4, above. ALPA also objects to Request No. 1 to the extent it

seeks disclosure of ALPA's confidential commercial information, including but not limited to documents reflecting ALPA's internal organizing strategies, methodologies, tactics, and systems. *See* Objection 5, above. ALPA further objects to the extent that Request No. 1 seeks production of alleged SkyWest confidential information by unsecured means. *See* Objection 9, above.

ALPA further objects that Request No. 1 imposes an undue burden, is not proportionate to the needs of the case, and seeks discovery beyond the scope of Rule 26 to the extent it seeks documents "referring to, relating to, and/or regarding" the January 8 Spreadsheet (as opposed to actual transmissions of that Spreadsheet or its derivatives). *See* Objections 6 and 7, above. Such documents do not actually disclose or disseminate any of the allegedly confidential information at issue and locating them would require a massive search for responsive documents. ALPA is not a defendant in this matter, is not alleged to have (and has not) engaged in any wrongdoing, and any documents that do not actually disclose or disseminate the allegedly confidential information at issue are irrelevant to any claim or defense in the litigation. Further, many such documents are subject to privilege, which adds to the burden on ALPA.

Finally, ALPAs understands that the parties already have pending disputes regarding the discoverability of union-employee communications, identities and activities of OC members, and data fields that reflect organizing assessments and associational information for members of the pilot group, and that Defendants have objected to and notified Plaintiff of their intent to quash Request No. 1. In serving and requiring a response to Request No. 1 prior to the resolution of those matters, and in not narrowly tailoring the request as described above, Plaintiff failed to take reasonable steps to avoid imposing an undue burden and expense on ALPA. *See* Objection 8, above.

Notwithstanding the above objections, ALPA will produce, in PDF format, the following documents responsive to Request No. 1:

- A spreadsheet named "pilot_export_08JAN26.xlsx" that was transmitted by D. Moussaron to R. Rindfleisch on January 8, 2026 (the "January 8 Spreadsheet"), with redaction of data fields reflecting confidential organizing information or protected RLA or associational activity,[2] and subject to an agreed secure means of production for alleged SkyWest confidential information.

- A January 8, 2026, email message from D. Moussaron to R. Rindfleisch that accompanied transmission of the January 8 Spreadsheet, excluding attachments, and with the following text redacted:
    - Identifying information for SkyWest pilots other than Defendants
    - Protected organizing information and communications, including but not limited to embedded prior emails between ALPA and SkyWest employees
    - Confidential ALPA commercial information

[2] The data fields in the January 8 Spreadsheet subject to redaction are: "Email", "Assessment", "AssessmentDate", "DMSComments", "PilotComments", "Source", and "RegisteredDate".

- A January 9, 2026, email from R. Rindfleish to ALPA employee C. Yeager that accompanied transmission of the January 8 Spreadsheet, excluding attachments, and with the following text redacted:
  - Identifying information for SkyWest pilots other than Defendants
  - Protected organizing information and communications, including but not limited to embedded prior emails between ALPA and SkyWest employees
  - Confidential ALPA commercial information

- A March 11, 2026, email from M. Pickett to G. Sallin, and its attached March 11, 2026, letter from T. Ciantra to G. Sallin.

The documents identified above that do not contain alleged SkyWest confidential information are included ALPA Production 1 at ALPA00005-09 and ALPA 00017-25. Those identified documents that do contain alleged SkyWest confidential information will be produced upon SkyWest and ALPA's agreement to a reasonable, secure means of production.

Other than January 8 and 9, 2026 emails identified above, ALPA has no other records of any transmission of the January 8 Spreadsheet to any other person. Furthermore, ALPA did not import or upload the January 8 Spreadsheet, or any of its data, into any ALPA databases or data management systems. As such, ALPA has no "derivatives" of the January 8 Spreadsheet responsive to this request. Finally, ALPA Deputy General Counsel Thomas Ciantra already confirmed, in a letter to Plaintiff's counsel dated March 11, 2026, that the January 8 Spreadsheet has not been and will not be shared outside of ALPA.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 1.

**ALPA's Objections and Response to Request No. 2:**

> *Request No. 2. All documents, including without limitation communications, relating to and/or evidencing the transmission, receipt, storage, access, use, or distribution of the January 8 Spreadsheet.*

ALPA objects to Request No. 2 to the extent it seeks disclosure of SkyWest employee activity and communications protected by the RLA or the First Amendment, material protected by attorney-client, attorney work-product, common interest, joint defense, or common interest privileges, and disclosure of ALPA's confidential commercial information, including but not limited to ALPA's internal organizing strategies, methodologies, tactics, and systems. *See* Objections 1, 2, 4, and 5, above. ALPA further objects to the extent that Request No. 2 seeks production of alleged SkyWest confidential information by unsecured means. *See* Objection 9, above.

ALPA further objects to Request No. 2 because imposes an undue burden and seeks discovery beyond the scope of Rule 26. *See* Objections 6 and 7, above. ALPA is not a defendant in this matter, is not alleged to have (and has not) engaged in any wrongdoing, and its internal documents

and communications regarding the January 8 spreadsheet—many of which are privileged—are not relevant to any party's claim or defense or proportionate to the needs of the case.

Notwithstanding those objections, ALPA will produce the documents identified in its response to Request No. 1. ALPA has not identified any other documents or records reflecting the "transmission[,]" "receipt[,]"or "distribution" of the January 8 Spreadsheet. Furthermore, because ALPA did not upload or import the January 8 Spreadsheet or any of its data into any ALPA databases or data management systems, it has no records of its "use[.]"

Further, notwithstanding the above objections, ALPA has identified the locations where the January 8 Spreadsheet or its copies are currently stored on ALPA's systems, platforms, and devices, as well as the persons with authorized access those locations. The only persons with access to the locations identified are Mr. Rindfleisch, two senior employees in ALPA's IT Department, and five attorneys and one paralegal in ALPA's Legal Department. The identified locations are all subject to the same password and other security procedures with which ALPA protects its own confidential data.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 2.

**ALPA's Objections and Response to Request No. 3:**

> *Request No. 3. All documents, including without limitation communications, evidencing and/or identifying any person that accessed, reviewed, copied, received, discussed, and/or distributed the January 8 Spreadsheet and/or any data contained therein.*

ALPA objects to Request No. 3 for the same reasons identified in its objections to Request No. 2, which incorporates by reference Objections 1, 2, 4, 5, 6, 7, and 9, above. In addition, ALPA's understands the subject matter of Request No. 3 to overlap with pending discovery disputes between the parties. In serving and requiring a response to Request No. 3 before the resolution of these matters, and in not narrowly tailoring the request as described in the objections to Request No. 2, Plaintiff failed to take reasonable steps to avoid imposing an undue burden on ALPA. *See* Objection 8, above.

Notwithstanding those objections, in response to Request No. 3, ALPA will produce the documents identified in response to Request No. 1, and incorporates by reference its responses to Request Nos. 1 and 2.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 3.

**ALPA's Objections and Response to Request No. 4:**

> *Request No. 4. All documents, including without limitation communications, reflecting and/or evidencing any steps taken by ALPA to preserve, secure, and/or restrict access to*

> *the January 8 Spreadsheet, SkyWest's Confidential Information, and/or Pilot Contact Information.*

ALPA objects to Request No. 4 for the same reasons identified in its objections to Request No. 2, which incorporates by reference Objections 1, 2, 4, 5, 6, 7, and 9, above. ALPA further objects that Request No. 4 imposes and undue burden and seeks discovery beyond the scope of Rule 26 to the extent it seeks discovery related to "Confidential Information" and "Pilot Contact Information" received from sources other than the Defendants in this action, and which therefore has no relevance to any party's claim or defense and is not proportionate to the needs of the case. *See* Objections 6 and 7, above.

Notwithstanding those objections, in response to Request No. 4, ALPA will produce the documents identified in response to Request No. 1, and incorporates by reference its responses to Request Nos. 1, 2 and 6.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 4.

**ALPA's Objections and Response to Request No. 5:**

> *Request No. 5. All communications between ALPA and any person or entity from January 1, 2025 to the present, referencing, relating to: (a) Moussaron; (b) Krithivas; (c) any Pilot Contact Information; (d) Confidential Information; (e) SkyWest Online and/or SkyWest's other internal electronic systems; (f) this Lawsuit, and/or (g) the January 8 Spreadsheet.*

ALPA objects to Request No. 5 to the extent it seeks disclosure of SkyWest employee activity and communications protected by the RLA or the First Amendment, material protected by attorney-client, attorney work-product, common interest, joint defense, or common interest privileges, and disclosure of ALPA's confidential commercial information, including but not limited to ALPA's internal organizing strategies, methodologies, tactics, and systems. *See* Objections 1, 2, 4, and 5, above. ALPA further objects to the extent that Request No. 5 seeks production alleged SkyWest confidential information by unsecured means. *See* Objection 9, above.

ALPA further objects that Request No. 5 imposes an undue burden, is not proportionate to the needs of the case, seeks discovery beyond the scope of Rule 26, and fails to afford ALPA a reasonable time to comply. *See* Objections 3, 6, and 7, above. ALPA has more than 500 elected representatives sitting on over 160 governing and coordinating bodies, thousands of individual committee members, more than 400 staff members, more than 7,900 ALPA email accounts, more than 8 million Microsoft OneDrive files, more than more than 3,600 Sharepoint files, more than 1,700 Microsoft Teams sites, and more than 4,500 Microsoft Teams channels. Ingesting, searching, and reviewing all of those sources and the business and personal accounts and devices of all of those custodians would require the hiring of an outside discovery vendor and an extraordinary outlay of time and expense, that could not be accomplished by the Subpoena deadline. Moreover, any benefit of discovery on communications referencing or relating to topics

SkyWest raised in a lawsuit that it publicly filed and publicly reported would be negligible. In addition, to the extent that Request No. 5 seeks discovery concerning "Confidential Information" and "Pilot Contact Information" received by ALPA from sources other than the Defendants, such material has no relevance to any party's claim or defense in this action.

In addition, ALPA understands that Defendants have objected to and indicated an intent to quash Request No. 5, and that the subject matter of Request No. 5 overlaps with pending discovery disputes between the parties. In serving and requiring a response to Request No. 5 before the resolution of these matters, and not narrowly tailoring the request as outlined above, Plaintiff failed to take reasonable steps to avoid imposing an undue burden on ALPA. *See* Objection 8.

Notwithstanding the above objections, in response to Request No. 5, ALPA will produce the documents identified in response to Request Nos. 1 and 6 and incorporates by reference its responses to Request Nos. 1, 2, and 6.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 5.

**ALPA's Objections and Response to Request No. 6:**

> *Request No. 6. All documents, including without limitation communications, relating to the receipt, storage, use, or distribution of any SkyWest Pilot Contact Information or Confidential Information by ALPA, including without limitation any records reflecting whether such information was shared with, accessed by, or made available to any person or entity outside of ALPA.*

ALPA objects to Request No. 6 for the same reasons identified in its objections to Request No. 2, which incorporates by reference Objections 1, 2, 4, 5, 6, 7, and 9, above. ALPA further objects that Request No. 6 imposes an undue burden and seeks discovery beyond the scope of Rule 26 to the extent it seeks discovery related to "Confidential Information" and "Pilot Contact Information" received from sources other than the Defendants, which has no relevance to any party's claim or defense in this action and is not proportionate to the needs of the case. *See* Objections 6 and 7.

Notwithstanding the above objections, in response to Request No. 6, ALPA will to produce the documents identified in response to Request No. 1 and incorporates by reference its responses to Request Nos. 1 and 2.

In addition, notwithstanding the above objections, ALPA has identified and will produce, in PDF format, the following additional documents responsive to Request No. 6:

- A spreadsheet named "skywest_contacts_20251013_213347.xlsx" that was transmitted from D. Moussaron to R. Rindfleisch on October 13, 2025 (the "October 13 Spreadsheet"), with redaction of data fields reflecting confidential organizing information or protected

RLA or associational activity,[3] and subject to an agreed secure means of production for alleged SkyWest confidential information.

- A October 13, 2025, email message from D. Moussaron to R. Rindfleisch that accompanied transmission of the October 13 Spreadsheet, excluding attachment.

- An October 24, 2025, email from R. Rindfleish to ALPA employee C. Yeager that accompanied transmission of the October 13 Spreadsheet, excluding attachment.

- A December 4, 2025, email from R. Rindfleish to D. Moussaron and other OC members, re-transmitting the October 13 Spreadsheet (renamed as "Skywest contacts 101325.xlsx"), excluding attachments,[4] and with the following text redacted:
  - Identifying information for SkyWest pilots other than Defendants
  - Protected organizing information and communications, including but not limited to embedded prior emails between ALPA and SkyWest employees
  - Confidential ALPA commercial information.

- A spreadsheet tab entitled "SMS_List" from the file named "SkyWest_ALPA_OC_Members.xlsx," which was transmitted D. Moussaron to R. Rindfleisch on December 15, 2025 (the "December 15 SMS Tab"), excluding other tabs of the spreadsheet,[5] with redaction of data fields reflecting confidential organizing information or protected RLA or associational activity,[6] and subject to an agreed secure means of production for alleged SkyWest confidential information.

- A December 15, 2025, email from D. Moussaron to R. Rindfleisch that accompanied transmission of the December 15 SMS Tab, excluding attachments, and with the following text redacted:
  - Identifying information for SkyWest pilots other than Defendants
  - Protected organizing information and communications, including but not limited to embedded prior emails between ALPA and SkyWest employees
  - Confidential ALPA commercial information.

- A January 8, 2023, email from R. Rindfleish to D. Moussaron and other OC members, re-transmitting the October 13 Spreadsheet (renamed as "Skywest contacts 101325.xlsx"), excluding attachment, and with the following text redacted:
  - Identifying information for SkyWest pilots other than Defendants

---

[3] The data fields in the October 13 Spreadsheet subject to redaction are: "Email address".
[4] This December 4, 2025, email also attaches a spreadsheet identifying and providing contact information for OC members. ALPA understands none of the information in that spreadsheet to have been derived from SkyWest Online, and will not produce it based on the objections above.
[5] Other tabs of the spreadsheet transmitted on December 15, 2025 contain identifying and contact information of OC members. ALPA understands none of those tabs to contain information derived from SkyWest Online, and will not produce them based on the objections above.
[6] The data fields in the December 15 SMS Tab subject to redaction are: "Comments".

- Protected organizing information and communications, including but not limited to embedded prior emails between ALPA and SkyWest employees
- Confidential ALPA commercial information.

The documents identified above that do not contain alleged SkyWest confidential information are included ALPA Production 1 at ALPA00001-04 and ALPA 00010-16. Those identified documents that do contain alleged SkyWest confidential information will be produced upon SkyWest and ALPA's agreement to a reasonable, secure means of production.

In addition, notwithstanding the above objections, ALPA further states that has identified no records of information received from Defendants that may have been derived from SkyWest Online other than that contained in the October 13 Spreadsheet, the December 15 SMS Tab, and the January 8 Spreadsheet. ALPA further states that it has no records of transmission to any person or entity of the October 13 Spreadsheet, the December 15 SMS Tab, or the January 8 Spreadsheet, or any data derived therefrom, other than documents identified above and in response to Request No. 1. ALPA further states that it did not import or upload the October 13 Spreadsheet, the December 15 SMS Tab, the January 8 Spreadsheet, or any data they contain, into any ALPA database or data management system, and that those materials are currently stored by ALPA only in the locations, and subject to the access restrictions, identified in response to Request No. 2.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 6.

**ALPA's Objections and Response to Request No. 7:**

> *Request No. 7. All documents, including without limitation communications, referring to, relating to, and/or regarding any Pilot Contact Information, Confidential Information, and/or SkyWest pilot contact lists that were provided to ALPA from January 1, 2023 to the present by Moussaron and/or Krithivas.*

ALPA objects to Request No. 7 for the same reasons identified in its objection to Request No. 2, which incorporates by reference Objections 1, 2, 4, 5, 6, 7, and 9, above. Request No. 7 further imposes an undue burden on ALPA, is not proportionate to the needs of the case, and seeks discovery beyond the scope of Rule 26 in requesting documents from January 1, 2023, to the present—a period that far exceeds the timeframe relevant to the pending lawsuit, and the potential benefit of which would be far outweighed by the burden and expense of the expanded search parameters. *See* Objections 6 and 7, above.

In addition, ALPA understands that Defendants have objected to and indicated an intent to quash Request No. 7, and that the subject matter of Request No. 7 overlaps with pending discovery disputes between the parties. In serving and requiring a response to Request No. 7 before the resolution of these matters, and in not narrowly tailoring the request as described above, Plaintiff failed to take reasonable steps to avoid imposing an undue burden on ALPA. *See* Objection 8, above.

Notwithstanding the above objections, in response to Request No. 7, ALPA will produce the documents identified in response to Request No. 1 and Request No. 6 and incorporates by reference its responses to Request Nos. 1, 2 and 6.

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 7.

**ALPA's Objections and Response to Request No. 8:**

> *Request No. 8. All documents, including without limitation communications, referencing, referring to, relating to, and/or evidencing any financial support, reimbursement, compensation, and/or other benefit provided or promised by ALPA to Moussaron or Krithivas from January 1, 2023 to the present.*

ALPA objects to Request No. 8 to the extent that it encompasses communications between SkyWest employees and ALPA, documents identifying SkyWest employees' associations with ALPA and the SkyWest OC, and documents evincing or reflecting SkyWest employees' protected activities. Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth, and infringe on First Amendment associational privilege. *See* Objections 1 and 2, above. ALPA further objects to the extent that Request No. 8 seeks privileged materials, including but not limited to material covered by attorney-client, attorney work-product, joint defense, or common interest privileges. *See* Objection 4, above. ALPA also objects to the extent that Request No. 8 seeks disclosure of ALPA's confidential commercial information, including but not limited to internal organizing strategies, methodologies, tactics, and systems. *See* Objection 5, above.

ALPA further objects that Request No. 8 imposes an undue burden on ALPA and seeks discovery beyond the scope of Rule 26 because any financial, support, reimbursement, or other benefit that may have been provided by ALPA to Moussaron or Krivithas is in no way relevant to any claim or defense of any party in this action or proportionate to the needs of the case. Request No. 8 further imposes an undue burden on ALPA, is not proportionate to the needs of the case, and seeks discovery beyond the scope of Rule 26 in requesting documents from January 1, 2023, to the present—a period that far exceeds the timeframe relevant to the pending lawsuit, and the potential benefit of which would be far outweighed by the burden and expense of the expanded search parameters. *See* Objections 6 and 7, above.

In addition, ALPA understands that Defendants have objected to and indicated an intent to quash Request No. 8, and that the subject matter of Request No. 8 overlaps with a pending discovery request to Defendants to which the response deadline has not yet passed. In serving and requiring a response to Request No. 8 before resolution of these matters, and not narrowly tailoring the request as described above, Plaintiff failed to take reasonable steps to avoid imposing an undue burden on ALPA. *See* Objection 8, above.

Based on the above objections, ALPA will not produce documents in its possession responsive to request No. 8.

**ALPA's Objections and Response to Request No. 9:**

> *Request No. 9. All social media posts, public statements, press releases, blog posts, articles, forum posts, website content, or other communications made by ALPA or any ALPA representative during the Relevant Time Period relating to: (a) SkyWest's claims against Moussaron and/or Krithivas, (b) Moussaron and/or Krithivas' allegations in the Lawsuit, and/or (c) ALPA's organizing campaign at SkyWest generally, including without limitation posts on any social media platform (X, Facebook, Instagram, Reddit, YouTube, etc.), as well as any comments, replies, or responses to such posts.*

ALPA objects to Request No. 9 to the extent that it encompasses communications between SkyWest employees and ALPA, documents identifying SkyWest employees' associations with ALPA and the SkyWest OC, and documents evincing or reflecting SkyWest employees' protected activities. Such requests unlawfully interfere with SkyWest employees' rights under RLA Section 2, Fourth, and infringe on First Amendment associational privilege. *See* Objections 1 and 2, above. ALPA further objects to the extent that Request No. 9 seeks privileged materials, including but not limited to material covered by attorney-client, attorney work-product, joint defense, or common interest privileges. *See* Objection 4, above. ALPA also objects to the extent that Request No. 9 seeks disclosure of ALPA's confidential commercial information, including but not limited to internal organizing strategies, methodologies, tactics, and systems. *See* Objection 5, above.

ALPA further objects that Request No. 9 imposes an undue burden, seeks discovery beyond the scope of Rule 26, is not proportionate to the needs of the case, and fails to afford ALPA a reasonable time to comply. *See* Objections 3, 6, and 7, above. ALPA has thousands of elected officers and representatives, appointed national and local committee members, staff, and agents. Ingesting, searching, and reviewing the business and private forum posts, social media posts, and communications of all those custodians would require hiring an outside discovery vendor and an extraordinary expenditure of time and money, and could not be accomplished by the Subpoena deadline. Moreover, the likely benefit of discovery on communications referencing or relating to topics Plaintiff raised in a lawsuit it publicly filed and publicly reported would be negligible.

In addition, ALPA understands that Defendants have objected to and indicated an intent to quash Request No. 9, and that the subject matter of Request No. 9 overlaps with pending discovery disputes between the parties. In serving and requiring a response to Request No. 9 before resolution of these matters, and not narrowly tailoring the request as described above, Plaintiff failed to take reasonable steps to avoid imposing an undue burden on ALPA. *See* Objection 8, above.

Notwithstanding the above objections, in response to Request No. 9, ALPA will produce, in PDF form, website content that has been posted and is currently available to the public at skw.alpa.org. That material is included ALPA Production 1 at ALPA00026-167.

In addition, notwithstanding the above objections, ALPA will produce the communications identified in response to Request Nos. 1 and 6. ALPA has identified no responsive social media posts, public statements, blog posts, articles, or forum posts made by ALPA.[7]

Based on the above objections, and except as set forth above, ALPA will not produce other documents in its possession responsive to Request No. 9.

**ALPA's Objections and Response to Request No. 10:**

> *Request No. 10. All documents, including without limitation communications, relating to any actual, potential, or contemplated legal representation, retention of counsel, funding of legal fees or costs, or indemnification of Moussaron and/or Krithivas in connection with this litigation, or coordination regarding Moussaron's and/or Krithivas's defenses to SkyWest's claims, and/or Moussaron's or Krithivas's counterclaims against SkyWest.*

ALPA objects to Request No. 10 for the same reasons identified in its objections to Request No. 8, which incorporates by reference Objections 1, 2, 4, 5, 6, 7, and 8, above.

Based on the above objections, ALPA will not produce documents in its possession responsive to request No. 10.

***

As noted above, I am willing to discuss with you a mutually agreeable resolution to ALPA's objections. If you are interested, please let me know your availability for such a call. In that regard, please note that I will be out of the country and unavailable from August 14, 2026, through August 24, 2026. During that period, please direct all communications regarding this matter both to me and to my ALPA colleagues copied below.

Thank you for your attention to this matter.

Sincerely,

/s Evin F. Isaacson

Evin F. Isaacson
Senior Attorney, Legal Department
Air Line Pilots Association, International
7950 Jones Branch Dr., Suite 400S
McLean, VA 22102
(703) 481-2440
Evin.Isaacson@alpa.org

---

[7] ALPA is aware that the OC may have social media accounts. Such accounts were not created by ALPA, and are not and have never been controlled by ALPA.

CC: Jonathan Thorne, Jonathan@utahjobjustice.com
Scott Uthe, suthe@azlawyers.com
Thomas Ciantra, Thomas.Cinatra@alpa.org
Jim Lobsenz, Jim.Lobsenz@alpa.org
Nadia McIlhany, Nadia.McIlhany@alpa.org