# EXHIBIT N

Timothy D. Ducar (13423)
Scott C. Uthe (PHV)
LAW OFFICES OF TIMOTHY D. DUCAR, PLC
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
orders@azlawyers.com
*Attorneys for Defendant Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant/Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant. | **DEFENDANT KRITHIVAS'S RESPONSES TO PLAINTIFF SKYWEST'S THIRD SET OF DISCOVERY REQUESTS TO DEFENDANT VIKAAS KRITHIVAS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

NOW COME Defendant Vikaas Krithivas ("Krithivas"), by and through counsel, Scott C. Uthe, and the law firm Law Offices of Timothy D. Ducar, PLC, and for his responses to "PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS TO DEFENDANT VIKAAS KRITHIVAS" states the following:

**GENERAL OBJECTIONS**

1. Defendant objects to any interrogatory or request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product privilege.

To the extent that any interrogatory or request seeks or may be construed as seeking such protected information, Defendant hereby invokes the attorney-client privilege and attorney work product privilege, and on those grounds, objects to such requests. These objections apply to each request propounded by Plaintiff and the fact that Defendant has not expressly referred to the attorney-client privilege and/or work product privilege in response to a specific interrogatory or request is not intended to be a waiver of the attorney-client privilege or the attorney work product privilege and their protection from disclosure.

2. The responses set forth below are based on Defendant's knowledge to date. Defendant's discovery, his investigation of the facts and law relevant to this action, and his efforts to obtain documents and information requested by Plaintiff, are not yet complete, and as such, he expressly reserves the right: 1) to use any additional evidence and information obtained in the course of formal and informal discovery in this action and 2) to amend, supplement or otherwise change these responses, pursuant to Federal Rule of Civil Procedure 26(e).

3. Defendant also objects to the Instructions and Definitions outlined in Plaintiff's discovery requests to the extent that they do not comply with the Federal Rules of Civil Procedure.

4. Defendant objects to any request to the extent that it seeks documents or information not in his possession or control, in the possession or control of Plaintiff, or equally obtainable by Plaintiff.

5. Defendant objects to any request seeking confidential union organizing information or identities of involved employees that is a claimed First Amendment associational privilege/protection and related RLA interests that is currently pending before the court.

6. Defendant objects to the definition of SkyWest Confidential Information as it is overbroad, vague, and includes information that is not actually confidential information, and encompasses publicly available information independently obtainable from sources other than SkyWest Systems.

7. Defendant objects to the definition of "Counterclaims" to the extent it purports to characterize, paraphrase, expand, or otherwise define Defendant's claims differently from the allegations actually pleaded in Defendant's operative counterclaims. Defendant's pleadings speak for themselves. Defendant further objects to the phrase "asserted or proposed" as vague and overbroad because it potentially encompasses claims that are not presently operative and may never become part of this action. Defendant will construe "Counterclaims" to mean the counterclaims actually pending in the operative pleading, together with any amendment that becomes operative pursuant to stipulation or order of the Court.

8. Defendant objects to the definition of "Hansen Communication" to the extent the phrase "any other communications between Dale Hansen and American Airlines regarding Defendant Krithivas" expands a specifically identified February 2, 2026 email into an undefined universe of communications. Defendant further objects to the extent the definition encompasses communications outside Defendant's possession, custody, or control.

Defendant will construe the identified "Hansen Communication" as the February 2, 2026 email identified as Bates No. SkyWest_0000475-504. To the extent a particular request expressly seeks other communications between Dale Hansen and American Airlines concerning Defendant, Defendant will respond subject to his objections to that request and the limitations imposed by the Federal Rules.

9. Defendant objects to the definition of "Data Extraction" as vague, overbroad, and argumentative. The definition aggregates materially different conduct—including accessing, obtaining, extracting, downloading, copying, scraping, exporting, transferring, transmitting, storing, staging, and retaining information—into a single defined term even though those activities are not synonymous and may implicate materially different factual and legal issues.

Defendant further objects to the phrase "regardless of whether such conduct was authorized" because it improperly attempts through a discovery definition to eliminate or obscure a disputed factual and legal distinction concerning authorization. Defendant likewise objects to the inclusion of "any preparation for, facilitation of, or assistance with any of the foregoing" as vague and potentially encompassing conduct too attenuated from the claims or defenses to be relevant or proportional.

Defendant's use of the term "Data Extraction" in responding to discovery shall not constitute an admission that any alleged conduct occurred, was unauthorized, was wrongful, or otherwise satisfies any element of Plaintiff's claims.

10. Defendant objects to the definition of "Breach of Contract" as vague and facially overbroad because it encompasses "any alleged breach, violation, or non-performance of any agreement between you and any person," rather than agreements or alleged breaches actually at issue in this litigation. As written, the definition potentially encompasses every agreement Defendant has entered into with any person without regard to its relevance to the claims or defenses.

Defendant will construe "Breach of Contract" as referring to the alleged breach or breaches of contractual obligations actually placed at issue by the pleadings in this action,

including the Confidentiality and Non-Disclosure Agreement to the extent relevant to Plaintiff's claims and Defendant's defenses.

11. Defendant objects to the definition of "Medium" to the extent it is duplicative of Plaintiff's separately defined term "Communication" and creates ambiguity concerning whether Plaintiff intends the term to impose requirements beyond identifying the method or channel through which a communication occurred. Defendant will construe "Medium" to mean the method or channel through which the communication at issue was made, transmitted, or received.

12. Defendant objects to the definition of "Job" as vague, facially overbroad, unduly burdensome, and disproportionate to the needs of the case. The definition extends beyond employment and compensated work to encompass virtually any provision of labor, services, or expertise, including activity performed "whether for compensation or otherwise" and "in any capacity whatsoever."

Those phrases potentially encompass volunteer activities, informal assistance, and other activities having no reasonable bearing on Defendant's claimed economic damages or mitigation. Defendant will construe "Job" as encompassing employment, consulting, contracting, self-employment, or other remunerative work reasonably relevant to Defendant's claimed economic damages, earning capacity, or mitigation of damages during the time period specified in the particular request.

13. Defendant objects to the definition of "Work Provider" as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. The definition includes not only employers and prospective employers but clients, customers, principals, recruiters, staffing

paystubs from American Airlines.)

3. Unemployment or wage-replacement benefits after April 10, 2026:
   - NONE
4. Post-April 10, 2026 employment or contractor income:
   - NONE

Krithivas objects to disclosing unrelated income that would not affect any damages calculation.

INTERROGATORY NO. 21: Identify each and every communication you have had with any person regarding: (a) this litigation; (b) the Complaint filed against you; (c) the Hansen Communication; (d) your departure from SkyWest; (e) your departure from American Airlines; (f) any claims or allegations relating to data extraction, or breach of contract; and for each Communication, state the date, the identity of all participants, the medium, and the substance of the Communication. RESPONSE:

Krithivas objects because this Interrogatory requests “each and every communication” with “any person” concerning six exceptionally broad subjects. The request is facially overbroad, unduly burdensome, disproportionate, and impossible to answer literally because it has no reasonable limitation as to participants, frequency, materiality, or type of communication.

The Interrogatory also encompasses:

1. Attorney-client communications;
2. Attorney work product;
3. Common-interest communications;

4. Communications with union representatives and union counsel;

5. Protected organizing communications;

6. Private conversations with family and friends;

7. Communications concerning Proposed Counterclaims that are not operative; and

8. Repetitive or casual communications having no material bearing on an operative claim or defense.

Disclosure of organizing participants or internal organizing communications would also burden First Amendment associational rights and activity protected under the Railway Labor Act. An issue currently pending before the court.

Subject to these objections, Krithivas provisionally identifies the following principal categories of nonprivileged communications:

1. Text-message communications with Daniel Moussaron beginning on or about August 30, 2025 concerning whether Krithivas would assist with obtaining pilot contact information. Responsive text messages presently available were previously produced as Krithivas 000001–000033.

2. A Microsoft Teams audio call with Moussaron on September 3, 2025. Krithivas joined through Moussaron's meeting invitation. During the call, the Teams chat function was used to transmit the Tampermonkey userscript discussed in prior discovery responses.

3. A phone call with Daniel Moussaron on the evening of January 26, 2026 (or early morning January 27, 2026), previously referenced in Krithivas's response to Interrogatory No. 6 of SkyWest's Second Set of Discovery Requests, in which Krithivas

disclosed that Moussaron told him after receipt of the demand letter that the remote server was located in Europe. This call was in response to the Demand Letter sent by SkyWest. I asked Daniel if he got the same thing, to which he responded in the affirmative. He also informed me that he was pulled off his trip in Salt Lake City and taken to an office and interrogated/terminated after he refused to answer questions. I asked him if ALPA was going to get involved with defending him and he replied that he needed to call them the next day to find out. Daniel mentioned the remote server was in Europe. I do not have a recording or any other documents memorializing this call.

4. Communications with an American Airlines Chief Pilot concerning Krithivas's April 6, 2026 administrative leave and the proposed April 10 meeting.

5. Communications with Allied Pilots Association representatives concerning the administrative leave and anticipated employment action.

6. Communications with counsel concerning this litigation, SkyWest's Complaint, the Hansen Communication, and the Proposed Counterclaims. Those communications are privileged and will not be disclosed.

7. Communications with prospective employers or interviewers concerning the litigation or Krithivas's departure from American Airlines, including responses to questions during the application or interview process.

Krithivas did not use Telegram to communicate with the Organizing Committee.

Krithivas will not create an exhaustive narrative log of every attorney-client or otherwise protected communication concerning the litigation. Krithivas will not create an exhaustive narrative of every communication with friends or family.

INTERROGATORY NO. 22: Identify any SkyWest employees who you contend have been terminated, disciplined, investigated, or subjected to adverse action for union organizing activity. For each such employee: (a) identify the employee; (b) describe the adverse action; (c) state the date of the termination or adverse action; and (d) identify any documents supporting that the action was motivated by union organizing rather than other reasons.

RESPONSE:

Krithivas objects because this Interrogatory seeks identities and information concerning persons involved in union organizing. Compelled disclosure could expose employees to investigation, retaliation, or employment consequences and burden protected associational activity.

SkyWest has not demonstrated a particularized need for the identities of employees who are not parties to this action or shown that the information cannot be obtained through less intrusive means.

Subject to these objections, Krithivas responds:

Krithivas is aware that SkyWest investigated and took adverse action against Krithivas and Daniel Moussaron in connection with conduct SkyWest associated with pilot union-organizing activity. Those actions included:

1. Investigating Krithivas and Moussaron;
2. Labeling the union formation poll text as SPAM on December 10, 2025; (SkyWest_000002)
3. SkyWest's monitoring of ALPA social media; (SkyWest_000010-12)
4. Terminating Moussaron on January 26, 2026 ;

5. Reporting Moussaron's termination for "non performance" to the FAA;

6. Issuing the January 26, 2026 workforce communication; (SkyWest_000003-4)

7. Accusing them of theft, unlawful access, unethical conduct, and manipulation; (SkyWest_000003-4)

8. Filing this action; (Dkt. 1)

9. Transmitting the Complaint to Krithivas's new employer; (SkyWest_0000475-504 and Dkt. 1)

10. Any additional communications between SkyWest and American Airlines that discovery may reveal;

11. Seeking discovery concerning persons associated with organizing activity.

Krithivas and Moussaron were no longer SkyWest employees when the January 26 Communication was distributed and this action was filed.

Krithivas does not presently possess sufficient personal knowledge to identify another current SkyWest employee who was terminated or formally disciplined because of union-organizing activity. He will not identify persons merely because they supported, discussed, or communicated about union representation.

If the Court orders disclosure of any nonparty employee's identity, Krithivas requests redaction where possible and Attorneys' Eyes Only, restricted from disclosure to all SkyWest employees, as protection for any unredacted information.

INTERROGATORY NO. 23: State in detail your compensation at American Airlines during your American Airlines employment, including: (a) your base hourly rate or salary; (b)

3. SkyWest's discovery responses. SkyWest has acknowledged that its employee-detail endpoint returned information after authentication, although certain information was not displayed through the ordinary interface.

4. SkyWest's server logs and technical records. Those materials reflect that requests were made using SkyWest-issued credentials and that SkyWest's servers returned data. SkyWest_000038-462.

5. SkyWest's pleadings and discovery responses concerning credentials. SkyWest has acknowledged that Krithivas possessed SkyWest-issued credentials and completed authentication into SWOL and then contradicted itself by claiming such controls were bypassed. Complaint ¶ 29 contradicted by Doc 83 and SkyWest Discovery Responses for example.

6. Gregory M. Saylin signed the Complaint in this action. Further, Zachary T. Burford and Tyler S. Erickson's names were listed under his signature. By filing and signing, they attested that, based upon reasonable inquiry, that the claims are supported by existing law and have evidentiary support. They also asserted that the Complaint was not filed for an improper purpose.

Krithivas will supplement this response as required after additional document production and depositions.

**RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 21: From the time period of January 1, 2021 to the present, produce all documents relating to any salary, wages, compensation, fringe benefits, and any monetary or other benefit you have received from any source, including without limitation

from any job or work provider, and including without limitation tax returns.

RESPONSE:

Krithivas objects because this request primarily seeks damages and mitigation discovery concerning Proposed Counterclaims that are not presently operative.

Krithivas further objects because the request seeks every document concerning any monetary or nonmonetary benefit received from any source for more than five years. The request is facially overbroad, disproportionate, and invasive of financial privacy.

Krithivas objects to producing complete federal and state tax returns where W-2 forms, pay statements, and benefit records provide the relevant employment information. Complete returns contain unrelated information concerning deductions, investments, family members, and other private financial matters.

Subject to these objections, Krithivas will provisionally produce or identify documents sufficient to show:

1. Employment compensation from SkyWest for 2021-2025;
2. Employment compensation and benefits from American Airlines for 2025;
3. I have no Unemployment or wage-replacement benefits after April 10, 2026; and
4. I have no post-April 10, 2026 employment earnings.

Documents produced as Krithivas 001079-1101. Personal Information including Social Security Number and Home address have been redacted. Krithivas presently does not have access to his American Airlines 2026 paystubs. He will supplement if additional responsive payroll records become reasonably available.

Responsive materials are being withheld based upon these objections, including complete

tax returns and documents concerning unrelated income or financial transactions.

REQUEST FOR PRODUCTION NO. 22: For the time period from the end of your employment at SkyWest to the present, produce all documents, including without limitation communications, related to efforts by you to secure employment or obtain a job, including without limitation applications, email acknowledgements and communications from potential work providers, notes or lists of jobs applied for, calendars, showing interviews, offer letters, onboarding documents or contracts with work providers, and communications with any person about the job.

RESPONSE:

Krithivas objects because this request seeks mitigation discovery concerning Proposed Counterclaims that are not presently operative.

Krithivas further objects to the request for every communication with "any person" concerning employment, including privileged communications and personal communications that do not concern an actual employment opportunity.

Subject to these objections, Krithivas will provisionally produce nonprivileged documents located following a reasonable search concerning:

1. His application, offer, and onboarding with American Airlines; and
2. Employment applications, interviews, offers, and recruiter communications concerning reasonable mitigation efforts after April 10, 2026.

Responsive materials are being withheld based upon these objections, including attorney-client communications, attorney work product, and personal communications that do not concern an actual employment opportunity.

Production status: Following a reasonable search to date, Krithivas produces Krithivas 001102–001105. Krithivas will supplement pursuant to Rule 26(e) if additional responsive, nonprivileged materials are located.

REQUEST FOR PRODUCTION NO. 23: All documents supporting or relating to your calculation of and/or claims for damages, including without limitation any spreadsheets, models, analyses, or computations quantifying back pay, front pay, lost benefits, emotional distress, reputational harm, consequential damages, punitive damages, tax offset, or any other category of claimed damages; all expert reports, draft expert reports, expert disclosures, and communications with any expert retained or consulted regarding your damages; and all medical, psychological, or counseling records supporting any claim for emotional distress damages.

RESPONSE:

Krithivas objects because this request seeks damages discovery concerning Proposed Counterclaims that are not presently operative.

Krithivas further objects to the extent the request seeks:

1. Attorney work product;
2. Counsel's preliminary damages analyses;
3. Draft expert reports;
4. Communications with experts protected by Rule 26(b)(4);
5. Consulting-expert materials; and
6. Medical or psychological records unrelated to a condition affirmatively placed at issue.

Subject to these objections, Krithivas will provisionally produce or identify nonprivileged

payroll, benefit, and mitigation documents presently available.

No final expert report or final expert damages model presently exists.

Krithivas is not presently relying upon medical or psychological records to establish ordinary emotional-distress damages and will not produce unrelated medical records.

Krithivas refers to Krithivas 001079-1106, including compensation records and nonprivileged mitigation/employment records. Personal Information including Social Security Number and Home address have been redacted.

Responsive materials are being withheld based upon these objections, including attorney work product, draft expert materials, protected expert communications, and unrelated or privileged healthcare records.

REQUEST FOR PRODUCTION NO. 24: All communications between you and any person regarding: (a) SkyWest (including without limitation the Hansen Communication); (b) the Complaint filed in this action; (c) any investigation of you conducted by American Airlines; (d) your administrative leave, suspension, or any adverse employment action; (e) the terms or circumstances of your separation from American Airlines; (f) any severance or separation agreement offered or executed; and (g) any characterization of your departure as voluntary, involuntary, constructive discharge, termination, or otherwise.

RESPONSE:

Krithivas objects because substantial portions of this request seek causation and damages evidence concerning Proposed Counterclaims that are not presently operative.

The request is also overbroad and disproportionate because it seeks every communication with every person regarding SkyWest, the Complaint, the American Airlines investigation, and

Krithivas's separation without reasonable limitations concerning participants, timing or materiality.

The request encompasses attorney-client communications, attorney work product, common-interest communications, protected union-related communications, and private personal communications.

Subject to these objections, Krithivas will provisionally produce nonprivileged communications within his possession, custody, or control that directly concern:

1. American Airlines' administrative leave or investigation;
2. The proposed April 10, 2026 meeting;
3. The anticipated termination;
4. Krithivas's April 10 resignation;
5. Any severance or separation proposal;
6. Communications by SkyWest or Hansen to American Airlines; and
7. Nonprivileged third-party communications upon which Krithivas may rely to establish causation or damages if the Proposed Counterclaims become operative.

Privileged communications with counsel and protected legal communications through union representatives are withheld.

To the extent responsive materials would identify nonparty employees involved in protected organizing activity, Krithivas will withhold or redact those identities pending agreement or further order. If unredacted production is required, Krithivas requests Attorneys' Eyes Only treatment, restricted from access by any SkyWest employees or in-house attorneys.

Subject to the foregoing objections, Krithivas identifies and produces the nonprivileged

and appropriately redacted responsive materials at Krithivas 001102–3 and 001106–18. Privileged portions and communications are withheld and identified on Krithivas's privilege log, as applicable.

REQUEST FOR PRODUCTION NO. 25: All job applications, resumes, curriculum vitae, cover letters, reference lists, and any other documents submitted to any work provider, recruiter, headhunter, or employment agency since April 10, 2021, including without limitation any online application submissions, LinkedIn messages, or electronic correspondence seeking a job.

RESPONSE:

Krithivas objects because this request principally seeks mitigation discovery concerning Proposed Counterclaims that are not operative.

Krithivas further objects to the April 10, 2021 starting date. Job-search materials created years before the alleged April 2026 employment loss do not reflect mitigation of that alleged loss.

Subject to these objections, if the Proposed Counterclaims become operative and the requested mitigation discovery becomes properly discoverable, Krithivas will supplement this response pursuant to Rule 26(e) and produce nonprivileged responsive materials within his possession, custody, or control.

Responsive materials are being withheld based upon these objections, including unrelated historical job-search materials, privileged communications, and private information unrelated to qualifications, compensation, or mitigation.

Production status: Krithivas provides Krithivas 001102-1105.

REQUEST FOR PRODUCTION NO. 26: All social media posts, online communications, blog posts, comments, messages, or other electronic publications made by you or on your behalf, including without limitation your responses, comments, or replies to the same, on any platform (including but not limited to Facebook, Instagram, Twitter/X, LinkedIn, Reddit, aviation forums, pilot forums, or any other online platform) since January 1, 2025, that relate to, reference, or discuss: (a) this litigation; (b) SkyWest; (c) Dale Hansen; (d) the Complaint; (e) the Hansen Communication or other communications between SkyWest and American Airlines; (f) your departure from SkyWest; (g) your departure from American Airlines; (h) your Counterclaims; or (i) any pilot union organizing activities.

RESPONSE:

Krithivas objects because this request seeks information concerning Proposed Counterclaims that are not presently operative and protected union-organizing activities.

The request is also overbroad and disproportionate to the extent it seeks:

1. Private messages;
2. Content authored by third parties;
3. Content supposedly posted "on behalf of" Krithivas;
4. Every online reference to SkyWest;
5. Every reference to union organizing;
6. Privileged communications; and
7. Protected associational communications.

Subject to these objections, Krithivas responds:

Krithivas previously disclosed that he removed certain posts or comments concerning

SkyWest because of concerns about harassment associated with this litigation. He is no longer in possession of any removed posts or comments.

To the best of his present recollection, Krithivas posted in a Facebook forum called "Life After SkyWest" in approximately September 2025, where former pilots shared flight hours, professional statistics, and subsequent employment.

Krithivas did not make any social-media posts concerning pilot union-organizing activity and did not use social media to contact SkyWest pilots using information obtained from SWOL. Krithivas did not ask or direct anyone to make such posts on his behalf.

Following a reasonable search, Krithivas will produce any existing, nonprivileged posts authored by him that directly concern:

1. This litigation;
2. The Hansen Communication;
3. His departure from American Airlines; or
4. The Proposed Counterclaims.

Responsive materials are being withheld based upon these objections, including privileged communications, protected associational communications, third-party content not within Krithivas's control, and unrelated social-media content.

Production status: After a diligent search, Krithivas reports that he possesses no Responsive Documents.

REQUEST FOR PRODUCTION NO. 27: All documents relating to any medical, emotional or psychological care, treatment, advice, or counseling you have sought or received in the past ten (10) years, including without limitation, from physicians, psychiatrists,

psychologists, mental health counselors, therapists, physical therapists, clinics, hospitals, and any other medical professionals.

RESPONSE:

Krithivas objects because this request seeks medical discovery concerning damages under Proposed Counterclaims that are not presently operative.

The request is facially overbroad, disproportionate, and invasive of medical privacy because it seeks every record concerning every form of medical, physical, emotional, or psychological care for ten years, regardless of condition or relationship to the claims or defenses in this case.

The request also implicates the psychotherapist-patient privilege.

Krithivas is not presently claiming a diagnosed psychiatric condition, seeking medical-treatment expenses, or relying upon medical or counseling records to establish emotional distress.

Krithivas therefore will not produce unrelated healthcare records.

Responsive materials are being withheld based upon these objections, including unrelated healthcare records and privileged psychotherapist-patient communications.

REQUEST FOR PRODUCTION NO. 28: All documents reflecting any reputational harm or emotional distress you have suffered as a result of the January 26 Communication, the Hansen Communication, or this lawsuit.

RESPONSE:

Krithivas objects because this request seeks damages evidence concerning Proposed Counterclaims that are not presently operative.

Krithivas further objects to the phrase "all documents reflecting" to the extent it encompasses privileged communications, attorney work product, private writings not intended to be used as evidence, and documents having only a remote connection to alleged emotional or reputational harm.

Subject to these objections, Krithivas will provisionally produce or identify nonprivileged documents upon which he may rely to establish:

1. Employment consequences;
2. Reputational injury within the aviation industry;
3. The effect of SkyWest's accusations upon employment opportunities; and
4. Ordinary emotional distress.

Responsive evidence presently known includes:

5. The January 26 Communication;
6. The Hansen Communication;
7. Documents concerning American Airlines' administrative leave and separation; and
8. Testimony from Krithivas and other percipient witnesses.

See also Krithivas 001106–001118, to the extent nonprivileged.

Additional responsive documents: Krithivas identifies the online articles linked below.

- https://www.paddleyourownkanoo.com/2026/02/25/regional-airline-sues-two-of-its-own-pilots-over-allegations-they-hacked-computer-systems-to-steal-personal-details-of-coworkers/
- https://aviationa2z.com/index.php/2026/02/26/skywest-accuses-pilots-of-hacking-

internal-system/

- https://airguide.info/skywest-sues-former-pilots-over-alleged-data-access/
- https://www.travelandtourworld.com/news/article/united-states-and-skywest-airlines-accuse-former-pilots-of-hacking-system-to-steal-5000-employee-records/
- https://avweb.com/aviation-news/skywest-sues-pilots-over-data-access/
- https://people.com/airline-sues-2-former-pilots-after-they-allegedly-hacked-computed-system-to-gain-coworkers-personal-information-11914327#comments

Responsive materials are being withheld based upon these objections, including privileged communications and attorney work product.

REQUEST FOR PRODUCTION NO. 29: All documents, including without limitation communications, supporting your contention that the January 26 Communication or the Hansen Communication (or any other SkyWest publication that you allege is defamatory) was false, including without limitation any documents showing that SkyWest knew or should have known its statements were false at the time of publication, documents showing that your access to SWOL was authorized, and/or any documents reflecting damages resulting specifically from the January 26 Communication or the Hansen Communication.

RESPONSE:

Krithivas objects that this request is cumulative and overbroad because it seeks all documents concerning multiple ultimate issues, including documents already in SkyWest's possession or previously produced by SkyWest.

Subject to these objections, Krithivas identifies and may rely upon:

1. The January 26, 2026 workforce communication;
2. The February 2, 2026 Hansen Communication; (SkyWest_0000475-504)
3. SkyWest's Complaint; (Dkt 1)
4. SkyWest's server logs and technical records; (SkyWest_000038-462)
5. SkyWest's discovery responses concerning authentication, server responses, the employee-detail endpoint, and information not displayed through the ordinary interface;
6. Records showing that Krithivas used SkyWest-issued credentials and completed multi-factor authentication; (Evidence believed to be in the possession and control of SkyWest) and SkyWest_000001, SkyWest_000038.
7. Krithivas's prior discovery responses;
8. Moussaron's prior discovery responses;
9. Documents previously produced as Krithivas 000001–000033 and Krithivas 000041; and
10. Declarations and other evidence concerning American Airlines' employment action.

Responsive materials are being withheld based upon these objections, including attorney work product, privileged communications, and draft legal or expert analyses.

REQUEST FOR PRODUCTION NO. 30: All communications and/or agreements with ALPA, any union representative, Moussaron, and/or any person affiliated with the Organizing Committee since January 1, 2025 regarding: (a) your departure from American Airlines; (b) your Counterclaim; (c) their financial support or assistance to you, including without limitation indemnification or litigation funding; and/or (d) litigation strategy.

RESPONSE:

Krithivas objects because this request expressly seeks litigation strategy and

communications concerning Proposed Counterclaims that are not presently operative.

The request also seeks protected legal and associational activity, including communications with:

1. Attorneys;
2. Union representatives;
3. ALPA;
4. Moussaron;
5. Members of an organizing committee; and
6. Persons engaged in a common legal or associational effort.

Such communications may be protected by the attorney-client privilege, attorney work-product doctrine, common-interest protection, First Amendment associational privilege, and protections afforded organizing activity under the Railway Labor Act.

SkyWest has not demonstrated that disclosure of organizing participants, internal organizing strategy, or litigation strategy is necessary to resolve an operative claim or defense or that the information cannot be obtained through less intrusive means.

Subject to these objections, Krithivas provisionally responds:

1. Krithivas was not promised and did not receive compensation, reimbursement, or any other benefit for assisting Moussaron.
2. Krithivas did not serve as an Organizing Committee leader, administer the Data Management System, coordinate outreach calls, send the December 9, 2025 mass communication, or participate in the broader management of the organizing campaign.
3. Krithivas's involvement was limited to the communications and conduct concerning the

September 3, 2025 access described in his prior responses.

4. To Krithivas's knowledge, he and Moussaron were the only persons who participated in obtaining contact information through the SWOL Directory on September 3, 2025.
5. Krithivas has received no indemnification, litigation funding, financial assistance, or payment from ALPA, the Organizing Committee, any union in connection with this action.
6. Krithivas has not entered into a nonprivileged litigation-funding or indemnification agreement with ALPA, the Organizing Committee, or Moussaron.
7. Krithivas did not receive reimbursement for any ordinary organizing expense.
8. Communications with counsel, union counsel, or persons participating in a common legal effort concerning litigation strategy are withheld as privileged or protected.
9. Krithivas will not produce communications revealing the identities, membership, internal strategy, or protected association of persons involved in union organizing absent agreement or an order resolving the applicable privilege and First Amendment objections.

If the Court determines that any protected associational information must be produced, Krithivas requests that nonparty identities be redacted and that any unredacted materials be designated Attorneys' Eyes Only and withheld from SkyWest's officers, employees, managers, and in-house personnel.

Nonprivileged responsive agreements presently identified: None.

Privileged responsive materials are being withheld based upon the attorney-client privilege, work-product protection, common-interest protection, First Amendment associational privilege, and the objections stated above.

/ / /

/ / /

As to objections:

By /s/ Scott C. Uthe Date: 8/20/2026

Scott C. Uthe
Timothy D. Ducar
*Attorneys for Defendant Vikaas Krithivas*

**Verification**

I, Vikaas Krithivas, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury under the laws of the United States of America that the foregoing Interrogatory Responses are true and correct to the best of my knowledge.

EXECUTED on the 20th of August, 2026, at Chicago, Illinois.

________________________________
Vikaas Krithivas

## CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2026, I electronically transmitted the attached DEFENDANT KRITHIVAS' RESPONSES TO PLAINTIFF SKYWEST'S THIRD SET OF DISCOVERY REQUESTS TO DEFENDANT VIKAAS KRITHIVAS, via email to:

Gregory M. Saylin, GMSaylin@hollandhart.com
Zachary T. Burford, ZTBurford@hollandhart.com
Tyler S. Erikson, TSErickson@hollandhart.com
Tyson C. Horrocks, TCHorrocks@hollandhart.com
Attorneys for Plaintiff/Counterclaim Defendant SkyWest Airlines, Inc.

Jonathan Thorn, Jonathan@utahjobjustice.com
Lauren I. Scholnick, Lauren@utahjobjustice.com
Jack Holland, jack@laborwest.com
Attorneys for Defendant/Counterclaim Plaintiff Daniel Moussaron

By: S. Uthe