# EXHIBIT R

Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland *(pro hac vice)*
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone:(801) 359-4169
Facsimile: (801) 359-4313
email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com

*Attorneys for Defendant Daniel Moussaron*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

**SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants. | **DEFENDANT MOUSSARON'S RESPONSES TO PLAINTIFF SKYWEST'S EXPEDITIED DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN<br><br>Judge David O. Nuffer |

Defendant Daniel Moussaron ("Defendant" or "Mr. Moussaron") hereby provides his responses to Plaintiff SkyWest's First Set of Expedited Discovery Requests.

## GENERAL OBJECTIONS

1. Defendant objects to any interrogatory or request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product

privilege. To the extent that any interrogatory or request seeks or may be construed as seeking such protected information, Defendant hereby invokes the attorney-client privilege and attorney work product privilege, and on those grounds, objects to such requests. These objections apply to each request propounded by Plaintiff and the fact that Defendant has not expressly referred to the attorney-client privilege and/or work product privilege in response to a specific interrogatory or request is not intended to be a waiver of the attorney-client privilege or the attorney work product privilege and their protection from disclosure.

2. The responses set forth below are based on Defendant's knowledge to date. Defendant's discovery, his investigation of the facts and law relevant to this action, and his efforts to obtain documents and information requested by Plaintiff, are not yet complete, and as such, he expressly reserves the right: 1) to use any additional evidence and information obtained in the course of formal and informal discovery in this action; and 2) to amend, supplement or otherwise change these responses, pursuant to Federal Rule of Civil Procedure 26(e).

3. Defendant also objects to the Instructions and Definitions outlined in Plaintiff's discovery requests to the extent that they do not comply with the Federal Rules of Civil Procedure.

4. Defendant objects to any request to the extent that it seeks documents or information not in his possession or control, in the possession or control of Plaintiff, or equally obtainable by Plaintiff.

**ANSWER TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each File, Dataset, or Document containing SkyWest Confidential Information obtained during the Relevant Period, and

for each state whether you currently possess it.

**ANSWER TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory as overbroad and because Plaintiff's defined terms are vague and ambiguous. Defendant also objects to the phrase "SkyWest Confidential Information" as Defendant contends that he did not access or gather any confidential information. Defendant further objects to any requests that seek confidential information protected by the Railway Labor Act. Notwithstanding his objections, Defendant refers Plaintiff to the attached spreadsheet that details his response to Interrogatories 1-4.

**INTERROGATORY NO. 2:** Identify all Locations where any information identified in response to Interrogatory No. 1 is or has been stored, maintained, processed, or transmitted, including all Devices and Accounts, and for each Location state the specific file path, URL, or identifier, whether any copies currently remain, the Custodian(s) responsible for that Location, all other persons with access to that Location, and the last date any such information was accessed, modified, or transmitted from that Location.

**ANSWER TO INTERROGATORY NO. 2:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Notwithstanding the objections, Defendant refers Plaintiff to the attached spreadsheet.

**INTERROGATORY NO. 3:** Identify all persons and entities to whom any information identified in response to Interrogatory No. 1 has been communicated, and for each such communication state the date, the manner of disclosure, what was shared, the purpose of the communication and/or use, and any instructions or restrictions communicated.

**ANSWER TO INTERROGATORY NO. 3:** Defendant objects to this

interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Defendant also objects to any requests that seek confidential information protected by the Railway Labor Act. Notwithstanding the objections, Defendant refers Plaintiff to the attached spreadsheet.

**INTERROGATORY NO. 4:** For each use you made of any SkyWest Confidential Information identified in response to Interrogatory No. 1 during the Relevant Period, describe the use and state: the purpose; the date(s) or date range; the type of activity (e.g., text or call campaign, email, upload to a platform, sharing with a third party, or internal analysis/compilation); the platform or service and any account identifier(s) used (including any sending phone numbers, short codes, toll-free numbers, long codes, alphanumeric sender IDs, or email addresses); and the specific SkyWest Confidential Information that was used.

**ANSWER TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory as overbroad, vague, ambiguous and unduly burdensome. Defendant also objects to the term "SkyWest Confidential Information" as Defendant did not access or gather any confidential information. Defendant further objects to any requests that seek confidential information protected by the Railway Labor Act. Notwithstanding the objections, Defendant refers Plaintiff to the attached spreadsheet.

**INTERROGATORY NO. 5**: Identify any Automated Extraction tools, scripts, bots, developer tools, or programs You used to access, retrieve, download, or copy SkyWest Confidential Information, including the name, version, date(s) of use, and a description of how each was used.

**ANSWER TO INTERROGATORY NO. 5:** Defendant objects to this interrogatory as overbroad and the defined terms used by Plaintiff are vague and ambiguous. Defendant also objects to the term "SkyWest Confidential Information" as Defendant did not access or gather any confidential information. Notwithstanding the objections, Defendant states that he used Tampermonkey (a free open-source browser extension for Google Chrome) to run a self-authored userscript. The script executed in Defendant's authenticated browser session and iterated through employee profile pages by requesting the SkyWest directory endpoint "/OO/api/directory/empdetail/{employeeID}" and capturing the data object contained in the HTTP GET response returned by SkyWest's server for that authenticated session. The script did not use third-party "bots" or external scraping frameworks, did not defeat multi-factor authentication, did not obtain or use any credentials other than Defendant's own issued credentials, and did not exploit vulnerabilities or circumvent server-side authorization controls.

## <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1:** Produce complete native copies of all Files, Datasets, or Documents identified in response to Interrogatory No. 1, with metadata, headers and field names preserved.

**ANSWER TO REQUEST FOR PRODUCTION NO. 1:** Defendant objects to this request as it contains confidential union organizing information protected from disclosure under the Railway Labor Act. Despite this request, Plaintiff has since communicated that it is not interested in obtaining union organizing information. Defendant is willing to meet and confer on this request to determine how to disclose relevant information that does not

contain confidential union organization information. Further, any documents produced after a meet and confer will only be produced under a protective order with attorneys/expert eyes only designation, and with the express agreement that no union organizing information will be reviewed by, provided to, shared with, or communicated to SkyWest or any of its employees. Without waiving his objections, Defendant Moussaron refers Plaintiff to the attached spreadsheet that details the responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** Produce Documents sufficient to show all locations and custodians described in response to Interrogatory No. 2, including Device identifiers and Account identifiers, file paths or URLs, and last-modified dates for any storage location where any such information resides or resided.

**ANSWER TO REQUEST FOR PRODUCTION NO. 2:** Defendant objects to this request on the basis that it is vague and it is unclear what format any response would be provided in. Additionally, the request is unduly burdensome. Notwithstanding Defendant's objections, he detailed this information in the attached spreadsheet.

**REQUEST FOR PRODUCTION NO. 3:** Documents relating to or reflecting all uses and sharing described in response to Interrogatories No. 3 and No. 4, including Communications transmitting SkyWest Confidential Information, discussions relating to SkyWest Confidential Information, file-sharing access records, and logs or exports from any Messaging Infrastructure or Coordination Platform showing sender identifiers, dates and times of transmissions, and recipient phone numbers.

**ANSWER TO REQUEST FOR PRODUCTION NO. 3:** Defendant objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome and wrongly calls any information accessed "SkyWest Confidential Information."

Notwithstanding his objections, Defendant refers Plaintiff to the attached spreadsheet. In addition, as detailed in response to Request for Production 5, below, Defendant had text communications with Defendant Krithivas that were deleted prior to January 26, but which Defendant Krithivas has and will produce. Defendant also emailed a copy of the pilot contact information to an ALPA representative, but that email was deleted prior to January 26th and Defendant did not retain a copy. Otherwise, Defendant does not have responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** Communications sent to SkyWest pilots during the Relevant Period using SkyWest Confidential Information.

**ANSWER TO REQUEST FOR PRODUCTION NO. 4:** Defendant objects to this request on the basis Defendant did not obtain any confidential information. Notwithstanding the objection, Defendant sent one text message to pilots through a third party text message platform, and Defendant only used SWOL contact information for newly hired pilots. A copy of the text message that was sent had been filed as Dkt. 25-1.

**REQUEST FOR PRODUCTION NO. 5:** Communications between Defendants during the Relevant Period regarding: (a) obtaining SkyWest Confidential Information; (b) plans to recruit or solicit SkyWest pilots; or (c) use of messaging services to contact SkyWest pilots.

**ANSWER TO REQUEST FOR PRODUCTION NO. 5:**

Defendant Moussaron objects to this request on the basis that it requests information protected under the Railway Labor Act and improperly references "SkyWest Confidential Information." Notwithstanding his objections, Defendant Moussaron did not retain text messages with Defendant Krithivas prior to January 26, 2026, and they were deleted prior to being confronted by SkyWest on January 26, 2026, wherein he was fired and handed the

January 26, 2026 Cease and Desist letter. Defendant Krithivas has responsive text messages that will be produced.

**REQUEST FOR PRODUCTION NO. 6**: Pursuant to Federal Rule 34(a)(1)–(2), identify and make available for inspection, forensic imaging, and examination any Device reasonably likely to contain SkyWest Confidential Information, including without limitation computers (desktops, laptops, tablets), mobile phones/smartphones, servers, and external storage media (USB drives, external hard drives), used during the Relevant Period. The inspection shall be conducted by an independent forensic examiner hired by SkyWest and is limited to creating forensic images and locating, preserving, and reporting on SkyWest Confidential Information and related artifacts (including datasets, log files, scripts/source code, configuration files, and transmission records) within the Relevant Period.

**ANSWER TO REQUEST FOR PRODUCTION NO. 6:** Defendant objects to this request and incorporates herein his formal opposition in Dkt. 34. Furthermore the Court has already directed the parties to image Defendant's computer but has denied Plaintiff's request to obtain or review the information.

DATED this 20th day of February, 2026.

**SCHOLNICK THORNE HOLLAND**

/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland

*Attorneys for Defendant Moussaron*

**VERIFICATION**

1, Daniel Moussaron, affirm under oath pursuant to the laws of the United States of America and the State of Utah, and under penalty of perjury, that having read the Answers to the foregoing DEFENDANT MOUSSARON'S RESPONSES TO PLAINTIFF SKYWEST'S EXPEDITIED DISCOVERY REQUESTS, the Answers are true, accurate, and correct to the best of my knowledge and belief.

By:____________________________ Date: 2026-02-20 19:19:56 UTC
Daniel Moussaron

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2026, I caused a true and correct copy of the foregoing **DEFENDANT MOUSSARON'S RESPONSES TO PLAINTIFF SKYWEST'S EXPEDITIED DISCOVERY REQUESTS** to be served via electronic mail to:

Gregory M. Saylin (GMSaylin@hollandhart.com)
Zachary T. Burford (ZTBurford@hollandhart.com)
Tyler S. Erickson (TSErickson@hollandhart.com)
*Attorneys for SkyWest*

Timothy D. Ducar (tducar@azlawyers.com)
*Attorney for Vikaas Krithivas*

/s/ Lauren I. Scholnick