Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTION (DKT. 170)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Daniel Moussaron and Vikaas Krithivas jointly respond to Plaintiff SkyWest Airlines, Inc.'s Evidentiary Objection (Dkt. 170) pursuant to DUCivR 7-1(b)(4), which expressly authorizes a response to an evidentiary objection within seven days after the objection is filed, or at the time any response or reply is due, whichever is later. *See Cent. Weber Sewer Improvement Dist. v. Ace Fire Underwriters Ins. Co.*, No. 1:12-cv-00166-TS, 2014 U.S. Dist. LEXIS 16839, at *16–17 (D. Utah Feb. 6, 2014) (recognizing the District of Utah's procedure permitting a memorandum responding to an evidentiary objection within seven days after the objection is filed). SkyWest asks the Court to exclude certain discovery responses and communications cited in Defendants' Joint Reply (Dkt. 158), or alternatively convert Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 105) into a motion for summary judgment under Federal Rule of Civil Procedure 12(d).

SkyWest's objection does not identify any defect in the legal arguments presented in Dkt. 105. Defendants expressly acknowledged that the Court need not resolve disputed technical architecture or consider discovery materials to determine whether the Complaint adequately pleads the statutory elements of the CFAA and UCADRA. Dkt. 158 at 2, 4, 6. The challenged materials were cited in response to SkyWest's technical characterizations and, separately, to address SkyWest's informal request for leave to amend. Those distinct purposes warrant distinct treatment.

## I. THE COURT MAY RESOLVE THE RULE 12(c) MOTION WITHOUT CONSIDERING THE CHALLENGED DISCOVERY MATERIALS.

SkyWest correctly observes that a Rule 12(c) motion ordinarily is decided from the pleadings and documents properly considered with them. *Park Univ. Enters., Inc. v. Am. Cas.*

*Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Defendants have consistently maintained that the legal issues presented in Dkt. 105 can be resolved under that standard.

Contrary to SkyWest's characterization, Defendants did not abandon their pleadings-based arguments by identifying discovery responses that bear upon SkyWest's technical assertions. Section IV of the Reply expressly conditions consideration of those materials upon the Court reaching the outside technical record and states that they are "unnecessary to decide the pleading issue." Dkt. 158 at 6. The citations to SkyWest's responses to Requests for Admission Nos. 6 and 21 were not offered as a prerequisite to granting the Motion.

The dispositive questions remain whether the Complaint adequately alleges that Defendants exceeded an applicable computer-access boundary under the CFAA, whether the independently pleaded § 1030(a)(4) theory sufficiently alleges the requisite fraud, and whether Count Four satisfies UCADRA's statutory requirements. Those questions can be decided without resolving factual disputes concerning the precise operation of SWOL.

Accordingly, Defendants do not request conversion under Rule 12(d). To the extent the Court concludes that the discovery responses cannot be considered in determining the sufficiency of the Complaint, it may disregard them for that purpose without rejecting Defendants' legal arguments or converting the Motion into one for summary judgment.

## II. THE PROCEDURAL HISTORY IS RELEVANT TO SKYWEST'S REQUEST FOR LEAVE TO AMEND, INDEPENDENT OF THE RULE 12(c) MERITS.

SkyWest's objection does not distinguish between the use of discovery responses to establish disputed technical facts and their separate relevance to SkyWest's informal request for leave to amend. That distinction is material.

SkyWest requested leave in its Response to plead the "technical architecture and access controls" with greater specificity. Dkt. 153 at 27–28. Because the Scheduling Order established May 15, 2026 as the deadline to move to amend pleadings, SkyWest must establish good cause

under Rule 16(b)(4) before obtaining leave to amend after that deadline. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

Section VII of Defendants' Reply cites SkyWest's February 25, 2026 expedited-discovery responses and subsequent discovery history to address when SkyWest was aware of the precise technical-access issues it now proposes to plead with greater specificity. Dkt. 158 at 9–11. Those materials were not cited in that section to establish the truth of disputed technical architecture, but to address SkyWest's asserted lack of prior opportunity to amend.

An assessment of diligence under Rule 16(b)(4) is analytically distinct from deciding whether the Complaint states a claim under Rule 12(c). Consideration of properly presented procedural history for that limited purpose does not require treating Defendants' Rule 12(c) Motion as one for summary judgment.

Moreover, SkyWest has not filed a motion for leave to amend accompanied by a proposed amended pleading and redline as required by DUCivR 15-1. Defendants' procedural objection to that informal request therefore stands independently of the challenged discovery materials. See *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). Thus, even if the Court excludes all challenged discovery materials, SkyWest's failure to file a proper motion for leave to amend, accompanied by the required proposed pleading, remains an independent basis to deny its informal request.

As to the July 21, 2026 letter and July 27, 2026 email identified in SkyWest's objection, Defendants do not request that the Court consider unfiled correspondence as independent evidence. The Court may resolve the Motion and the procedural sufficiency of SkyWest's informal amendment request without relying on those communications.

## III. SKYWEST'S OWN EXTRA-PLEADING MATERIAL DOES NOT ESTABLISH THE DISPUTED TECHNICAL FACTS.

SkyWest also attempts to distinguish the materials attached to or cited in its Response, including Revision 11 of its Code of Conduct and a generic Tampermonkey webpage. Dkt. 170 at 3–4.

Even assuming that a policy referenced in the Complaint may be considered under the incorporation-by-reference doctrine, that does not establish that the particular revision SkyWest submitted governed Defendants' alleged conduct. Revision 11 is dated December 11, 2025, while the Complaint alleges that the challenged access ended by December 8, 2025. Dkt. 153-1 at 2; Dkt. 1 ¶¶ 28–32. Incorporation by reference does not resolve that temporal discrepancy.

Nor does a public webpage describing the general functionality of Tampermonkey establish what Defendants' particular userscripts did, what access controls SWOL employed, or whether either Defendant circumvented a computer-access boundary. Such technical facts cannot be established merely through counsel's characterization of a generic webpage.

Defendants therefore request consistent application of Rule 12(c): the Court should decide the statutory pleading questions without resolving disputed technical facts from outside materials offered by either side.

## CONCLUSION

Defendants respectfully request that the Court reject SkyWest's characterization that Defendants abandoned their pleadings-based Motion, decide Dkt. 105 under Rule 12(c) without conversion, and distinguish the challenged materials offered concerning disputed technical architecture from procedural history relevant to SkyWest's informal request for leave to amend. To the extent the Court excludes outside materials from its Rule 12(c) determination, such

exclusion should apply consistently and should not affect the independent legal grounds supporting Defendants' Motion.

DATED this 14th day of October, 2026.

**SCHOLNICK THORNE HOLLAND**

**/s/ Jonathan K. Thorne (with permission)**
Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
John E. "Jack" Holland (pro hac vice)
40 South 600 East
Salt Lake City, Utah 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com

*Attorneys for Defendant/Counterclaimant Daniel Moussaron*

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant/Counterclaimant Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of October, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Scott C. Uthe**
Scott C. Uthe