Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **SKYWEST'S OPPOSITION TO DEFENDANT KRITHIVAS'S MOTION FOR ATTORNEY'S FEES AND EXPENSES INCURRED IN CONNECTION WITH DKT. 139 (DKT. 157)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest") opposes Defendant Vikaas Krithivas's Motion for Attorney's Fees and Expenses Incurred in Connection with Dkt. 139 ("Motion") (Dkt. 157).

## INTRODUCTION

Krithivas asked SkyWest to stipulate to more time to file short-form discovery motions so the parties could keep working through SkyWest's outstanding supplemental discovery responses. SkyWest agreed, and the Court granted the extension. Then, on the same day the Court granted the extension, Krithivas filed four short-form discovery motions—including the motion at issue here, Dkt. 139—without waiting for the supplementation the extension was meant to accommodate. One week later, SkyWest served a comprehensive Second Supplemental Response, together with executed verifications, addressing the open items the parties had been discussing.

SkyWest does not contend that verifications were optional. But SkyWest understood the extension Krithivas requested to mean the parties would continue resolving these issues—verifications included—without involving the Court. That understanding was well founded: the verifications were the first item on the list of "unresolved discovery issues" for which Krithivas sought the extension, Krithivas's counsel drafted the parties' stipulation (Dkt. 131) ("Stipulation"), and Krithivas's own Motion describes the Stipulation as preserving his ability to present disputes "after SkyWest's supplemental responses and the parties' continued meet-and-confer efforts." Motion at 5. And because SkyWest was further supplementing several of the same interrogatory answers that needed verification, it made sense to provide all of the verifications—including verifications of the supplemental responses—at the same time. That is what SkyWest did.

While Krithivas's intent may have differed, a good-faith difference in understanding like this is the kind of "other circumstance[]" that makes a fee award unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

## **BACKGROUND**

After SkyWest served its First Supplemental Responses to Krithivas's Second Set of Discovery Requests on August 18, 2026, the parties met and conferred on August 25 about a range of open items. Dkt. 131 ¶¶ 3–5; Ex. A (Aug. 26 and Sept. 3, 2026 emails). Those items went well beyond verifications. *See* Ex. A (Aug. 26 email). They included a proposal to remove certain fields from a produced spreadsheet, nondisclosure agreements responsive to RFP No. 25, SkyWest's investigation and response costs (Interrogatory No. 15 and RFP Nos. 18–21), the scope of SkyWest's searches, and supplemental responses to RFP Nos. 18–20, 26, and 27. *Id.* (Aug. 26 and Sept. 3, 2026 emails).

On September 3, Krithivas asked for a firm date for SkyWest's response on all five categories of open items—the first of which was "[w]hen SkyWest will provide signed verifications for all ROG responses served to date that are missing them." *Id.* (Sept. 3, 2026 email); Dkt. 157-1 ¶ 6. On September 8, SkyWest's counsel responded that he hoped to have a response shortly. Ex. A (Sept. 8, 2026 email). On the morning of September 11, Krithivas's counsel asked, "Any update on SkyWest's responses?" *Id.* (Sept. 11, 2026 email). That evening, rather than file, he asked SkyWest to stipulate to allow Krithivas to file short-form discovery motions "regarding these unresolved discovery issues" through September 18. *Id.* SkyWest agreed. *Id.* (Sept. 12, 2026 email). Krithivas's counsel drafted the Stipulation and circulated it for SkyWest's approval. Ex. B (Sept. 14, 2026 emails).

The Stipulation extended Krithivas's deadline to file his discovery motions through September 21, 2026, if necessary. Dkt. 131 at 2–3. The parties explained that good cause existed "so that any remaining disputes may be presented **<u>based upon the supplemented discovery</u>**

**record and the parties' subsequent efforts to resolve those disputes**." *Id.* ¶ 7 (emphasis added). The Court granted the Stipulation on September 15. Dkt. 135. That same day—six days before the deadline he had requested—Krithivas filed four short-form discovery motions. Dkts. 136, 137, 138, 139. Dkt. 139 (the basis of the present Motion) itself acknowledged that SkyWest had stipulated to extend the filing deadline. Dkt. 139 at 2–3.

SkyWest subsequently served its Second Supplemental Response to Krithivas's Second Set of Discovery Requests, supplementing its responses to Interrogatory Nos. 13 and 15 and RFP Nos. 13, 15, 18–20, 26, and 27, and serving executed verifications covering both its original and supplemental interrogatory answers. *See* Dkt. 146 at 2–4; Dkts. 147, 148; Dkt. 149 at 2. SkyWest then opposed each of Krithivas's motions as moot. Dkts. 146, 147, 148, 149. Krithivas withdrew Dkt. 139. *See* Dkts. 150, 156.

## ARGUMENT

### A. A Fee Award Would Be Unjust Under the Circumstances.

Even when requested discovery is provided after a motion to compel is filed, the Court "must not order" a fee award if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). A good-faith misunderstanding about the timing of agreed supplementation is one such circumstance.

*C&J Equipment Manufacturing Corp. v. Grady* is directly on point. No. 23-99 MV/SCY, 2023 U.S. Dist. LEXIS 201016 (D.N.M. Nov. 8, 2023). There, the defendants committed to supplement their discovery responses, and the parties agreed to extend the plaintiff's deadline to move to compel. *Id.* at *6–8 & n.2. The plaintiff understood the supplements were due before the extended motion deadline; the defendants understood they had until the extended deadline itself

to provide them. *Id.* at *7–8 n.2. The plaintiff filed motions to compel before receiving the supplements, and the defendants supplemented while the motions were pending. *Id.* at *6–7. The court found the plaintiff's reading of the agreement "more accurate," yet still refused to award fees under Rule 37(a)(5)(A). *Id.* at *8 n.2, *36–37. Because the defendants "appear[ed] to have miscalendared the parties' agreement as to when they would provide the supplements," it was "not clear that Plaintiff's motion precipitated the supplements," and "an award of fees would be unjust." *Id.* at *36–37; *see also id.* at *47–48, *54–55 (same as to other defendants). In other words, the defendants had already agreed to supplement and were doing so on the timeline they understood the parties had agreed to. The motion to compel therefore did not cause the supplementation, and shifting fees would have been unjust. *See id.* at *36–37; *see also Modern Remodeling, Inc. v. Tripod Holdings, LLC*, No. CCB-19-1397, 2020 U.S. Dist. LEXIS 75413, at *2 (D. Md. Jan. 31, 2020) (denying Rule 37(a)(5)(A) motion based in part on "good-faith misunderstanding" between counsel).

The same result follows here. Krithivas requested the extension immediately after asking about the status of SkyWest's responses, and he requested it "regarding these unresolved discovery issues"—a list that began with the verifications. Ex. A (Sept. 3 and Sept. 11, 2026 emails). The Stipulation his counsel drafted stated that its purpose was to allow any remaining disputes to be presented "based upon the supplemented discovery record and the parties' subsequent efforts to resolve those disputes." Dkt. 131 ¶ 7; Ex. B. Krithivas's own Motion confirms the Stipulation "preserved Krithivas's ability to present unresolved discovery disputes to the Court **after** SkyWest's supplemental responses and the parties' continued meet-and-confer efforts." Motion at 5 (emphasis added). SkyWest reasonably understood that the extension gave

the parties additional time to complete the agreed supplementation—which was substantial and extended well beyond verifications—before turning to motion practice. SkyWest then served its supplementation and the verifications together, as one package, one week after Krithivas filed. Dkt. 146 at 2–4; Dkts. 147, 148; Dkt. 149 at 2. That approach made sense. SkyWest was further supplementing several of the same interrogatory answers that required verification, including Interrogatory Nos. 13 and 15. Dkt. 146 at 2–4; Dkt. 148. Verifying the earlier answers piecemeal, only to verify the supplemented answers days later, would have accomplished little. Serving all of the verifications at the same time, including verifications of the supplemental responses, gave Krithivas a complete, verified set of answers at once.

Krithivas contends that the Stipulation and Order were "limited to" the DUCivR 37-1(b)(2)(C) deadline. Motion at 4–5 (citing Dkt. 131 at 2–3; Dkt. 135 at 2). Importantly, SkyWest does not argue that the Stipulation altered Rule 33. Rather, that limiting language defined the scope of SkyWest's timeliness concession and preserved the parties' substantive positions. Dkt. 131 at 3; Dkt. 135 at 2. It says nothing about what the parties expected to happen during the extension period, which, as the Stipulation states, was continued supplementation and conferral. Dkt. 131 ¶ 7. Krithivas's counsel's declaration that he understood the Stipulation differently, Dkt. 157-1 ¶¶ 19–23, establishes at most that the parties had different understandings. His declaration says only that an extension of SkyWest's verification obligation was not "discussed," *id.* ¶¶ 20, 23, but that is difficult to square with his own list of "unresolved discovery issues," Ex. A. Nor did he ever tell SkyWest that the verifications—again, the first of the "unresolved discovery issues" he had listed—were excluded from the further conferral the extension was meant to allow. *See* Dkt. 157-1 ¶¶ 4–23. That is precisely the circumstance in which *C&J* declined to award fees, even after

siding with the movant on what the agreement meant. 2023 U.S. Dist. LEXIS 201016, at *8 n.2, *36–37; *see also Trs. of the Utah Carpenters' v. Carlson*, 2011 U.S. Dist. LEXIS 24002, at *5 (D. Utah Mar. 8, 2011) (denying fee motion based on counsel's good-faith misunderstanding of local rules).[1]

Simply stated, the parties were working to resolve these issues without the Court. Krithivas chose to file anyway, on the same day his requested extension was granted. That choice does not justify shifting fees to SkyWest.

## CONCLUSION

For these reasons, the Court should deny the Motion.

Dated this 14th day of October, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

[1] Krithivas relies on *Amann v. Office of the Utah Attorney General* for the proposition that withdrawing a motion does not preclude a later fee request. Motion at 3. But *Amann* affirmed the *denial* of fees to a movant who filed a motion to compel after opposing counsel said the requested privilege log was forthcoming but "a lengthy task," without further communication or warning. No. 2:18-cv-00341-JNP-DAO, 2022 U.S. Dist. LEXIS 15077, at *5, *22–26 (D. Utah Jan. 25, 2022) (unpublished). Even if the motion prompted the production, the court held, the movant had to give the other side "one final opportunity" before filing. *Id.* at *24. The footnote Krithivas cites likewise says that a later fee application "likely would have been denied." *Id.* at *26–27 n.2, *29 n.2.