Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON, and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs | **DEFENDANT KRITHIVAS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES INCURRED IN CONNECTION WITH DKT. 139 (DKT. 157)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

SkyWest concedes that signed interrogatory verifications were required and that the parties' stipulation did not alter Rule 33. Dkt. 177 at 2, 6. It nevertheless contends that its understanding of an extension of Krithivas's motion-filing deadline makes an award unjust. The contemporaneous record does not support that result. SkyWest repeatedly failed to provide verifications for answers already served, never expressly requested additional time to provide

them, and supplied them only after Krithivas filed Dkt. 139. Krithivas respectfully requests the limited $850 award sought in his Motion.

## I. THE CONTEMPORANEOUS RECORD DOES NOT ESTABLISH AN AGREEMENT TO DEFER VERIFICATION.

SkyWest's own Exhibit A records its commitment during the August 25 conference to try to provide verification pages by the end of that week. When they were not provided, Krithivas requested a firm date on September 3. SkyWest responded September 8 that counsel hoped to have a response the next day. Krithivas followed up again September 11. Dkt. 177-1 at 2–5; Dkt. 157-1 ¶¶ 4–8.

These communications identify no express request to postpone verification until further substantive supplementation, no agreed verification date, and no explanation that obtaining signatures depended on completing other discovery work. The September 11 request sought permission to file discovery motions through an extended deadline; it did not promise to refrain from filing until that deadline. Dkt. 177-1 at 2.

The filed stipulation likewise concerned Krithivas's deadline to seek relief. Its paragraph 7 expressly grounded the extension in SkyWest's August supplemental responses and production and the parties' subsequent August 25 conference. Read in context, its reference to presenting disputes on a supplemented record addressed supplementation already served—not an agreement that existing answers could remain unverified pending another supplementation package. Dkt. 131 ¶¶ 3–7.

The stipulation expressly limited the extension to DUCivR 37-1(b)(2)(C), and the Court's order stated that it "does not alter any other deadline." Dkt. 131 at 3; Dkt. 135 at 2. SkyWest reviewed and revised the proposed stipulation before approving its filing. Dkt. 177-2 at 2.

Neither the approved language nor the accompanying correspondence establishes an agreed standstill.

SkyWest ultimately provided verifications September 22—64 days after its July 20 responses, 35 days after its August 18 supplemental responses, and four weeks after the August 25 conference. Dkt. 149 at 2; Dkt. 157-1 ¶¶ 4–9. Even the extended motion-filing deadline expired September 21, before the verifications arrived. This was not a motion filed immediately upon an isolated omission.

## II. VERIFICATION SERVED AN EXISTING DISCOVERY NEED.

SkyWest argues that separately verifying its earlier answers "would have accomplished little." Dkt. 177 at 6. The record explains otherwise.

The Joint Deposition Plan documented the parties' disagreement over whether Defendants should be permitted to exceed ten depositions and SkyWest's refusal to consent absent a court order. Dkt. 65 at 2, 5–6. Against that background, Dkt. 139 expressly explained that the verifications would assist in prioritizing depositions and further discovery. Dkt. 139 at 2.

Sworn confirmation of SkyWest's existing answers could help determine which factual issues required examination and which SkyWest witnesses needed to be deposed. Krithivas was entitled to seek that confirmation while planning discovery, rather than await an unspecified future package of supplemental responses. Rule 33(b)(3) and (5) required sworn, signed answers when those answers were served; anticipated supplementation did not eliminate that obligation. Any later supplemental answers could be separately verified.

The requested fees concern only the verification dispute and this fee application, not the parties' other discovery disagreements. Dkt. 157-1 ¶¶ 11–16.

## III. SKYWEST'S AUTHORITIES DO NOT REQUIRE DENIAL OF FEES.

In *C&J Equipment Manufacturing Corp. v. Grady*, the court accepted counsel's explanation that an agreement concerning supplementation had been miscalendared and found it unclear whether the motions precipitated supplementation. No. 23-99 MV/SCY, 2023 U.S. Dist. LEXIS 201016, at *8 n.2, *36–37 (D.N.M. Nov. 8, 2023) (unpublished). Krithivas recognizes that the court denied fees even though it considered the requesting party's interpretation more accurate. But the decision does not make every asserted misunderstanding sufficient to excuse fees.

Here, the record includes an earlier verification commitment, repeated follow-ups, no express request to defer verification, and an order expressly preserving other deadlines. SkyWest's present preference to package verifications with further supplementation does not explain why it neither provided the existing verifications nor requested agreement to that delay before the motion was filed.

*Amann v. Office of the Utah Attorney General* likewise turns on its conferral record. There, counsel did not renew communications concerning the privilege log between a mid-July discussion and the August motion. No. 2:18-cv-00341-JNP-DAO, 2022 U.S. Dist. LEXIS 15077, at *22–26 (D. Utah Jan. 25, 2022) (unpublished). Here, Krithivas conferred August 25, memorialized the issue August 26, requested a firm date September 3, and continued following up before filing September 15. Dkt. 177-1 at 2–5. The request for verifications was neither abandoned nor first renewed through a motion.

Nor does *Trustees of the Utah Carpenters' v. Carlson*, which excused counsel's reliance on another district's conferral practices, establish that SkyWest's asserted understanding

outweighs this record. 2011 U.S. Dist. LEXIS 24002, at *4–5 (D. Utah Mar. 8, 2011) (unpublished).

Rule 37(a)(5)(A) expressly addresses discovery supplied after a motion is filed, subject to its enumerated exceptions. The repeated opportunities to cure, absence of an agreed extension, and practical need for verified answers support the modest award requested here.

## CONCLUSION

Krithivas respectfully requests that the Court grant Dkt. 157 and award $850 in reasonable attorney's fees, payable by SkyWest within fourteen days after entry of the Court's order.

DATED this 16th day of October, 2026.

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

**/s/ Scott C. Uthe**
Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
9280 E. Raintree Drive, Suite 104
Scottsdale, Arizona 85260
tducar@azlawyers.com
suthe@azlawyers.com
orders@azlawyers.com

*Attorneys for Defendant/Counterclaimant Vikaas Krithivas*

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of October, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all counsel of record.

**/s/ Scott C. Uthe**
Scott C. Uthe