Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF SKYWEST AIRLINES, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and DUCivR 5-3(b)(2)(C)(i) and (b)(7), respectfully moves the Court for leave to file under seal Exhibits E, G, and J to

Defendants' Joint Motion for Protective Order ("Motion for Protective Order") (Dkt. 132), which were filed under seal at Docket No. 134 (the "Sealed Exhibits"). SkyWest further respectfully requests that the Court vacate its October 20, 2026 Docket Text Order (Dkt. 180) and, if the Sealed Exhibits have already been unsealed, direct the Clerk to restore the seal pending resolution of this Motion.

## INTRODUCTION

On September 14, 2026, Defendants filed their Motion for Protective Order. Dkt. 132. Exhibits E, G, and J to that motion are documents SkyWest produced in discovery and designated CONFIDENTIAL under the Standard Protective Order, DUCivR 26-2: SkyWest_0000538 (Exhibit E), SkyWest_0000475 (Exhibit G), and SkyWest_0000526 and SkyWest_0000531 (Exhibit J). Dkt. 133 at 1–2. Defendant Daniel Moussaron moved to file the exhibits under seal on the basis of SkyWest's designation and took no position on whether the designations were proper. *Id.* at 2; DUCivR 5-3(b)(2)(C)(i). The Sealed Exhibits were filed at Docket No. 134, and redacted placeholders were filed publicly with the Motion for Protective Order. Dkt. 133 at 2; Dkt. 134. On October 20, 2026, the Court denied Moussaron's motion because SkyWest had not filed a motion to seal as DUCivR 5-3(b)(2)(C)(i) requires, and directed the Clerk to unseal Docket No. 134. Dkt. 180. SkyWest files this Motion promptly upon receiving the Court's Order.

## ARGUMENT

### A. Good Cause Exists to Maintain the Exhibits Under Seal.

Court records are "presumptively open to the public," but a judge may order a document sealed "[o]n motion of a party and a showing of good cause." DUCivR 5-3(a)(1). The right of

access "is not absolute," and "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access," *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation modified), and the party seeking to seal must articulate a "real and substantial interest" justifying the request, *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Courts in this District routinely find that standard satisfied for confidential business information and information implicating the privacy of nonparties, especially where it is of minimal public interest. *See Blendtec Inc. v. BlendJet Inc.*, 2025 U.S. Dist. LEXIS 190694, at *5 (D. Utah Sept. 26, 2025). The public's interest is weakest where the material is not necessary to understand the issues before the court or where the relevant substance is already in the public record.

SkyWest's request is limited to the three Sealed Exhibits.[1] The Motion for Protective Order, its remaining exhibits, and the supporting declarations remain public, as do the public placeholders for the Sealed Exhibits. *See* Dkt. 133 at 2. SkyWest is also prepared to file redacted alternatives for the Sealed Exhibits should the Court prefer that approach. *See* DUCivR 5-3(b)(2)(A).

**Exhibit E (SkyWest_0000538)** is a screenshot of a private January 11, 2026 text-message exchange among three SkyWest flight-operations executives. The exchange forwards a post from a private employee social-media group in which a nonparty SkyWest pilot—

[1] SkyWest recognizes that a designation under the Standard Protective Order does not, by itself, justify sealing. DUCivR 5-3(a)(1). Its request therefore rests on the specific contents of each exhibit, as set forth below, and is narrowly tailored to protect only the information that warrants it.

identified by name—describes his reaction to a union-organizing call, his prior union experiences, and how he intends to vote on union representation. The executives then discuss which internal SkyWest systems might have been the source of the access referenced in the post and who should investigate it. The exhibit thus reveals a nonparty employee's identity and that individual's private views on union representation, as well as SkyWest's preliminary internal deliberations about the security of its systems during an active investigation.

Both interests warrant sealing. The nonparty pilot's privacy interest is substantial, and it is precisely the type of interest Defendants themselves ask the Court to protect in their Motion for Protective Order—protection for "individualized pilot responses reflecting whether a pilot supported, opposed, was undecided about, or otherwise privately responded to organizing outreach." Dkt. 132 at 2. Indeed, Defendants' public brief describes the post only as "an anonymous pilot's Facebook post," *id.* at 9, but the exhibit itself would publicly identify him. Additionally, the discussion of which internal systems may have been exploited is the same type of security-sensitive information SkyWest has sought to protect throughout this case. *See* Dkt. 6.

The public interest, by contrast, is minimal. Defendants quoted the portion of the exchange on which they rely in their publicly filed Motion for Protective Order, Dkt. 132 at 9, so the public can evaluate their argument and the Court's ruling without access to the nonparty pilot's identity or SkyWest's internal deliberations.

**Exhibit G (SkyWest_0000475)** is a February 2, 2026 email from SkyWest's General Counsel to a nonparty American Airlines employee. SkyWest acknowledges that the existence and substance of that email are already discussed in public filings, *see, e.g.*, Dkt. 132 at 10, and

it does not ask the Court to shield that substance from public view. Exhibit G, however, also discloses the nonparty recipient's name and direct email address, along with direct contact information for SkyWest's General Counsel. That information is not pertinent to any issue before the Court, and its public disclosure would serve no purpose other than to expose a nonparty to unsolicited contact. *See* DUCivR 5-3(a)(2)(C).

**Exhibit J (SkyWest_0000526 and SkyWest_0000531)** consists of two form confidentiality agreements between SkyWest and individual representatives of the SkyWest Airline Pilots Association ("SAPA"). The agreements set out SkyWest's internal definition of confidential information, the categories of employee and business data SkyWest entrusts to SAPA representatives, the conditions on that access, and the specific contractual remedies—including a stipulated liquidated-damages amount—SkyWest uses to protect that data. These are non-public contract terms governing SkyWest's relationships with nonparty employees and its controls over access to sensitive employee information. Public disclosure of the complete agreements would reveal the internal terms on which SkyWest grants and polices access to that data and would place the confidential terms of its arrangements with nonparties into the public record.

The public interest in these form agreements is limited. SkyWest produced them as exemplars as part of the meet and confer process over its objection that its arrangements with SAPA leaders are not at issue in this case, *see* Dkt. 110 at 2, and Defendants have already publicly quoted the particular provisions on which they rely. Dkt. 132 at 14. The public therefore has access to everything necessary to understand Defendants' arguments.

SkyWest requests that the Sealed Exhibits remain under seal through the conclusion of this action, subject to further order of the Court. DUCivR 5-3(b)(2)(B). If the Court permits redacted versions of any exhibit, SkyWest is prepared to file them immediately.

**B. The Court Should Excuse the Untimely Filing and Vacate Its Unsealing Order.**

When a party fails to act within a specified time, the Court may extend the time on motion "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant," and the inquiry is "at bottom an equitable one, taking account of all relevant circumstances," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993). The local rule likewise provides that the requirements of DUCivR 5-3(b) "may be modified by the court upon a showing of good cause," and that when a designating party does not timely move, the original motion "may"—not must—be denied. DUCivR 5-3(b)(2)(C)(i), (b)(7). And because the October 20 Order is interlocutory, the Court retains authority to revise it "at any time" before entry of judgment. Fed. R. Civ. P. 54(b). Each consideration favors relief here.

*First*, no party will be prejudiced by the present Motion. Moussaron took no position on whether the exhibits should remain sealed, Dkt. 133 at 2; Defendants have full copies of the exhibits and have already made their arguments based on them in a publicly filed brief, *see* Dkt. 132; and the sealing question does not affect the merits of any pending motion. *Second*, the

delay was approximately one month and will have no impact on judicial proceedings: the Motion for Protective Order remains pending, and SkyWest filed this Motion immediately once the Court's Order brought the missed deadline to its attention. *Third*, as to the reason for the delay, SkyWest's oversight was inadvertent and isolated, and *Pioneer* makes clear that such neglect may be excused where, as here, the remaining factors weigh in the movant's favor. 507 U.S. at 392, 395. *Fourth*, SkyWest has acted in good faith throughout.

The oversight was not the product of any tactical choice, and SkyWest has consistently treated these documents as confidential—it designated them under the Standard Protective Order when it produced them—and it has sought to seal comparable employee and system information since the outset of this case. *See* Dkt. 6. Additionally, the equities strongly favor relief because denial would cause irreversible harm, much of it to nonparties who bear no responsibility for the missed deadline: once the Sealed Exhibits are public, the confidentiality of the nonparty pilot's identity and union views, the nonparty recipient's contact information, and SkyWest's business information cannot be restored.

SkyWest therefore respectfully requests that the Court excuse the untimely filing and consider this Motion on its merits.

## CONCLUSION

For these reasons, SkyWest respectfully requests that the Court (1) vacate its October 20, 2026 Order (Dkt. 180); (2) order that Exhibits E, G, and J (Dkt. 134-1, 134-2, and 134-3) remain under seal or, if they have been unsealed, direct the Clerk to restore the seal; and (3) in the alternative, permit SkyWest to file redacted versions of the Sealed Exhibits within seven days of the Court's order. A proposed order is submitted herewith.

Dated this 20th day of October, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

39960965_v2