IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Under Seal.[1] For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

On September 14, 2026, Defendant Moussaron filed a motion for leave to file certain exhibits under seal.[2] Defendant sought to seal documents that Plaintiff had designated as confidential. Defendant's motion noted that, under DUCivR 5-3(b)(2)(C)(i), since the sole reason for the request was because Plaintiff had designated the documents as confidential, Plaintiff was required to file its own motion to seal.[3] Defendant's motion also warned that failure to timely do so may result in unsealing without further notice.[4]

[1] Docket No. 183, filed October 20, 2026.

[2] Docket No. 133.

[3] *Id.* at 2; DUCivR 5-3(b)(2)(C)(i).

[4] Docket No. 133, at 2; DUCivR 5-3(b)(2)(C)(i).

Despite Defendant's motion, notice, and warning, Plaintiff made no effort to seal its purported confidential documents. Having received nothing from Plaintiff, the Court exercised its discretion and denied Defendant's motion and ordered the documents unsealed. Soon thereafter, Plaintiff filed the instant Motion.

## II. DISCUSSION

Because Plaintiff's Motion was filed outside the time limit set forth by the local rules, the Court must consider whether Plaintiff has shown good cause and excusable neglect. Under Fed. R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[5] In determining whether a party's neglect is excusable, the Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.[6]

Here, there is no danger of prejudice to Defendants, the length of the delay was minimal, and there is no evidence of bad faith. However, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[7] The Supreme Court has made clear that "inadvertence, ignorance of the rules, or

---

[5] Fed. R. Civ. P. 6(b).

[6] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

[7] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.").

mistakes construing the rules do not usually constitute 'excusable' neglect."[8] Similarly, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."[9]

Plaintiff's only excuse for its untimely Motion is that its "oversight was inadvertent and isolated" and "was not the product of any tactical choice."[10] Plaintiff provides nothing but these conclusory, unsupported statements to justify its untimeliness. The fact that Plaintiff does not even attempt to explain its failure to file a timely motion necessarily defeats the Motion.

Even considering the merits, Plaintiff's Motion fails. "In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[11] However, this right is "not absolute."[12] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[13] "'The party seeking to overcome the presumption' of public access to

---

[8] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

[9] *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (citations and internal quotation marks omitted) (discussing equitable tolling of the deadline of 28 U.S.C. § 2244(d)(1)); *see also Biodiversity Conservation All. v. BLM*, 438 F. App'x 669, 673 (10th Cir. 2011) (finding that counsel's miscalculation of a deadline cannot constitute excusable neglect).

[10] Docket No. 183, at 7.

[11] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (internal quotation marks and citation omitted).

[12] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks and citation omitted).

[13] *Id.* (internal quotation marks and citation omitted).

[court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[14]

Turning to the first document, which consists of a text thread between SkyWest employees, Plaintiff contends this exhibit "reveals a nonparty employee's identity and that individual's private views on union representation, as well as SkyWest's preliminary internal deliberations about the security of its systems during an active investigation."[15] Not only does Plaintiff overstate the substance of the text thread, Plaintiff also seeks absolution for its own dilatory conduct. As for the non-party employee's identification and views on unionization, this constitutes, at best, the potential for reputational harm. The potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public.[16] Any harm that may result from such disclosure is of Plaintiff's own making and can be redressed by the employee in the appropriate setting.

Turning next to the email between Plaintiff's general counsel and an attorney at American Airlines. That document has long been publicly filed in this case.[17] Plaintiff has, therefore, waived any claim that the information therein should be sealed. Plaintiff's concern that disclosure could "expose a nonparty to unsolicited contact"[18] is easily resolved by a simple deletion of such emails.

---

[14] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[15] Docket No. 183, at 4.

[16] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).

[17] *See* Docket No. 68-2.

[18] Docket No. 183, at 5.

Finally, with respect to confidentiality and nondisclosure agreements, nothing in those agreements supports Plaintiff's request to seal. They are boilerplate agreements that contain no confidential or proprietary information. Even the agreements' definition of "confidential information" is so vague and broad that it provides nothing warranting protection. In sum, not only is Plaintiff's Motion untimely it is also without merit.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Under Seal (Docket No. 183) is DENIED. The Clerk is directed to unseal Docket No. 184.

DATED this 21st day of October, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge