Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs. | **DEFENDANTS' JOINT RESPONSE TO THE COURT'S OCTOBER 20, 2026 DOCKET TEXT ORDER REGARDING MOOTNESS OF DKTS. 127, 128, 129, 136, 137 AND 138**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants respond to the Court's October 20, 2026 docket text order.

## MOUSSARON (DKTS. 127, 128, 129)

**Dkts. 128 and 129 – Interrogatory No. 3; Interrogatory No. 1 and Requests for Production Nos. 1–5.** The motions are withdrawn by separate notices filed today: SkyWest's September 18 supplemental answers and October 2 production supply what the requests sought.

**Dkt. 127 – Interrogatory No. 5, Request for Production No. 6 and verification.** The motion sought (1) the promised supplement to Interrogatory No. 5, (2) the communications SkyWest agreed to produce under Request for Production No. 6, and (3) a Rule 33(b)(5) verification of the April 22 answers. Items (1) and (3) were served September 18;[1] the motion is withdrawn as to them.

Item (2) is not moot. Request for Production No. 6 asks for communications "about, relating to, or regarding" five items – the December 9 text, the December 9 ALPA email, the Spam Text Notice, the January 28 Message to Pilots and its reporting portal, and the February 1 SAPA email – which SkyWest agreed to produce.[2] Its supplement identifies as the production SkyWest_000002–000004 and SkyWest_000006 – four pages that are the items themselves – and says it "could not locate" anything for the two emails.[3] No communication about any of the five has been produced, yet SkyWest's own answer to Interrogatory No. 5 names who generated them: Snow "coordinated SkyWest's internal employee communications … including the Spam Text Notice … the Message to Pilots … and the pilot reporting portal"; Butterfus "assisted in building the 'Report Unauthorized Contact' form."[4] Communications SkyWest says occurred

[1] Dkt. 142, pgs. 2–3.
[2] SkyWest Resp. to Moussaron First Set of Expedited Discovery (Feb. 26, 2026), RFP No. 6 response.
[3] SkyWest First Supp. Resp. (Sept. 18, 2026), RFP No. 6 response; Dkt. 142, pg. 3.
[4] Id., Interrog. No. 5 answer.

cannot be communications it cannot locate. None is logged, and no Rule 34(b)(2)(C) withholding statement is given. Moussaron asks that SkyWest be ordered to produce the communications responsive to items (a) through (e) within fourteen days, or state that none exists, and to log anything withheld.

**KRITHIVAS (DKTS. 136, 137, 138)**

**Dkt. 136 – Investigation and response costs.** The motion is not moot. SkyWest's opposition relies on future production commitments, and responsive production remains incomplete, including any Palo Alto reports and related deliverables. SkyWest admits the penetration test occurred in the first quarter of 2026 and that it paid $15,840 for replacement credits.[5] Krithivas continues to seek the outstanding production, completeness statements, and privilege information requested in the motion.[6]

**Dkt. 137 – Reports underlying SkyWest's investigation.** The motion is not moot. SkyWest's Board presentation expressly states that it received "reports from pilots" concerning the December 9 text and posted its December 10 notice.[7] Yet SkyWest identifies no underlying reports predating that notice. The January 11 Facebook post and post-January 26 portal submissions do not account for the earlier reports. SkyWest's privilege log identifies no December 2025 withheld communications. Krithivas continues to seek the underlying reports responsive to RFPs 26–27, or clarification whether those reports were oral, unrecorded, or otherwise unavailable, and whether responsive documents are being withheld.

---

[5] Dkt. 146, pgs. 2–4 (claimed payment and promised production); SkyWest's Responses to Krithivas's Third Set of Discovery Requests (Sept. 30, 2026), Interrog. No. 24, pg. 12 (first-quarter testing and replacement credits).
[6] Dkt. 136, pg. 2 (requested production, amended Rule 34 responses, and privilege log).
[7] SkyWest_0000737 (produced Board presentation); Dkt. 147, pgs. 2–3; Dkt. 137, pg. 2 (requested reports, completeness statements, and privilege information).

**Dkt. 138 – American Airlines communications and call records.** The motion is not moot. At minimum, SkyWest should produce Hansen's call records for February 2–8, 2026, with unrelated entries redacted, and records identifying Childs's call to American, including the telephone number, date, duration, and recipient if known. This minimum production does not replace the remaining relief sought for January 30–April 10, 2026.[9] SkyWest's objection that the telephone records contain unrelated communications can be addressed through redaction rather than wholesale withholding.

## RESERVATION OF EXPENSES

Defendants jointly reserve their requests under Rule 37(a)(5)(A) for the reasonable expenses of making Dkts. 127, 128, 129, 136, 137 and 138, including as to any relief resolved by discovery SkyWest provided after the motions were filed, to be presented at a time the Court directs. The withdrawal of a motion, or of any part of one, is not a waiver of that request.

DATED this 26th day of October, 2026.

**SCHOLNICK THORNE HOLLAND**

/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

/s/ Scott C. Uthe (with permission)
Timothy D. Ducar
Scott C. Uthe
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

[9] Dkt. 148, pgs. 2–4 (identified calls and objection to broader telephone records); Dkt. 138, pg. 2 (requested call details and January 30–April 10 date range).