Jonathan K. Thorne (Utah Bar No. 12694)
Lauren I. Scholnick (Utah Bar No. 7776)
Jack Holland (pro hac vice)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

Timothy D. Ducar (Utah Bar No. 13423)
Scott C. Uthe (pro hac vice)
**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**
9280 E. Raintree Drive, Suite 104
Scottsdale, AZ 85260
Telephone: (480) 502-2119
Facsimile: (480) 452-0900
Email: orders@azlawyers.com
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON and VIKAAS KRITHIVAS,<br><br>Defendants and Counterclaim Plaintiffs. | **DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER (DKT. 132)**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Pursuant to DUCivR 7-1(a)(7), Defendants and Counterclaim Plaintiffs Daniel Moussaron and Vikaas Krithivas jointly move for leave to file a reply of up to 6,200 words—3,100 words beyond the otherwise applicable limit—in support of their Joint Motion for Protective Order (Dkt. 132). The reply is due October 27, 2026.

**GOOD CAUSE**

1. The applicable limit. The Court directed that the Motion "and all subsequent briefing shall comply with DUCivR 7-1(a)(4)(A),"[1] under which a reply "may not exceed 10 pages or 3,100 words."[2] Defendants filed their Motion at 5,757 words, within the 7,750-word limit.[3]

2. On October 9, SkyWest sought leave to file an overlength Opposition, explaining that the Motion "presents complex and consequential legal issues," that the *Grandbouche* analysis "is information-specific" and must be addressed across "six distinct categories of information," and that the Opposition "must also address the evidence submitted in connection with the Motion."[4] The Court granted leave for 10,250 words.[5] The Opposition attaches eighteen exhibits (Dkts. 174-1 through 174-18), including a new fact declaration from SkyWest's Vice President of Legal Affairs (Dkt. 174-16) and ALPA's objections to SkyWest's subpoena (Dkt. 174-12). Each reason SkyWest gave for its own length applies with equal force to the reply, which must respond both to the Opposition's legal arguments and to the evidence SkyWest introduced for the first time.

---

[1] Dkt. 108, pg. 3.
[2] DUCivR 7-1(a)(4)(A)(ii).
[3] Dkt. 132, certificate of compliance.
[4] Dkt. 164, pgs. 2–3.
[5] Dkt. 172.

3. The Opposition raises matters not in the Motion. The Opposition argues, for the first time in any filing, that Defendants waived the First Amendment associational privilege under Rule 33(b)(4), devoting a section and roughly a dozen authorities to the point.[6] It submits the Emerson declaration as a "critical, unrebutted fact" on the prima facie showing.[7] It asks the Court not only to deny the Motion but to "grant SkyWest's discovery motions (Dkt. Nos. 61, 63, 67, 69, 70, 71, 72)" and order production within fourteen days.[8] And it rests on an account of the discovery record – what Defendants have and have not produced, what they represented, and when the privilege was first asserted.

4. The ruling will govern the remaining discovery. As SkyWest itself observed, the Court's ruling on the Motion "will determine the sequence and scope of the remaining discovery."[9]

5. The request is proportionate. Defendants have prepared their reply and have substantially pared down the length from the original draft. Even so condensed, a reply that answers the waiver argument, the Emerson declaration, the four *Grandbouche* factors, and the Opposition's account of the record cannot be done in a coherent manner in 3,100 words.

6. Compliance. The reply will contain a table of contents as DUCivR 7-1(a)(7)(B) requires, and a certificate of compliance under DUCivR 7-1(a)(6)(C). This motion is filed before the reply so that the order may be obtained before filing, as DUCivR 7-1(a)(7)(A) requires. A proposed order is submitted with this motion and has been emailed to chambers in editable form.

[6] Dkt. 174, pgs. 15–16.
[7] Dkt. 174, pg. 19; Dkt. 174-16.
[8] Dkt. 174, pg. 34.
[9] Dkt. 164, pg. 3.

## RELIEF REQUESTED

Defendants respectfully request that the Court grant leave to file a reply in support of the Joint Motion for Protective Order (Dkt. 132) of up to 6,200 words, exclusive of the portions excluded by DUCivR 7-1(a)(6)(B). Given the October 27, 2026 reply deadline, Defendants respectfully request expedited consideration of this Motion.

DATED this 26th day of October, 2026.

**SCHOLNICK THORNE HOLLAND**

/s/ Jonathan K. Thorne
Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
*Attorneys for Defendant and Counterclaim Plaintiff Daniel Moussaron*

**LAW OFFICES OF TIMOTHY D. DUCAR, PLC**

/s/ Scott C. Uthe (with permission)
Timothy D. Ducar
Scott C. Uthe
*Attorneys for Defendant and Counterclaim Plaintiff Vikaas Krithivas*