# EXHIBIT A

# Holland & Hart

**Tyson C. Horrocks**
**Partner**
**Phone:** (801) 799-5923
TCHorrocks@hollandhart.com

July 31, 2026

***VIA EMAIL ONLY***

Jonathan K. Thorne
Lauren I. Scholnick
Jack Holland
**Scholnick Thorne Holland**
40 South 600 East
Salt Lake City, Utah 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com
jack@laborwest.com

**Re: Meet and Confer re Moussaron's Supplemental Responses to SkyWest's Second Set of Discovery Requests**

Johathan:

We write to meet and confer regarding Mr. Moussaron's Supplemental Responses to SkyWest's Second Set of Discovery Requests, served July 17, 2026. This letter is sent in a good-faith effort to address a discrete but significant deficiency in those responses and to determine whether it can be resolved without court intervention.

For the first time in those supplemental responses, Mr. Moussaron asserts a First Amendment associational-privilege objection (paired with an objection under Federal Rule of Civil Procedure 26(c)(1)(G)) to nearly every interrogatory and request for production at issue. That objection was available to Mr. Moussaron when he served his initial responses on June 5, 2026, but it was not asserted then. It is therefore waived, and we ask that Mr. Moussaron withdraw it.

This letter is limited to that issue; our silence on any other aspect of the responses is not a waiver of SkyWest's positions or rights. If Mr. Moussaron is not willing to withdraw the objection, SkyWest will have no choice but to seek the Court's intervention. Please let us know your availability next week to meet and confer.

Holland & Hart



**1. The Newly Added First Amendment Objection Appears for the First Time in the Supplemental Responses.**

Mr. Moussaron's supplemental responses expressly flag his additions. As the preamble states, "[t]he supplements are all in bold type for ease of reference". The bolded, newly inserted language is materially identical each time it appears: "Moussaron further objects to this [interrogatory/request] to the extent it seeks information protected by the First Amendment associational privilege and by Federal Rule of Civil Procedure 26(c)(1)(G)".

This new objection was not confined to one or two responses. By our review, Mr. Moussaron added the First Amendment associational-privilege objection to his supplemental answers to Interrogatory Nos. 7, 9, 10, 11, 12, 13, and 16. He likewise added it to his supplemental answers to Requests for Production Nos. 6, 7, 8, 10, 13, 14, 16, 17, 18, 20, 22, 24, 25, 26, 28, and 29.

**2. The First Amendment Associational-Privilege Objection Was Not Raised in Mr. Moussaron's Initial June 5, 2026 Responses.**

Mr. Moussaron's initial responses to the same Second Set of Discovery Requests, served June 5, 2026, contained no First Amendment associational-privilege objection anywhere. His General Objections in the initial responses invoked the attorney-client and work-product privileges and objected "to any request seeking confidential union organizing information that is protected under the Railway Labor Act," but said nothing about the First Amendment or Rule 26(c)(1)(G). The individual responses were the same.[1] The First Amendment associational-privilege objection appears for the first time in the July 17 supplement, more than six weeks later.

Nothing changed between June 5 and July 17 that could excuse the objection's absence from the initial responses. The First Amendment associational privilege, if it applied at all, turned on facts Mr. Moussaron has asserted from the outset of this litigation—namely, that the discovery seeks the identities, contact information, and organizing-related responses of pilots involved in a protected organizing campaign. Those facts were fully known to Mr. Moussaron in June. In fact, Mr. Moussaron had already objected that this discovery would deter protected organizing activity well before the supplement—in his June 5 responses and even earlier in his February 10, 2026 opposition to device imaging—but he grounded that objection in the Railway Labor Act rather than the First Amendment. There is no newly discovered information that would justify withholding the constitutional objection until the supplement.

[1] For example, his initial answer to Interrogatory No. 7 objected on grounds of overbreadth, vagueness, burden, relevance, control, and the Railway Labor Act only; his initial answers to Interrogatory Nos. 9, 10, 12, and 13 did the same; and his initial answers to Requests for Production Nos. 11, 13, 24, and 25 asserted no First Amendment or Rule 26(c)(1)(G) objection.

Holland & Hart



**3. The First Amendment Objection Is Distinct from the Railway Labor Act Objection and Was Not Preserved By It**

We anticipate Mr. Moussaron may argue that the First Amendment objection is simply a facet of the Railway Labor Act objection he did assert in June. It is not. The two rest on different legal sources and require different showings.

The Railway Labor Act objection is a statutory argument grounded in 45 U.S.C. § 151 et seq. and § 152, Fourth, asserting that compelled disclosure of organizing information interferes with the statutory right to organize. The First Amendment associational privilege, by contrast, is a constitutional doctrine protecting freedom of association in certain situations, and it carries its own distinct framework (that Defendants have not and cannot meet).

Mr. Moussaron's own submissions treat the two as separate: his supplemental responses and his July 16, 2026 privilege log list "Railway Labor Act, 45 U.S.C. § 152, Fourth" and "First Amendment associational privilege" as separate, independently enumerated grounds, alongside Rule 26(c)(1)(G). A party cannot assert one legal ground for withholding and later claim it silently preserved a different one. Because the First Amendment objection is a distinct substantive argument, the timely Railway Labor Act objection did not preserve it.

We also note, for the record, that SkyWest disputes the substance of any associational or "union-organizing" privilege here. As set forth in SkyWest's July 6, 2026 Motion to Enter Forensic Protocol, there is no recognized union-organizing privilege that shields relevant evidence from discovery, and the Railway Labor Act does not create an evidentiary privilege premised on a claimed chilling effect. *See NetJets Aviation, Inc. v. NetJets Ass'n of Shared Aircraft Pilots*, 2017 U.S. Dist. LEXIS 129354, at *10-11 (S.D. Ohio Aug. 15, 2017); *Hernandez v. Off. of the Comm'r of Baseball*, 331 F.R.D. 474, 478 (S.D.N.Y. 2019). We raise the timeliness/waiver issue here without prejudice to, and in addition to, SkyWest's position that the objection fails on the merits.

**4. The Untimely Objection Is Waived**

Under the Federal Rules, objections to interrogatories must be stated in a timely response or they are waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Although Rule 34 contains no comparable automatic-waiver provision, federal courts—including courts within the Tenth Circuit—apply the same rule to requests for production, holding that objections first asserted after the response deadline, including in supplemental responses, are ordinarily waived. See *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) (untimely objections to interrogatories and requests for production ordinarily waived); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666–67 (D. Kan. 2004) (privilege objection waived where never asserted in the initial response, and a general "to the extent" objection "is tantamount to asserting no objection at all"); *Smash Tech., LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 446–47 (D. Utah 2020) (boilerplate and nonspecific objections fail to preserve objections under Rules 33 and 34).

Holland & Hart



Mr. Moussaron cannot show the good cause required to excuse the delay. As explained above, the First Amendment objection rested entirely on facts known to him in June, and he offers no explanation for asserting it only now. Rule 26(e), which authorizes supplementation, does not permit a responding party to smuggle in new, previously available objections; it addresses correcting or completing responses, not resurrecting waived grounds for withholding.

Finally, Mr. Moussaron has himself embraced exactly this waiver principle. In his Third Set of Discovery Requests to SkyWest, served July 6, 2026, Mr. Moussaron instructed that, under Rules 33(b)(4) and 34(b)(2)(B)–(C), "any ground for objecting to a request must be stated with specificity," and that objections and reservations "not tied to a specific request and a specific ground do not comply with the Federal Rules, and Moussaron will treat them as waived." SkyWest asks only that the same standard apply to Mr. Moussaron's own untimely objection.

**5. Requested Resolution**

We ask that Mr. Moussaron withdraw the First Amendment associational-privilege objection (and the accompanying Rule 26(c)(1)(G) objection to the extent it was likewise raised for the first time in the supplement) as to each interrogatory and request for production identified above, and confirm that withdrawal in writing. To the extent Mr. Moussaron has withheld any responsive information or documents on the basis of the untimely First Amendment objection, we ask that he supplement his responses and production accordingly.

Please let us know by Wednesday, August 5, 2026, whether Mr. Moussaron will withdraw the untimely First Amendment associational-privilege objection and supplement his responses and production accordingly. To the extent Mr. Moussaron is not willing to amend his responses, please let us know your availability to meet and confer. If these issues cannot be resolved informally, SkyWest will have no choice but to seek appropriate relief from the Court, including an order compelling responses and treating the objection as waived.

If you have any questions, please do not hesitate to contact me directly.

Sincerely yours,

*/s/ Tyson Horrocks*

Tyson C. Horrocks
Partner
of Holland & Hart LLP

38743584_v1