# EXHIBIT B

**From:** Jonathan Thorne <Jonathan@utahjobjustice.com>
**Sent:** Wednesday, August 5, 2026 1:00 PM
**To:** Vita S. Garrett <VSGarrett@hollandhart.com>; Lauren Scholnick <lauren@utahjobjustice.com>; Jack Holland <jack@laborwest.com>
**Cc:** Tyson C. Horrocks <TCHorrocks@hollandhart.com>; Greg Saylin <GMSaylin@hollandhart.com>; Zach T. Burford <ZTBurford@hollandhart.com>; Scott Uthe <suthe@azlawyers.com>
**Subject:** Re: SkyWest Airlines v. Moussaron, et al.

Tyson/Zach,

I write in response to your July 31 letter regarding your demand that we withdraw the First Amendment Associational Privilege objection. Moussaron will not withdraw the objection or the accompanying Rule 26(c)(1)(G) objection. Neither is untimely, and neither is waived.

**1. The ground was stated on June 5.** Rule 33(b)(4) requires that the *grounds* for an objection be stated with specificity. They were – and have been repeatedly raised since February of this year. Moussaron's June 5 responses objected, request by request, that the discovery sought "the identities and union-related poll responses of SkyWest pilots contacted through protected organizing activity, the disclosure of which to their employer would chill the exercise of protected rights"; that production "would expose those individuals to retaliation"; that it "would expose individual pilots' union sympathies and have a direct and substantial chilling effect on the exercise of protected rights"; and that compelled disclosure of "internal campaign strategy, meeting materials, and membership information" would have "a direct and substantial chilling effect on protected organizing rights." That is the associational objection – the same protected interests, the same chilling effect, the same threatened retaliation – stated specifically and tied to particular requests.

**2. Your letter concedes SkyWest had notice.** You acknowledge that Moussaron "had already objected that this discovery would deter protected organizing activity well before the supplement – in his June 5 responses and even earlier in his February 10, 2026 opposition to device imaging." Waiver guards against unfair surprise. There is none. SkyWest has had this objection, and its entire factual predicate, since February.

**3. Citing authority is not asserting a new objection.** Rule 33(b)(4) waives unstated *grounds*, not unstated case citations. The July 17 supplement withheld nothing new; it identified the constitutional authority supporting a ground already asserted, and did so in bold so that every change was apparent on its face. Your authorities do not provide a basis under which you request that we withdraw the objection: *Sonnino* and *Smash Technologies* address boilerplate and nonspecific objections that preserved nothing; *Pulsecard, Inc. v. DiscoverCard Servs.* also addresses boilerplate objections related to the defendants in that case trying to incorporate general objections into each interrogatory and request for production; and that a party should provide the *grounds* of the objection. Moussaron's June 5 objections were neither boilerplate nor generic.

**4. Rule 26(c)(1)(G).** We raised Rule 26(c)(1)(G) as a basis on which the Court may enter protection on motion, and that relief is already before the Court.

**5. Other objections provide the same grounds for objection.** Even on SkyWest's framing, the identical material remains withheld under the timely objections that specifically detail the grounds for objecting, under the Railway Labor Act objection, and the relevance and proportionality objections served June 5. I'll note the cited NetJets is not binding authority on this court. Meanwhile, the associational privilege is squarely briefed in Defendants' opposition (Dkt. 77) and in the responses to Dkts. 67, 70, and 71. The Court will reach it on the merits regardless.

**6. SkyWest's objections and supplement.** SkyWest's own General Objections reserve the right to supplement under Rule 26(e); its August 3 letter proposes deferring amendment of SkyWest's written responses until after an August 20 production; and its July 31 reply relies on authorities appearing nowhere in the underlying motion.

We remain willing to confer in good faith and happy to further discuss on Friday morning.

Jonathan K. Thorne
SCHOLNICK THORNE HOLLAND

40 South 600 East
Salt Lake City, UT 84102
p: 801.359.4169 ext. 314
f: 801.359.4313
www.utahjobjustice.com

WASHINGTON OFFICE:
705 Second Ave, Suite 1100
Seattle, WA 98104
p: 406.546.6962

This electronic transmission may contain confidential and privileged information. This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is exempt from disclosure under applicable federal or state law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and destroy the original message received by you.