# EXHIBIT F

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF SKYWEST AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' JOINT NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF SKYWEST AIRLINES, INC.**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. ("SkyWest"), pursuant to Federal Rules of Civil Procedure 26 and 30 and DUCivR 30-2, hereby responds and objects to Defendants and Counterclaim Plaintiffs Daniel Moussaron's and Vikaas Krithivas's Joint Notice

Based on the foregoing objections, the topic must be further defined and narrowed. SkyWest is willing to meet and confer regarding a narrowed topic described with reasonable particularity. SkyWest is also willing to meet and confer regarding whether it will designate testimony already given (or documents already produced) as its response on this topic.

**Topic No. 14:** SkyWest's Knowledge of ALPA Organizing and Its Corporate Response. SkyWest's knowledge of, response to, and actions concerning efforts by Moussaron, the Organizing Committee, ALPA, or other SkyWest pilots to organize or obtain representation through ALPA during 2025 and 2026, including when and how SkyWest first became aware of the organizing activity; the persons within SkyWest who received or discussed that information; whether the organizing purpose was considered in the SWOL investigation, in employment decisions, in communications to employees, or in SkyWest's decision to file this action; any distinction SkyWest drew between use of pilot contact information for union-organizing purposes and for other non-SkyWest purposes; and the nonprivileged actions SkyWest took in response to the organizing effort, including any restriction of access from SkyWest networks or crew-room computers to websites concerning ALPA or the organizing campaign.

**Objections:** SkyWest objects to Topic No. 14 on the grounds that it is not described with reasonable particularity, is grossly overbroad, is not proportional to the needs of the case, seeks irrelevant information, is compound, is vague as to "knowledge of," "response to," "actions concerning," "received or discussed," and "any distinction," and seeks privileged material. The topic reaches two full calendar years, every organizing effort by any SkyWest pilot, "the persons within SkyWest who received or discussed that information," and "any restriction of access from SkyWest networks or crew-room computers to websites concerning ALPA or the organizing

campaign," and the clause reaching "nonprivileged actions SkyWest took in response to the organizing effort" has no temporal limitation. *Hartford Fire*, 2009 U.S. Dist. LEXIS 82667, at *32. Preparing a designee on corporate-wide knowledge of organizing activity across 2025 and 2026 would require SkyWest to canvass its entire management structure and produce multiple designees on a subject that is not an element of any claim or defense. *See Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000); *Bowers*, 2011 U.S. Dist. LEXIS 138782, at *11–12; *Lipari*, 2008 U.S. Dist. LEXIS 82594, at *18. The clause asking whether the organizing purpose "was considered . . . in SkyWest's decision to file this action" seeks the privileged decision to commence litigation; the topic would require testimony identifying nonparty pilots who engaged in organizing activity; "[a]ny distinction SkyWest drew between use of pilot contact information for union-organizing purposes and for other non-SkyWest purposes" calls for a legal conclusion; and the topic overlaps the subject matter of Defendants' pending Joint Motion for Protective Order (Dkt. 132) and should not be examined before the Court rules.

The topic is unduly burdensome because it would require SkyWest's attorneys to spend a significant amount of time interviewing personnel throughout its management structure to identify every person who "received or discussed" information about organizing activity over two years. The nature and extent of the organizing effort are within the knowledge of Defendants, the Organizing Committee, and ALPA. Topic 14 contains at least five separately enumerated subparts and spans two calendar years. *See* General Objections N, O, and Q.

Based on the foregoing objections, the topic must be further defined and narrowed. SkyWest is willing to meet and confer regarding a narrowed topic described with reasonable

particularity. SkyWest is also willing to meet and confer regarding whether it will designate testimony already given (or documents already produced) as its response on this topic.

**Topic No. 15:** SkyWest and SAPA. From January 1, 2023 through the present, SkyWest's provision of pilot names, addresses, telephone numbers, contact lists, directory or Sked+ access, mailing information, funding, office space, IT infrastructure, legal services, or other resources to SAPA or persons acting on its behalf; SkyWest's use of pilot contact information to facilitate SAPA communications, elections, solicitations, or mailings; the policies and the technical or contractual authorization governing such access or use and the SkyWest personnel responsible for approving it; and nonprivileged communications between SkyWest and SAPA or SAPA representatives concerning ALPA, union organizing, the Organizing Committee, Moussaron, Krithivas, the December 9, 2025 text message, or Pilot Contact Information.

**Objections:** SkyWest objects to Topic No. 15 in its entirety on the grounds that it seeks irrelevant information, is not proportional to the needs of the case, is overly broad, is compound, is vague as to "resources," "IT infrastructure," "facilitate," "persons acting on its behalf," and "contractual authorization," and seeks privileged and protected material. No claim or defense turns on SkyWest's relationship with the SkyWest Airlines Pilots Association. The topic spans nearly four years "through the present," *Hartford Fire*, 2009 U.S. Dist. LEXIS 82667, at *32, contains at least eleven enumerated categories of "resources" plus an unbounded "or other resources," and demands "nonprivileged communications between SkyWest and SAPA or SAPA representatives" concerning seven additional subjects—an attempt to convert a data-access action into an audit of SkyWest's labor relations. *See Reed*, 193 F.R.D. at 692; *Tri-State Hosp. Supply*, 226 F.R.D. at 125; Fed. R. Civ. P. 26(b)(1). The topic is unduly burdensome because it

would require SkyWest's finance, facilities, information-technology, flight-operations, and legal personnel and its attorneys to spend a significant amount of time reconstructing nearly four years of resources, access, communications, and approvals. The reference to "legal services" seeks material protected by the attorney-client privilege, the work-product doctrine, and the joint-defense or common-interest privilege; the topic implicates the privacy interests of nonparty SAPA representatives and pilots, would require disclosure of Pilot Contact Information, and seeks protected financial and business information concerning funding, office space, and infrastructure arrangements; and SAPA is the more convenient, less burdensome source for its own records.

Based on the foregoing objections, the topic must be further defined and narrowed. SkyWest is willing to meet and confer regarding a narrowed topic described with reasonable particularity. SkyWest is also willing to meet and confer regarding whether it will designate testimony already given (or documents already produced) as its response on this topic.

**Topic No. 16:** The Termination Decision. The factual basis, chronology, participants, and decision-making concerning Moussaron's January 26, 2026 termination including the planning of the January 26, 2026 meeting; the persons who attended, participated in, were consulted regarding, or provided information concerning the termination decision; the documents brought to or considered in connection with the meeting; any recording or notes of the meeting; the factual findings supplied to each decision-maker; the identity and role of each person who had meaningful input into or authority over the termination decision; the reasons SkyWest contends justified Moussaron's termination; the policies or standards SkyWest contends Moussaron

matter or that there is a "more particularized need for, and the likely relevance of, broader information." *McBride*, 250 F.R.D. at 585. How unrelated employees were treated in unrelated incidents has no bearing on whether Defendants breached their NDAs or exceeded their authorization; the component seeks the disciplinary and personnel records of nonparty employees and SkyWest's information-security posture and incident history; and it seeks privileged material to the extent it reaches whether and why SkyWest elected to assert or forgo a civil claim in another matter. SkyWest requests that this component be withdrawn. If any such information were relevant, it would be properly sought through a narrowly drawn interrogatory.

**RESERVATION OF RIGHTS**

Discovery is ongoing, and SkyWest reserves the right to supplement or amend these objections and responses, to seek a protective order under Fed. R. Civ. P. 26(c) as to any topic, to assert additional objections at the deposition, including objections to questions outside the scope of the topics as narrowed above, and to instruct its designee(s) not to answer as permitted by Fed. R. Civ. P. 30(c)(2). Nothing in these objections and responses waives or limits the relief SkyWest seeks in Dkt. 160. SkyWest remains willing to meet and confer regarding the topics in the Notice in accordance with DUCivR 37-1.

Dated this 9th day of October, 2026

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen.*