# EXHIBIT G

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF SKYWEST'S RESPONSES TO DEFENDANT KRITHIVAS' THIRD SET OF DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff" or "SkyWest") by and through undersigned counsel, hereby responds to Defendant Vikaas Krithivas' ("Defendant") Third Set of Discovery Requests ("Requests") as follows:

individual display of certain data points on badges or in other contexts; (5) it is overly broad in that it asks about treatment across all contexts without limitation; and (6) it seeks information not relevant to the claims and defenses at issue to the extent it attempts to frame isolated data points outside the context of their mass extraction from SWOL.

Without waiving the foregoing objections, denied. SkyWest reserves the right to supplement this response at any time, including at trial.

24. Admit that, before January 12, 2026, when a user assigned the same SWOL roles or entitlements as Defendants selected another employee through the SWOL Directory, the employee-detail response returned to the user's browser included personal cell phone numbers and home addresses that were not rendered in the Directory UI.

**Response:** SkyWest objects to this Request on the grounds that (1) it incorporates the defined terms "SWOL," "SWOL Company Directory," and "Employee-detail response" (Definitions 7, 8, and 9), to which SkyWest objects as set forth above; (2) it is vague and ambiguous as to the terms "assigned the same SWOL roles or entitlements as Defendants," "selected another employee," and "rendered in the Directory UI," which are undefined and susceptible to multiple interpretations; (3) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint, including by implying that the inclusion of data in a server response payload conferred authorization to access, retrieve, compile, or use restricted fields; (4) it calls for a legal conclusion to the extent it seeks to characterize the nature of the data returned by the employee-detail endpoint; (5) it is premature to the extent fact discovery and expert analysis are ongoing and the subject of forthcoming expert disclosure; (6) it is compound; and

(7) it is duplicative and cumulative of prior Requests for Admission, including Request for Admission No. 21 in Krithivas's Second Set, to which SkyWest incorporates its prior response.

Without waiving the foregoing objections, and incorporating its prior response to Request for Admission No. 21 in Krithivas's Second Set of Discovery Requests, SkyWest admits that, before January 12, 2026, the response payload returned by the employee-detail endpoint (GET /OO/api/directory/empdetail/{EMPLOYEE_NUMBER}) included contact fields for personal cell phone numbers and home addresses that were not rendered in the Directory UI for users without permission to view those fields. SkyWest denies that the existence of fields in a server response payload conferred authorization to access, view, retrieve, compile, or use those fields, and denies any remaining characterizations or implications of this Request. SkyWest reserves the right to supplement this response at any time, including at trial.

25. Admit that, before January 12, 2026, personal cell phone numbers and home addresses included in the employee-detail response but not displayed in the Directory UI were accessible to the authenticated user through the browser's developer tools.

**<u>Response</u>:** SkyWest objects to this Request on the grounds that (1) it incorporates the defined term "Employee-detail response" (Definition 9) and implicates the defined terms "SWOL" and "SWOL Company Directory" (Definitions 7 and 8), to which SkyWest objects as set forth above; (2) it is vague and ambiguous as to the terms "accessible," "authenticated user," and "browser's developer tools," which are undefined and susceptible to multiple interpretations; (3) it is argumentative and seeks to mischaracterize the conduct alleged in the Complaint by implying that the use of developer tools to access restricted server-side fields constituted authorized access; (4) it calls for a legal conclusion to the extent the term "accessible" is

31. Produce the complete text-message conversation(s) between Jessica Mulligan and Marissa Snow from December 1, 2025 through February 28, 2026, including the text message identified in SkyWest's response to Moussaron's Interrogatory No. 13.

**RESPONSE:** SkyWest objects to this Request on the grounds that (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "complete text-message conversation(s)" between two individuals over a three-month period without limitation to the subject matter of this litigation; (2) it is vague and ambiguous as to the terms "complete text-message conversation(s)" and "including the text message identified in SkyWest's response to Moussaron's Interrogatory No. 13"; (3) it seeks information protected by the attorney-client privilege and the attorney work-product doctrine to the extent such conversations include privileged communications with or at the direction of counsel; (4) it seeks information protected by third-party privacy interests; (5) it seeks personal communications between SkyWest employees that may be entirely unrelated to this litigation; and (6) it is compound.

Without waiving the foregoing objections, SkyWest produce responsive, non-privileged text messages from the conversation between Jessica Mulligan and Marissa Snow that relate to the subject matter of this litigation, if any, that it can locate through a diligent search and reasonable inquiry. SkyWest reserves the right to supplement this response at any time, including at trial.

Dated this 30th day of September, 2026.

HOLLAND & HART LLP

*/s/ Zachary T. Burford*

# **VERIFICATION**

I, Justin Esplin, affirm under oath pursuant to the laws of the United States of America and the State of Utah, under the penalty of perjury, having read the Responses to Interrogatories 22, 23, and 24 of SkyWest's Responses to Defendant Krithivas' Third Set of Discovery Requests, the responses are true, accurate, and correct to the best of my knowledge and belief.

Justin Esplin
Dated: September 30, 2026