# EXHIBIT H

Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF SKYWEST'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT MOUSSARON'S THIRD DISCOVERY REQUESTS**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("Plaintiff"), by and through undersigned counsel, hereby supplements its responses to Defendant Daniel Moussaron's ("Defendant") Third Discovery Requests ("Requests") as follows:

obligations and right to privacy under the United States and state Constitutions, or the right to privacy provided for in other states; and (8) seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine, the joint defense doctrine or common interest privilege, or any other applicable privilege or protections, and such will not be disclosed or is withheld from this response.

Without waiving the foregoing objections, SkyWest stands by its objections for the reasons stated above and, at this time, will not produce information in response to this Interrogatory. However, SkyWest remains willing to meet and confer to discuss narrowing the scope of the Interrogatory, clarifying any vague or ambiguous terms, and identifying any relevant, proportional information tied to the claims and defenses at issue. SkyWest reserves the right to supplement this response at any time, including at trial.

**First Supplemental Answer:** SkyWest objects to this Interrogatory on the grounds that (1) it incorporates the defined term "Postcard Mailings" (Definition 28), to which SkyWest objects as set forth in its definition-specific objections above; (2) it seeks information not relevant to any party's claim or defense, and not proportional to the needs of the case, because SAPA's communications with pilots about labor representation are not comparable to Defendants' alleged unauthorized access to and misuse of SkyWest's computer systems and confidential data; (3) it is vague and ambiguous as to the terms "involvement," "preparing, reviewing, approving, or sending," and "obtained, compiled, or provided"; (4) it is compound; (5) it seeks information outside SkyWest's possession, custody, or control to the extent it concerns the activities of SAPA, a distinct legal entity separate from SkyWest Airlines, Inc., or

of SAPA's vendors; and (6) it seeks information implicating the privacy interests of non-party pilots.

Without waiving its objections, SkyWest supplements its answer to Interrogatory No. 8, which is incorporated herein, as follows: SkyWest does not prepare, review, approve, or send SAPA's postcards or other mailings to pilots. It does not review SAPA's drafts. SkyWest also does not give pilot mailing addresses to SAPA. SAPA uses a third-party mailing vendor, Professional Mailing & Printing Services Inc., which handles the mailing. SkyWest's involvement is limited to sending pilot mailing addresses directly to that vendor at SAPA's request. The process works as follows: (a) SAPA tells SkyWest's Director of Communications that it has sent its election notice to Professional Mailing & Printing Services Inc.; (b) the Director of Communications asks SkyWest's IT department to send pilot mailing addresses to Professional Mailing & Printing Services Inc.; (c) Professional Mailing & Printing Services Inc. mails the notices; and (d) SAPA pays Professional Mailing & Printing Services Inc. for its services and submits for reimbursement from SkyWest.

Discovery is ongoing, and SkyWest reserves the right to further supplement this response.

**<u>INTERROGATORY #9</u>:** Identify the process by which SkyWest provided Defendants with the NDAs to the point of their purported agreement and signing of the NDAs, including: how they were provided to Defendants for review; how the documents were signed (e.g. was Docusign or some other system used for signature); identify whether the Defendants were required to type their name in order to mark the NDA task as completed; whether Defendants were required to draw or affix a signature in order to mark the NDA task as completed; identify

Without waiving the foregoing objections, SkyWest will produce the versions of the SP150 Code of Conduct in effect from August 29, 2025, to January 30, 2026, that was applicable to Defendants, if any, that it can locate through a diligent search and reasonable inquiry, and notes that it has previously produced the SP150 Code of Conduct at SkyWest_00023-31. SkyWest remains willing to meet and confer regarding the production of any additional historical versions. SkyWest reserves the right to supplement this response at any time, including at trial.

**First Supplemental Response**: SkyWest restates and incorporates objections (1) through (5) to Request for Production No. 28 as set forth above. Without waiving its objections, SkyWest supplements its response to Request for Production No. 28, which is incorporated herein, as follows: In addition to the documents previously produced, SkyWest refers to SkyWest_0001722, SkyWest_0001734, and SkyWest_0001746. After conducting a reasonable search, SkyWest is not aware of any additional documents responsive to this Request, and SkyWest is not withholding any responsive documents on the basis of its objections.

Discovery is ongoing, and SkyWest reserves the right to further supplement this response.

Dated this 14th day of October, 2026

HOLLAND & HART LLP

*/s/ Zachary T. Burford*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*