Gregory M. Saylin, #9648
Tyson C. Horrocks, #12557
Zachary T. Burford, #19771
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
GMSaylin@hollandhart.com
TCHorrocks@hollandhart.com
ZTBurford@hollandhart.com

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – SOUTHERN DIVISION**

| | |
|---|---|
| SKYWEST AIRLINES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>and DALE HANSEN,<br><br>Additional Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MOUSSARON,<br><br>Defendant and Counterclaim Plaintiff,<br><br>and VIKAAS KRITHIVAS,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF SKYWEST AIRLINES, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Civil No. 4:26-cv-00015-DN-PK<br><br>Senior District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff SkyWest Airlines, Inc. ("SkyWest"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and DUCivR 5-3(b)(2)(C)(i) and (b)(7), respectfully moves the Court for leave to maintain under seal Exhibit A (Dkt. 205) to

Defendant Moussaron's Reply in Support of Motion for Protective Order (Dkt. 203) or, alternatively, for leave to file a redacted version of Exhibit A on the public docket.

On November 6, 2026, Moussaron moved to seal Exhibit A solely because SkyWest designated it CONFIDENTIAL under the Standard Protective Order. Dkt. 204. Exhibit A consists of internal SkyWest emails and emails with SkyWest's outside public-relations firm (SkyWest_0001811–1815, 0001874, 0001881–1882, 0001886–1889, 0001904–1906). It contains three categories of nonparty personal information: (1) the names, bases, positions, and dates of hire of pilots and flight attendants identified as donors to Moussaron's legal-defense fund; (2) the personal mobile numbers of nonparty employees Marissa Snow and John Fanone and of a public-relations executive; and (3) the individual email addresses of nonparty employees and consultants. None of this information bears on the merits, and all of it implicates the privacy of people who are not parties to this case.

## ARGUMENT

### A. Good Cause Exists to Maintain Exhibit A Under Seal.

Court records are "presumptively open to the public," but a judge may order a document sealed "[o]n motion of a party and a showing of good cause." DUCivR 5-3(a)(1). The right of access "is not absolute," and "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The presumption of access "may be overcome where countervailing interests heavily outweigh the public interests in access," *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation modified), and the movant must articulate a "real and substantial interest" justifying sealing, *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Courts in this District find that standard met for

information implicating the privacy of nonparties, particularly where it is of minimal public interest. *See, e.g.*, *Ol Priv. Couns., LLC v. Olson*, 2024 U.S. Dist. LEXIS 92125, at *13 (D. Utah May 22, 2024).

Exhibit A meets that standard. The donor information identifies nonparty employees by name, base, position, and date of hire—none of whom is named in any public filing. Moussaron himself recognizes the sensitivity of this information: his Reply describes the donors without naming them, Dkt. 203 at 9, and argues that publicly identifying donors burdens their right to associate, *id.* at 4–5, 9. Having made that argument, Moussaron cannot reasonably oppose protecting those same donors from public identification. Their identities add nothing to the public's understanding of the issues before the Court.

The mobile numbers and email addresses are likewise irrelevant to any issue before the Court, and their public disclosure would only expose nonparties to unsolicited contact. *See* DUCivR 5-3(a)(2)(C).

Finally, sealing deprives the public of nothing needed to understand the issues. Moussaron's Reply remains public and describes the emails on which he relies. Dkt. 203 at 5, 9. SkyWest requests that Exhibit A remain sealed through the conclusion of this action, subject to further order of the Court. DUCivR 5-3(b)(2)(B). Alternatively, if the Court concludes that any part of Exhibit A should be public, SkyWest requests leave to file, within seven days of the Court's order, a redacted version that removes only the nonparty names, employment details, mobile numbers, and email addresses described above. That narrow redaction would fully preserve public access to the substance of the communications.

## CONCLUSION

For these reasons, SkyWest respectfully requests that the Court order that Exhibit A (Dkt. 205) remain under seal through the conclusion of this action or, in the alternative, grant SkyWest leave to file a redacted version of Exhibit A within seven days of the Court's order. A proposed order is submitted herewith.

Dated this 13th day of November, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Zachary T. Burford

*Attorneys for Plaintiff and Counterclaim Defendant SkyWest Airlines, Inc. and Counterclaim Defendant Dale Hansen*

40177961_v3